In The United States District Court
For The District of Delaware

DETLEF F. HARTMANN, 229843
PLAINTIFF

V.

Delaware Correctional Center Employees,
Warden Carroll, Deputy Warden Burris,
others to be named

06-340 (JJF)

FILED
JUN - 6 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Date: May 30, 2006

(This Motion goes with Civil Complaint
mailed from DCC on May 19, 2006)

BD scanned ✓

Motion For Permanent or Preliminary Restraining Order, Preliminary Injunction, Declaration, with Memorandum of Law.

1. Petitioner can NOT wait for Counsel appointment, hereby requests this Honorable Court to provide relief since Petitioner is forced by Defendants, et al. to file this Motion as best as he can at this time.

2. Request this Motion be 'SEALED' for the courts eyes only, or handled as proper to prevent ANY KIND of retaliation at Petitioner for the following reasons:

3. A prohibitory injunction is needed for actual fear of retaliation from history of these State employees, mainly Prison administration and staff at D.C.C. to be named, from harassment, legal injuries, cruel and unusual punishment of a mentally disabled person - Petitioner, bezilement, frustration, driving to anger, by causing immediate and irreparable injury of a legal nature by means being done, and have been done by

-1- of 9

~~causing immediate and irreparable injury~~ of a legal nature
some State employees, (D.O.C. staff and its legal advisor) working in harmony and conspiracy to deny legal conditions of incarceration and unobstructed, legal access to information, materials, equipment, and anything else necessary to contact the courts in a meritorious manner for relief from known, information and belief from reliable sources, that mental and physical injuries are performed on D.C.C. inmates are well known among experts, prison administrators, and inmates.

4. No notice of this Motion has been given to the other side for these reasons, and possible early retaliatory tactics, before this Order is given from this Motion, which can be further substantiated by subpoena witnesses at a hearing, and/or providing counsel to obtain legal statements from witnesses as legally required.

5. Witnesses, as you can imagine, need protection order also, from fears of coming forward, because of known history of illegal retaliation still going on in this facility.

6. Petitioner, class of one, does NOT have any other known adequate remedy at law to prevent these actual conditions still going on in this State. There is no currently known award of damages that would provide the relief necessary, or other relief for this Petitioner, and class of inmate witnesses, besides immediate release from all custody by this State and expulsion from this State immediately under federal supervision.

7. Because of the horrific atrocity started to be exposed in this State by Petitioner's Civil Complaint, of conduct by certain State employees all being done against State and National interests, with all best estimates will cost this State into the millions of dollars, because of

-2-

conspiracy and corruption in this State government going on for years, for the motive for the Defendants, et al, to cause the illegal and unethical retaliation against Petitioner and witnesses to be called as needed.

8. The actual danger of future violation by Defendants, et al, is imminent and historically proveable by pattern and practices to abuse, exploit, extort inmates for their personal pleasure, selfish gain contrary to laws. See Orantes-Hernandez v. Thornburgh, 919 F2d 549, 564 (9th Cir. 1990).

9. Specific violations not yet shown herein to give anyone in the opposition any ideas, nor from this Motion being publicly available at this time like over the internet, if NOT put under court 'SEAL'. Details can come out under proper protections of Petitioner and witnesses in future correspondence or hearing, or however this Honorable Court sees proper.

10. It is very, highly likely that such retaliation, harassment, punishment, and borderline illegal or unethical conduct by Defendants will continue because even as of this date of this letter, during Federal Investigation of this facility and the Delaware Dept of Corrections by the Civil Rights Section, illegal conduct and retaliation is still going on which can be directly exposed by witnesses. And Defendants conduct under allegedly legally obtained prison rules, but actually illegal as started to show in Petitioner's Civil Complaint.

11. Even under the possible fact that Defendants, et al, change their custom or policy under pressure of litigation does NOT defeat an injunctive claim. See City of Mesquite v Aladdin's Castle,

-3-

102 S.Ct. 1070 (1982).

12. Petitioner, inevitably, will suffer "irreparable injury" as witnesses would, without a preliminary injunction or permanent injunction if possible. Federal rights are highly likely to be violated, continuously, for the irreparable harm to be done if NOT properly protected now. Petitioner's <u>Civil Complaint</u> starts to show the historical precedence here in this State of illegal prison conditions not wanting to be exposed by Defendants, et al, legal custodians duty breach to uphold all laws.

13. Of course, witnesses would need protection orders also if their names or alike are exposed, if not under court seal and court eyes only.

14. Petitioner will suffer imminently more, as already has been "illegally done in these conditions, without preliminary injunction then prison/state officials will suffer if the TRO and injunction is NOT granted.

15. As Petitioner's <u>Civil Complaint</u> explains, the federal rights violated here throughout history, and still going on, would continue if NOT sued for. The undermining to degradation of these citizens, State, and Nation would continue here in this State if proper <u>Order</u> is NOT brought by law.

16. Petitioner will likely succeed on the merits because the issues are established by laws, rules, and regulations still NOT yet followed by Defendants, et al, for selfish reasons who have sold out to justice by law for personal and financial gain.

17. This small State and some, enough of its employees, have a history of conspiracy and corruption for personal gain by acting as if above the law, acting under color of law for civil rights violations. Witnesses can be subpoena for verifying this fact.

18. Dangers posed by prison and State employees due to overcrowding of prisons caused by understaffing and lack of proper, legal facilities, lack of training, control and supervision by the laws of the land continues to cause degrading, indignant, and indecent conditions of federal magnitude in this prison upon Petitioner, class of one — illegally imprisoned, class of one — mentally ill inmates, as started to show in this Petitioner's Civil Complaint. All this, and others, outweigh State's financial and administrative concerns. See, e.g., Mitchell v Cuomo, 748 F 2d at 808.
And that inmate's (citizens) interests, (and family, State, and National interests) in safety and medical care (and other legal prison conditions) outweigh State's interest in saving money by cutting staff (or NOT having enough to properly manage by laws, ethics, and standards). See Duran v Anaya, 642 F. Supp 510, 527 (D.N.M. 1986).

19. For many reasons shown, it is thus in the public interest to grant the TRO and injunction(s) to root out the evils and fix these degenerative conditions which are NOT in the Best Interests of families, their children, this State, and Nation. It is always in the public interest for government officials to obey the laws of the land.

20. <u>Restraining Order</u> needed is in a form of a <u>No Contact Order</u> for Petitioner from Defendants, et al, subordinates, or through anyone they may directly or indirectly act, as legally proper, to completely protect Petitioner, classes, from any further appearance of illegal or unethical conduct.

21. Counsel is needed by Petitioner, and to protect the classes, if any further proceeding(s) are needed for this <u>Motion</u> because of continues handicaps and disabilities to information and abilities due to his emotional and mental disabilities caused by D.O.C. officials, et al, while incarcerated, illegally continues due to corruption.

22. D.O.C. employees at D.C.C. need to be reminded to cease and desist to lock-up mentally ill inmates illegally into the wrong conditions like isolation, (but require a therapeutic environment), as is going on. Just recently, a bi-polar patient was put into isolation due to frustrating, harassing, illegal conditions for him. Mental health staff and medical services provider continue to fail to do their duty, and no advocate for the mentally ill currently exists here, nor has knowingly been here in the past. Terroristic inmates NOT moved to other part in prison.

23. Petitioner fears of same set-up and retaliation, 24-7, under horrific stressful conditions continued to be swept under the carpet, causing physical injuries.

24. This is an atypical hardship to Petitioner, class of one - mentally ill inmates, cruel and unusual punishment conditions, denying decent and civilized standards of an ever more modern society

-6-

under federal objectives required to be followed by States. (cite omitted)

25. Thus, the four prongs are shown in Plaintiff's favor as best as He can present them now under these conditions.

First, Plaintiff, class of one, is threatened with irreparable harm because of the nature of conditions here still supporting conspiracy and corruption among State employees to systematically cause harm and degrading conditions, contrary to laws, rules, regulations, Oaths, Codes of Conduct, and Mission Statements or Objectives, State and Federal for Petitioner's, and classes, rights, privileges, and immunities. Illegal conditions continue under a lack of accountability, supervision, and control by higher authorities, sofar, by State employees by condoning or allowing illegal or unethical conduct or turning a blind eye to them. See Civil Complaint for facts.

26. Plaintiff has become mentally disabled while imprisoned, and yet to be determined if reparable, and has gained physical injuries which are compounding, which are inevitably at past and current direction, will continue their wrongful conduct if not stopped now. If Petitioner, does not receive proper diagnosis and treatment, and relief at the proper time, more damages may become irreparable.

27. Second, the balance of hardships favors the Plaintiff. The present suffering of constant fear of physical and mental retaliation, borderline practices of being illegal or unethical, harassment, actions under pretence of law, or pretence of a legal prison rule, abuse of authority is imminent. Plaintiff does not have to wait for something

-7-

else to occur to him to gain proper relief now." (cite omitted)

28. Permanent loses of His emotional, mental, or physical faculties caused while being under Delaware custody, or new harm, can imminently be worsent by subtle abridgement, denials, obstructions to rights, as has been going on here for years, and a lack of proper treatment environment. Petitioner has become emotionally disabled/incapacitated and mentally disabled here.

29. The suffering Defendants will experience if the Court grants the Order will consist of them having to do their job, and treating Him properly by laws, Code of Conduct, Mission Statements or Objectives, their egos may be hurt if unprofessional, proper training, control, and supervision will occur. The Defendants self-created hardship amounts to stopping business of retaliation and alike as usual, requires proper federal oversight till a proper pattern and practice has been engrained since these State employees can NOT help themselves to stop these degenerative conditions.

30. <u>Third</u>. This Plaintiff is likely to succeed on the merits.

What Defendants, others to be named, have been doing is "intentionally interfering with Plaintiffs treatment by laws, rules, regulations, and alike including <u>American Correctional Association</u> standards and other Associations; <u>American Disabilities Act</u> and <u>Rehabilitation Act</u>.

31. <u>Fourth</u>. The relief sought will serve the public interest.

"Respect for law, particularly by officials responsible for the administration of the State's correctional system, is in itself a matter of the highest public interest." See <u>Duran v Anaya</u>, 642 F Supp 510, 527 (D.N.M. 1986).

-8-

32. If counsel is not yet appointed before this Order and further proceedings for this Motion, request this Honorable Court to direct the U.S. Marshals to serve the Order to the other side.

33. This is the best this Petitioner can present these kinds of claims at this time due prison officials created handicaps and disabilities, with continues deliberate indifference to legal rights and invidious discriminatory animus by Defendants, others to be named, to deprive of timely, equal, effective, meaningful, capable, adequate access to information, for life, liberty, property, and happiness interests, to communicate meritorious claims properly to a court in violations of the 1st, 5th, 6th, 8th, and 14th Amendments, and highly prejudiced in all Petitioners proceedings which would have been corrected by now.

The continuing deprivations of constitutional rights constitutes irreparable harm. See Elrod v. Burns, 96 SCt 2673 (1976). This principle is applied in prison litigation generally. See Newsom v. Norris, 888 F2d 371, 378 (6th Cir 1989)

34. Court is respectfully reminded that impoverished litigants have not been required to post security. See, e.g., Orantes-Hernandez v. Smith, 541 F Supp 351, 385 n.30 (C.D. Cal 1982); J.L. v. Parham, 412 F Supp 112, 140 (D. Ga. 1976) rev'd on other grounds, 99 S.Ct. 2493 (1979).

35. Any other proper relief can be ordered under 28 USC §2202 from Declaratory Judgements.

I declare under penalty of perjury that the foregoing is true and correct. _[signature]_, Delaware Correctional Center, 1181 Paddock Rd, DE17, Smyrna, DE 19977-3474.

-9- of 9



IM Detlef Hartmann
SBI# 229843   UNIT DE17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court for Delaware
844 N. KING STREET
LOCKBOX 18
WILMINGTON, DE 19801-3570

Legal Mail