IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DETLEF F. HARTMANN,                      )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          Civ. No. 06-340-KAJ
                                         )
COMMISSIONER ANDREA                      )
MAYBEE-FREUD, JUDGE WILLIAM L.           )
WYTHAM, JUDGE WALSH, JUDGE               )
HOLLAND, JUDGE BERGER,                   )
COMMISSIONER STANLEY TAYLOR,             )
WARDEN THOMAS CARROLL,                   )
CAPTAIN MCCREANOR, LISA                  )
MERSON, MICHAEL LITTLE,                  )
EDWARD JOHNSON, JANE BRADY,              )
MARTIN O'CONNOR, DIRECTOR OF             )
STATE PUBLIC LIBRARIES,                  )
DAVID JONES, CHRISTOPHER                 )
WITHERELL, CHRISTOPHER                   )
TEASE, JR., CORRECTIONAL                 )
MEDICAL SERVICES,  FIRST                 )
CORRECTIONAL MEDICAL                     )
SERVICES, and DELAWARE CENTER            )
FOR JUSTICE,                             )
                                         )
          Defendants.                    )

**MEMORANDUM ORDER**

Plaintiff Detlef F. Hartmann ("Hartmann"), an inmate at the Delaware

Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C.

§ 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act.  He

appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (D.I. 5.)  The Court now proceeds to review and screen the

complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, Claims 2, 3, 4, 6, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 of the complaint, and Claim 12, with the exception of allegations against defendant Johnson, are dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  As discussed below, the majority of the defendants are dismissed from this case.  Plaintiff is given leave to amend the complaint as set forth herein.

## I.    THE COMPLAINT

Hartmann names the following as defendants:  The Delaware judiciary composed of defendants Commissioner Andrea Maybee-Freud ("Commissioner Freud"), Judge William L. Wytham ("Judge Wytham"), Justice Walsh, Justice Holland, and Justice Berger;[1] the Delaware Department of Correction ("DOC") composed of defendants Commissioner Stanley Taylor ("Commissioner Taylor"), Warden Thomas Carroll ("Warden Carroll"), Captain McCreanor ("McCreanor"), Lisa Merson ("Merson"), Michael Little ("Little"), and Edward Johnson ("Johnson"); the attorney general's office composed of defendants former Attorney General M. Jane Brady ("Attorney General Brady") and Martin O'Connor ("O'Connor"); State Public Library Employees composed of the unnamed Director of State Public Libraries ("Director of Libraries"); court-appointed defense counsel composed of defendants David Jones ("Jones"), Christopher Witherell ("Witherell"), and Christopher Tease, Jr. ("Tease"); prison medical contractors composed of defendants Correctional Medical Services ("CMS") and First Correctional Medical Services ("FCM"); and, the Delaware Center for Justice.

_____

[1] Hartmann miss identifies as "judges" Justices Holland and Berger of the Delaware Supreme Court and retired Justice Walsh of the Delaware Supreme Court.

Hartmann alleges the following violations of his constitutional rights:  Claim 2[2],

medical violations such as failure to perform medical testing, remoteness of the DCC

from physicians and facilities, failure to treat chronic conditions, systemic deficiencies in

staffing and procedures; Claim 3, denial of proper dental services; Claim 4, failure to

provide required medication; Claim 6, denial of proper optometry services; Claim 8,

mental health violations such as delay in referring to a psychiatrist, failure to prevent,

diagnose and treat disease, and failure to conduct medical testing; Claim 11, violation

of the ADA and the Rehabilitation Act; Claim 12, violation of access to information in the

form of access to legal and defense information, and inability to conduct complete legal

research which had an adverse effect upon a federal habeas corpus claim; Claim 13,

illegal censorship of all internet information; Claim 14, violations associated with

photocopying services, such as failure to provide copies of cases in a timely manner

and charging for copies to indigent inmates; Claim 15, violations associated with word

processors and accessories; Claim 16, illegal denial of postage and supplies to indigent

inmates; Claim 17, censorship of prison and legal mail; Claim 18, violations within the

prison grievance system; Claim 19, illegal conditions of confinement such as insufficient

bathrooms and showers, denial of "legal" temperatures, deprivation of property, denial

of care packages, illegal prison rules, double celling, and insufficient clothing; Claim 20,

indigence violations; Claim 21, judicial misconduct in the state courts due to denial of

appointment of counsel on appeal; Claim 22, ineffective assistance of counsel in the

state courts; Claim 23, civil rights violations by the Delaware judiciary acting under color

---

[2]The complaint has no claims numbered 1, 5, 7, 9, and 10.

of law; Claim 24, obstruction of justice to timely, equal, effective, meaningful, capable, adequate access to courts by Judge Farnan[3] in failing to appoint counsel in a habeas corpus case and finding the case time barred; Claim 25, a "catch-all" claim alleging various constitutional violations; and Claim 26, inherent prejudice under the Prison Litigation Reform Act in automatically limiting attorney's fees.

## II.     STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

---

[3]The Honorable Joseph J. Farnan, Jr., is a United States District Judge for the District of Delaware and is not a defendant in this suit.

Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when

"it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521

(1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   ANALYSIS

### A.   Pleading Deficiency

A civil rights complaint must state the conduct, time, place, and persons

responsible for the alleged civil rights violations.  *Evancho v. Fisher*, 423 F.3d 347, 353

(3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir.

1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)).  Additionally,

when bringing a § 1983 claim, a plaintiff must allege that some person has deprived

him of a federal right, and that the person who caused the deprivation acted under color

of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

Personal involvement can be shown through allegations that a defendant

directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's

constitutional rights.  *Evancho v. Fisher*, 423 F.3d at 353 (quoting *Rode v. Dellarciprete*,

845 F.2d 1195, 1207 (3d Cir. 1988)*); see Monell v. Department of Social Services* 436

U.S. 658, 694-95 (1978).  Supervisory liability may attach if the supervisor implemented

deficient policies and was deliberately indifferent to the resulting risk or the supervisor's

actions and inactions were "the moving force" behind the harm suffered by the plaintiff.

*Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v.*

*Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

The majority of Hartmann's claim are dismissed due to pleading deficiencies. Indeed, most of the defendants listed in the caption of the case and in the "Defendants" section are not mentioned in the body of the complaint.  For example, the body of the complaint contains no mention of Judge Wytham, Justice Walsh, Justice Holland, Justice Berger, Commissioner Taylor, McCreanor, Merson, Little, O'Connor, and the unnamed Director of State Public Libraries.  At times Hartmann refers to a group of defendants but, as pled, the allegations do not apprise the reader of a specific defendant's alleged wrongful act.  Therefore, the claims against defendants Judge Wytham, Justice Walsh, Justice Holland, Justice Berger, Commissioner Taylor, McCreanor, Merson, Little, O'Connor, and the unnamed Director of State Public Libraries are dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Claims 2 and 8 are brought as medical needs claims.  Claims 2 and 8, however, do not indicate when the alleged constitutional violations occurred.  These claims plead only generic allegations.  Moreover, the claims do not name the individuals allegedly responsible for any alleged constitutional violation.  Hartmann refers to "Defendants DOC", but as discussed below the Delaware Department of Correction ("DOC") is immune from suit and the plural "defendants" does not advise the reader of the person or persons allegedly causing Hartmann injury.  He also refers to "medical staff", doctors, and medical services provider but again provides no names.  Finally, Hartmann names

6

the "A.G.[,]" but, as discussed below, the claims against former Attorney General Brady are not viable.

Similarly, Claims 3 and 6, alleging denial of proper dental services and denial of optometry services, do not indicate when the alleged constitutional violations occurred. Hartmann names the defendants as dentists, optometrists, and medical service provider.  As with Claims 2 and 8, no names are given.

Claim 13 alleges censorship of all internet information in violation of the First Amendment.  Claim 15 alleges denial of access to word processors and related equipment.  To bring a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right.  There is no constitutional right to internet access.  Nor is there a constitutional right to word processors and related equipment.  Moreover, Claims 13 and 15 fail to name the person who allegedly caused the deprivation.

Claim 17 alleges that the "Defendants of mailroom" denied Hartmann internet information of a "legal nature" and catalogs.  Again, Hartmann fails to name any individual responsible for the alleged wrongdoing and fails to allege when the alleged wrongdoing occurred.

Claim 20 alleges that Hartmann was discriminated against on the basis of his indigent status.  As discussed below, the allegations appears to be an attempt to obtain relief from his sentence and/or conviction.  Once again, Hartmann did not name an individual responsible for the alleged wrongdoing and he did not allege when the alleged wrongdoing occurred.

Claim 25 appears to be a "catch-all" count.  Indeed, Hartmann entitles the claim "these violations apply to all or many of the claims in this petition caused by

7

defendants." Even construing the complaint liberally, it is unclear what Hartmann intends to allege. He names certain defendants, some of whom are immune from suit, and others of whom have no liability based upon respondeat superior. Claim 25 does not indicate when the alleged acts took place. Nor does it sufficiently apprise the defendants of the claim brought against them. Claim 25 fails to state a claim upon which relief may be granted.

Based upon the foregoing, I am dismissing without prejudice Claims 2, 3, 6, 8, 13, 15, 17, 20, and 25 for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1). Plaintiff will be given leave to amend the allegations of denial of medical, dental, optometry services, and interference with legal mail found in Claims 2, 3, 6, 8, and 17.

### B.    Respondeat Superior

In Claims 8, 12, and 25, Hartmann seeks to hold former Attorney General Brady liable, apparently on the basis of her supervisory position. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Attorney General Brady was the "driving force [behind]" the foregoing list of alleged violations.  Moreover, the complaint does not indicate that she was aware of Hartmann's allegations and remained "deliberately indifferent" to his plight.  *Sample v. Diecks*, 885 F.2d at 1118.  Accordingly, the claims against Brady are dismissed, inasmuch as they have no arguable basis in law or in fact.

### C.    Access to Courts

Claim 12 makes numerous allegations regarding Hartmann's alleged denial of access to the courts.  Claim 14 is entitled "photocopying services" but in actuality appears also as an attempt to allege an access-to-courts claim.  Claim 16 alleges a denial of legal postage and supplies to indigent inmates.  The only specific allegations are contained in Claim 12 and are directed towards paralegal Edward Johnson ("Johnson").  As discussed subsequently herein, Hartmann appears to be contesting the fact or duration of his conviction and sentence.  He names as defendants the DOC, which is immune from suit, and former Attorney General Brady, apparently on the basis of the respondeat superior.  These claims are not viable.

Persons convicted of crimes and confined to penal institutions nevertheless retain the right of meaningful access to the courts.  *Bounds v. Smith,* 430 U.S. 817 (1977).  This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.  This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern

prison administration." *Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley,* 482 U.S. 78, 85 (1987). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *Howard v. Snyder,* 389 F.Supp.2d 589, 593 (D.Del. 2005).

All that is required is that Hartmann at least have access to a prison paralegal or paging system by which to obtain legal materials. *Abdul-Akbar v. Watson,* 4 F.3d 195, 203 (3d Cir.1993) (holding that segregated prisoners who do not have access to an institution's main law library must have some means by which documents and materials can be identified by and furnished to them in a timely fashion). Other than the specific allegations directed against Johnson in Claim 12, Hartmann's allegations of denial of access to the courts fail to state a claim. Hartmann is clear that he was given some access to the law library, but it was not to his liking.

In Claim 12 Hartmann generally refers to defendants, supervisors, law library state employees, state employees in libraries and supervisors, and the state public library system, but provides no names of anyone alleged to have prevented his access to legal materials and the courts until he is 17 pages into this 18 page, single-spaced, hand-written effort to state a claim. It is only at that point that he singles out defendant Johnson for particular censure. Claims 14 and 16 make no reference to any person allegedly responsible for the alleged violations. Also, the complaint does not apprise the reader when the alleged wrongful conduct took place. As discussed above, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Because Claims 12, 14, and 16 (with the exception of

references in Claim 12 to Johnson), do not apprise the reader of the persons

responsible for Hartmann's alleged access-to-courts violation, they are dismissed

without prejudice for failure to state a claim upon which relief may be granted, except as

to the claim against Johnson alleged in Claim 12.

### D.    Habeas Claim

Several claims, and in particular Claims 12 and 20, attempt to link the allegations

of limited access to the courts and Hartmann's indigent status to the denial of his

habeas corpus petition.  To the extent that Hartmann attempts to challenge his

conviction and/or sentence, his sole federal remedy for challenging the fact or duration

of his confinement is by way of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475

(1973).  Moreover, a plaintiff cannot recover under § 1983 for alleged wrongful

incarceration unless he proves that the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 312 U.S. 477, 487

(1994); *Williams v. Consovoy,* 453 F.3d 173, 177-78 (3d Cir. 2006).

Hartmann did not appeal his state conviction or sentence. *See Hartmann v.

Carroll*, No. Civ.A. 03-796-JJF, 2004 WL 2713104 (D.Del. 2004).  He filed motions for

reduction of sentence and motions to dismiss, which were denied, and the decisions

denying them were affirmed by the Delaware Supreme Court. *Id*.

Hartmann has not alleged that his conviction or sentence was reversed or

invalidated, as required by *Heck*.  Accordingly, to the extent Hartmann seeks damages

11

for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### E.   Court Appointed Defense Counsel

Claim 22 raises a claim against appointed defense attorneys Jones, Witherell, and Tease. Hartmann alleges they provided him with ineffective assistance of counsel. Apparently these three attorneys were appointment to provide a defense to Hartmann in his state criminal case. Indeed, in the listing of defendants they are referred to as "court appointed defense counsels [sic]."

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir.1993). Court appointed attorneys and public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Harmon v. Delaware Secretary of State,*154 Fed.Appx. 283, 284-85 (3d Cir. 2005). Because Jones, Witherell, and Tease are not considered state actors, the claim against them fails under § 1983. Therefore, I am dismissing without prejudice, Claim 22 as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1).

### F.   Conditions of Confinement

Claim 19 bears the heading "Claims of Illegal Prison Conditions," but it also contains a litany of allegations unrelated to a conditions-of-confinement claim. Again,

Hartmann does not identify the person or persons allegedly responsible for these Eighth Amendment violations or when the violations occurred.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of a minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official, it must meet two requirements: (1) the alleged deprivation must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard, in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

The claim as it now stands fails to identify the persons allegedly responsible for the listed violations, fails to indicate when those violations occurred, and does not allege that prison officials knew or were aware of an excessive risk to inmate safety. Therefore, the conditions of confinement claim is dismissed without prejudice for failure to state a claim upon which relief may be granted. Hartmann is given leave to amend Claim 19, but only to the extent that he alleges a conditions-of-confinement claim.

13

### G.    State Judicial Immunity

Hartmann alleges in Claim 21 that Court Commissioner Freud[4] engaged in judicial misconduct in denying him appointment of counsel on appeal during his first appeal as of right.   Claim 21 is replete with allegations of alleged wrongdoing by Freud in rendering judicial decisions.   Claim 23 alleges civil rights violations by the Delaware judiciary.   Although the "Defendants" section lists several Delaware state judges, Claim 23 makes no reference to any particular judge.

Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).   Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction."   *Id.* at 11-12.   The complaint does not allege that Commissioner Freud or any other member of the Delaware judiciary acted outside the scope of their judicial capacity, or in the absence of their jurisdiction.   *Mireles*, 502 U.S. at 11. Hartmann basically complains of "wrong" judicial decisions.

Counts 21 and 23 also allege conspiracy by Freud with others, and a conspiracy by the Delaware judiciary, but the allegations simply are insufficient to state a claim. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right.   *Williams v. Fedor,* 69 F.Supp.2d 649, 665-66 (M.D.Pa.), *aff'd,* 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir. 1999)).

---

[4]Court Commissioners are deemed judicial officers. Del. Code Ann. tit. 10, §§ 1315-1316 (2005).

*See also Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff

must show that two or more conspirators reached an agreement to deprive him or her

of a constitutional right under color of law)*; Kelley v. Myler,* 149 F.3d 641, 648-49 (7th

Cir.1998) (an agreement or an understanding to deprive the plaintiff of constitutional

rights must exist). The complaint merely alleges a conspiracy. That naked allegation

does not state a claim upon which relief can be granted.

Commissioner Freud, as well as the unnamed judges of the Delaware judiciary,

are immune from suit under 42 U.S.C. § 1983. Accordingly, Claims 21 and 23 lack an

arguable basis in law or in fact, they fail to state a claim upon which relief may be

granted, and they are dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b)(1).

### H.    Federal Judiciary

Claim 24 contains a number of allegations directed towards U.S. District Court

Judge Joseph J. Farnan, Jr. ("Judge Farnan"), even though he is not listed as a

defendant. More specifically, Hartmann takes exception to rulings made by Judge

Farnan in a § 2254 habeas corpus case.

To state a claim under 42 U.S.C. §1983, Hartmann must allege "the violation of a

right secured by the Constitution or laws of the United States and must show that the

alleged deprivation was committed by a person acting under color of state law." *West

v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981))

(overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

To act under "color of state law" a defendant must be "clothed with the authority of state

15

law." *West*, 487 U.S. at 49.  Judge Farnan is not a "state actor," as that term is defined

under § 1983, but is a federal judge on the United States District Court for the District of

Delaware.  Hence, he is not "clothed with the authority of state law."  *See Reichley v.*

*Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361

F.3d 206, 216-17 (3d. Cir. 2004).  Accordingly, he is not amenable to suit under § 1983.

Given the fact that Hartmann proceeds *pro se,* the court will analyze the Claim

24 under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403

U.S. 388, 389 (1971), which governs claims against a federal defendant.  In *Bivens*, the

Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. §

1983.  To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right

secured by the Constitution and laws of the United States; and (2) that the deprivation

of the right was caused by an official acting under color of federal law.  *See Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Even construing the complaint liberally, as I must, the claim against Judge

Farnan must be dismissed.  Federal judges possess absolute immunity.  *Nixon v.*

*Fitzgerald*, 457 U.S. 731, 757 n. 39 (1982).  "The doctrine of judicial immunity is

founded upon the premise that a judge, in performing his or her judicial duties, should

be free to act upon his or her convictions without threat of suit for damages."  *Figueroa*

*v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000); *see also Bradley v. Fischer,* 80 U.S.

335, 347 (1871).  "'[I]t is a general principle of the highest importance to the proper

administration of justice that a judicial officer, in exercising the authority vested in him,

shall be free to act upon his own convictions, without apprehension of personal

16

consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (citing *Bradley v. Fisher,* 80 U.S. at 347).

Hartmann complains of actions taken by a district judge acting in his judicial capacity. Judge Farnan has absolute immunity for his actions and, therefore, dismissal is appropriate. The claim against Judge Farnan is both factually and legally frivolous. Claim 24, therefore, is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## I.      Eleventh Amendment Immunity

The Delaware DOC, an agency of the State of Delaware, is named as a Defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and did not waive Eleventh Amendment immunity). Hartmann's claims against the DOC have no arguable basis in law or in fact, inasmuch as the state is immune from suit. Therefore, the DOC is dismissed as a defendant, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

17

**J.     ADA and Rehabilitation Act**

Claim 11 attempts to raise a claim under the ADA, 42 U.S.C. § 12131, and the

Rehabilitation Act, 29 U.S.C. § 794(a).  Hartmann alleges a disability attributable to

mental illness and severe emotional disability.  Named as defendants are CMS, FCM,

Warden Carroll, state public library employees, the judiciary, and former Attorney

General Brady.  (D.I. 2, Claim D, E, J.)

Hartmann may not maintain an action under the ADA or the Rehabilitation Act

against the individual defendants identified in Claim 11 (i.e., Warden Carroll, state

public library employees, the judiciary, and former Attorney General Brady) because

neither act imposes liability upon individuals.  *See* 29 U.S.C. § 794(b); 42 U.S.C. §

12131(1).  Therefore the claims against defendants Carroll, state public library

employees, the judiciary, and former attorney general Brady are dismissed.  Hartmann

may, however, proceed against CMS and FCM.

**K.     Grievances**

In Claim 18, Hartmann alleges that the prison grievance system violates his

constitutional rights.  He alleges that when there is a reply to a grievance, no relief is

provided.  He makes several other allegations directed towards the implementation of

the grievance procedure.  He also alleges that, although emergency grievances are to

be addressed by the warden and copies sent to the "chair" for a response within one

calendar day, this has not been done in any emergency grievance he has filed.

Hartmann further alleges that the Bureau Chief failed to respond to his appeal in one

calendar day, as required by policy.  Hartmann makes a passing reference to the

18

Delaware Center for Justice and alleges that state-appointed mediators fail to do their duty and to be neutral advocates.

"[A]lthough prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances." *Booth v. King*, 346 F.Supp.2d 751,761 (E.D.Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Id*.; *see also Burnside v. Moser*, No. 04-4713, 138 Fed.Appx. 414, 415 (3d Cir. 2005). Nor does the existence of a grievance procedure confer upon prison inmates any substantive constitutional rights. *Hoover v. Watson*, 886 F.Supp. 410, 418-419 (D.Del.), *aff'd* 74 F.3d 1226 (3d Cir.1995).

The allegations as set forth by Hartmann do not rise to the level of a constitutional violation. Also, as with many of his claims, there is no reference to any individual who allegedly violated his rights nor is there reference to when the alleged violation occurred. Therefore Claim 18 is dismissed for failure to state a claim upon which relief may be granted, and the Delaware Center for Justice is dismissed as a defendant.

### L.     Prison Litigation Reform Act Limitation of Attorneys' Fees

In Claim 26 Hartmann challenges the limitation on attorney fees that may be awarded under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(d)(2). He alleges that the PLRA violates his right to due process and equal protection.

19

This is not a viable claim.  The statute, which limits the recovery of attorney fees to cases in which an actual violation of a prisoner's right has been established, does not violate equal protection rights of prisoners in relation to other claimants.  *See Waterman v. Farmer*, 84 F.Supp.2d 579, 588 (D.N.J. 2000).  Accordingly, the claim is dismissed as frivolous.

## IV.   APPOINTMENT OF COUNSEL

Hartmann moves for appointment of counsel.  He gives a number of reasons, including but not limited to, that he is being deprived of his constitutional rights, he has limited access to legal information, he has mental disabilities, and the case is complex.  (D.I. 4.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to appointed counsel.  *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  It is within the Court's discretion to seek representation by counsel for a plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected.  It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed

prior to service.  Based upon the foregoing, the motion for appointment of counsel (D.I.

4) is denied without prejudice, with leave to refile following service of the complaint.

**V.     MOTION FOR RELIEF FROM SERVICE OF COPIES ON DEFENDANTS**

Hartmann moves the Court for relief from the requirement of providing service

copies upon each defendant.  (D.I. 5.)  Hartmann states that he is "too destitute to pay

for postage of all legal mail for copies to each defendant, and originals and copies of

grievances and appendix to the Court."

The motion is denied.  Hartmann chose to initiate this action with an eighty-eight

page complaint against numerous defendants.  Regardless of his financial status, he is

required to comply with the Federal Rules of Civil Procedure and the Local Rules of this

Court and must provide service copies for the individuals from whom he seeks relief.

**VI.    MOTION FOR INJUNCTIVE RELIEF**

Hartmann seeks injunctive relief to preclude retaliatory conduct.  (D.I. 7.)  He

also asks that the motion be sealed.  The gist of the motion is that he fears he will be

retaliated against for filing the current lawsuit.

Hartmann contends that he has met the requisites for injunctive relief.  When

considering a motion for a temporary restraining order or preliminary injunction, a

plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will

result in irreparable harm; (3) granting the injunction will not result in irreparable harm to

the defendants; and, (4) granting the injunction is in the public interest.  *Maldonado v.*

*Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997).  "[A]n injunction may not be used simply to

eliminate a possibility of a remote future injury, or a future invasion of rights."

21

*Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)

(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)).

"The relevant inquiry is whether the movant is in danger of suffering irreparable harm at

the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*,

753 F.2d 1244, 1264 (3d Cir. 1985).

Here, Hartmann "fears" retaliation for the filing of this complaint.  He seeks

injunctive relief for an injury that has not occurred and which he provides no credible

suggestion is imminent.  He is therefore not entitled to injunctive relief, and the motion

is denied without prejudice.

## VII.   CONCLUSION

1.     The motion for appointment of counsel (D.I. 4) is DENIED.

2.     The motion for relief from providing service copies to defendants (D.I. 5) is

DENIED.

3.     The motion for injunctive relief and motion to seal (D.I. 7) is DENIED.

4.     Claims 2, 3, 6, 8, 13, 14, 15, 16, 17, 18, 19, 20, 20, 22, 23, 24, 25, 26,

and Claim 12, with the exception of the portion of Claim 12 directed to defendant

Johnson, are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and

§ 1915A(b)(1).

5.     Plaintiff is given leave to file an amended complaint to correct the pleading

deficiencies found in Claims 2, 3, 6, 8, 17, and 19.  The amended complaint shall be

filed within THIRTY DAYS from the date of this order.  Hartmann is placed on notice

that the Court **shall strike and will not consider** an amended complaint that contains

22

abbreviations and an explanatory list such as was used in the original complaint. *See*

D.I. 2 at 8.

If an amended complaint is not filed within the time allowed, then a service order

will issue and the case will proceed on Claim 4 against defendant Warden Carroll,

Claim 11 against defendants Correctional Medical Services and First Correctional

Medical, and Claim 12 against defendant Johnson.

UNITED STATES DISTRICT JUDGE

August 21, 2006
Wilmington, Delaware