IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-340-KAJ |
| | ) |
| COMMISSIONER ANDREA | ) |
| MAYBEE-FREUD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Detlef F. Hartmann ("Hartmann"), is a *pro se* litigant who is currently incarcerated at the Delaware Correctional Center, Smyrna, Delaware. He filed this civil rights action pursuant to 42 U.S.C. § 1983. Hartmann sought appointed counsel (D.I. 4) and in my order dated August 21, 2006, his motion was denied without prejudice with leave to refile following service of the complaint (D.I. 12). In the same order the majority of Hartmann's claims were dismissed, but he was given leave to amend his complaint. He moves the court for additional time to amend. (D.I. 14.)   He also seeks reconsideration of the ruling denying him appointed counsel. (D.I. 13.)

The motion for an extension of time to amend will be granted and the motion for reconsideration will be denied, for the reasons that follow.

**II.   STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d

Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D. Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III. DISCUSSION

Hartmann does not argue there has been an intervening change in the controlling law since I issued my order. Apparently in an attempt to show new evidence since the date of my order, Hartmann now provides numerous documents to evidence his attempts to obtain retained counsel. However, the exhibits are dated prior to the time I issued the August 21, 2006 order. Finally, Hartmann argues that he needs appointed counsel to assist him in filing his amended complaint.

The law has not changed and there is no new evidence. There is no clear error of law or fact to correct nor is there manifest injustice to be prevented at this point. Hartmann has not demonstrated any of the grounds necessary to warrant reconsideration, and, therefore, his motion is denied.

### IV.    CONCLUSION

IT IS HEREBY ORDERED that:

1. The motion for reconsideration (D.I. 13) is DENIED.

2. The motion for an extension of time (D.I. 14) is GRANTED. Hartmann is given up to and including November 13, 2006, to fil an amended complaint.

                                                                                  _____
                                                                                  UNITED STATES DISTRICT JUDGE

October 13, 2006
Wilmington, Delaware

3