United States District Court of Delaware

Detlef F. Hartmann, Petitioner, and
class of one - DCC inmates, and
class of one - DCC disabled inmates,

v.

Maybee-Freud, et. al.,
Defendants

Civ. No. 1:06-CV-340 KAJ

FILED
OCT 31 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

~~Aug 29, 2006~~ Oct 29, 2006

Motion for Relief from Judgement for Filing Fee and alike

1. Request this Honorable Court GRANT removing of filing fee and alike under 28 USCA § 1915 due to being destitute because of the unusual, exploitative, illegal, extraordinary, and extreme prison conditions at the Delaware Correctional Center by Defendants of (D.O.C.), Dept. of Corrections under pretence/color of law, ~~~~ (Jane Brady, Taylor, Snyder, Carroll) since Dec 1999).

2. Petitioner and class of one, are not provided "necessities of life" under current legal custodians who are responsible for upholding ALL laws, rules, and regulations for their Wards of the State as started to be exposed under corruption, conspiracy, and organized crime in State government here in Petitioner's Civil Complaint, where Defendants continue to show deliberate indifference of laws, acting as if they are above the laws of the land, continuing to show a pattern and practice of selfishness, mismanagement, and inability to uphold the laws of the land, when they have accepted the responsibility to do so.

3. Due to continues deliberate indifference to laws by Dept. of Corrections (DOC) and other Defendants Brady, Taylor, Snyder, Carroll, continued from Petitioner's Civil Complaint, to provide unobstructed access to information to communicate to the Courts in a timely and equal manner, Petitioner continues to be handicapped by illegal official oppression under pretence of law in violation of many federal rights and State constitutional rights as started to be shown in Civil Complaint.

-1-

4. Petitioner's disabilities continue to obstruct the legally required (TEEMCA, Timely, equal, effective, meaningful, capable, and adequate legal) access he should have like others have without his disabilities as shown in <u>Civil Complaint</u>.

5. Therefore, this newly discovered law following, not previously upheld, is now presented.

6. Handicaps and disabilities not compensated for by legal custodian continues to cause legal injuries which have now required the time and work necessary to prepare this Motion, and other injuries which caused by Defendants which continues obstructions to communicate to the Courts with nonfrivolous claims and defenses to pending, ongoing, and contemplated legal action (<u>Lewis v Casey</u>, 116 S.Ct at 2180) due to continued conspiracy of organized crime upon Petitioner, children, family, State and Nation.

7. This Petitioner, and class of one — inmates at (D.C.C.) Delaware Correctional Center, and probably (DOC) Dept of Corrections wide, have to chose between the following necessities of life not provided for by (DCC) Delaware Correctional Center administrators, Brady, Taylor, Snyder, Carroll, food available from commissary, which is necessary due to insufficient quantity and quality of food provided for by custodian leaving citizens hungry from chow and afraid to speak up due to history of illegal retaliation, a human rights violation having become so out of control and NOT held accountable where continues small removal of portions and item is the order of the day. Petitioner, and others, are forced to fill upon crackers and noodles due to invidious discriminatory animus by Defendants of (DOC) Dept of Corrections.

  Also <u>not</u> provided are legal supplies, legal postage, family mail supplies and postage, medical copays illegally taken, legal fees for legal activities and for information, legal books and tools available to attorneys and the non-indigent because justice is NOT suppose to be only for the rich. Lack of hygiene products, medical and health products, and other basic prison life commissary items for life, liberty, property, and happiness interests guaranteed under the Constitution, but not wanted to be provided by evil natured people, for an ever more modern, civilized, decent, and humane society under the 8th Amendment of the United States Constitution.

for due process under the 14th Amendment, the State <u>must</u> provide indigent prisoners, as defined by law - not by a (DOC) [Dept. of Correction] administrator, with the basic tools of an adequate defense or appeal, when they are available for a price to other prisoners. See <u>Greene v. Brigano</u>, 123 F.3d 917 (9th Cir. 1997). Also <u>Griffin v Illinois</u>, 76 S.Ct 585 at 590.

8. Factors that are relevant to the determination of need are: (1) the value of the items to Hartmann and classes in connection with the appeal or trial for which it is sought, and (2) the availability of the alternative devices that <u>would fulfill</u> the same functions. Facts: (1) the value of the listed items on previous page is self-explanatory, and (2) No known alternative devices are provided here at (DCC) [Delaware Correctional Center] and probably (DOC) [Dept. of Correction] wide with deliberate indifference to those rights which Defendants have been getting away with here and NOT held accountable for.

9. DOC Defendants [Brady, Taylor, Snyder, Carroll] customs or policies are intrusions on family relationships, presenting insurmountable hardships, illegal and unethical conditions, and denials to [Timely, equal, effective, meaningful, capable, and adequate legal] (TEEMCA) access to information for the courts for <u>fundamental fairness</u> for Petitioner, and classes, and the family integrity rights for preservation and protection mandated in ~~laws~~ statutes, a <u>protected</u> class of citizens, by obstructing family bonds, support, and communication, well aware of by a competent court, causing by evil natured, dysfunctional family's and eroding our society in this State as Petitioner's family, and others, the class - legally defined FAMILY, in Delaware (16 Delaware Code § 902(14), and <u>Family Court Act</u> 10 § 901 et seq, and the many federal statutes such as <u>C.A.P.T.A</u>, 42 USC; <u>Adoption Assistance and Child Welfare Act</u>, 42 USC § 620 et seq, and § 670 et seq; and of course Delaware's supervisory Division for <u>Title 16</u> is <u>Title 29 Chapter 90 and 90A</u>, and the national objectives in the <u>Supremacy Clause</u> and <u>Administrative Procedure Act</u> required to be followed by States, but Brady, Taylor, Snyder, Carroll are NOT since Dec 1999.

Delaware Correctional Center and State Governor's Memorandum of Understanding illegally ignored for (DCC) family integrity and bonds required to be at least maintain, but also "preserved, protected, stabilized, and improved" by government employees as their duty by law, which is actually not happening here at DCC, where Petitioner's family, as an example, has been illegally and unethically destroyed who have so far not been legally represented, and thus unable to communicate their damages and legal rights violations still on appeal from conflicts of interest.

Hopefully, this Honorable Court will now appoint counsel to protect the classes also, and the various areas of law violations, by Dept. of Corrections, Defendants employees (DOC) – Judiciary – Contractors, in the Civil Complaint, in this large and complex case which has been brewing for years to now boil over and finally somewhat ability to be presented to this Court through all the illegal conditions and causing of illegal punishment upon Petitioner and Classes.

The U.S. Supreme Court has consistently set apart cases involving State controls or intrusions on family relationships. See, e.g., M.L.B. v. S.L.J., 117 S Ct at 503; quoted in Tucker v Branker, 142 F3d 1294 (1998).

Defendants conduct has caused indigent Petitioner and classes meaningless rituals with prejudice and damages by delays and denials to prepare defenses and claims in a (TEEMCA) timely, equal, effective, meaningful, capable and adequate legal manner when the more affluent would have TEEMCA access to information for the courts in violation of also the 5th, 14th Amendment of the U.S. Constitution and Delaware Constitution and the Civil Rights laws, for starters. See, e.g., Miller v. Smith, 115 F3d 1136 (CA 4 Md 1997).

State is Constitutionally bound to provide inmates "necessities of life." See Tucker v Branker, 142 F3d 1294, at 1298-9 (D.C. Cir. 1998).

Require this Honorable Court to make proper stated legal arguments as needed for fundamental fairness, due process and equal protection of the laws since unrepresented, handicapped, obstructed, and disabled.

<u>Necessities of Life</u>

Filing fee should be waived because payment would force Petitioner to surrender amenities of prison life. See, e.g., <u>Jones v. Zimmerman</u>, 752 F2d 76, 79 (3d Cir, 1985); (inmate should NOT have to forgo items such as postage, TV cable, and library services) like 1st Amendment rights to information, all of it to prepare defenses and claims in a timely, equal manner under the 14th Amendment of the U.S.; and the 6th Amendment as a pro se citizen, thus, causing 8th Amendment violations.

For equal justice, it is well known and enforced by Judges without a conflict of interest, that there can be no equal justice where the kind of trial and proceedings one gets depend on the amount of money one has, which continues to prejudice and damage Petitioner and classes to (TEEMCA) timely, equal, effective, meaningful, capable and adequate equal access for communication to the courts without frivolty.

The imposition by the State DOC, Dept of Corrections defendants Beady, Taylor, Snyder, Carroll, others to be named, financial barriers imposed by those state employees in DCC Delaware Correctional Center, restricting the unobstructed availability of TEEMCA access to the courts and proceedings has NO place in the American heritage of equal justice under the law, without invidious discrimination and deliberate indifference to those laws, and to keep it unimpaired so that rich and poor are treated alike as beginning to be described in the <u>Civil Complaint</u>.

It is contrary to the spirit of §1915 to force a litigant to abandon or delay what may be a meritorious claim in order to spare themselves complete distitution as Hartmann has been having to do because of being unrepresented by counsel for TEEMCA id access, nor a judge to uphold these laws in the first place. Mr. Hartmann thus continues to be prejudiced and damaged to bring his claims because of state employees created handicaps and disabilities in and to Him/family.

-5-

as started to be explained in His <u>Civil Complaint</u>.

Indigent generally indicates one who has means of comfortable subsistence. See <u>Destitute of Bennington County by Van Santvoord v. Henry W. Putnam Memorial Hospital</u>, 215 A2d 134 (Vt. 1965). Complete destitution is thus NOT required, and failure to provide necessities of life by Defendants of DOC, Dept. of Correction, Brady, Taylor, Snyder, Carroll, to Mr. Hartmann and Classes, show their conflict of interest and breach of duty, and due process for equal protection of the laws under the 14th Amendment.

Prisoners' need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison or mental hospital [ saying that all available in a prison are small amenities ] ... " See <u>Evans v.</u>           , 650 F2d at 524.

State and federal government, including judicial branch, may not erect arbitrary or unduly onerous, imposing [ or constituting a burden, troublesome, oppressive, exacting, burdensome ] or weighty obstacles to suit [ as is being imposed on Petitioner ] under the Constitution. See <u>Lambert v. Ill. D.O.C.</u>, 827 F2d 257 (7th Cir. 1987). Also saying that §1915 does NOT require a plaintiff to choose between paying a filing fee and supporting himself. <u>Id</u> at 260.

Defendants named and to be discovered knowingly, or should have known these laws which they are responsible directly to uphold for the wards of the State as legal custodians. These laws had been established but choose to cause illegal policies or customs, failing to supervise by law with deliberate indifference to the laws for inmate class due to invidious discrimination, conflict of selfish interests, breach of duty, official oppression, abuse of authority, abuse of process, at least, causing harm on Mr. Hartmann, legally, mentally, and physically as started to be described in <u>Civil Complaint</u>, due to their inactions which were/are still the moving force to harm with gross negligence.

—6—

<u>Necessities of life</u>: "Necessaries include whatever food, medicine, clothing, shelter, and personal services are usually considered reasonably essential for the <u>preservation and enjoyment</u> of life, to the extent that a person having a duty of protection must furnish them." "The term includes whatever is reasonably needed for subsistence, health, comfort, and <u>education</u>, considering the person's age, station in life, and medical condition, but it excludes (1) anything purely ornamental, (2) anything solely for pleasure, (3) what a person is already supplied with, (4) anything that concerns someone's estate or business as opposed to personal needs, and (5) borrowed money." "Things may be of a <u>useful</u> character, but the quality or quantity supplied may take them out of the character of necessaries. Elementary textbooks might be a necessary to a student of law, but not a rare edition of 'Littleton's Tenures,' or eight or ten copies of 'Stephen's Commentaries.' Necessaries also vary according to the station in life [is] of the infant or his peculiar circumstances at the time. The quality of clothing suitable to an Eton boy would be unnecessary for a telegraph clerk; the medical attendance and diet required by an invalid would be unnecessary to one in ordinary health.

Necessaries includes supplies and services needed for <u>maintenance and operation</u> of a person, including repairs, fees to <u>operate and function</u> in a position. The case law is clear that 'necessaries' does not mean absolutely indispensable; rather, the term refers to what is reasonably needed in the person's position.
See <u>Black's Law Dictionary</u>, Eighth Edition, pg 1058.
State is constitutionally bound to provide inmates necessities of life.

See <u>Tucker v. Branker</u>, 142 F3d 1294, 1298-9 (D.C. Cir. 1998)
  Necessities of life include cigarettes, occasional reading material.
See <u>Souder v. McGuire</u>, 516 F2d 820 (1975), 823-24 (3d Cir.)
  In Mr. Hartmann's case and for the Classes, many illegal prison conditions persist with no accountability to law setting a wrong example of our government, acting under color of law which cause extraordinary requirements for relief as for this <u>Motion</u>.
  "If the average monthly income is used, small gifts, including those received during the December holiday, should NOT be included in the computations." See T. Willging, <u>Partial Payment of Filing Fees in Prisoner In Forma Pauperis Cases in Federal Courts: A Preliminary Report</u> (Fed. Judi. Ctr. 1984) pg 26.
  The U.S. Supreme Court even rejected forced reliance upon campaign contributions [large gifts] to satisfy mandatory filing fees. See <u>Bullock v Carter</u>, 92 SCt 849 (1972).
  Mr. Hartmann's monthly gift of $50.00 does NOT do justice, nor fulfill his necessities of life, especially at the yet, still many illegal conditions these Defendants from DOC (Dept. of Corrections) provide as is started to be shown in the <u>Civil Complaint</u>. The necessities of life are not provided and those legal rights deliberately ignored by the legal custodians, failing to do their duties. Mr. Hartmann and Classes were NOT sentenced to these illegal conditions.
  Court should grant Petitioner and class of indigent DOC (Delaware Correctional Center) inmates, DOC (Dept of Correction) wide to be determined with counsel and discovery, unconditional leave to proceed in forma pauperis without paying filing fees and other

-8-

cost and fees covered under §1915 until all necessities of life are provided by custodians.

§1915 is intended to guarantee that NO citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because of his poverty. See <u>Adkins v E.I. DuPont de Nemours & Co.</u>, 69 S.Ct. 85 (1948). One has to have ones' life necessities to live before one can sue. It would be irrational to push otherwise.

Mr. Hartmann's denial of life's necessities by (DOC) Dept. of Correction employees are inhumane treatment in a more civilized and decent society which is evermore improving under the 8th Amendment of the U.S.C.

Mr. Hartmann's disabilities continue to delay or deny, depending on the issue, to bring these punishing conditions by the (DOC) Defendants Dept of Correction Carroll, Taylor, Snyder, Cangelose, & others to be named in violation of the <u>American Disabilities Act</u> and <u>Rehabilitation Act</u>, to the Court.

Petitioner would gladly pay any legal fees, fairly and equally, if he were in position to do so.

Relief Needed: 
1. Remove filing fee, et al, under §1915 for Classes for IFP status, atleast until all necessities of life are certifiably provided with continued injunction / oversight or alike.
2. Removing fees, and alike, under §1915 for Petitioner, and refunding any taken.
3. Other as Court sees appropriate.

Dated: ~~August 29, 2006~~
October 29, 2006

Respectfully Yours,

Detlef F. Hartmann, SBI No. 229843
D.C.C., Smyrna, DE 19977

-9-

I/M Detlef Hartmann
SBI# 229843  UNIT T2-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Legal Mail

Office of The Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, DE
  19801-3570