United States District Court
For the State of Delaware

Detlef F. Hartmann,
  Plaintiff,
  v.
Maybee-Freud, et.al.,
  Defendants.

District Court Case No. 1:06-cv-340-***

Third Circuit Case No. 06-4594



Plaintiff's Motion To Stay Case Proceedings

Pursuant to the provisions of Federal Rule for Civil Procedure 62, this Plaintiff moves this Honorable court to stay this District Court proceedings for the above captioned appeal until it is ruled on. In support of this Motion to stay the District Court case proceedings effective October 31, 2006, for the following reasons:

1. On October 31, 2006, Plaintiff's appeal was filed by the Third Circuit for denial of appointment of counsel due to abuse of discretion.

2. In response to that denial, appeal brief shows denial is immediately appealable by law.

3. Third Circuit accepted appeal on January 26, 2007, for ruling.

4. Without a stay until appeal is ruled on, rights may not be upheld by laws of the land claimed in civil complaint and accompanying motions with their intentions because of:

A. complexity of case, B. extraordinary circumstances including systemic deliberate indifference by legal custodians, C. obstruction to information, D. handicaps and obstructions as mental and physical disabilities caused by custodians, Defendants in civil complaint, continuously, maliciously, denying plaintiff timely, equal, effective, meaningful, capable, adequate communication and ability and access to the courts, E. seriousness of claims including organized crime and cover-ups in government, F. irreparable injuries to Plaintiff and his family from cruel, unusual, uncivilized, indecent, unethical, unprofessional, civil rights violations throughout history of custodianships, G. family rights, H. parental rights, I. patient rights, J. children's rights, K. life interests, L. liberty interests, M. property interests, N. fundamental rights, O. due process rights, P. equal protection rights, Q. public health problems caused and further threatened by custodians, R. immediate, continued damages to Plaintiff and family members, S. obstructions of justice Plaintiff can not overcome like to information, evidence, depositions, discovery, investigations, for starters, T. indigency discrimination, U. Defendants' ill will actions, harassment, interference, bewilderment to continuous unprofessional prison conditions, V. numerous violations of against generally accepted professional standards, W. Plaintiff's inability to bring most violations, X. continuing unnecessary punishment and suffering, Y. counsel appointment needed for experts, expediency, and efficiency of this large case, Z. Defendants' persistent discriminatory, inherently suspect motive for everything, intentional negligence, abuse of authority

in high offices in this State, official oppression, criminal + civil contempt of legislatures, and the laws of this land,

AA3. actual legal injuries requirement is already satisfied in this case by reading and understanding Plaintiff's Complaint and accompanying motions, where claims are presented with arguable merit — but fall short of something, some claims already prematurely dismissed because every citizen can NOT be expected to be as competent as a lawyer should be, thus handicapped and disabled also because of Plaintiff's inabilities, which can NOT be 'justice for all', equally, which continues to cause him to live under torture.

AB. Of course, this is not an exhaustive list, but surely should be sufficient for a stay for counsel appointment so that further, immediate and current damages can be stopped.

5. GRANTING stay order is appropriate in this case to prevent an appeal, for efficiency and organization of this large, complex case, and to save tax-payers money, and for equal protection civil rights.

6. Granting stay would support the welfare of the public to have its laws upheld.

7. Stay should be granted to preserve the fruits of the merits, which can be upheld by counsel of the court, where they may be lost otherwise, which would deny equal protection, equal justice, and due process.

8. Non-lawyer - citizens legal papers should be read liberally, and interpreted to raise the strongest arguments that they suggest. Straham v. Core, 127 F3d 155, 158 (1st Cir. 1997). a.1.

9. Plaintiff is in unequal footing to compete in adversary law

process.

Relief needed: Stay affective October 31, 2006 until Third Circuit Ruling on Counsel Appointment, unless District Court can appoint counsel now and make appeal moot.

Sincerely yours,
In Service to God and Country,

Dated: Feb 18, 2007

Detlef F. Hartmann
SBI No. 229843
Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

I/M Detlef Hartmann
SBI# 229843   UNIT T2-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

United States District Court
Court Clerk Office    Lockbox 18
844 N. King Str.
Wilmington, DE
19801-3570