United States District Court
For Delaware

DETLEF HARTMANN, and as one of classes,
    Plaintiff,
        v.
KARL HAZZARD, and as one of custodians
    of wards of state,   Defendants

No. 06-340-***


FILED
MAR -9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

MOTION TO SHOW CAUSE/CIVIL COMPLAINT
TEMPORARY RESTRAINING ORDER

Now comes Plaintiff Detlef Hartmann in response to Defendants' obstruction of justice to timely, equal, effective, meaningful, capable, and adequate access to the courts, terroristic threatening of illegal search and seizure warning of all of Plaintiff's necessary legal materials for his four active cases and some preparation for future cases, He has not been able to file yet due to his custodians continues deliberate indifference, malicious, and ill will by obstructions, handicaps, mental, emotional, and physical disabilities caused by custodians, of which Defendant is one.

   Court can rename Motion as legally proper to attain immediate relief from threat of actual imminent, irreparable damages to be done by Defendant, on or after March 15, 2007. This is a State Tort and Federal 42 U.S.C. §1983.

   Defendant threatened Plaintiff of imminent irreparable harm by searching and seizing all his legal material after date in violation of the 4th Amendment of the United States Constitution, in retaliation to Plaintiff doing necessary

-1-

And entitlement to legal materials as needed by mentally disabled to be in his reach for daily, full-time use, for timely, equal, effective, meaningful, capable, and adequate access to courts, as required by law for good reasons someone with good-faith would not obstruct.

State chose to incarcerate Petitioner, and classes members, therefore chose to provide legal and ethical 'necessities of life' like unobstructed access to the courts in an ever more modern, decent, civilized, humane society we are / should be in.

Lack of funds, space, or bald security violations, actually caused by custodians mismanagement, intentions to interfere with any access to the courts, and ill-will started to be shown in this Motion.

Defendants usually excuses cannot lie in this case since they are actually not valid, legitimate penological interests, but intentional negligence and alike to cause a degrading environment, as is in violation of the 8th Amendment of the U.S. Constitution.

Defendants, et. al., conduct violates:

A. FIRST Amendment of the U.S. Constitution for redress of grievances, and B. No abridgement to freedom of press and information by denying it and its possession;

C. No abridgement to freedom of press and information to redress grievances;

D. FOURTH Amendment by illegal search of legal materials for reading its contents; a threat thereof by custodian;

E. and seizure of needed legal materials to retaliate and stop legal work and access to the courts; or threat thereof by custodian;

F. thus causing Petitioner to NOT be secure, defined as 'easy in mind, free from fear, free from danger or risk of loss, safe, certain, sure, guarded, protected.' All of which Respondents, and some custodians too many, Petitioner atleast

-3-

and those in the classes; for one reason or another, custodians continue to illegally, unethically, with maliciousness obstruct and deny legal access to the courts, which can be provided if expansion of record is needed.

Inhouse D.O.C. regular grievance has been mailed on March 1, 2007, evening in inhouse grievance box. Due to continued mismanagement, abuse of authority, and alike forementioned, unprofessional conduct continues by not responding in time to grievances, obstructing justice and legal access to courts. Hazzard has threatened to seize my legal work/materials on Mar 15, 2007, with likely illegal search and reading of petitioner's legal materials.

A respectful reminder that FIRST Amendment damages always assumed by courts, no matter how long any privilege was denied.

Lack of access to law library by petitioner, and classes, and custodian's failure to make a copy of current housing rules for petitioner, and classes, with regular updates provided copy of as legally approved and adopted, denial causing inability to read, apply, receive legal notice, hearing access and other legal rights as required by Administrative Procedure Acts, Administrative Law and Procedures, and other rights under these statutes, are still being denied legal access to by custodians.

(Betty) Elizabeth Burris, Deputy Warden, Delaware Correctional Center, custodian of petitioner and classes, was written in June 3, 2006 for legal materials box approval, and again Nov 13, 2006; no reply has been received since. This kind of malicious set-up, extortion for punishment for not having a current approval letter for legal materials box is totally against all laws in question, and for what is right and decent under custodians' duty. This retaliation for filing legal grievances and complaints is blatantly malicious.

06-340-***

## Certificate of Service

I, Detlef Hartmann, hereby certify that I have served a true and correct copy of the attached:

1. In Forma Pauperis
2. Motion To Show Cause / Civil Complaint / Temporary Restraining Order
3. Order To Show Cause and TRO
4. Declaration in Support of Plaintiffs' Motion for a TRO and Preliminary Injunction.
5. Memorandum of Law in Support of Motion for a TRO and PI.
6. Motion For Appoint of Counsel
7. Appendix A, B, & C. denied copies.

upon the following parties:

TO: State of Delaware
    A.G.
    D.O.J.
    820 N. French St.
    Wilmington, DE 19801

TO: Karl Hazzard, Cpt
    Delaware Correctional Center
    1181 Paddock Rd
    Smyrna, DE 19977

By placing same in a sealed envelope and depositing same in the U.S. Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On March 2007

Petitioner



United States District Court
For Delaware

DETLEF HARTMANN, and as one of member of classes,
    Petitioner,
    v.
KARL HAZZARD, and as one of member of class,
    Respondents.

NO. 06-340-***

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Upon the supporting affidavit of the Petitioner and the combined accompanying memorandum of law, it is

ORDERED that Respondent KARL HAZZARD show cause in room ____ of the _____ Courthouse, _____ (address)

on the ____ day of _____, 2007, and temporary restraining order, at ____ o'clock, why a preliminary injunction should NOT issue pursuant to Court Rule(s), enjoining the said Respondent, their successors in office, agents and employees and all other persons acting in concern and participation with them, to provide:
1. allowance for Petitioner, and class members, to keep their legal materials with them and their private property for all active and contemplated cases,
2. allowance for unobstructed access to law libraries by expanding facility for growing population to stop obstructions to timely, equal, effective, meaningful, capable, and adequate access to courts for all classes; or another means to receive all information in a timely, etc. manner as should be done.

IT IS FURTHER ORDERED that effective immediately, and pending the hearing and determination of this Order to show cause, Respondent(s) Hazzard, and anyone else who wishes to be involved as legal custodian for ward of State Petitioner, and class, shall

IT Is Further Ordered that this order to show cause, and all other papers attached to this application, shall be served on Respondent Karl Hazzard, Cpt, by _____, 2007, and the Marshals Service is hereby directed to effectuate such service.

Dated: _____          _____
                                    Judge

I/M Detlef Hartmann
SBI# 229843   UNIT T2-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

United States District Court
For Delaware
844 KING Street
Lockerbox 18
WILMINGTON, DE
19801

Legal Mail