United States District Court
For Delaware

DETLEF HARTMANN, and as one of member of classes,
    Petitioner,

v.

KARL HAZZARD, and as one of member of
custodians for Petitioner, and classes,
    Respondents.

NO. 06-340-***



FILED
MAR -9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

MEMORANDUM OF LAW IN SUPPORT of MOTION FOR A T.R.O. AND PRELIMINARY INJUNCTION

(Imminent Irreparable Damage on or after March 15, 2007)

Statement of Case: This is a civil rights action brought under State Tort rights and 42 U.S.C. §1983 by a ward of state whose legal materials are imminently threatened to illegal seizure and search by custodian(s) denying legal access to courts.

The Petitioner seeks a temporary restraining order and preliminary injunction to ensure that he receives proper treatment.

Argument One

The Petitioner is entitled to a temporary restraining order and a preliminary injunction. The four factors to grant this motion follow:

A. The Petitioner is threatened with irreparable harm.

The Petitioner is being denied to have any legal materials which is contrary to laws, etc., in question.

-1-

1) Petitioner is already injured by Hazzard's conduct, and some other custodians with a mental disability, emotional disability, and the physical injuries therefrom in form of heart disease, hypertension, depression, cronic fatigue syndrome, traumatic stress disorder symptoms, anxiety and panic disorder symptoms, and a form of dementia. Such treatment of constant terroristic and tortures conduct by custodians and environment shows many violations and failures by custodians.

Intentionally interfering with proper treatment of mentally disabled is in violation of the 8th Amendment of the U.S. Constitution, and thus, the Delaware Constitution. It is a form of deliberate indifference to humane, civilized, decent, modern societies treatment of its people. ie. <u>Estelle v. Gamble</u>, 97 S.Ct. 285 (1976).

2) The continuing deprivation of constitutional right constitutes irreparable harm. <u>Elrod v. Burns</u>, 96 S.Ct. 2673 (1976). This principle has been applied in prison litigation generally. <u>Newsome v. Norris</u>, 888 F2d 371, 378 (6th Cir. 1989); et al.

(3) Seizure or deprivation of inmates legal papers violates constitutional rights. ie <u>Roman v. Jeffes</u>, 904 F2d 192, 198 (3d Cir. 1990).

(4) Papers and materials are essential or crucial to Petitioner to a pending or contemplated appeal. ie <u>Chavers v. Abrahamsen</u>, 803 F.Supp. 1512, 1514 (1992)

(5) Confiscation will obstruct access to the courts causing more than just a property claim violation, but also a claim for federal remedies. ie. <u>Zilich v. Lucht</u>, 981 F2d 694, 696 (3d Cir. 1992).

(6) The Petitioner is illegally, maliciously threatened with irreparable harm because of his litigation activities to stop the deliberate indifference to his damages/injury, loss of mental and physical abilities in a degrading environment.

If Petitioner does not receive timely, proper treatment and relief, he will never fix the injuries/damages again.

B. The balance of hardships favors the Petitioner/Plaintiff:

Whether to grant orders, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. Dangers caused denying legal access to courts outweigh any of valid, legitimate penological interests, and state's financial and administrative concerns which should have properly managed for constitutional, and statutory rights not done in this case by custodians.

The present suffering of continues threats are tortures to Petitioner, and must be to some other certain wards of state, occurring on a daily basis, besides this issue in question adding to these degrading conditions.

Ward of state's interests to life, liberty, and property for legal access to courts outweigh Hazzard's or any custodians personal, malicious interests, and mismanaged to obstruct justice with ill-will attitude, by some custodians.

Petitioners litigation pryed a roll in the which Hazzard chose to now retaliate for Petitioner's legal rights having to be attained by himself when custodians continue to fail to do it: Civil Complaint against some major constitutional and statutory violations filed by Petitioner about October 2006, now in motion. Another civil rights complaint against illegal prison condition just went to the U.S. Supreme Court Feb 28, 2007.

About the same time, another major grievance was filed against the major family destructive conditions in this facility by custodians.

-3-

Retaliation would likely not happened if Petitioner was not trying to stop the damages continuing being done to Him, and some of the classes — inmates and mentally disabled inmates.

If Hazzard would have left things alone, none of this would have been necessary now. But, it was inevitable because of the malicious unprofessional attitudes here by many custodians, still existing from a by-gone era of ancient times, lacking civilized, decent, humane, modern characteristics of an educated society.

The potential suffering if Petitioner, and certain class members, lose their FIRST Amendment rights for any period of time, is legally irreparable harm.

The "suffering" the Respondent(s) will experience if the Court grants the order will consist of allowing Petitioner to keep His legal papers; ego hurt, and correcting illegal prison rule legally, which includes allowing Petitioner, and class, full-time access to the law library, making space if necessary in the facility to have unobstructed access to information for legal uses only He can justify as needing for His cases, as required by Constitutions and statutes for timely, equal, effective, meaningful, capable and adequate access to the courts like anyone else in this country. Something custodians are obliged to ethically also to properly "care and maintain" wards of state, on a daily basis. The past "business as usual" must stop.

C. The Petitioner/Plaintiff is likely to succeed on the merits because, what Respondents have done "intentionally interfering with legal access to the courts" has specifically been singled out by the courts. Especially by legal custodians who already had the duty to uphold wards of state rights, privileges, and immunities, to not violate the Constitutions, statutes, and common laws, as started to show above, as best as Petitioner can show at this time under these conditions.

D. The relief sought will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986)("Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest."); see also Llewelyn v. Oakland County Prosecutor's Office, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975)("The Constitution is the ultimate expression of the public interest.")

### Argument Two

Petitioner is an indigent inmate and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez v. Smith, 541 F. Supp. 351, 385 n.30 (C.D. Cal. 1982). Case must be heard to remove obstructions to court, and in view of damages confronting Petitioner, and some classes members, the Court should grant the relief requested without security.

-5-

Injunctive relief is needed, even if practices by Hazzard, and some of custodian class, are not formally part of an official policy [assuming legal adoption of rule]. Ruiz v. Estelle, 679 F.2d 1115, 1154 (1982); also Pratt v. Rowland, 770 F. Supp. 1399, 1406 (1991).

Dated: Mar 5, 2007

Truly Yours,

Detlef Hartmann, 229843
Delaware Correctional Center
1181 Paddock Rd, T2
Smyrna, DE 19977

Chancery Court Rule 23 - Class Action Answers From Petitioner/Plaintiff.

(a) Petitioner, as one of classes, inmates in Delaware, and mentally disabled inmates in Delaware as wards of state under infor. and belief, represents as best He can at this time under many illegal obstructions, handicaps, and disabilities created by ~~the~~ some custodians, as Hazzard abusing authority and alike as earlier mentioned, if counsel is not appointed for this case:

(1) the classes are too numerous that joinder of all members is impracticable;

(2) there are questions of law and fact common to the classes as shown;

(3) the claims of the representative party are typical of the claims of the class;

and (4) the representative party will fairly and adequately protect the interests of the classes, as best He can at this time under many illegal obstructions to the courts if counsel is not appointed for each class and Petitioner.

(b) Classes maintainable because:

(1) prosecution of separate actions by or against individual members of the class which would [~~establish incompatible standards of conduct for the party opposing classes where individual communication would be different causing different outcomes depending on how claims are stated and interpreted by each intention by non-attorneys or attorneys;~~] create a risk of:

(A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing classes where individual communication would be different causing different outcomes depending on how claims are stated, intended, and interpreted by non-attorneys and attorneys;

(B) Adjudication with respect to individual members of the class which would as a practical matter be dispositive, unknowingly, unintelligently, or

-1-

differently stated interests of the other members; and those who are unable to have a voice for whatever reason denying them/us legal rights, privileges, immunities, not parties to these adjudications, and which would impair and impede their ability to protect their interests, and the continuous retaliation, or threat of retaliation, or abuse or exploitation, fear of retaliation by ill-will or malicious custodians, or they would have filed these claims by now;

(2) The parties opposing the classes have acted and refuse to act on grounds generally applicable to the class, denying generally accepted professional standards in penology, of which any obstruction to the courts is not a valid, legitimate penological requirement. Thereby, making appropriate final injunctive relief, declaratory relief, nominal, and punitive damages with respect to the class as a whole for the years, atleast 7 now for Petitioner, for legal access to the courts.

(3) The Court should be able to find the questions of law or fact are common to the members of the classes predominate over any questions effecting only individual members, and that a class action is superior to the other available methods, as far as this Petitioner knows and is allowed to know by custodians, for the fair, fundamental, and efficient adjudication of the controversy. The matters pertinent to the findings in this case include:

(A) Petitioner's interest is for the classes abused and exploited, of which He is a member, who continue to be mistreated, enslaved from information and knowledge, rehabilitation, reentry, career development and other life, liberty and property interests, contrary to laws and statutes and Constitutions, ethics, codes of conduct, Mission Statements, Purposes of Statutes by their custodians.

(B) There is no known other litigation concerning denial of legal materials to classes already commenced by or against members of the class;

—2—

except for the letter for relief to Betty Burris (Appendix __A__), mailed to her March 1, 2007, evening inhouse mail.

There is other litigation concerning the controversy already commenced by Petitioner on the issues of the obstructions/denials to redress grievances in the Delaware Dept of corrections from the Delaware Correctional Center, obstruction/denials to press and information like from the internet not provided by custodian as a current necessity of life for life, liberty, property interests, due process and equal protection of the laws, and legal access to courts, causing cruel and unusual punishment in an ever more modern, civilized, decent, humane society with a conscience invoked. USCA I, V.

This litigation case in District Court # 06-340-***, includes the legal issues of the 5th Amendment, 6th, 8th, 9th, and 14th related to access to the courts by custodians ill-will of their wards of state, contrary to their duty; is delayed.

The prison regular grievance was filed the same day of the incident, March 1, 2007, attached Appendix __B__.

Because of imminent <u>irreparable harm</u> to be caused by Karl Hazzard, a custodian of petitioner, on or after March 15, 2007, other following courts have had these same Motions filed, except those pages __to__, who only address Chancery Court Rule 23. Justice of the Peace Court # __7__, Court of Common Pleas, Kent County, Superior Court Kent County.

(c) The desireability, ability of concentrating this litigation of the claims for legal materials possession, and removal of obstructions to court, legal access, timely, effective, equal, meaningful, capable, and adequate, in a particular forum needs to be determined by this higher Court of who can best handle the job in a timely manner to prevent threatened irreparable damages to petitioner, and prevention order for classes to cease + desist.

-3-

(D) The difficulties likely to be encountered in the management of a class action is best determined by this Court, due to Petitioner severely handicapped and unrepresented at this time.

(c) Determination by order whether class action to be maintained; notice; judgment; actions conducted partially as class actions &:

(1) Class action legally maintainable unknown due to handicaps.

(2) Notice can be given to all class members through the newspapers published in each facility with wards of state of Delaware; The State News, The News Journal, and by copy of Order to be posted on every TIER or hallway, or proper public bulletin where no obstructions exist to view order by All wards of state who wish to become party Petitioner.

Because of the timeliness required to file this motion, and get relief by injunction or alike, Commissioner of Corrections or other authority may correct violations immediately, and provide proper compensation, with written corrected prison rule legally adopted for Dept of Corrections, could make this imminent irreparable damages moot if timely corrected by March 15, 2007, to Petitioner, and class Order / Policy Correction.

Relief needed from oppressive conditions, torture and terrorism by custodians by Declaratory, Injunctive, Nominal and Punitive Damages.

Tort claims and 42 USC A§ 1983 civil rights violations, and conspiracy and corruption, 42 USCA § 1985?, for discrimination against classes, deliberate indifference, ill-will to legal access to courts.

Supervisors fail to control, train, and/or supervise by laws, and are moving forces for continued abuse and exploitation, etc. for wards of state.

-4-

RELIEF NEEDED INCLUDES:

1. Since Petitioner/Plaintiff was threatened with two weeks from March 1, 2007 being March 15, 2007,
2. that Respondent Hazzard,
3. and all other custodians be ordered for those actually or indirectly causing any obstructions to justice, except those legally approved for actual security issue, and retaliation of any, kind, form, or similar borderline act,
4. and to remind those that are not obstructing,
5. they must immediately cease + desist that conduct,
6. and remove obstructions to legal access to the courts,
7. Hazzard, et al involved as moving force, provide Petitioner with proper compensation for malicious, ill-will conduct,
8. and for additional serious mental, emotional, physical damages caused by their conduct, systemic conditions of constant threat to get rid of legal materials needed for 7 years now for Petitioner,
9. and for imminent irreparable damages, threat,
10. Any other proper legal relief Petitioner is not yet aware of.
11. relief for unorganized and non-harmonious, non-courteous, non-legal, non-ethical, unprofessional, etc. conduct by Hazzard, et al. legally liable,
12. relief from illegal punishment by Hazzard and prison conditions; prison is AS punishment, not FOR punishment, as Petitioners, some custodians like Hazzard treat him, directly or not;
13. relief for deliberate indifference to class members mental/emotional disability;
14. relief from breach of duty, lost public trust, official oppression, abuse of authority,
15. relief for illegally adopted prison rule for legal materials and legal

—5—

access to courts,

16. Custodians conduct under color of law,

17. Restraining order against Karl Hazzard, and any similarly acted custodian in the Dept. of Corrections and Attorney General's duty to uphold All laws for All people, including Wards of State, as Petitioner.

18. Conspiracy and corruption as organized crime in State government.

I declare under the penalty of perjury, that these facts and laws are true to the best of my current knowledge.

Dated: March 5, 2007

Respectfully Yours,
In Service to God and Country,

DETLEF HARTMANN, 229843
Delaware Correctional Center
1181 PADDOCK RD, T2
Smyrna, DE 19977

-6-