**HLD-70   (March 2007)**                                                                **March 9, 2007**

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**
C.A. No. **06-4594**

DETLEF F. HARTMANN

      vs.

COMMISSIONER ANDREA MAYBEE-FREUD, ET AL.
(D. DEL. CIV. NO. 06-cv-00340)

Present:   CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES

    Submitted are:

(1)   By the Clerk for possible dismissal due to a jurisdictional defect; and

(2)   Appellant's document titled "Argument In Support Of Granting Appeal For Counsel," which may be construed as appellant's jurisdictional response
in the above-captioned case.

    Respectfully,

    Clerk

_____O R D E R_____

The foregoing appeal is dismissed for lack of appellate jurisdiction because it is taken from an order that is not appealable at this time.  See 28 U.S.C. § 1291.  To be appealable under section 1291, an order must end the litigation as to all claims and all parties. Andrews v. United States, 373 U.S. 334 (1963).  The District Court's August 21, 2006 and October 13, 2006 orders did not end this litigation.  See Republic Natural Gas Co. v. Oklahoma, 334 U.S. 62, 68 (1948) (final order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment).  Appellant's claims remain pending before the District Court.  Appellant cites Ray v. Robinson, 640 F.2d 474 (3d Cir. 1981), and argues that we have appellate jurisdiction to review the District Court's denial of his

motion for appointment of counsel. However, in a later case, we revisited the issue and held that the denial of appointment of counsel may be reviewed only on appeal from the final judgment. Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984) (discussing Ray). Thus, we find Hartmann's reliance on Ray to be unavailing.

By the Court,

/s/ Joseph F. Weis, Jr.
Circuit Judge

Dated: March 27, 2007
SLC/cc: Mr. Detlef F. Hartmann
       Eileen K. Kelly, Esq.



A True Copy:

Marcia M. Waldron, Clerk

2