United States District Court
for Delaware

Detlef Hartmann, and as one of classes,
Petitioner,

v.

Brady, et.al.,
Respondents.

No. 06-340-***

Memorandum of Law in Support of the Petitioners' Motion for the Appointment of Counsel

## Statement of Case

This is a civil rights case filed under 42 USC §1983 by a state inmate and asserting claims for the denial and deliberate indifference to constitutional or federal rights to <u>Water Safety Act</u>, serious medical needs, dental, and mental health needs, family integrity rights, necessities of life, <u>American Disabilities Act</u>/<u>Rehabilitation Act</u>, information right, legal access to courts issues, mail censorship, grievances, and other prison conditions.

Petitioner seeks damages as to all claims and injunctions, Temporary Restraining Orders, to ensure proper prison conditions.

## Statement of Facts

The Complaint alleges that the Petitioner, and as one of class(es) at times, was denied water test results and reports, proper spinal injury treatment, timely sick calls, qualified medical staff and referral to specialists, failure to treat severe pain, illegal copays, timely vaccinations, dental services, patient rights, timely medication, non-medical staff obstruction to medical staff, optometry services

1 of 6

legal family integrity conditions, rights, denied necessities of life encompassing every claim in Complaint, denial of earned Honor visit, mental health services, living space, entitlements from federal statutes, legal access to information, communication, press, speech rights, denials of Governors Memorandum of Understanding among state agencies to support each others purposes, denied indigent rights, free legal copies and refund, denial of indigent legal postage and supplies, state mail system, censorship of personal mail, ineffective grievance system, lack of nutrition and health food, illegal protective custody condition, illegal classification system & housing, denial of possessing legal materials, unprofessional, illegal mass punishment conditions, regimentation degradation, bathroom/showers indecency, indigency obstructions to legal conditions, future harm, all systemic mismanagement, systematic degeneration of body and mind, compounding to terrorism and torture to Him, at least.

## Argument

The Court should appoint counsel for the Petitioner/Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the court should consider the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present the claims and the complexity of the legal issues. See *Abdullah v. Gunter*, 949 F2d 1032, 1035 (8th Cir. 1991) (cite omitted), cert. denied 112 S.Ct. 1995 (1992).

In addition, courts have suggested that the most important factor is whether the case appears to have merit. *Cooper v. A. Sargenti Co., Inc.*, 877 F2d 170, 173 (2d Cir. 1989). Each of these factors weighs in favor of appointing counsel in this case.

1. Factual complexity. The Petitioner alleges that many state employees are involved, especially His custodians who gravely, continuously breach their duties while Hes is abused and exploited, and as one of classes, while they continue to ignore the problems so far to be able to brought forward to this court, but not an exhaustive list due to debilitating prison conditions. Supervisors illegally condone, cause, or assist, and are a moving force to these conditions, had been put on notice but continue to breach their duty with deliberate indifference towards proper conditions. Repetitive denials of grievances to legal or ethical rights, privileges, or immunities shows systemic wrong states of mind, failures to train and/or control and supervise of subordinates. Violations in FIRST, FOURTH, FIFTH, EIGHTH, NINETH, TENTH, THIRTEENTH, AND FOURTEENTH Amendment from years of lack of accountability, oversight by independent parties, deliberate indifference by state leadership in this tiny state lacking resources and expertise.

The medical claims will probably necessitate to present medical expert witness or to cross-examine medical witnesses. The other lack of generally accepted professional standards claims may require experts) also if denied. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. <u>Moore v. Mabus</u>, 976 F2d 268, 272 (5th Cir. 1992; <u>Jackson v. County of McLean</u>, 953 F2d 1070, 1073 (7th Cir. 1992); <u>Tucker v. Randall</u>, 948 F2d 388, 392 (7th Cir 1991).

Due to the many obstructions and denials to information, data, research, and alike, Petitioner is handicapped also these illegal prison conditions which continue to keep Him, etal, in a degenerative conditions, for which counsel should be appointed.

Being confined here at Delaware Correctional Center, even in minimum security level, is segregation and discriminatory conduct by Defendants

to obstruct justice and legal access to courts when they could have corrected the conditions many times over if they were acting by doing their duty, to remove the handicaps to the very limited access to legal materials, as per claims start to show. Lack of ready (and legal) access to a law library is a factor supporting appointment of counsel. Rayes v. Johnson, 969 F2d 700, 703-4 (8th Cir. 1992).

2. The Plaintiff's ability to investigate. Plaintiff does not have the ability, education, experience to investigate more facts. And his limited movement capability, locked up 78% of a day minus meals, which still does not give him access to the particular people involved.

In addition, this case will require considerable, years of records, discovery for years of deliberate negligence, systemic abuse and exploitation of Petitioner, et. al., identity of witnesses, Respondents/Defendants, depositions, interrogatories proper composed, abuses of authority, lack of checks and balances within this State, lack of written policies and procedures, histories, et. al. Need for discovery supported appointment of counsel. Tucker v. Dickey, 613 F. Supp. 1124, 1133-4 (W.D. Wis. 1985). And equally ability to investigate as opposition can, for one, for due process and equal protection of the laws.

3. Conflicting testimony. Defendants accounts will probably different as per record, unless they do NOT deny actual occurrences. This aspect of the case will be a credibility contest between the Defendants and the Plaintiff (and witnesses to be located). The existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).

4. The ability of the indigent, unlettered in law field, to present His claims, due process, and to prevent miscarriage of justice. The Plaintiff is an indigent inmate with no legal training, a factor that supports the appointment of counsel. <u>Whisenant</u> v. <u>Yuam</u>, 739 F2d 160, 163 (4th Cir. 1984).

5. Legal complexity. The large number of Defendants, most who are supervisory officials or subcontractors, presents complex legal issues of determining which Defendants were/are sufficiently personally and officially involved in the federal and state violations to be held liable.

In addition, Plaintiff asks for jury trial, which requires much greater legal skill the Plaintiff has or can develop, especially when He is one of a class. <u>Abdullah</u> v. <u>Gunter</u>, 949 F2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied. 112 S.Ct. 1995 (1992).

And the number of claims limited illegally by Defendants created handicaps, obstructions, denials, disabilities to Plaintiff, and as one of classes, and His inabilities where not every citizen should be expected to be a licensed lawyer also, continue to obstruct justice and legal access to courts.

And the sheer number of claims and type of systemic state government ill-will and deliberate indifference to classes legal rights, privileges, and immunities, require rare skills for efficiency, effectiveness, and conflict free representation, apparently not yet available in this State by custodians, if they would have done their job, this <u>Complaint</u> would not be necessary.

If any other fact or law is needed to approve this motion, expansion of record is possible.

6. Merit of this case. These many constitutional violations alone, require counsel in the interest of justice for all classes. The years of exhausted grievances in all claims clearly state the Amendments violated. The mental, physical, and legal injuries clearly show, and to be shown when possible, denial of proper medical, dental, mental health, and optometry, clearly show, or will show with counsel, the Amendments violated, and federal objectives not followed as required by States, and the contrary conduct of Defendants to the State Statutes, amount to intentionally interfering to treatment, diagnosis, patients rights, serious medical needs which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to inmates' medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976); et.al.

The continues pattern and practice of denial, or omission by ostrich effect, continues to deny legal prison conditions and custodians duty for Wards of State to proper 'care, maintain, restore' them to be productive members of society, which is not being done under these conditions with abuse of government funds.

The denial of legal access to courts and the FIRST Amendments' rights deprive of all other rights, privileges, and immunities to be upheld under these evil conditions. Time has come for God to move in.

On its face, this is the best this Plaintiff can present this case so far, without counsel. Any shortcomings are signs meriting appointment of counsel. Plaintiff prays for all class members also that motion for counsel is GRANTED for all citizens and families.

In Service For God And Country, /s/ Detlef Hartmann

DETLEF HARTMANN, D.C.C., 1181 PADDOCK RD, SMYRNA, DE 19977
DATED: April 2, 2007.

U.S.M.
X-RAY

IM: Detlef Hartmann
SB# 229843   UNIT: T2
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

United States District Court
for Delaware
Boggs Bldg
844 KING STR.
LOCKER BOX 18
WILMINGTON, DE 19801

Legal Mail