IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 06-340-*** ) |
| WARDEN THOMAS CARROLL, EDWARD JOHNSON, CORRECTIONAL MEDICAL SERVICES and FIRST CORRECTIONAL MEDICAL SERVICES, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 9 day of May, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's application to proceed without prepayment of fees and affidavit on appeal (D.I. 18) is **denied** as moot. The U.S. Court of Appeals for the Third Circuit granted plaintiff in forma pauperis status on January 26, 2007. See D.I. 25.

2. Plaintiff's motion to stay case proceedings (D.I. 26) is **denied** as moot. Plaintiff moved the court to stay the case pending resolution of the appeal he filed in the U.S. Appellate Court for the Third Circuit. On March 27, 2007, the appeal was dismissed for lack of appellate jurisdiction. (D.I. 33.)

3. Plaintiff's motion for relief from judgement for filing fee and alike (D.I. 19) is **denied**. Plaintiff asks the court to remove the filing fee under 28 U.S.C. § 1915 until he

is provided with all necessities of life, and for reimbursement of any filing fees taken from his prison trust account. Plaintiff was granted leave to proceed in forma pauperis. (D.I. 6.) Section 1915 provides that if a prisoner brings a civil action in forma pauperis, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff opted to file this lawsuit, and he is required by statute to pay the filing fee. 28 U.S.C. § 1914; 28 U.S.C. § 1915.

4. Plaintiff's motions for extension of time to file an amended complaint (D.I. 20, 34) are **granted**. Plaintiff is given **thirty (30)** days from the date of this order to file an amended complaint. **No further extensions will be allowed**. If an amended complaint is not filed within the thirty day time period, the case will proceed as outlined in the court's August 21, 2006 memorandum order. (D.I. 12.) Plaintiff is further advised that the amended complaint shall strictly comply with paragraph VII. 5 of the memorandum of the August 21, 2006 memorandum order. So there is no confusion, plaintiff is allowed to amend the complaint to correct the pleadings deficiencies found in Claims 2, 3, 6, 8, 17, and 19. (D.I. 2.) Plaintiff is placed on notice that the court shall strike and will not consider an amended complaint that contains abbreviations and an explanatory list as was used in the original complaint. See D.I. 2 at 8.

5. Plaintiff's motion for an order to show cause and for temporary restraining order (D.I. 27) is **denied** without prejudice. Plaintiff seeks to enjoin Karl Hazard from obstructing plaintiff's access to the law library and to provide plaintiff with his legal materials for all active and contemplated cases. Karl Hazard, however, is not a party to this case, and the court has no jurisdiction to issue an order against him.

      6. Plaintiff's motions for appointment of counsel (D.I. 30, 35) are **denied** without prejudice. The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499. This case is in its early stages. Indeed, service has not yet taken place. Further, plaintiff has shown that he is able to articulate the alleged facts. To date, he has filed numerous motions which evidence his ability to understand and implement the Federal Rules of Civil Procedure. Plaintiff may again seek appointed counsel once the defendants have been served.

3

7. Plaintiff's motion to change caption (D.I. 31) is **denied**. Plaintiff seeks to add parties to this case in lieu of filing an amended complaint. Additionally, he moves to add several individuals who are already named defendants. Plaintiff shall amend the complaint in accordance with the Court's August 21, 2006 memorandum order (D.I. 12.). See supra, ¶ 4.

Honorable Mary Pat Thynge
U.S. Magistrate Judge