IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-340-*** |
| WARDEN THOMAS CARROLL, EDWARD JOHNSON, CORRECTIONAL MEDICAL SERVICES, and FIRST CORRECTIONAL MEDICAL SERVICES, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 17day of September, 2007, having considered plaintiff's amended complaint;

IT IS ORDERED that the amended complaint (D.I. 38) is **stricken** and plaintiff is given leave to file a second amended complaint, within **twenty-one (21) days** from the date of this order, for the reasons that follow:

**1.** Plaintiff Detlef F. Hartmann ("Hartmann"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed his original complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court conducted an initial screening of the eighty-eight page complaint and dismissed claims 2, 3, 6, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 12, with the exception of allegations against defendant paralegal Edward Johnson ("Johnson"). (D.I. 12.) After review, only claims 4, 11, and

a portion of claim 12 remained, and all defendants, save Warden Thomas Carroll ("Warden Carroll"), Correctional Medical Services ("CMS"), First Correctional Medical ("FCM"), and Johnson, were dismissed from the case. Plaintiff was given leave to amend claims 2, 3, 6, 8, 17, and 19.

**2.** Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (quotes and cite omitted)

**3.** Plaintiff, who does not believe in brevity, filed a 277 page document that, needless to say, fails to comply with Rule 8(a)(2). (D.I. 38.) The document lists sixty-five defendants, contains a motion to correct case caption, replies to the court's August 21, 2006 and May 9, 2007 orders (D.I. 12, 37), and a gallimaufry of allegations in an attempt to amend claims 2, 3, 4, 6, 8, 12, 17, 19. Plaintiff also added new claims to the complaint even though the order allowing amended did not provide for the same. Further, plaintiff did not separate the claims, but instead set forth allegations for multiple claims in separate sections. For example, claims 2, 4, 8, and 19, beginning on page 77, are placed together in one section alleging violations of HIPPA. It is impossible for any defendant to adequately respond to the amended complaint as it now stands. Therefore, the court is striking the amended complaint and giving plaintiff leave to amend.

**4.** Plaintiff shall abide by the following guidelines in filing his second amended

complaint:

    **A.** Plaintiff shall use only one side of paper. He shall not use both sides of one sheet of paper.

    **B.** Each claim shall be alleged in a separate section. For example, that section setting forth claim 2 shall consist only of claim 2; not claims 2, 4, and 8.

    **C.** Plaintiff is limited to **five (5)** pages for each claim, including subparts.

    **D.** All claims shall be alleged in the second amended complaint. Therefore, when plaintiff files his second amended complaint he shall reallege the claims upon which he was originally allowed to proceed, those being; Claim 4 against Warden Carroll for failure to provide required medication; Claim 11 against CMS and FCM for violations of the Americans with Disability Act and the Rehabilitation Act; and Claim 12 against Johnson for denial of access to the courts.

    **E.** Plaintiff shall only amend claims 2, 3, 6, 8, 17, and 19. He is not given leave to amend any other claims and should he do so, those claims will be stricken.

    **F.** Claims 2 and 8 in the original complaint were filed as medical needs claims. They did not indicate when the alleged constitutional violations occurred and pled generic allegations. Nor did the claims name the individuals allegedly responsible for any alleged constitutional violation. Similarly, claims 3 and 6 in the original complaint, which alleged denial of proper dental services and denial of optometry services, did not indicate when the alleged constitutional violations occurred or who allegedly violated plaintiff's constitutional rights. Claim 17 in the original complaint alleged that the "Defendants of mailroom" denied plaintiff internet information of a "legal

nature" and catalogs. Again, the claim failed to name an individual responsible for the alleged wrongdoing and when the alleged wrongdoing occurred. Claim 19 in the original complaint is entitled as "claims of illegal prison condition," but it also contained a litany of allegations unrelated to a conditions of confinement claim. Plaintiff was given leave to amend Claim 19 only to the extent that he alleged a conditions of confinement claim. The claim failed to identify the persons allegedly responsible for the alleged violations, failed to indicate when the alleged violations occurred, and did not allege that prison officials knew or were aware of an excessive risk to inmate safety.

  **G.** Plaintiff shall not incorporate motions into the second amended complaint. Should plaintiff wish to file a motion, he shall do so in a separate document.

 **5.** Plaintiff is placed on notice that if he fails to comply with the foregoing requirements, the court **shall strike, and will not consider,** the second amended complaint. Plaintiff is given **twenty-one (21)** days from the date of this order to file an amended complaint. **No extensions of time will be granted**.

 **6.** If a second amended complaint is not filed within the time allowed or if the second amended complaint is stricken for non-compliance with this order, then a service order will issue and the case will proceed on the original complaint and only the following claims: Claim 4 against defendant Warden Carroll, Claim 11 against defendants CMS and FCM, and Claim 12 against defendant Johnson.

                      _____
                       Honorable Mary Pat Thynge
                       U.S. Magistrate Judge