In The United States District Court
For The District of Delaware

Mr. Detlef F. Hartmann,                    C.A. No 1:06-cv-00340-***
            Plaintiff, Appellant,                                    (MPT)

                    v.

Warden Thomas Carroll
~~Jane Brady~~, et. al.,                    Notice of Appeal
            Defendants, Appellees           Date: Oct 14, 2007


Notice is hereby given that this Plaintiff, in the above numbered

case, hereby appeals to the United States Court of Appeals for

the Third Circuit from _Order dated_ ~~upin~~ Sep 17, 2007 by Magistrate

Judge Thynge, and District Court.


                              Sincerely,

                              _Detlef F. Hartmann_

                              DETLEF F. HARTMANN

                              S&I No. 229843

                              Delaware Correctional Center

                              1181 Paddock Rd, T2

                              Smyrna, DE  19977

FILED
OCT 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PD scanned

In The United States District Court
For The District of Delaware

| | |
|---|---|
| Mr. Detlef F. Hartmann,<br>Plaintiff, Appellant,<br><br>V.<br><br>Warden Thomas Carroll, et.al.,<br>Defendants, Appellees, | Third Cir 10.<br>Delaware District No. 1:06-cv-00340-***<br>(MPJ)<br><br>Date: Oct 14, 2007 |

Motion to Appeal District Court Orders Ending Sep. 17, 2007.

### Nature of Proceeding In Originating Court

Civil Complaint and Amendments were filed in District Court. District Orders now under scrutiny due to denying claims, violations by Defendants, and Defendants prematurely, during Plaintiff's claims making stage of the proceeding.

Judge Jordan needs to be recused from this case.

### Counsels of Record

District Court has not yet appointed Plaintiff counsel, and Defendants' counsel has not yet been provided nor accepted by District Court because Complaint has not yet been served on Defendants ~~during the~~ for their pleading stage of proceeding. I am still in the attempt of making legally acceptable claims for this District Court.

2

Tables

(1) Table of Contents

Notice of Appeal    pg 1

Motion To Appeal - Caption, Nature of Proceeding, Counsels on Record   pg 2

Table of Contents    pg 3

Table of Citations    pg 4

Subject Matter and Appellate Jurisdiction   pg 5

Issues    pg 6

Case    pg 7

Facts Generally    pg 8 + 9

Related Cases and Proceedings   pg 10 + 11

Standards of Review    pg 12

Argument One    pg 13 + 14

Argument Two    pg 15 + 16

Argument Three    pg 17

Argument Four C    pg 18

Argument Four D    pg 19

Argument Four E    pg 20

Argument Four F    pg 21

Argument Five A    pg 22

Argument Five B    pg 23    and Summary of Arguments

Combined Certifications    pg 24

Appendix A - District Court Order Sep 17, 2007   pgs 25 - 28

<u>Tables (continued)</u>

(2) <u>Table of Citations:</u>

A. Federal Rules of Civil Procedure Rules 12(e), 12(f), 12(c), 15,-16, 26-37, 56, 8.

B. Federal Cases:

Alston v. Parker, 363 F3d, 229, 235-6 (3rd Cir 2004),

Conley v. Gibson, 355 U.S. 41, 45-46 (1957),

Coppalge v. U.S., 82 S. Ct. 917, 921 n.6 (1962),

Estelle v. Gamble, 429 U.S. 97, 106 (1976),

Gibbs v. Roman, 116 F3d 83, 86 (3rd Cir 1997),

Graves v.          , 117 F.3d at 726

Haines v. Kearney,

Holmes v. Goldin, 615 F.2d 83 (1980)

Johnson v. Computer Technology Services, Inc, 670 F. Supp. 237 (D.D.C. 1987)

Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987)

Nami, v.          , 82 F3d at 65

T.I.M.E.-D.C., Inc. v. I.A.M. Nat. Pension Fund, 616 F Supp. 400 (D.C. 1985)

Allen v. Pennsylvania Soc. For Prevention of Cruelty, 488 F. Supp 2d 450 (M.D. Pa 2007)

4

<u>Statements</u>

(1) Subject Matter and Appellate Jurisdiction:

A. Appeal of District Court's Orders dated up to Sep. 17, 2007;

B. The controlling questions of law for the following arguments are substantial ground for difference of ruling by law, and that an immediate appeal from those Orders will materially advance the ultimate litigation by law.

C. These issues are too important to be denied review and too independent of the cause itself to require that appellate consideration.

D. Legal, ethical, intent of laws, and practical rights from premature dismissal of claims and defendants, and Myself being incapable to bring all claims at this time, and follow due process, equal protection of all laws, to prevent further obstruction of justice, to attain fundamentally fair proceedings.

E. Claims maybe lost if NOT brought now allowing damages to continuously be callously, indifferently to my rights, and to the classes I am a member of.

F. Expansion of record or alike could have been easily allowed by District Court, instead of prematurely, prejudicially, dismissing My claims.

G. Further delays, or lack of proper assistance for equal protection of all laws, of bringing claims later could cause more damages to Me, by failures to prevent risks.

H. Collateral Order Doctrine may apply?

5

<u>Statements</u>

(2) <u>Issues</u>: From District Magistrate Judges Thynges' Order dated Sep 17, 2007, (Appendix A)

<u>Item 1.</u>: Claims and Defendants prematurely dismissed during claim making stage of proceedings;

<u>Item 2.</u>: Second Amendment was as 'short and plain statements' as I could make them in the time allowed; under these many illegal prison conditions;

<u>Item 3.</u>: Their were no known 'new' claims as per <u>Order</u>.

<u>Item 4.C.</u>: Limiting a claim to number of pages cannot be legal when I made my claim headings too ~~broad~~ broad; a writing error in making <u>Civil Complaint</u>; and

: some violation dismissed may work in harmony with another violation(s) by Defendant(s), to be legally considered in totality to be a sufficient type of federal violation(s), maybe for pattern and practice, systemic, or systematic, or alike;

<u>Item 4.D.</u>: Claims 4, 11, 12 could have also been corrected by additional facts in my Second Amendment or other.

<u>Item 4.E.</u>: All my claims could have been amended, to provide needed facts;

<u>Item 4.F.</u>: I don't know what violations District Court considers "unrelated to a condition of confinement;

<u>Item 5.</u>: 'Striking' one of my Amendments, and notice of possibly doing it again because of my inabilities or incapabilities, shows that counsel should be appointed; and

: 'No extension' allowed does NOT allow me to capably respond to legal needs with all my external obstructions or denials to equal, effective, meaningful, capable, and adequate access to the courts in a timely manner.

6

Statements (continued)

(3) Case: District court fails to follow intentions of precedential law for

    A. indigent

    B. pro-se citizen

    C. disabled citizen

    D. incarcerated

    E. ward of state

    F. pleading standard

for bringing Civil Rights Complaint and Amendments during claim stage, and pre-defense pleading stage; and fails to provide proper relief obviously needed; and fails to cause injunctions for many kinds of damages, to stop being done to Me by my custodial Defendants;

7

<u>Statements (continued)</u>

(4) Facts Generally For This Case : (Relief Needed)

A. I am unrepresented by counsel,

B. I do NOT have legal, precedential access to the courts including at least for this Motion and proceeding: a. Timely access to info, resources, and tools :

①  as an attorney has ;

②  as a nonindigent has ;

③  as a nondisabled has ;

④  as a custodian/guardian should care for a ward of state ; lack necessities of life ;

⑤  as a non imprisoned has ;

b. Equal access to courts as above a classes have ;

c. Effective access to courts as above a. classes have ;

d. Meaningful access to courts as above a. classes have ;

e. Capable access to the courts as above a. classes have ;

f. Adequate access to the courts as above a. classes have ;

under these custodial Defendants per Complaint and Amendments, since Dec 1, 1999, here at the Delaware Correctional Center systemic callous indifference to these rights ;

g. as a standard lawyer's office has, these ever more modern, civilized, and decent days in this society of the United States of America ;

h. and as opposing parties have, courts and their staff have causing me, a prose citizen, having to fight all these parties in this case also, without an educated and experienced staff in law in this Court ;

i. denying me fundamentally, equally fair proceedings for meaningful access to the courts ;

C. I am still totally denied My legal rights of entitlements as a disabled from the American Disabilities Act and Rehabilitation Act by my custodial Defendants,

8

Statements (continued)(4)

since Dec 1, 1999, as per Complaint and Amendments for starters;

   D.  I need a timely preliminary injunction and temporary restraining order against named + to be named Defendants to stop many damages going on still against me, some already irreparable;

   E.  I too do NOT have to wait to be damaged as in some illegal prison conditions or in any other way requiring a court to immediately intervene for me; and as a member of the following protected classes - The family, A Ward of State, A disabled, An indigent;

   F.  All my claims and violations and Defendants must be allowed to go forward to facilitate fact finding by the courts by Amendments or alike as needed by a court;

   G.  All my new claims must be allowed because of my statuses.

9

Statements (continued)

(5) Related Cases and Proceedings:

A. Pro se citizens, particularly ones who are bringing a civil rights action, be afforded an opportunity to freely amend their Complaint. See Holmes v. Goldin, 615 F.2d 83 (1980); Complaint should not be dismissed at the pleading stage unless it appears to a 'certainty' that plaintiff is entitled to 'no' relief under 'any' state of the facts; ID.;    ✗

B. Prejudice outside of plaintiffs control which prevent him/her from bringing Complaint properly from the beginning, and dismissal of a claim, violation, or defendant due to insufficient specificity as to time, place, and contents of elements, plaintiff would be allowed to amend their complaint to supply necessary detail(s). See Johnson v. Computer Technology Services, Inc., 670 F. Supp. 237 (A.D.C., 1987); Fed. Rules Civ. Proc. Rule 8, 9(b), 12(b)(6), 28 U.S.C.A.;    ▽

C. Pro se plaintiff would be allowed, in the interest of justice, to amend his/her complaint to make more definite statements of claims against individual defendants before court would rule on motion to dismiss those defendants. See Jarrell v. Tisch, 656 F. Supp. 237 (A.D.C. 1987); □

D. "Only if it is clear that NO relief could be granted under ANY set (two or more) of facts that could be proved consistent with the allegations," would a claim or violation be dismissed. That has not been shown by District Court. See i.e. Graves, 117 F.3d at 726, Lami, 82 F.3d at 65 (both citing Conley v. Gibson, 355 U.S. 4, 45-46 (1957);    🔲🔲🔲

E. Pro se complaints are held to "less stringent standards ... and can only be dismissed for failure to state a claim." See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley ID.)    ☒

F. Third Circuit has held that a district court may NOT dismiss a complaint with prejudice, and must permit amendment, where a plaintiff can remedy the

10

complaint by an amendment. See _Alston v. Parker_, 363 F 3d 229, 235-6 (3rd Cir 2004).      ✗

G. Simplified 'notice of pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules of Fed. Civ. Proc. to disclose more precisely the basis of both claim and defense, and to define more narrowly the disputed facts and issues. See Rules 12 (e), 12 (f), 12 (c), 15, 16, 26-37, 56.

H. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by 'counsel' may be decisive to the outcome and, to accept the principle that the purpose of the pleading is to 'facilitate' a proper decision on the merits." See _Conley v. Gibson_, 355 U.S. 41, at 46.      ৫১

I. Under the liberal pleading rules, during the initial stage of litigation, a district court should construe 'all' allegations in a complaint in favor of the complainant. See _Gibbs v. Roman_, 116 F3d 83, at 86 (3rd Cir 1997);      ৫

J. Amendment of Complaint was warranted where new claims or issues were raised. See _T. I. M. E. - D.C., Inc. V. I, A.M. Nat. Pension Fund_, 616 F.Supp. 400 (D.C., D.C. 1985);      ♫

K. Motion for leave to file amended complaint to charge defendant with additional violations would be granted, in light of similarity of issues and parties. See Fed. Rules Civ. Proc. Rule 15, 28 U.S.C.A.;

L. District Court fails to consider precedence and intentions of taking a liberal view of papers filed by an indigent and incarcerated. See _Coppedge V. U.S._, 82 S. Ct. 917, 921 n.5, (1962); and _Haines v. Kearney_.      φ      ℵ

M. (I am unable to access info to provide here, to exhaust and expedite all cases + subjects.)

N. There is no heightened pleading standard in § 1983 actions; rather, the general and less stringent requirements of the Fed. Rules of Civil Procedure apply under Rule 8, 28 U.S.C.A. See _Allen V. Pennsylvania Soc. For Prevention of Cruelty_, 488 F. Supp. 2d 450 (M.D. Pa 2007).      ♂

11

Statements (continued)

(6) Standards of Review:

A. For Collateral Order Doctrine:

a. I seek review for relief by precedential intentions of laws, and ethics from Orders having serious, detrimental reactions to My conditions, and some violations by Defendants have inseparable consequences to My health, or legal rights and intentions;

b. This appeal issue must be completely separate from the issue of the Defendants guilt, ⬛ in Complaint and Amendments, and are separate legal violations thereof;

c. This appeal issue is effectively unreviewable on appeal from a final judgment, because of lost claims, my inabilities and disabilities may have become too bad to do any legal work sufficiently for a court, and deny timely, equal, effective, meaningful, capable, and adequate access to the courts;

B. (I am unable to access other info to provide here).

12

(Argument Number in Last District Court Order Item Number)

## Argument One

(1) Summary of Argument Item 1. :   Dismissal of claims, violations, and Defendants is premature, not in intent of laws during my claims stage of proceeding, before Defendants response and their pleading stage of proceedings, obstructing justice, allowing damages on Me to continue and delaying relief.

(2) Argument;

A. Amendment or other document could have been provided for rest of facts needed to proceed by District Court;

B. where claims are colorable, amendment could add needed info to facilitate fact finding court; premature denial is error;

C. Any lack of legal specificity or clarification at this stage of 'nature' of claims, which is all that is needed now, is only my obvious incapabilities and external malicious prison conditions causing prejudicial obstructions and denials to my legal rights, and to keep my motions shorter even though their are so many violations by these Defendants history of deliberate indifference to my legal rights;

D. Dismissals have prejudiced and discriminated against me, and as a member of classes, causing damages to continue on me;

E. In the interest of justice, pro se plaintiff, would be allowed to freely amend violations and defendants;

F. Amendment of complaint should have been allowed before dismissing of claims or defendants; to expect a pro se citizen, or someone with all the disabilities, or external conditions to them to not provide proper relief seems highly unethical and contrary to proper law, abuse of authority, official oppression, and discriminatory against anyone of the classes I am a member;

G. No claim was apparently dismissed under failure to state a claim;

13

<u>Argument One (continued)</u>

H. This motion could have been unnecessary.


(3) Conclusion And Relief Needed:

   A. Allow additional Amendments as needed;

   B. Correct all other Delaware District Court Orders or alike for other Plaintiffs that these intentions of these laws be equally upheld for all, from past to future ones;

   C. If every citizen is expected to be a lawyer to jump all these hoops, something seems gravely gone astray; justice should not be just for the rich or able;

   D. Be given assistance to bring all violations now correctly in Amendment;

   E. Remove obstructions to legal access to courts at Delaware Correctional Center, and probably Dept. of Corrections wide, to information like from the internet, resources, and tools as a standard lawyers office has, for wards of State as I by this Court Ordering such;

   F. Cause total Disability Acts rights be immediately upheld, by hiring more staff or whatever else needs doing for this, by this Court Order, so that I too may receive legal entitlements to attain legal access to the courts, and prison conditions be corrected in a timely, professional manner.

14

## Argument Two

(1) Summary of Argument item 2:

A. Custodial Defendants continue to callously indifferently provide me legal access to information, resources, and tools, to legally bring better motions, to be 'short and plain statements.'

B. Custodial Defendants continue to be callously indifferent, to provide me First Amendment of the U.S. Constitutional rights, causing continues cruel and unusual punishment on Me, atleast, in this alleged by law precedence that we are an ever more modern, civilized, and decent society, and is thus actually Not in this case, 'more' so. Thus, preventing My communication with courts.

(2) Argument: They, per Civil complaint, fail to provide unobstructed access for me also in states as ward of State, and as indigent, and as incarcerated, and as disabled with full-time access to read, transcribe all by hand draftings and rewritings to attain final copy for filing to courts, all my legal work having actually injured all my legal work to timely get it to a court, in an equal manner as dependent of this State when I have no other source for this standard info, resources and tools as a lawyers office has, and a citizen can get on the outside, like a timely access to a word processor and memory and software, and its many time saving tools too when denied, actually interfering with My equal, effective, meaningful, capable, and adequate access to the courts.

And my actual legal injuries are caused by these defendants continues to cause me deny me sufficient pen and paper to get all my legal work done in time, maliciously indifferent to My plight. Hopefully I have enough to finish this Motion? with the plight of daily frustration of where I am gone get some paper, pen, and envelopes of special size. Grievances have brought No relief for any of this in the past years, for systemic corruption among these Defendants.

15

Argument Two (continued)

③ Conclusion and Relief Needed:

A. Full-time access to information (50 hours a week), because all legal work has deadlines, and my disabilities have special needs; token 4 hours ridiculous;

B. Full-time access to a word processor with access to save my information on ● disks to keep among my private property;

C. Proper prison written policy and procedure for all this in a timely manner, because damages to me are also occurring daily;

D. Sufficient access to pen, paper, and envelopes as needed, by not by on arbitrary and capricious limit because each ward of state has different needs for amount needed to do their legal work, correspond with family, educational purposes, and as general necessities of life in states as Ward of State;

E. No charging for any of this for an indigent ward of state, nor making him/me use my last few dollars for the other necessities of life this state is still NOT providing yet, by Defendants in custody who I am in;

F. Full-time access to information from the internet; filtered access or printed info from intermediator in 24 hours; and unobstructed to info I need for my cases - not to be second guessed;

G. Having these denials or obstructions removed for legal access to the courts is needed as a house infront a cart.

16

Argument Three

(1) Summary of Argument Item 3.: No known "new "claims" were made; even if they were, they would be precendially allowed.

(2) Argument: District Court says "new claims" were made in my Second Amendment. I don't know of any.

(3) Conclusion and Relief Needed:

   A: Allow my Amendments as needed;
   B: Approve Third Amendment;
   C. Provide me list of new claims made as District Court sees them, and denied or approved by Third Circuit.

Argument Four C

(1) Summary of Argument Item 4.C.: Limiting a claim to pages in this case can not be legal because, I, by inexperience picked too large a title for each claim. Such technicality should NOT be allowed to obstruct justice, and violate (violate) precedence for pro se citizens leniency for motions, only caused by indigency and personal inability or incapacity, as in My case.

(2) Argument: A. Limiting a claim to 5 pages denies Me to bring all the violations existing under each claim;

B. I have to provide specific technical facts, six elements for each violation type, per District Court Order, but that would so that each violation type is not dismissed and thus, cannot be heard, causing damage on Me to continue;

C. If I would have known, I would have brought each violation type under a claim number, then a paragraph would have been enough for each violation. But, I had brought too broad of a Claim Name with its many types of violations which exceeded 5 pages in some claims. Thus, actually each violation is a claim in my Motions;

D. Five page limit obstructs justice because I could not yet bring other illegal conditions or violations;

E. Some violation works in harmony, pari materia, with another violation (s) to be legally considered in totality to be a federal violation(s), which thus, this has been obstructed.

F. Shear quantity of violations by these Defendants in Complaint and Amendments surely allow violations to see light of day from a systemic, callously indifferent environment created by evil forces;

(3) Conclusion and Relief Needed: No page limit per claim in this case.                    18

## Argument Four D

(1) Summary for Argument 4.**D**. :  Claims 4, 11, 12 could have been corrected by additional facts in Second Amendment.

(2) Argument for 4.D. : A. U.S. Supreme Court precedence only requires a set (two or more) of facts to bring a claim, which this District Court denied ;

        B. All Arguments overlap, are intertwined, part of a whole, to attain freely amendment of claims as per precedence for pro se complaints.

(3) Conclusion and Relief Needed :

    A.  Allow additional Amendment(s) as needed ;

    B.  Appoint me Counsel ;

    C.  Allow all past and future pro se Plaintiffs to freely Amend, especially when bringing a Civil Rights Complaint.

19

Argument Four E

(1) Summary for Argument 4.E.:  All claims should have been allowed so far because they all could have been Amended for any additional facts needed.

(2) Argument for 4.E.:  This denial effectively obstructed justice, and delays my relief, prejudiced this case, and causes my damages to be continued to be performed on Me, by actions out of my control by external factors.

(3) Conclusion and Relief Needed:

   A.  Allow additional Amendments as Needed;

   B.  Appoint Me Counsel ;  pro se

   C.  Allow all past and future, Plaintiffs to freely Amend, especially their civil Complaints of Rights.

20

Argument Four F

(1) Summary for Argument 4.F. :   I don't see what the violations
are that the District Court calls " unrelated to condition of confinement."

(2) Argument for 4.F. :  Need specific violation number to properly communicate
with the Courts.

(3) Conclusion for and Relief Needed :

    A.  Provide list of violations claimed that is not a ~~~~ condition
of confinement, from ~~~~ Amendments and Complaint as seen by District Court,
and denied or approved by Circuit Court.

21

Argument Five A

(1) <u>Summary for Argument Five A</u> : Striking my Second Amendment ~~and all the violations by District Court say~~ shows counsel is needed for legal access to the courts, and precedence for timely, equal, effective, meaningful, capable, and adequate access to the courts, and because of irreparable + reparable damages compounding my expedited deathful conditions, by my custodial Defendants.

(2) <u>Argument</u> : A. My incapabilities and external, damaging conduct to me, and probably for the classes I am a member of, require immediate appointment of counsel;

       B. From this Motion, one can see why counsel was NOT yet appointed.

(3) <u>Conclusion and Relief Needed</u>:

    A.  Appoint Me Counsel; need is obvious;

    B.  Appoint Counsel for all other Cases in proceedings where similar situation exists;

    C.  Provide the District Court Internal Rule to prevent all these Arguments to reoccur in other future Civil Complaints and alike;

    D.  Correct all past Complaints and Amendments which had same or similar Orders to Mine.

22

## Argument Five B

(1) Summary for Argument Five B.:   "No extension" does NOT allow me to capably respond with a better Amendment or other Motion.

(2) Argument:  Due to my disabilities, custodians callous indifference to legal access to the courts, and external factors prejudicing this case, I bring the best I can in the time allowed, under these malicious conditions caused by my custodial Defendants as per Complaint and Amendments start to show.

(3) Conclusion and Relief Needed:

   A. Appoint me Counsel;

   B.  Allow extensions; even if these approved, they still obstruct justice because of my disabilities, external factors to me deny me legal access to the courts.

## Summary of Arguments

(1) All arguments add up to actual legal injuries, effectively denying me legal access to the courts, in the interests of justice, due process, and equal protection of the laws, atleast, and no better legal can be done by me for legal access to the courts until all obstructions are removed, which are NOT actually penologically required.

(2) Failures to have proper prison condition rules to NOT have obstructions to information, resources, and tools, denies atleast due process and equal protection of the laws.

(3) If more info is needed for this Motion or other, please communicate.

23

## Combined Certifications

(1) Pro se citizen reference Bar Membership.

(2) Page Count 24, without Appendix.

(3) Service Upon Counsel for Defendants. None yet accepted by District Court.

(4) Identical Compliance of Briefs: All copies are made identical.

(5) Virus Check: No Computer ~~with~~ with internet file transfer yet available here at the Delaware Correctional Center.

I pray for relief, Sincerely yours,

Date: Oct 16, 2007

DETLEF F. HARTMANN

SBI NO. 229843

Delaware Correctional Center

1181 Paddock Rd, T2

Smyrna, DE 19977

24

Case 1:06-cv-00340-SLR    Document 42    Filed 10/18/2007    Page 25 of 29
Case 1:06-cv-00340-***    Document 40    Filed 09/17/2007    Page 1 of 4

Appendix A

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DETLEF F. HARTMANN,                )
                                   )
         Plaintiff,                )
                                   )
    v.                             )    Civ. No. 06-340-***
                                   )
WARDEN THOMAS CARROLL,             )
EDWARD JOHNSON,                    )
CORRECTIONAL MEDICAL               )
SERVICES, and FIRST                )
CORRECTIONAL MEDICAL               )
SERVICES,                          )
                                   )
         Defendants.               )

### ORDER

At Wilmington this /7day of September, 2007, having considered plaintiff's amended complaint;

IT IS ORDERED that the amended complaint (D.I. 38) is **stricken** and plaintiff is given leave to file a second amended complaint, within **twenty-one (21) days** from the date of this order, for the reasons that follow:

**1.** Plaintiff Detlef F. Hartmann ("Hartmann"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed his original complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court conducted an initial screening of the eighty-eight page complaint and dismissed claims 2, 3, 6, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 12, with the exception of allegations against defendant paralegal Edward Johnson ("Johnson"). (D.I. 12.) After review, only claims 4, 11, and

25

a portion of claim 12 remained, and all defendants, save Warden Thomas Carroll ("Warden Carroll"), Correctional Medical Services ("CMS"), First Correctional Medical ("FCM"), and Johnson, were dismissed from the case. Plaintiff was given leave to amend claims 2, 3, 6, 8, 17, and 19.

**2.** Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (quotes and cite omitted)

**3.** Plaintiff, who does not believe in brevity, filed a 277 page document that, needless to say, fails to comply with Rule 8(a)(2). (D.I. 38.) The document lists sixty-five defendants, contains a motion to correct case caption, replies to the court's August 21, 2006 and May 9, 2007 orders (D.I. 12, 37), and a gallimaufry of allegations in an attempt to amend claims 2, 3, 4, 6, 8, 12, 17, 19. Plaintiff also added new claims to the complaint even though the order allowing amended did not provide for the same. Further, plaintiff did not separate the claims, but instead set forth allegations for multiple claims in separate sections. For example, claims 2, 4, 8, and 19, beginning on page 77, are placed together in one section alleging violations of HIPPA. It is impossible for any defendant to adequately respond to the amended complaint as it now stands. Therefore, the court is striking the amended complaint and giving plaintiff leave to amend.

**4.** Plaintiff shall abide by the following guidelines in filing his second amended

-2-

complaint:

**A.** Plaintiff shall use only one side of paper. He shall not use both sides of one sheet of paper.

**B.** Each claim shall be alleged in a separate section. For example, that section setting forth claim 2 shall consist only of claim 2; not claims 2, 4, and 8.

**C.** Plaintiff is limited to **five (5)** pages for each claim, including subparts.

**D.** All claims shall be alleged in the second amended complaint.

Therefore, when plaintiff files his second amended complaint he shall reallege the claims upon which he was originally allowed to proceed, those being; Claim 4 against Warden Carroll for failure to provide required medication; Claim 11 against CMS and FCM for violations of the Americans with Disability Act and the Rehabilitation Act; and Claim 12 against Johnson for denial of access to the courts.

**E.** Plaintiff shall only amend claims 2, 3, 6, 8, 17, and 19. He is not given leave to amend any other claims and should he do so, those claims will be stricken.

**F.** Claims 2 and 8 in the original complaint were filed as medical needs claims. They did not indicate when the alleged constitutional violations occurred and pled generic allegations. Nor did the claims name the individuals allegedly responsible for any alleged constitutional violation. Similarly, claims 3 and 6 in the original complaint, which alleged denial of proper dental services and denial of optometry services, did not indicate when the alleged constitutional violations occurred or who allegedly violated plaintiff's constitutional rights. Claim 17 in the original complaint alleged that the "Defendants of mailroom" denied plaintiff internet information of a "legal

-3-

27

nature" and catalogs. Again, the claim failed to name an individual responsible for the alleged wrongdoing and when the alleged wrongdoing occurred. Claim 19 in the original complaint is entitled as "claims of illegal prison condition," but it also contained a litany of allegations unrelated to a conditions of confinement claim. Plaintiff was given leave to amend Claim 19 only to the extent that he alleged a conditions of confinement claim. The claim failed to identify the persons allegedly responsible for the alleged violations, failed to indicate when the alleged violations occurred, and did not allege that prison officials knew or were aware of an excessive risk to inmate safety.

G. Plaintiff shall not incorporate motions into the second amended complaint. Should plaintiff wish to file a motion, he shall do so in a separate document.

5. Plaintiff is placed on notice that if he fails to comply with the foregoing requirements, the court **shall strike, and will not consider,** the second amended complaint. Plaintiff is given **twenty-one (21)** days from the date of this order to file an amended complaint. **No extensions of time will be granted.**

6. If a second amended complaint is not filed within the time allowed or if the second amended complaint is stricken for non-compliance with this order, then a service order will issue and the case will proceed on the original complaint and only the following claims: Claim 4 against defendant Warden Carroll, Claim 11 against defendants CMS and FCM, and Claim 12 against defendant Johnson.

Honorable Mary Pat Thynge
U.S. Magistrate Judge

-4-

28



NAME: Bella Hartmann
SBI#: 229893    UNIT: T-2
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

$ 04.60⁰
3004508875    OCT 17 2007
MAILED FROM ZIPCODE 19977

Legal Mail
Legally Protected Mail

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
WILMINGTON, DE
19801-3570