In The United States District Court
For The District of Delaware

Detlef F. Hartmann,
    Plaintiff,

       V.

Jane Brady, Stanley Taylor, Paul Howard, James Welch, Robert Snyder, Thomas Carroll, Elizabeth Burris, David Pierce, Francine Kobus, (Mike) Little, Edward Johnson, (John) Melbourne, (Jane) Thompson, Michael McCreanor, Lise M. Merson, R. Vargas, Evelyn Stevenson, (J. Doe(s) to LXIII), Joyce Talley, Carl Hazzard, (Jane) Henry, (John) Scranton, Nikita V. Robins, Janet Leban, Michael Knight, (John) Maloney, (Jane) Alie, Deborah Rodweller, Gail Eller, Oshenka Gordon, Brenda Heddinger, Nancy (Doe), R.W. (Doe IV), Thoma Chucks, Larry A. Linton, Kimberly Weigner, Anthony R. Cannuli,
       Defendants.

C.A. No: 1:06-cv-00340-***
       (MPT)

Civil Rights Complaint pursuant to 42 U.S.C. Section 1983, and others to be determined, also the American Disabilities Act, Rehabilitation Act, and 'Bivens' Actions, and R.I.C.O. violations.

Date: 3 Oct 2007;
Resubmitted Nov 27, 2007
Corrected.

Corrected Second Amendment To The Civil Complaint
And
Request for Caption Correction



FILED

NOV 29 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE



# Table of Contents

|  | pg(s) |
|---|---|
| Table of Contents | 1 |
| Jurisdiction, Venue, Plaintiff, Defendants Duties | 2 |
| Defendants Employer and Place of Employment for InState Employees | 15 |
| Defendants Employer and Place of Employment for Other Agencies | 16 |
| Defendants Employer and Place of Employment for Medical Services Providers | 18 |
| Defendants Address | 21 |
| Elements For All Claims Generally | 23 |
| Violations Involving Each Claim Against Defendant(s) Generally | 25 |
| Claim 2 - Medical + Health | 27 |
| " 3 - Dental | 31 |
| " 9 - Medications | 33 |
| " 6 - Optometry | 34 |
| " 8 - Mental Health | 35 |
| " 11 - Disability Rights | 38 |
| " 12 - Access To Courts | 39 |
| " 17 - Legal Mail Censorship | 43 |
| " 19 - Prison Conditions | 44 |
| Temporary Restraining Order + for Preliminary Injunction | 50 |
| Relief Requested and Needed | 52 |
| Prayer For Relief | 66 |
| Appendix Mission Statement for The Delaware Correctional Center | 67 |
| Mission Statement for The Dept of Corrections | 68 |

1

## I. Jurisdiction & Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of law, of rights secured by the Constitution of the United States, and federal 'objectives' States must follow under United States Supreme Court Order. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Mr. Hartmann seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Mr. Hartmann's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of civil Procedure. Relief for nominal, punitive, and compensatory damages are sought.

2. The District of Delaware is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred. This court has supplemental jurisdiction over plaintiffs State law claims under 28 USC § 1367.

## II. Plaintiff and Classes

3. Plaintiff DETLEF F. HARTMANN, and as one member of classes below, is and was at all times mentioned herein any inmate of the State of Delaware in the custody of the Delaware Department of Corrections. He is currently confined in the Delaware Correctional Center, by Smyrna, Delaware.

## III. Defendants And Duties Upon Best Information and Belief

4. Defendant, Jane (Brady), was the Attorney General of the State of Delaware, She was legally responsible for upholding all the laws of the land for each inhabitant, and the operation of that office, and this Department of Correction as all other state agencies, under its jurisdiction, including the Delaware Correctional Center.

5. Defendant, Thomas (Carroll), is the Warden of the Delaware Correctional Center. He is legally responsible for the operation of the Delaware Correctional Center and for the welfare of all inmates of that prison.

6. Defendant, Stanley (Taylor), is the Commissioner of the Delaware Department of Correction. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction including the Delaware Correctional Center.

2

7. Defendant, Robert (Snyder), was the Warden of the Delaware Correctional Center. He was legally responsible for the operation of the Delaware Correction Center, before Carroll took over, and for the welfare of all the inmates of that prison.

8. Defendant, Lise M. (Merson), Correctional Officer, Institutional Grievance Officer/Chairperson of the Delaware Department of Corrections who, at all times mentioned in this Complaint, and was assigned to the Delaware Correctional Center for administering all inmate grievances by law.

9. Defendant, Michael (McCreanor), Correctional officer, Institutional Grievance Officer/ Chairperson and Captain, Head of Security for the Delaware Correctional Center of the Delaware Department of Corrections who, at all times mentioned in this Complaint, and was assigned to the Delaware Correctional Center for administering all inmate grievances by law.

10. Defendant, Elizabeth (AKA. Betty)(Burris), is a Deputy Warden of the Delaware Correctional Center. She is legally responsible for the operation of the Delaware Correctional Center and for the welfare of all the inmates of that prison, including legally administering the Department of Correction Grievance Policy.

11. Defendant, David (Pierce), is same as 10. above.

12. Defendant, (E.) (Malaney), Health Services Contractor/Administrator for the Correctional Medical Services Company contracted by the Delaware Department of Corrections Commissioner Taylor for the Delaware Correctional Center Infirmary/ Hospital to be operated by law and ethics, medical and government. He is responsible for all inmates receiving legal, proper medical services.

13. Defendants, (J. DOE ᴀ I), during different times did same as 12. above.

14. Defendant, Paul (Howard) is the Bureau Chief for the Delaware Department of Corrections. He is legally responsible for the overall operation of the Department, including Grievances, and each institution under its jurisdiction, including the Delaware Correctional Center.

15. Defendants, (J. Does II), during different times did same as 12. above except for working for First Correctional Medical Services Company.

3

16. Defendant, Nancy (DOE) (~~Nursing~~), was a nurse for the medical contractor for the Delaware Department of Corrections who, at all times mentioned in this Complaint, was assigned and working at the Delaware Correctional Center Infirmary, responsible for all medical services for all inmates be provided ethically and legally.

17. Defendant, (J.) (Alice), was a doctor for the medical contractor for the Delaware Department of Corrections who, at all times mentioned in this Complaint, was assigned and working at the Delaware Correctional Center Infirmary, responsible for all medical services for all inmates be provided ethically and legally.

18. Defendant, Deborah (Rodweller), is a nurse and medical grievances committee member for the medical contractor for the Delaware Department of Corrections who, at all times mentioned in this Complaint, was assigned and working at the Delaware Correctional Center Infirmary, responsible for all medical services for all inmates be provided ethically and legally.

19. Defendant, Gail (Eller), same as 18, above.

20. Defendant, Osherka (Gordon), same as 18 above.

21. Defendant, Brenda (Heddinger), same as 18, above.

22. Defendant, (J. Doe III), "was a nurse delivering medications to D-East building in the Delaware Correctional Center on Dec. 27, 2005, 9PM. She is/was a working for the medical contractor for the Delaware Department of Corrections, who at all times mentioned in this Complaint, was assigned and working at the Delaware Correctional Center Infirmary, responsible for all medical services for all inmates be provided ethically and legally.    Much turn-over in staff causes many J. Doe.

23. Defendant(s), (R.W. Doe IV), is/was a medical scheduling person of inmate sick calls on duty Dec. 28 + 29, 2005. S/He is/was working for the medical contractor for the Delaware Department of Corrections, who at all times mentioned in this Complaint, was assigned and working at the Delaware Correctional Center Infirmary, responsible for scheduling all inmate sick calls legally and ethically.

24. Defendant, (J. Doe V), refering medical grievance on 1/19/2006, to medical grievance committee. S/he is/was responsible for referring all medically grievances in an ethical, legal, and timely manner to the committee. S/he is was assigned and working for the medical contractor for the Delaware Department of Corrections at all times mentioned in this Complaint, ~~and was~~ in the Delaware Correctional Center Infirmary.

25. Defendant, (J. Doe VI), is/was a _____ working for the medical contractor for the Department of Corrections who, at all times mentioned in this Complaint, working as a medical services administrator for all medical grievances for all inmates at the Delaware Correctional Center, responsible to uphold all laws and ~~was~~ ethics.

26. Defendant, (J. Doe VII), is/was a doctor working for the medical contractor for the Delaware Department of Corrections who, at all times mentioned in this Complaint, working in the Delaware Correctional Center Infirmary, responsible for all medical services for inmates legally and ethically applied. ⊘ (On 31 Aug 2000)

27. Defendant, Thome (~~Doe~~)(~~I. Doe~~) [CHUCKS], is a doctor or alike working for the medical contractor for the Delaware Department of Corrections who, at all times mentioned in this [Complaint], working in the Delaware Correctional Center Infirmary, responsible for all legal and ethical medical services for those inmates.

28. Defendant, (J. Doe VIII), is/was a medical staff inmate sick calls scheduling person on duty at end of October 2006, working for the medical contractor for the Delaware Department of Corrections who, at all times mentioned in this Complaint, working in the Delaware Correctional Center Infirmary, responsible for all legal and ethical scheduling.

29. Defendant, Larry A. (Hinton), was a grievances manager for correctional medical services contracted out by the Delaware Department of Corrections who, at all times mentioned in this Complaint, working in the Delaware Correctional Center Infirmary; was responsible for handling all grievances legally/ethically,

5

30. Defendant, (J. Doe IX), supervisor of Hinton, working for medical Correctional Medical Services, contracted out by Delaware Department of Corrections, who all times mentioned in this Complaint, was supervisor assigned over Hinton.

31. Defendant, Kimberly (Weizner), is/was a nurse for Correctional Medical Services contractor used by Delaware Department of Corrections, who all times mentioned in this Complaint, is/was responsible for all inmate medical services legally and ethically, at the Delaware Correctional Center.

32. Defendant, (J. Doe X), is/was the scheduling secretary for all inmate medical services at the Delaware Correctional Center, on and about 2/1/2002, for the medical services contractor used by the Delaware Department of Corrections.

33. Defendant, (J. Doe XI), is/was the supervisor of above secretary (32.) at the Delaware Correctional Center Infirmary, same time, for the medical services contractor used by the Delaware Department of Corrections.

34. Defendant, (J. Doe XII), pharmacist for inmates at the Delaware Correctional Center on and about 2/1/2002, responsible for all inmates medications, for the medical services contractor used by the Delaware Department of Corrections.

35. Defendant, (J. Doe XIII), supervisor of pharmacist above (34.), responsible for all inmate medical services, legally and ethically, for medical services contractor for Department of Corrections in Delaware, responsible for the Delaware Correctional Center medical services. (on and about 2/1/2002)

36. Defendant, (J. Doe XIV), medical services supervisor for inmates at the Delaware Correctional Center contracted by a medical services contractor for the Delaware Department of Corrections on and about 2/1/2002, responsible for same.

37. Defendants, (J. Does XV), medical grievance committee members responsible for resolving all inmate medical grievances by law and ethics. On duty 5/24/05 for medical grievance 13291. These Defendants are part of medical staff for medical services contractor hired by Department of Corrections for Delaware by Taylor, for serving

6

Delaware Correctional Center inmates.

38. Defendants, (J. Does XVI), medical grievance committee members after 11/08/05 were responsible for all legal and ethical medical services for all inmates at the Delaware Correctional Center. Worked for the medical services contractor hired by Delaware Department of Corrections.

39. Defendant, (J. Doe XVII), pharmacist responsible for all inmate medications at the Delaware Correctional Center. Worked for medical services contractor hired by Delaware Department of Corrections.

40. Defendants, (J. Does XVIII), medical grievance committee members on and about 1/24/06 responsible for resolving by law and ethics all inmate medical grievances at the Delaware Correctional Center Infirmary. They worked for the medical services contractor hired by the Delaware Department of Corrections.

41. Defendants, (J. Does XIX), medical grievance committee members on and about 11/22/05 responsible for resolving by law and ethics all inmate medical grievances at the Delaware Correctional Center Infirmary. They worked for the medical services contractor hired by the Delaware Department of Corrections.

42. Defendant, (J. Doe XX), Department of Corrections Health Services Administration Director on and about 3/31/06 responsible for all legal and ethical medical services for inmates at the Delaware Correctional Center.

43. Defendant, (J. Doe XXI), pharmacist on duty 4/11/06 to 5/11/06 responsible for all inmate medications for the Delaware Correctional Center. They worked for the medical services contractor hired by Delaware Department of Corrections.

44. Defendant, (Fred) (Thompson), counselor at the Delaware Correctional Center for D building who, at times mentioned in this Complaint, was responsible for all inmate needs for programs, inmates residing in that building.

45. Defendant, (Jim) (Melbourne), head counselor at the Delaware Correctional Center who, at times mentioned in this Complaint, was responsible for all counsels

7a

to do their duties by law and ethics.

46. Defendants, (J. Doe XXII), mental health staff and professionals for all Wards at the Delaware Correctional Center, responsible for all legal and ethical mental health services since Dec. 1, 1999 to present. Worked for medical services contractor hired by the Delaware Dept. of Corrections Commissioner Taylor.

47. Defendant Anthony R. Cannuli, et. al. to be named since Dec 1, 1999 (J. Does XXXVI), doctors, psychiatrists responsible for all mental health needs of all Wards at the Delaware Correctional Center. Employee of the medical services contractor at the time, hired by Delaware's Dept. of Corrections authorities Brady, Taylor, others to be named.

48. Defendants Francine Kobus, now Michael Little, legal services administrators at the Delaware Correctional Center responsible for all legal services by law and ethics for Wards of State.

49. Defendant (J. Doe XXIII), informal resolutions medical staff person responsible for legally and ethically resolving all Wards medical grievances properly on and about 10/19/2005 for medical grievance 16668 (Health Information Rights Claim 12). Employed by medical services contractor hired by Delaware Dept of Corrections working at the Delaware Correctional Center.

50. Defendant Nikita Y. Robins, case manager for Wards of State, adult offender services for the Delaware Center for Justice, responsible to insure grievance systems are properly followed for Wards, and to assist Wards to resolve their grievances by law with custodians/Defendants, to be a neutral, independent, objective party, upon info and belief.

51. Defendant R. Vargas, correctional officer of the Delaware Dept. of Corrections who, at all times mentioned in this Complaint and Amendment also, was responsible for the duties of Institutional Grievance Chairperson and was

8



assigned to the Delaware Correctional Center.

52. Defendants (J. Does XXIV), mailroom staff responsible for all Wards mail at the Delaware Correctional Center, employed by the Delaware Dept of Corrections, are correctional officers who, at all times mentioned in this Complaint and Amendment, worked here.

53. Defendants (J. Does XXVI), correctional officers responsible for insuring legally healthy and sufficient food is served from a certified/licensed dietician's order for the Dept of Corrections of Delaware.

54. Defendant (J. Doe XXVII), Dept of Corrections staff food service administrator responsible for ordering only legal, healthy, safe, non-degrading food to a body and mind of Wards.

55. Defendants (J. Does XXIX), Community Legal Aid Society, Inc. member is responsible for providing legal services for mentally disabled covered under the American Disabilities Act and Rehabilitation Act, as a member of professional standards followed under the National Association of Protection and Advocacy System, and professional, and official standards receiving government funding requirements for the Delaware disabled.

56. Defendant (J. Doe XXX), member of the Delaware Mental Health Association and representative of professional standards responsible for upholding the laws of the land for All mentally ill, and assisting in our needs from any government funding Association or person within receives therefor.

57. Defendant Evelyn Stevenson, Wards classification administrator at the Delaware Correctional Center, at all times mentioned in this Complaint and Amendment, was responsible for upholding the laws and rules for Wards housing to cause no legal harm, and to be providing a State required organized and harmonious environment on tiers and buildings used for housing inmates.

58. Defendant (J. Doe XXVII), bureau grievance officer, that is the Delaware Dept. of Corrections, for regular, non-medical grievances, responsible for upholding all laws of all involved for Dept, which includes the Delaware Correctional Center and Any grievances appeals by wards.

59. Defendant James Weld, Bureau of Prisons Medical Services Administrator for the Delaware Dept of Corrections, is responsible for ensuring that all proper medical services and procedures be provided to each Ward in Delaware including overseeing medical grievances.

60. Defendant Edward Johnson, former law library paralegal state employee, was responsible for supervising the main law library at the Delaware Correctional Center, and support satellite libraries, to ensure the State provides all proper services and resources are available legally to All Wards.

61. Defendant (J. Doe XXXI), Dept of Correction's Dietician is responsible for the State to ensure Wards Menu is Good, and Not degenerative or harmful in any way to life, liberty, or happiness interests, within professional standards.

62. Defendants (J. Does XXXII) Correctional Medical Services Contractor supervisors responsible for ensuring all medical services are properly provided for each Ward for the Dept of Corrections since Dec 1, 1999.

63. Defendant(s) (J. Does XXXIII), President, Owners of Correctional Medical Services since Dec 1, 1999 contracted for Delaware Correctional Center.

64. Defendants (J. Doe XXXIV), First Correctional Medical Services contractor supervisors of all services for inmates for the Dept of Corrections since Dec 1, 1999,

65. Defendant(s) (J. Does XXXV), President/owner(s) of First Correctional Medical since Dec 1, 1999, contracted for the Delaware Correctional Center.

66. Defendant Janet Labon, Director of the Delaware Center for Justice was responsible for legally upholding All Wards and family members rights to resolve

10



problems in the criminal justice system, including grievances, professional prison conditions, and legislative advocacy to insure the laws are upheld.

67. Joyce Talley, Bureau Chief for the Bureau of Management Services, was personally responsible for the oversight of Wards health care management services, medical vendor contract compliance, including responsibility for detailed reviews of inmate medical grievances, and ultimately responsible for contract performance of medical vendors, and surely other vendors also.

68. (Jane Doe XXXVII) Dentist for Wards for all of Delaware, Supervisor, Insures all proper dental services are provided for all Wards.

69. Carl Hazzard, Cpt, security staff for Delaware Correctional Center.

70. (J.) Henry, Cpt, security staff for Delaware Correctional Center.

71. (J. Doe XXXVIII) responsible for all public library services in Delaware for All citizens by State Law; Director.

72. State Administrative Procedure Act Administrator (J. Doe XXXIX) Insures all state agencies and employees follow those laws.

Given   73. Federal Administrator who enforces that States follow the Federal Administrative Procedure Act (J. Doe XL), and Federal related objectives States MUST follow.

74. State Administrator for the American Disabilities Act and Rehabilitation Act. (J. Doe XLI)

Given   75. Federal administrators who enforces American Disabilities Act and Rehabilitation Act within States, (J. Does XLII), and Federal related objectives States MUST follow.

76. Delaware Department of Corrections Council/Board is responsible to uphold the laws of the land for all Wards of State, are to be named (J. Does XLIII).

11

77. ( J. Doe(s) XLVI) - Psychologist (s) or Psychiatrist(s) who are responsible for all professional mental health services to all inmates, working for CMS and/or FCM, and coordination to provided all needs for those services from CMS, FCM, and state representatives as Brady and Taylor.

78. (J. Doe(s) XLVII) - Psychologist Assistants are responsible to provide all professional assistants services to their supervisors to accomplish the goal of serving all inmates properly.

79. (J. Doe XLVIII) - Supervisor of Melaney is responsible for several prisons medical services as administrator for CMS.

80. ( J. Does LI) Medical Staff of CMS is responsible for all the medical services for the inmates at DCC to be professional.

81. ( J. Doe XLIX) Medical Staff Member of CMS is responsible to schedule all medical transportation with security staff member of DCC, to transport all inmates to their scheduled referrals from Doctors.

82. (J. Doe LI) Dentist for CMS is responsible to provide professional dental services to all inmates scheduled.

83. ( J. Doe LII) Institutional Grievance Chair or Designee for DCC is responsible for all inmate grievances to properly administered.

84. ( J. Doe LIV) Guards and supervisors on duty at DCC responsible for a safe, healthy secure, humane environment, for each inmate

85. Cpt Scranton is responsible for safety, health, security, and human environment for each inmate.

86. (J. Doe (s) LVI) Dentist, since ( J. Doe LI) working for CMS and FCM at DCC responsible for all professional dental services for each inmate scheduled for treatment at their time of duty.

87. (J. Does LVII) Institutional Grievance Committee members on duty 8/12/04 responsible to administer professional penological conditions for each inmate.

12

88. (J. Doe LVIII) Unit Supervisor after 6/3/04 was responsible for informal resolutions of grievances submitted by inmates within 48 hours attempted with grievant.

89. (S. Doe LIX) Grievance Administrator on duty 8/14/04 for DOC was responsible to professionally administer all inmate grievances appealed at that level.

90. (J. Doe LX) Correctional Officer on 6 Aug 2002 was responsible for proper care of inmates to preserve and protect their health, safety and security and related duties.

91. (J. Does LXI) Division of Family Services Directors or alike for the State and County offices are/were responsible for providing all statutory duties to preserve and protect the familys have need for any services.

92. (J. Doe LXII) Dept of Services for Children, Youth, and Their Families Commissioner is responsible for all those people to professionally care for preserving and protecting Delaware families by laws.

93. (J. Does LXIII) Delaware, Dept of Services for Children, Youth and Their Families Councils and/or Board(s) are responsible to ensure the the statutory duties are fulfilled to preserve and protect families or children and put forth improvements for these protected class members which should be done to correct the statutes with the legislators.

94. Michael Knight is responsible for all the menus for inmates, that proper food is bought, available, and prepared and saved for the DOC inmate, detainee population on a daily basis, is a healthy, safe manner by codes.

95. (J. Doe LXI) Optometrist since Dec 1, 1999 at DCC is responsible for all professional eye care for each inmate, and professional duties involved.

96. (J. Does LXII) Mental Health staff on duty April 2006 at DCC employed by CMS to provide all professional mental health services for each

13

inmate.                                          ~~Place of Employment~~

97. (J. Does LXIII) DOC Grievances Administrator   ~~DOC~~   ~~DCC~~
                at time of this grievance, is responsible for managing
all inmate grievances appeal to this level professionally.

Defendants

Plaintiff reserves right to correct Defendants involved as needed.

#4.
Complaint
Paragraph
Defendant

Jane Brady        Former Attorney General of Delaware

Department of Corrections Employees

| # | Name | Title | DOC | DCC |
|---|------|-------|-----|-----|
| 6. | Stanley Taylor | Commissioner | X | |
| 14. | Paul Howard | Bureau of Prisons Chief | X | |
| 61. | James Welch | Medical Services Administrator | X | |
| 7. | Robert Snyder | Warden (former) | | X |
| 5. | Thomas Carroll | Warden | | X |
| 10. | Elizabeth Burris | Deputy Warden | | X |
| 11. | David Pierce | Deputy Warden | | X |
| 48. | Francine Kobus | Legal Services Administrator (former) | | X |
| 48. | (Mike) Little | Legal Services Administrator | | X |
| 62. | Edward Johnson | Paralegal II | | X |
| 45. | (John) Melbourne | Supervisor of Counselors | | X |
| 44. | (Jane) Thompson | Counselor of Inmates | | X |
| 9. | Michael McCreanor | Prison Grievances Chairman, Correctional Officer | X | |
| 8. | Lise M. Merson | Prison Grievances Chairperson, Correctional Officer | X | |
| 51. | R.     Vargas | Prison Grievances Chairperson, Correctional Officer | X | |
| 58. | Evelyn Stevenson | Prison Classification Administrator | X | |
| 24. | (J. Doe V) | Prison Grievances Chairperson, Correctional | X | |
| 42. | (J. Doe XX) | Medical Services Administrator | X | |
| 52. | (J. Doe XXIV) | Mailroom Staff | | X |
| 54. | (J. Does XXVI) | Correctional Officers for Food Services | | X |
| 55. | (J. Doe XXVII) | Food Services Administrator | X | |
| 60. | (J. Doe XXVIII) | Bureau Grievance Officer | X | |

15

| Complaint ~~Superm~~ Defendent # | Name | Title | Place of Employment DOC | DCC |
|---|---|---|---|---|
| 67. | Joyce Talley | DOC Bureau Chief for the Bureau of ~~the~~ Management Services | X | |
| 69. | Cpt Hazzard *carl* | Cpt, Security | | X |
| 70. | Cpt Henry | Cpt, Security | | X |
| 80. | (J. Doe L) | Security Staff Member of Transportation | | X |
| 83. | (J. Doe LIII) | Institutional Grievance Chair or Designee | | X |
| 84. | (J. Doe LIV) | Guards and Supervisors on Duty | | X |
| 85. | Cpt Scranton | Security Staff | | X |
| 86. | (J. Does LVII) | Institutional Grievance Cmte. on duty 8/12/04 | X | |
| | | Other Agencies | | |
| 55. *50.* | Nilita Y. Robins | Delaware Center For Justice Adult Offender Services | | |
| 57. | (J. Doe XXX) | Delaware Mental Health Assoc. Representative | | |
| 56. | (J. Doe XXIX) | Community Legal Aid Society, Inc | | |
| 66. | Janet Leban *Leban* | Delaware Center For Justice, President/Director ~~Leban~~ | | |
| 71. | (J. Doe XXXVIII) | Delaware Director of Public Libraries | | |
| 72. | (J. Doe XXXIX) | Delaware Administrative Procedure Act Administrator | | |
| 73. | (J. Doe XL) | Federal    "    " | | |
| 74. | (J. Doe XLI) | Delaware American Disabilities Act and Rehabilitation Act Administrator(s) | | |
| 75. | (J. Does XLII) | Federal ADA + RA Administrator(s) | | |
| 76. | (J. Does XLIII) | Delaware Department of Corrections Council/Board | | |
| 91. | (J. Does LXI) | DFS State + County Directors | | |
| 92. | (J. Doe LXII) | DSCYF Commissioner | | |
| 93. | (J. Does LXIII) | DSCYF Council/Board Members | | |

Defendants

of Dept of Corrections (continued)

| # | Name | Title | Place of Employment DOC | DCC |
|---|------|-------|------------------------|-----|
| 88 | (J. Doe LVIII) | Unit Supervisor after 6/3/04 | | X |
| 89. | (J. Doe LIX) | Grievances Administrator 8/4/04 | X | |
| 90. | (J. Doe LX) | Correctional Officer on 6 Aug 2002 | | X |
| 91. | Michael Knight | Kitchens Supervisor for DOC | | X |
| 97. | (J. Does LXIII) | DOC Grievances Administrator at that time of grievance | X | |

Defendants Employed By Contractors as Medical Services Providers

Paragraph CMS= Correctional Medical Services, FCMS= First Correctional Medical Services ; TBD = To Be Determined.

| Complaint Paragraph Defendant # | Name | Title | CMS | FCMS | TBD | DOC | TBD | D.CC. |
|---|---|---|---|---|---|---|---|---|
| 12. | (JOHN) MALANEY | Administrator | X | | | | X | |
| 13. | (J. Doe) | Administrator | | X | | | | X |
| 17. | (Ted) Alie | Doctor | | X | | | | X |
| 18. | Deborah Rodweller | Medical Staff, Medical Grievances Informal Resv. | X | X | | | | X |
| 19. | Gail Eller | " , Medical Grievance Committee | X | | | | | X |
| 20. | Oshenka Gordon | " , Medical Grievance Committee | | X | | | | X |
| 21. | Brenda Heldinger | " | | X | | | | X |
| 16. | Nancy (Doe) | " | | X | | | | X |
| 23. | R.W. (Doe IV) | " | | X | | | | X |
| 13,15. | (J. Doe I and II) | Administrators | X | X | | | X | |
| 22. | (J. Doe III) | Nurse | | X | | | | X |
| 25. | (J. Doe VI) | Administrator for Medical Grievances | | X | | X | | |
| 26. | (J. Doe VII) CHUCKS | Doctor | | X | | | | X |
| 27. | Ihoma (Doe) | Physician Assistant | X | | | | | X |
| 28. | (J. Doe VIII) | Inmate Scheduling | | X | | | | X |
| 29. | Larry A. Linton | Administrator | X | | | | | X |
| 30. | (J. Doe IX) | Supervisor of Linton | X | | | X | | |
| 31. | Kimberly Weigner | Nurse | X | | | | | X |
| 32. | (J. Doe X) | Inmate Scheduling | | X | | | | X |
| 33. | (J. Doe XI) | Supervisor of (J. Doe X) | | X | | | | X |
| 34. | (J. Doe XII) | Pharmacist | | X | | | | X |
| 35. | (J. Doe XIII) | Supervisor of Pharmacist (J. Doe XII) | | X | | | | X |
| 36. | (J. Doe XIV) | Administrator | | X | | | | X |
| 37. | (J. Does XV) | Medical Grievance Committee Members | | X | | | | X |

| Defendant # | Name | Title | Employer / Working AT | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | CMS | FCM | TBD | DOC | TBD | DCC |
| 38 | (J. Doe XVI) | Medical Grievance Cmte Members | | X | | | | X |
| 39 | (J. Doe XVII) | Pharmacist | | X | | | | X |
| 40 | (J. Doe XVIII) | Medical Grievance Cmte Members _about 1/24/06_ | | X | | | | X |
| 41 | (J. Doe XIX) | " _about 11/22/05_ | | X | | | | X |
| 43 | (J. Doe XXI) | Pharmacist on Duty 4/11/06 to 5/11/06 | | X | | | | X |
| 46 | (J. Doe XXII) | Mental Health Staff since Dec 1, 1999 | X | X | | | | X |
| 49 | (J. Doe XIII) | Informal Resolutions - Medical 10/19/05 | | X | | | | X |
| 53 | (J. Doe XXV) | Medical Staff | | X | | | | X |
| 47A | Anthony R. Cannuli | Psychiatrist, Dr | X | | | | | X |
| 61 | (J. Doe XXXI) | Dietician | | X | X | | | X |
| 62 | (J. Doe(s) XXXII) | Supervisor(s) of Medical Services for DOC | | | ● | X | | |
| 63 | (J. Doe XXXIII) | President / owner or alike of | X | | ● | X | | |
| 64 | (J. Doe(s) XXXIV) | Supervisor(s) of Medical Services for DOC | X | | | X | | |
| 65 | (J. Doe XXXV) | President / owner or alike of | X | | | X | | |
| 47 ●B | (J. Does XXXVI) | Psychiatrists since Dec 1999 | X | X | | | ● | X |
| 68 | (Jane Doe XXXVII) | Delaware Supervisor of DOC Dental | | X | | | | X |
| 71 | (J. Does XLIV) (Spinal Injury) Convalescent care Attendant | X | | | | | X |
| 74 | (J. Doe XLV) | Optometrist | X | X | | | | X |
| 77 | (J. Doe(s) XLVI) | Psychiatrists | X | X | | | | X |
| 78 | (J. Does XLVII) | Psychologist Assistants / Clinician | X | X | | | | X |
| 79 | (J. Doe XLVIII) | Supervisor of Malaney | X | | | | | X |
| 81 | (J. Doe XLIX) | Medical Staff Member, Scheduling Transportation | X | | | | | X |
| 80 | (J. Does LI) | Medical Staff | X | | | | | X |
| 82 | (Jane Doe LII) | Dentist | X | | | | | X |
| 85 | (J. Doe LV) | Cick Cell Nurse on Duty | | X | | | | X |

| Defendant# | Name | Title | Employer | | | Working At | | |
|---|---|---|---|---|---|---|---|---|
| | | | CMS | FCM | TBD | DOC | TBD | DCC |
| 85 | J. Doe LV | | | | | | | |
| 86 | (J. Doe(s) LVI) Dentists since J. Doe LII. | | X | X | | | | X |
| 95 | (J. Doe LXI) Optometrist Since Dec 1999 | | X | X | | | | X |
| 96 | (J. Does LXII) Mental Health Staff on duty Apr '06 | | X | | | | | X |

20

## Defendants Addresses

State of Delaware
Dept of Corrections (
245 McKee Rd
Dover, DE 19904

Delaware Mental Health Asroc,
James Lafferty, Exec, Dir.
100 West 10th Str, Suite 600
Wilmington, DE 19801

State of Delaware
Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

State of Delaware
(former) Attorney General Jane Brady
Superior Civil Court NewCastle Cty
500 N. King Str, Ste 500
New Castle, DE

State of Delaware
Dept of Justice
Attorney General
820 N. French Str.
Wilmington, DE 19801-3509

Dr. Sitta Gombeh - Ali, MD
802 Ridge Court
Middletown, DE 19709

First Correctional Medical
Services

State of Delaware
Delaware /Center For Justice
100 West 10th Str, Ste 905
Wilmington, DE 19801

Daniel L. McKenty
C/o McCullough + McKenty, P.A.
1225 North King Str, Ste 1100
POB 397
Wilmington, DE 19899-0397

Community Legal Aid Society, Inc., or
Disabilities Law Program
100 West 10th St., Ste 130
Wilmington, DE 19801

Contracted with State:
July 1, 2002 to June 30, 2005

for Correctional Medical Services:

| | |
|---|---|
| Kevin J. Connors | C.M.S |
| c/o Marshall, Dennehey, Warner, Coleman, + Goggin | 12647 Olive Blvd |
| 1220 N. Market St., Ste 500 | St. Louis, MO 63141 |
| POB 8888 | |
| Wilmington, DE  19899 | N.A.M.I |
| Contracted by State: | 884 Walker Sq. |
| July 1, 2005 to present | Walker Rd |
| | Dover, DE 19903 |

Federal <u>American Disabilities Act</u> and <u>Rehabilitation Act</u> Employees Counsel:

_ Solicitor General, Office of

_ Dept of Justice

_ Tenth Street and Constitution Ave, NW

_ Washington, DC 20530

Delaware Department of Corrections Council and Board, whatever was:   [members] [or]

_ Dept of Corrections  Delaware

_ 245 Mc Kee Rd

_ Dover, DE  19904

Delaware Dept of Services for Children, Youth, and their Families
     Council and for Board, whatever was on duty since Dec 1, 1999,   [members]
Delaware Division of Family Services, Kent County
     and State Central Office Director, whoever was on duty
     since Dec 1, 1999,

220

FOR ALL CLAIMS:

+State

1. Defendants directed, had knowledge of or acquiesced in the deprivations of my federal rights, and caused the deprivations under color of law.

2. Supervisors implemented deficient policy or custom or procedure and continue to be deliberately indifferent to the risks to me *excessive of damage* and as a member of class (es), or, the supervisors' action(s) or inaction(s) were/are the moving force behind the harm suffered *or risks thereof excessive to* me.

3. All actions or inactions occurred to me at the Delaware Correctional Center.

4. All violations in claims by Defendants show a pattern and practice of systemic exploitation, abuse, or gross or repeated neglect of a ward of state – me, *to dangerous or overly restrictive conditions;*

5. Claims could not be brought any sooner nor better due to custodians/Defendants continues obstructions to information, education, resources, tools and entitlements for my disabilities, and proper and professional correctional conditions.

6. Systemic deficiencies in staffing and procedures effectively denied me professional health, safety and security care, professional penological conditions, making unnecessary suffering and fear and risk of further damages inevitable for injunctive powers; *overcrowding deprived me also of safety, health, security;*

7. Each violation by a Defendant, individually or in totality with one or more other violation constitute a federal rights violation.

8. The reasons why this statute of limitations cannot apply in this case include: A. I was, and still am, being prevented from asserting these and other claims as legally necessary as can be seen by prior rulings on this case, due to my custodians/Defendants working in harmony to deprive me, and as a member of a classes of inmates and disabled persons, of the legal and ethical access to described in this Complaint for the legal access to the courts, in the interest of equal and fundamentally fair justice for all. B. Defendants as my custodians caused/cause

extraordinary circumstance by: 1) obstructions, 2) denials, 3) disabilities, 4)

inabilities/incapacity/incapability to me which are beyond my control making it impossible for

me to file claims and defenses in other cases, also legally, in a timely, equal, effective, meaningful,

capable and adequate manner causing actual legal injuries.

9.  R.I.C.O. violations or alike exist, upon info and belief by these Defendants, certain ones, which are still part of the obstruction, effectively denying me access my legal access to information for legal access to courts, since Dec 1999.

10.  Brady failed to enforce professional standards required by state licensing, certification and probably registration requirements on Defendants legally and ethically caring for wards of State as me since Dec), 1999.  Fails to do professional quality control for these state employees and contractors employees in this complaint and to be discovered, And fails to adequately staff, equip as determined by professional health authorities, and professional penological authorities, and adequate space and facilities as for law libraries or information receiving by inmates as me unobstructed.

11.  Defendants of this State, officers and employees, fail to uphold their codes of conduct and ethics in several ways since Dec), 1999, too many to mention here, due to page limit imposed by Court.  Omissions involve callous disregard for ethics or law, reckless indifference to rights.  Concealment or fraudulent misrepresentations prevented me gaining of facts and abilities sooner to file this Complaint in a more effective way for no claim to be dismissed, and was intended to keep me also off track into inquiry.  Injuries or conditions legally sufficient were inherently unknowable because of a technical specialty as penology, medical doctors, or sufficiency for my laymen knowledge.  Grievance, legal, and ethical rights were actively concealed.  Defendants worked in harmony to self-dealing contrary to laws or ethics.

THE FOLLOWING VIOLATIONS INVOLVE EACH CLAIM AGAINST DEFENDANTS INVLOVING ABUSE OF AUTHORITY, OMISSION OF DUTY AND RESPONSIBILITY, OBSTRUCTION OF JUSTICE, OFFICIAL OPPRESSION, AND ABUSE OF PROCESS, AT LEAST

1.    Brady, Taylor, Howard, Talley, Welch, Snyder, Carroll continued to allow the illegal cost cutting measures they employed to omit or deny or delay professional prison conditions, including all health care areas, working under conspiracy and corruption as organized crime with contractors, or among themselves, operating with damaging conflict of interest to their duty, my proper care, state representatives chose to take into custody and to care for.

2.    All supervisors fail to control, train, and/or supervise Defendants/subordinates and their class members by professional standards and ethics since Dec 1, 1999 for me as a ward of this state.

3.    Delaware State Department Secretary, Commissioner, Board(s) and/or Council(s) are responsible for my good mental and physical health, safety, and security including county and state Division of Family Services, Department of Services for Children, Youth and Their Families including (J.Does LXI) and (J.Does LXIII), and/or Dept. of Corrections with its Delaware Correctional Center are 'persons' within meaning of 42 U.S.C. @ 1983, et. Al., even though they are also sued in their official capacities for. failures to uphold these laws made for checks and balances system for me and each of my family members, being a member of the protected class – the family, rights for the disabled, and wards of state as me, since Dec 1, 1999. Governor Minner's Memorandum of Understanding causes all state departments and their employees to help each other to fulfill their legal and ethical duties and purposes, which has not been done for me and my family members as started to show in this Complaint.

25

4.    Brady and Taylor at least hired the medical contractors, and who knows what else since they breached their public trust, which would conspire with them to allow lower bids or no proper competitive bid contracting, to allow these criminal and civil damaging conditions to wards of state like me, since Dec 1, 1999.

**CLAIM 2:** Serious Medical and/or Health needs not provided, prevented, diagnosed and/or treated at least professionally

1. Dunn, Merson, Rogers, (J.Doe XIII), Medical Grievance Committee to be name, Pierce, Welch, Eller, delay or deny medical and health information from 8/20/2005 till after 4/19/2006. (Grievance # 1668).

2. Nancy (Doe) denied medical treatment for serious spinal cord injury, on and about 9/13/2004. Wolken. Munson, Ali participates in denial. Merson delays emergency grievance which was neither required nor correct medical nor health conduct.

3. McCreanor denies medical grievance as if medically qualified on and about 2/4/2006. (22364)

4. Merson delays emergency medical grievance, which should not have been required to be filed to only maliciously cause further delay for 17 days, on and about 5/16/2006, as if medically qualified. Rodweller, Eller, Gordon, Heddinger participates in denial of grievance wrongfully. Welch and Wright continue to-date to fail to reply to this emergency grievance.

5. (J.Does XLIV) failed to provide convalescent care during immobilizing spinal cord injury and recovery. No food ordered by medical staff during that time. No food brought by guards (J.Does XIV) on duty. No wheelchair during 14 day recovery. No diagnosis and treatment. No patient information and participation rights provided. On and about 5/16/2006.

6. (Jane Doe III), (J.Doe IV), Carroll, Pierce, Malaney, Merson, Gordon, Plante, Rodweller, (J.Doe V), (J.Doe VI). Robins, Howard, on and about 12/29/2005 to 4/19/2006, delay or deny diagnosis and treatment for severe throat pain and suffering.

7. (J.Doe VII), Merson, Burris, on and about 8/31/2000 to present, denied professional referral to medical specialist for thyroid disease-endocrinologist, chest pains-cardiologist, *nephrologist - kidney disease (other grievance 2007)* mental health-psychiatrist, denying me disabilities entitlements and normal, daily, major life activities due to delayed or forgotten self-care, work, and others not to be disclosed on this Amendment due to health care privacy rights and the internet posting of this Motion.  *And naturopathy is not made available, implics of more damaging man-made products.*

8. (J.Doe LV) on duty before Apr 27, 2003, who saw me for severely debilitating sleep-causing medication, Chucks, Ali, never replied to needed non-sleep-inducing allergies medication.

9. Merson, Dunn, Rodweller, Gordon, Pierce, Malaney, Welch, Howard, Chucks, on and about 11/10/2005 to present, fail to provide professional prevention, diagnosis and treatment for thyroid disease causing permanent injuries to me because of lack of proper nutrition, intermittent medications, and others to be communicated.

10. April 11, 2006 and September 2006, during medical interview, Dr (Doe) and now Chucks refer me to endocrinologist.  But I have not been transported yet to specialist. Malaney, (J.Doe XLVIII), (J.Doe L), (J.Doe XLIX) fail to cause transportation since then.

11. McCreanor denies this grievance as if medically qualified, illegally acts as my court appointed counsel, practices law without a license, and denies my patients rights again to total information participation in my medical and health care, on and about _____ (20823)

12. On and about 4/27/2005, the following defendants: A. cause or enforce illegal policy and procedure for taking of co-pays by taking of my few dollars I may have as and

28

indigent ward of state, and charge my inmate account anyway, even when I have no money in it allowing it to go into the red without limit, which only further deprives me of other necessities of life the Dept of Corrections supervisors fail to supply in the first place, causing inhumane conditions , domino effect, causing me to be an indentured servant;  B. deny allergies to be a 'reoccurring condition' when they obviously are in my case;  C.  Merson wrongfully delays this grievance too.  Wolken fails to do informal resolution.  Kratsa delays informal resolution until 5/25/2005.  I was unknowingly and unintelligently coerced into signing this grievance, without knowing my patients rights without getting relief, and without entitlements for my disabilities.

13. On and about 11/10/2005, was coerced and tricked into signing for prescription glasses. If I wanted them, I had to sign that I would pay for any repair or maintenance for them. McCreanor illegally denies this grievance, fails to inform me of my rights, without being given proper notice and hearing for new custom created to sign for glasses.  McCreanor delays delivery of reply or back-dates.  (20776)

14. On and about 12/18/2005, McCreanor denies reoccurring condition problem, back-dates or delays delivery of reply. (22386)

15A.On and about 1/2/2006, McCreanor and Merson deny:  A.  illegal taking for medical co-pay, B.  necessity of life to medical services, notice and hearing and time to information access to legal rights,  C.  fail to provide patients rights,  D.  deny ability to file meritorious grievances in timely manner,  E.  Dept and Center rules involved illegally implemented,  F.  grievances inherently, maliciously, systemically denied or obstructed. (22773).

15B. Highly contagious MRSA diseased inmates housed among high risk group in T2 since about March 2007, contrary to professional practices, by medical staff Crystal + Von Dusen, et. al.

16. On and about 4/29/2004, (J.Does LI) denies diagnosis and treatment of severe foot pain and suffering. Was forced to file a grievance. (3178)

17. On and about 7/28/2005 to 12/28/2005 Merson delays grievance, Dunn delays informal resolution and provides No relief to proper vaccinations procedures and medical record keeping. (J.Does VI) fail to respond to correct these medical violations and grievance procedures not followed. (16283)

18. Brady, Taylor, Howard, Talley, Snyder, Carroll continue to violate HIPPA law by omitting privacy rights to my medical information by requiring medical grievances to go through security staff, which continues also to deny or delay professional medical services.

19. Harmful medical and health conditions to me caused by Brady, Taylor, Howard, Talley, Snyder, Carroll, Pierce, Burris, CMS and FCM employees and owners responsible for my proper care, continue to pose an unreasonable risk of future harm, as well as those debilitating health conditions that continue to cause harm to me, since Dec 1, 1999 to present. Thus, custodians, caretakers, guardians can not care for me, fail to advocate for my rights properly, therefore, proper relief would be to release me immediately from custody to stop these damaging conditions to me.

20. Medical staff and physicians, mental health, and dental, and optometry staff + doctors act as if under directions by the employers regarding medical decisions to not be professional and ethical to save money, mine Dec 1, 1999,

21. Brady, Taylor, Howard, Telley, Snyder, Carroll fail to report damages caused to me as a ward of state and similarly situated causing misleading government reports and statistics to continue cover-up and damages to me since Dec 1, 1999,

22. Sick calls are wrongfully used for emergency illness or injury by above emergencies and defendants and dates.

30

**CLAIM 3:** Serious dental needs not provided, prevented, diagnosed and/or treated at least professionally

1. Merson and Burris interfere with proper dental care on and about 6/8/2001 by denying access and services as if medically qualified.

2. (Jane Doe LII) and every dentist since Dec 1999 (J.Doe(s) LIII) omits or denies prevention services, patients rights to be informed to be part of treatment, instead being closed-mouthed to cover-up, denture cleaning, proper teeth cleaning, deny teeth cleaning since I cannot pay co-pay as indigent and indentured servant.

3. McCreanor, on and about 6/5//2005 and 12/27/2005, continues to deny flossing method as other prisons have, and as if he is qualified to answer legal problems for ward of state that custodians fail to fix, and as if he is qualified to make dental decisions. The current professional standard is a water-pic method.

4. Burris, Merson, McCreanor also abuse their authority and grievance system on and about 6/8/2001, 6/5/2005, 7/15/2005 delaying or denying dental services for prevention of serious risks of damages to me.

5. Merson and Dunn delay medical grievance on and about 11/10/2005.

6. Welch, Eller, Weigner, Gordon deny dental services on and about 3/2/0/2006, fail to refund co-pays and work with their supervisors to correct wrong policy/custom, causing denial of necessities of life in status as ward of state, temporary state representatives chose to make me, fail to uphold my patients rights and custodians duties to cause No damage to me.

7. (Jane Doe XXXVII) denies me x-rays of my teeth due to my indigence, and denies dental and denture cleaning for same reason.

8.  Howard Upholds my grievance but fails to enforce it on and about 4/19/2006.

9.  Carroll, on Mar 23, 2006 appeal, fails to respond to relief to severity of dental situation to-date.

10. McCreanor denies grievance on and about 12/27/2005 for dental cleaning method.

11. Brady, Taylor, Howard, Talley, Snyder, Carroll, CMS owner, FCM owner and their responsible supervisors, fail to provide, 24 hour emergency dental care, here at Delaware Correctional Center, since Dec 1, 1999.

Claim 4: (Realleged only) - Continues Interference with Treatments, Delays caused Substantial Harm, or at risk of, Great pain borders on barberious, Repeated Negligence To Obvious Problems, Inadequate Systems As A Whole, Significant Affect To My Daily Activities, Threat of Future Health Damage, Denied or Omitted Patients Right, To Required Medications, Security Staff Members denied or Delayed Required Medication in Grievance Proces'.

By Menor, Eller, Kaofar, McCreanor, (J. Doe LII), (J. Doe XVI), Welch, (J. Doe XY), Howard, Dunn, (J. Does XVII), (J. Does XXXII), (J. Doe XXXIV), (J. Does XXXV), (J. Does XVIII), (J. Doe XVII), (T. Doe XIX), Rodweller, Gordon, Haddinger, from 2005 when I finally became capable enough to start the paper trail, since my custodians failed to orient me to my rights & procedures in the beginning of Dec 1999, so they keep doing their damages and cover-up to me, and provided me no advocate to uphold these rights my custodians were responsible for.

CLAIM 6: DENIAL OR OMISSION TO PROFESSIONAL OPTOMETRY SERVICES

1.    Merson and McCreanor fail to process medical grievance dated and pŷut in grievance box on 11/10/05 for proper optometry services. No reply to date.

2.    Another medical grievance dated and put in medical grievance box on Nov, 2006. No reply to date. Merson and McCreanor responsible for not responding to procedure.

3.    Optometrist, the same one hired since Dec 1999, fails to provide professional optometry services to me including glaucoma test, astigmatism information and prevention, diagnosis and treatment, and anything else I should know about my eyes, and patients rights.

4.

34

Claim 8 – Denials, Omissions, and/or Obstructions To Professional Mental Health Services Since Dec 1999.

These Defendants below caused significant disruption in my everyday life which prevents me from functioning normally since Dec 1999. Fail to have an American Disabilities Act and Rehabilitation Act approved facilities, equipment, conditions, services, and programs. Use improper restraints from prison rules illegally maintained for my disabilities to cause ● damage to me. Fail to prevent, diagnose, and treat me for my disabilities causing other custodians not to do their job for disabled like me, having worsened my conditions. Use excessive mental force further damaging me with punishments and/or threats of more, freely dished out maliciously, abusively, grossly neglectfully, to exploit me due to my disabilities, and caused me damages I was incapable of documenting or communicating to custodians due to my disabilities before the below dates, and hearing problem due to excessive noise, threats and violence constantly overheard, or confronted with by violent people, when I am NOT violent at all.

1. Brady, Taylor, Howard, Talley, Weldin, Snyder, Carroll, since Dec 1999, fail to ensure these services are professionally provided, fail to control, train and/or supervise these contractors by law and ethics, fail to have independent peer review, fail to investigate actual condition by communicating with the front-line inmates affected by these services, fail to proper quality control, which has allowed these contractors to have caused me severely debilitating disabilities over these years, to-date, not having been capable to sooner communicate these problems to a court, having had no sufficient voice nor advocate as custodians, caretakers, and guardians are responsible ▬ to be for me.

2. Mental Health staff member to be named stamped sick cell slip received on Feb 27, 2006, but continues to omit his/her/their duties to me still, sweeping my symptoms, fail to screen, to diagnose and treat me professionally.

3. (J. Does X XII) including Carrnule to omit professional ▬ mental health care

35

for me since Dec 1999, failing to properly diagnose my symptoms.

4. Two more sickcall slips cause no answer, Apr 10, 2006 and Apr 26, 2006 from mental health staff on duty on and about these times.

5. Cannuli, and staff members on duty continue to ignore my symptoms from grievance # dated May 10, 2006. Disabilities continue to cause me mental, emotional and physical damages, legal damages, self-care, health care, and all other daily, major life activities.

6. Merson & McCreanor fail to answer medical grievance mailed Nov 4, 2006.

7. Mental Health staff has severe turn-over problem due to destructive conditions to patients and their inability to do the right thing for patients, and due to being continuously understaffed since Dec 1999, upon info and belief. Cannuli had about 250 patients in May 2006, when maximum professional standard is 90 per psychiatrist.

8. Understaffing problems, and unprofessional conditions caused by Defendants in item 1. above, CMS and FCM supervisors and owner(s). (J. Does XXXII), (J. Does XXXIII), (J. Does XXXIV), (J. Does XXXV) since Dec 1999, denying me proper care.

9. Cannuli, and mental health staff I have seen since Dec 1999, make me leave in 15 minutes after each appointment interview, allowing symptoms to continue, failing to communicate with me in a professional to screen and assess me for proper prevention and treatment plan.

10. Disabilities Law Program { J. Doe XXIX) under Community Legal Aid Society, Inc., since their established and Dec 1999, fail to do their duty for the government assistance they receive, discriminating against me as a member of inmate class that my civil rights are upheld, and fail to advocate for me as a disabled person made so by these custodian/Defendants.

36

11. No patient information rights ~~wro~~ have been provided for me as should professionally be done, and no unobstructed access to mental health information has been provided by these Defendants of this claim since Dec 1999.

12. (J. Doe XLVII), (J. Does XLVI) entered also into this conspiracy, corruption as organized crime in state government to deny me these services since Dec 1999.

13. All mental health staff who had contact with me since Dec 1, 1999 failed to identify me as a special needs inmate, and failed to provide that info to classification for proper housing.

CLAIM 11: DENIAL OR OMISSION OF DISABLITITY RIGHTS

1.      CMS and FCM supervisors, owners and DOC supervisors responsible for since Dec 1,

1999 work in harmony to deprive me, as others here, all of these disability rights for many

reasons. This denial directly affects almost all the other claims in this Complaint, which

effectively still denies me access to many other federal rights so far disclosed as best as I can in

this Complaint, and these custodians fail to hire sufficient staff to handle all these issues for me

as my necessities of life.

2.      These custodians Brady, Taylor, Howard, Talley, Snyder, and Carroll caused this

Complaint by failing to do their duties, causing this waste of government funds and this Courts

time since Dec 1, 1999.

CLAIM 12: OBSTRUCTION OR DENIALS TO PROPER ACCESS TO COURTS

1.      Johnson, since Dec 1, 1999 to Dec 31, 2006, continuously denied or obstructed my proper access to information, resources, and tools needed for bringing my cases in a timely, effective, equal, meaningful, capable and adequate manner meritoriously for the courts because of policies and customs created by him and others, by not properly having them officially approved and adopted by administrative procedures and laws, which has caused me and my family many damages, contrary to what should have been done as follows:

2.      He failed to provide my disabilities rights the entire time;

3.      He denied me ability to file a direct appeal due to these obstructions or denials, a motion to dismiss and post-conviction relief motion for my criminal case in a proper manner, causing me file things late, incomplete, researched properly, written better and shorter efficiently, caused me to file incomplete motions, continues to delay contemplated cases which need timely feeling causing more damages to me and my family;

4.      He keeps empty, adjoining room to L building law library unusable for about 2 years so that inmates like me could not use to get better access to courts;

5.      He denied my confidentiality rights to my legal work by requiring him to see and read parts of it;

6.      He denied me ability to read certain cases, sheppardize them and other legal matters;

7.      He provided no book list of other legal books available from other sources and to the ones he has in the law libraries, since he would not allow me also access to these basic legal materials others have access to like non-indigent, non-imprisoned, and attorneys have;

8.      He allowed my indigence to interfere for my timely, equal, effective, meaningful, capable, and adequate access to the courts;

9.      He allows the law libraries not to grow with the prison population effectively,

continuously decreasing the access time to information, resources and tools directly effecting my

legal and ethical access to the courts in several ways;

10.     He denies or omits me also information, resources and tools as a standard lawyers office

have, and I would have access to on the outside of this prison, and as other prisons have, in status

as ward of state, as necessities of life, for proper access to the courts;

11.     His maliciousness and arbitrary and capricious conduct to obstruct or deny access to the

courts is obvious to a reasonable person;

12.     He discriminates against my access to these things, prejudicing all my cases, while giving

other certain inmates more access time to information, resources and tools, during those times;

13.     He works in harmony with Kobus and Burris to deny me proper access about 3/23/2002

and 7 Aug 2002, prior to and after these dates failing to orient and advocate for my rights, while

severely disabled and incapable to have a voice and communicate these violations, and to

navigate the redress of grievances as my legal custodians, in my status as ward of state;

14.     He causes some my law library appointment request slips to disappear to deny me access;

15.     He fails to give me more access time per prison rule when a court deadline exists;

16.     He fails to do his professional duties as a librarian by state standard;

17.     He fails to provide me these rights during my detainee status Dec 1, 1999 to March 2001;

18.     He denies my legal access to the courts by failing to photocopy requested legal

information to read back in my cell for unobstructed access to the courts as a necessity of life;

19.     He denies me directly needed information from the State Codes Commentary pages 200

to 399 purposefully removed or allowed by him;

20.     He allows no browsing the stacks for my legal needs as necessity to life; no browsing

denies time to compare legal theories, formulate ideas and other research as others can for a case

plan;

21.     He causes some inmates to tear out some gapes from books because he fails to photocopy for the needs of inmates as other prisons do, causing further delays to information by requiring library clerks to sign everything in or out even while in the law library;

22.     He allowed on 2, 15 minute appointments per week to talk to inmate paralegal and read legal books during my detainee status; severely continuing to cause me and my family irreparable damages;

23.     He closes the pretrial law library for 9 months for all inmates without proper authority; his supervisors are in on this conspiracy and corruption; Kobus, Burris, Snyder, and Brady, Taylor, Howard, Talley for failures to have proper policy and procedures to not allow this kind of abuse of authority, official oppression, abuse of process, stealthy encroachments, unnecessarily broad conduct and more;

24.     He fails to cause adequate shelving, study space, chairs, tables for me also at the pretrial and L building, compound law library; it has been 17 seats for 1600 inmates till 2007; He delayed opening 8 more seats for those 2 years or more;

25.     He presumes to judge for me the time I need access to do my legal work, my abilities, and number of cases I am forced to bring;

26.     He denies me ability to vigilantly oversee actions or prevent failures of my cases, to get court dockets from the internet on his desk, and court web site information deemed 'important' by the federal district court for my cases, and causes me to spend more money and causes delays in my legal action more then non-imprisoned or attorneys have to put up with;

27.     He arbitrarily and capriciously denies me also entering or leaving L building during scheduled appointments; even when other inmates are moving about the compound to go to and from their programs and in and out of this building; no library works like that;

28.     He first denies me out of copying attachments to my legal motions as pro se citizen as he has done to others; he is not my court appointed counsel to deny me; he practices law without a

41

license; only because by accident I had seen a legal case in a book showing him that he cannot do this, did he see his error, which he caused the current pretrial state employee law library clerk to do, and who knows who else, since about I first saw this happening in 2005 or so; Kobus fails to control, train and supervise properly;

29.    He denies access to information needed for the courts with a court deadline saying I need to put in for a court extension, which just wastes more court resources, instead of him just doing his job to let me get to the law library for the needed info, resources, and tools;

30.    He abuses his authority to beguile and frustrate my legal process when prison policy states " whenever a court deadline exist" an inmate is given preference to scheduling for law library appointments and does apply this policy equally to me also, policy does not allow for discretion, prejudice or discrimination for him to employ on whom ever he wants;

31.    Photocopying services for all kinds of legal work are now a days an indispensable service and a necessity of life as non-imprisoned, non-indigent, as my opponents in cases have, his custom and his supervisors condoning such conduct of just allowing me also only motion copying service directly effects my legal access to the courts for drafts, plans, organizational matters for my legal work as others do; it must be free to the indigent as me.

Claim 17 - Illegal Censorship of Legal Mail

1. (J. Doe(s) XXIV) deny my legal mail of mine pamphlets on and about _____.

2. (J. Does XIV), Harel returned my legal books to publisher without my knowledge on and about 2004.

3. Probable cause atleast now exists about my other mail having been censored and not delivered to me. Those Defendants lost their duty to public trust.

4. 19322 wrongfully denied by Merson/McCreanor after Oct 7, 2005 interfering with my mail rights.

5. Carroll and Pierce fail to respond for need of me of state mail by me 15 7843, since that system already exist, since I am a ward of the state, and anything involving me is official business.

   Merson denies grievance appeal obstructing redress of grievance right on about the same time.

6. Grievance dated Oct 7, 2005 about Merson interfering with grievance process and my mail, has no reply answer to-date.

7. Grievance dated June 26, '05, received answer as #18612 on Oct 27, 2005, four months or 120 days later when Burris allegedly denied grievance on Oct 13, 2005, and Vargas on July 2005 interfering with redress of grievance and to right to mail.

8. Appeal to Carroll on Oct 27, 2005 caused no reply.

9. No reply to-date from DOC Grievance Administrator on duty (J. Doe ___) during grievance appeal of 18612 & 19322.

10. Multiple requests to return legal materials to inmate (me) needed for pending cases, by Defendants above at those times, states a claim.

43

## CLAIM 19: INHUMANE OR UNPROFESSIONAL PRISON CONDITIONS AS NECESSITIES OF LIFE IN PLAINTIFFS STATUS AS WARD OF STATE

1.    Brady, Taylor, Howard, Snyder, Carroll, Little, Kobus, Burris, Pierce, Harris since Dec 1999 fail to provide unobstructed access to **information, resources and tools,** for timely, equal, effective, meaningful, and adequate **access to the courts** for me, just like non-indigent, non-imprisoned, non-disabled and attorneys or opposition has, at the law libraries in DCC and from the **internet,** updated precedence is needed on this in an every more modern, civilized and decent society, communication rights fail to be least restrictive, to prepare and present my cases in a legal manner; since no other ways and means is available to me here under these custodians/defendants, working in conspiracy and corruption to deprive of these necessities, causing my motions to be filed late, unequal, incomplete, ineffective, unmeaningful, and/or inadequate in too many ways to mention here due to page limit ordered by this Court.

2.    Brady, Taylor, Howard, Talley, Snyder, Carroll, since Dec 1999, fail to provide me items from the commissary or other source, as a legally indigent for **necessities of life** and since no income is provided to me by them, my custodians;

Same Defendants and times, cause following conditions to my detriment, degrading, prejudicing and/or discriminating conditions for my legal work, health, safety, and security;

3.    fail to provide me also humane housing **temperatures** in the summers reaching extreme heat conditions, and as a chronic care patient while in overcrowded, illegal code capacity in buildings B, C, D, E, T2; and in the winter, during excessive cold, only a 'fall' coat without a hood is provided, and no rain gear for the year for wards nor indigent, nor sufficient ice and a cold water fountain is provided on each tier without having to ask a guard for access;

4.    fail to allow care **packages,** penologically approved vendors to mail items to us;

5.    deny me family 'preservation, protection, and reentry rights' by exploitative telephone costs, time limits and calling time limits;

44

6.      deny me also access to **public libraries** shut-in services including (J.Doe XXXVII) being part of conspiracy and corruption;

7.      fail to provide a systemic approach for determining the library services needs for inmates with no qualified library services administrator; and fail to provide full-time access and evenings for all inmates, 5 days a week;

8.      with Merson and McCreanor, Leban fail to follow or enforce **grievance** policy and procedures, administrative law and procedure for my grievances also;

9.      fail to provide therapeutic **visits** with my family members, instead were destructive;

10.     fail to provide a source to read the basic management tool of a professional, all inclusive, independent **impact statement** before any change is made for any group of inmates to prevent any risk of damage, health, or safety or caretakers duty for improvements;

11.     cause me to become an **indentured servant** by their expectations to pay for certain things they should be providing for me as a ward of state they chose to take into custody;

12.     fail to provide a ways and means to make or purchase and send **gifts to family** members as part of family preservation and protection, to show love an concern;

13.     fail to allow me to provide daily family **picnics** and food to family picnics as I should as father for right habits, and preservation and protection; Thompson, Melbourne deny earned honor visit in summer 2006;

14.     fail to provide me free legal **postage and supplies** as indigent as needed; and free family postage and supplies;

15.     fail to provide me also non-damaging **living space**, now only 30 sq ft and confined to that area 78 % of the time; including T buildings only coded for 42 beds, and classified limited to 39; same while in detainee status; excessive noise, ventilation in single cells housing 2 people also causing me more communicable disease while in buildings B,C,D,E;

16.    allow only hallway use for **recreation time**, and only 3 hrs and 45 minutes per day; do
not provide a recreation room for each tier of 50 people, nor allow recreation room use at all, all
adding to the excessive and damaging noise levels to me also from overcrowding damages; and
T buildings not provided with a table and chair at each bed limiting picnic table use due to
obstructive policy/custom that they can not be used during about 45 minutes every 2 hrs until
code green which is not necessary in that setting and causes delays to do my legal work having to
pack it up each time when table space is need;

17.    fail to have certified or alike, and permanently posted in those areas, housing areas,
programs, activities, conditions, services by the **disability** laws; including disability advocates
(J.Does XLIII) who receive government funding, or fail to follow their professional ethics to
discriminate against me because I am an inmate; were/are involved in this corruption;

18.    fail to provide me also federal **Water** Safety Act and **ground** and **air** quality rights since
this prisons was upon info and belief built on a dump site;

19.    and Stevenson fail to provide proper **classification** to prevent damage to me for
compatible cellies, don't allow inmate transfer requests until inmate on inmate violence is
imminent failing to prevent risk, proper mental health evaluation be required, house me in
excessive supervision and conditions for abuse and exploitation damages to me;

20.    took my money for legal **photocopies** when I was also indigent while they failed to
provide me the necessities of life, making me choose between health products, food, postage and
supplies, and other commissary items, and legal information-resources-tools needed for legal
access to the courts, all not provided by my custodians; 21527; grievance dated Dec 16, 2005
denied by Little, Johnson, Burris, (J.Doe XXIII), Howard; made indentured servant;

21.    fail to provide prevent risk of harm to me also by not providing intake **orientation** as
detainee and inmate when first arriving, long term class is provided for first timers in prison to

46

cover all areas, not just an update version for former detainees or inmates, for policies,

procedures and all inmates rights to prevent risk of damages such as I have received;

22.    through Hazzard and Henry continue to deny or harass me also about my possession of

**legal materials** I need for my cases; and as a disabled person;

23.    fail to allow me **personal property** also which other inmates are allowed;

24.    totally deny any **business or profession** be allowed to be done by me also;

25.    fail to provide sufficient and decency rights to partitions in **showers and bathrooms** for

privacy after doubling occupancy in such buildings as B,C,D,E,V,T's; male inmates observed by female guards;

26.    fail to allow sufficient **reading materials** in my possession arbitrarily/capriciously;

27.    fail to provide equal privileges in **protective custody** as in compound, excessive cuffing;

28.    fail to provide me personal property protection be requiring me also to buy to buy a metal

box, too small to hold my property, and possible to break into by inmates, when state should

have large lockers permanently installed to not exploit every inmate to buy a box for their profit;

29.    fail to develop and implement policy and procedure to ensure the right of convicted

inmates to refuse to participate in activities and **programs**, without penalty, except for

'programs' mandated as part of sentence;

30.    with Knight and (J.Does XXXI) fail to provide a therapeutic diet for me also to stop the

damaging **food**; stop regimented meals to be 'open' to eliminate lines and required seating by

housing unit;

31.    fail to provide policy and procedure prohibiting inmates from supervising, controlling,

exerting or assuming ANY **authority** over other inmates in any programs such as family

problems, thresholds, and mental health workshops;

32.    fail to provide fulltime employment for any inmate who wants a **job**; with a wage

sufficient to purchase from the commissary and accumulate funds to assist me upon my release;

33.    fail to use, upon info and belief, all **commissary profits** are used for their non-profit intended for inmates only, but are abused by purchasing which the government should supply;

34.    fail to provide **vocational/educational** programs to meet the needs of the inmates where everyone that wants one gets one; no apparent systemic approach to determine personnel, space and things needed for these purposes to ensure all inmates access to staff and services;

35. ·    fail to provide written policy and procedure so that inmates have access to their **files and records**, setting forth procedures and conditions for that review in accordance with statutes;

36.    Fail to have policy and procedure, also available to any inmate on a daily basis, religious freedom to no keeping of any **info of inmates'** religious activities, as by Pennell, Heath, Holsterman, and ET. al. similarly situated;

37.    fail to allow **items mailed** into me which are not security, safety or health violation causes; total ban with any policy is probably arbitrary and capricious;

38.    fail to provide an administrative oversight by an independent, competent, **Ombudsman** or alike official in professional, penological standards and law for receiving and inspecting inmate complaints, since all prior personnel were/are dependent, not competent, causing or allowing these unprofessional damaging conditions;

39.    fail to provide with Pennell, Heath, Holsterman (J.Doe LXI), (J.Doe LXII) to my rights, proper prison conditions to my wife to my marriage rights to prevent divorce and my children's relationships to be improved;

40.    fail to provide state mail use for wards of state as me, its all official business;

41.    failed to provide professional **policy and procedure** which does not deny these needs;

Now are different Defendants and times involved:

42.    Following are defendants involved in grievance procedure violation(s) from Dec 1999 to present: Merson, Kobus, Taylor, Brady, Howard, Talley, Snyder, Burris, Carroll, (J.Doe LVIII), (J.Doe LIX), Harris law library access, Little, McCreanor, Robins,

43.    New updated precedence is needed to allow equal access to the courts and First Eighth and Fourteenth Amendment rights to be able to possess word processor **laptop** and accessories as pen and ink were required in the old days, as new computer laws show the standard ness in this ever more modern, civilized and decent society; as custodians must provide without cost to wards if those same tools are available for a price to other inmates for legal work;

44.

Relief needed also in attached Motion for Preliminary Injunction and Temporary Restraining Order.

<u>Prayer For Relief</u>

No just and sufficient relief can be provided in this case.

For proper compensation for deliberate indifference to these rights, privileges, or immunities against each Defendant involved, jointly and severally.

For Punitive damages be ordered by this Court ordering Defendants to pay.

A jury trial on all issues triable by jury.

For Plaintiffs costs, fees, expenses, ~~taxes~~ taxes on awards in this suit.

Any other relief this representative Court of these United States of America deems appropriate to restore proper conditions for me and those similarly situated, to correct any of the custodians duties to prevent any further damage to any ward of this State.


<u>Verification</u>

I have read the foregoing complaint and hereby verify ~~that~~ that the matters alleged herein are true, except as to matters alleged on information and belief or alike, and as to these, I believe them to be true. I certify under penalty of perjury ~~that~~ that the foregoing is true and correct.


Completed at Smyrna, Delaware on Oct 3, 2007. Resubmitted corrected Nov 27, 2007.

_Detlef F. Hart_

DETLEF F. HART MANN

this is the best I can do          SBI NO. 229843
under these circumstances.         Plaintiff

                                   Delaware Correctional Center
                                   1181 Paddock Rd,  T2
                                   Smyrna, DE  19977

66

Delaware Correctional Center
Mission Statement

As dedicated employees of the Delaware Correctional Center, the largest correctional facility in the state, it is our responsibility to provide a humanistic, working and living environment to all who come under our care. Our mission is accomplished by maintaining the highest standard of training and support for our employees and offenders at this institution. We fulfill our obligation because we are committed to: Protecting - the public by providing a safe and secure environment for the staff and inmates. Providing - Inmate rehabilitation by offering a wide range of programs to assist them in reuniting with their families and re-entering society. Promoting - Inmate development of self-discipline, interpersonal and work related skills in a structured and humane environment."

67

Appendix A



**Mission Statement**

The Mission of the Department of Correction
is to protect the public by supervising adult offenders and by
directing them to treatment, education, and work programs.

In accordance with this mission, the Department will develop and maintain a
competent and professional staff through active recruitment and proper training of
qualified individuals.

We recognize a duty to provide for the treatment, rehabilitation and restoration of
offenders as productive, law-abiding citizens within our communities. Offenders shall
receive fair and humane treatment and be housed in secure and sanitary
environments.

As a State agency, the Department is responsible for its operations and is
accountable to the public. We will work cooperatively and maintain open
communications with those authorities in the judicial, legislative and executive
branches of government.



Appendix B