IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DETLEF F. HARTMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-340-***-MPT |
| | ) | |
| WARDEN THOMAS CARROLL, | ) | |
| EDWARD JOHNSON, PAUL HOWARD, | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, FIRST CORRECTIONAL | ) | |
| MEDICAL SERVICES, JANE BRADY, | ) | |
| STANLEY TAYLOR, ROBERT | ) | |
| SNYDER, LISE M. MERSON, | ) | |
| MICHAEL MCCREANOR, ELIZABETH | ) | |
| BURRIS, DAVID PIERCE, JOHN | ) | |
| MALANEY, NURSE NANCY DOE, | ) | |
| JOHN DOES I through LXIII, | ) | |
| R. W. DOE IV, JANE ALIE, | ) | |
| DEBORAH RODWELLER, GAIL | ) | |
| ELLER, OSHEMKA GORDON, | ) | |
| BRENDA HEDDINGER, IHOMA | ) | |
| CHUCKS, LARRY A. LINTON, | ) | |
| KIMBERLY WEIGNER, JANE | ) | |
| THOMPSON, JOHN MELBOURNE, | ) | |
| ANTHONY R. CANNULI, FRANCINE | ) | |
| KOBUS, MICHAEL LITTLE, NIKITA Y. | ) | |
| ROBINS, R. VARGAS, EVELYN | ) | |
| STEVENSON, JAMES WELCH, | ) | |
| JANET LABON, JOYCE TALLEY, | ) | |
| CARL HAZZARD, JANE HENRY, | ) | |
| CPT. JOHN SCRANTON, and | ) | |
| MICHAEL KNIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this 17th day of January, 2008, having screened the case pursuant

to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for preliminary injunction and temporary

restraining order is **denied**; Correctional Medical Services and First Correctional

Medical Services are dismissed as defendants; that portion of the court's November 13,

2007 order providing for service is **vacated**; plaintiff may **proceed** in part on claim 2

against Thomas Carroll, Paul Howard, David Pierce, John Malaney, Jane Alie, Deborah

Rodweller, Oshemka Gordon, Ihoma Chucks,  Nurse Nancy Doe, and John Does III, IV,

XIV, XLIV, XLVIII, XLIX, L, LI, and in part on claim 12 against Edward Johnson as

discussed in this memorandum order; and the remaining defendants and claims are

**dismissed**, as frivolous and for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

    1. **Background**. Plaintiff Detlef F. Hartmann ("plaintiff"), an inmate at the

Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed his original lawsuit

pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the

Rehabilitation Act. He appears pro se and was granted permission to proceed in forma

pauperis pursuant to 28 U.S.C. § 1915. (D.I. 5)  Plaintiff filed a corrected second

amendment to the civil complaint and request for caption correction on November 29,

2007. (D.I. 46)

    2. Following screening of the original complaint, only claims 4, 11, and a portion

of claim 12 remained, and all defendants, save former Warden Thomas Carroll

("Warden Carroll"), Correctional Medical Services ("CMS"), First Correctional Medical

("FCM"), and Edward Johnson ("Johnson"), were dismissed from the case. Plaintiff was

given leave to amend claims 2, 3, 6, 8, 17, and 19. He was advised that if an amended

complaint was not filed within the time allowed, then a service order would issue and

-2-

the case would proceed on the claims that had not been dismissed.  Plaintiff appealed the memorandum order and the appeal was subsequently dismissed.  (D.I. 33) Following dismissal of the appeal, plaintiff was given an extension of time to file an amended complaint, and he did so on June 7, 2007.  (D.I. 37, 38)

    3.  The amended complaint, however, was stricken for failure to comply with Fed. R. Civ. P. 8(a)(2).  (D.I. 40)  The amended complaint consisted of 277 pages, listed sixty-five defendants, contained a motion to correct case caption, replies to the court's August 21, 2006 and May 9, 2007 orders (D.I. 12, 37), and a gallimaufry of allegations in an attempt to amend claims 2, 3, 4, 6, 8, 12, 17, 19.  Plaintiff was given leave to file a second amended complaint, but was given guidelines to follow.  Plaintiff appealed the September 17, 2007 order, and it remains pending.  (D.I. 42)  Plaintiff filed a second amended complaint on October 9, 2007, which did not comply with the court's September 17, 2007 order and it, too, was stricken on November 13, 2007.  (D.I. 41, 44)  The court issued a service order for the matter to proceed on the original complaint and the remaining claims as determined in the August 21, 2006 screening order.  (Id. at D.I. 44)  Plaintiff then filed a corrected second amended complaint that, for the most part, complied with the court's previous orders.  (D.I. 46)  Plaintiff has also filed a motion for temporary restraining order.  (D.I. 47)

    4.  **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant immune from such relief.

     5. In performing the court's screening function under § 1915(e)(2)(B), the court

applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D.

Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The

court must accept all factual allegations in a complaint as true and take them in the light

most favorable to Plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007);

Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must

contain "'a short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007)

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed

factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Id. at 1965 (citations

omitted). The "[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all of the complaint's allegations in the

complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff

proceeds pro se, his pleading is liberally construed and his complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations

omitted).

-4-

6. **The Corrected Second Amended Complaint**. The corrected second amended complaint contains a number of new defendants and, in the listing of defendants and case caption, eliminates certain defendants, most notably CMS and FCM, both of whom plaintiff was allowed to proceed against on claim 11 of the original complaint. Inasmuch as CMS and FCM are no longer listed as defendants in the corrected second amended complaint, the court considers them dismissed as defendants pursuant to Fed. R. Civ. P. 41(a).

7. A review of the corrected second amended complaint indicates that despite repeated opportunities to amend, plaintiff has once again failed to cure many of the pleading deficiencies. Because of plaintiff's pleadings difficulties, the court has allowed him to proceed with a "shot-gun" approach in alleging any possible claim that, apparently, he could possibly remember for a time-frame beginning in December 1999. Nonetheless, this court is not required to give plaintiff endless opportunities to state a claim upon which relief may be granted. No further amendments will be allowed except that plaintiff will be given leave to amend if he identifies the remaining Doe defendants.

8. The corrected second amended complaint contains a number of generic allegations directed at all defendants. (D.I. 46 at 23-26) Additionally, it contains the following alleged violations of plaintiff's constitutional rights: claim 2, medical violations for failure to provide, prevent, diagnose or professionally treat plaintiff; claim 3, denial of proper dental services for failure to provide, diagnose, or professionally treat plaintiff; claim 4, continuous interference and failure to provide required medication; claim 6, denial or omission of professional optometry services; claim 8, denial, omissions and/or obstructions to professional mental health duties; claim 11, denial or omission of

-5-

disability rights; claim 12, obstruction or denial to proper access to the courts; claim 17, illegal censorship of legal mail; and claim 19, inhumane or unprofessional conditions as necessities of life in plaintiff's status as ward of the state.

9. Claims 2 , 3, and 4 contains allegations against Dunn, Rogers, Plante, Wolken, Kratsa, Crystal, Vandursen, Harris, Leban, Pennell, and Holsterman. These individuals are not named as defendants in the caption of the complaint or in the section listing defendants and duties. Accordingly, the court does not consider them as defendants.

10. **Claim 2**. Claim 2 is raised as a medical needs claim, yet it also contains other claims that are not medically related. The court will allow plaintiff to proceed on the medical needs issues in claim 2 as follows: paragraph 2 against nurse Nancy Doe and Dr. Alie; paragraph 5 against defendants Doe XLIV and XIV; paragraph 6 against nurse Doe III, Doe IV, and Carroll; paragraphs 6 and 9 against Pierce; paragraphs 6, 9, and 10 against Malaney; paragraph 9 against Rodweller, Gordon, and Howard; paragraphs 9 and 10 against Chucks; paragraph 10 against Does XLVIII, L, and XLIX; and paragraph 16 against Doe LI. As will be discussed, the court will dismiss the remaining paragraphs of claim 2.

11. **Grievance procedure**. In many of the paragraphs, plaintiff complains about the prison grievance procedure and delay in the processing or denial of grievances. The corrected second amended complaint contains numerous allegations regarding grievances filed by plaintiff and his failure to prevail. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, No. 05-4492, 2006 WL 3203900,

-6-

at *1 (3d Cir. Nov. 7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir.1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005).

12. Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were denied, not properly processed, investigated, or that the grievance process is inadequate. Therefore, the allegations of unconstitutional conduct relating to grievances raised against defendants Merson, Pierce, Welch, Eller, McCreanor, Rodweller, Gordon, Heddinger, Wright, Howard, Robins, and Doe V, VI, and XIII are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[1]

13. **Statute of limitations**. There is a two year statute of limitations period for § 1983 claims. See 10 Del. C. § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D.

---

[1]Those claims are found in paragraphs 1, 2, 3, 4, 6, 9, 11, 12, 13, 14, 15b, and 17 of claim 2.

-7-

Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two year statute of limitations period are time-barred and must be dismissed. See Smith v. State, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The court construes plaintiff's original complaint as being filed on May 9, 2006, the date it was signed by plaintiff and the earliest date he could have submitted it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988); Gibbs v. Decker, 234 F.Supp. 2d 458, 463 (D. Del. 2002).

14. Paragraphs 7, 8, 19, 20, and 21 of claim 2 contain claims that are barred by the applicable two year limitation period. Paragraph 7 refers to conduct that occurred on or about August 31, 2000, paragraph 8 refers to conduct that occurred on April 27, 2003, and paragraphs 19, 20, and 21 refer to conduct that began in December 1999. The claims are raised against Does VII and VI, Merson, Burris, Chucks, and Ali.

15. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible. Smith v. Delaware County Court, No. 07-4262 (3d Cir. Jan. 10, 2008) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Erline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006)). The original complaint was filed on May 9, 2006. It is evident from the

-8-

face of the complaint that above paragraphs 7, 8, 16, 19, 20, and 21 of claim 2 contain dates for actions took place more than two years prior to plaintiff filing his complaint and therefore, are barred by the two year limitation period.

16. Nonetheless, page 23, paragraph 8 of the corrected second amended complaint alleges in a conclusory fashion, and without supportive facts, that the statute of limitations cannot apply in this case because defendants, as plaintiff's custodians, caused extraordinary circumstances that precluded him from timely filing the claims. Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Plaintiff has not met this standard. Moreover, plaintiff is required to use more than legal buzz words, labels, and conclusions in presenting his claims. Accordingly, the court will dismiss paragraphs 7, 8, 16, 19, 20, and 21 of claim 2 as time barred.

17. **Co-pay policies**. Paragraph 12 of claim 2 alleges that plaintiff is denied the necessities of life because of an illegal policy and procedure of taking co-pays for medical care. Co-pay policies are constitutionally permissible if they do not interfere with timely and effective treatment of serious medical needs. See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997) (finding co-pay policy constitutional); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404 (9th Cir. 1985); Piper v. Alford, No. 3:02-CV-2640-P, 2003 WL 21350215, (N.D. Tex. June 4, 2003) (finding jail policy

requiring payment for medical services did not raise constitutional issue); Bihms v. Klevenhagen, 928 F.Supp. 717, 718 (S.D. Tex. 1996) (same). Plaintiff does not allege that he is being denied medical treatment. Rather, his position is that, because he must pay for medical care, he does not have funds available for other necessities of life. The claim is frivolous and the court will dismiss paragraph 12 of claim 2.

18. Paragraphs 15b, 19, 20, 21, and 22 contain general statements of alleged constitutional violations and are brought against defendants Brady, Taylor, Howard, Talley, Snyder, Carroll, Pierce, Burris, and unnamed employees of CMS and FCM.[2] Paragraph 15b refers to the housing of MRSA[3] inmates. Paragraphs 19, 20, and 22 generally allege a failure to properly care for plaintiff beginning in December 1, 1999. Paragraph 21 alleges defendants produced misleading government reports, again beginning in December 1, 1999.

19. In previous orders the court has made plaintiff aware that a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Other than providing a beginning date of

---

[2]Portions of paragraphs 19, 20, and 21 are barred by the two year statute of limitations period.

[3]Methicillin Resistant Staphylococcus Aureus.

December 1, 1999, paragraphs 19 through 21 do not indicate when the alleged

constitutional violations occurred, and paragraph 22 contains no date.  Moreover, these

claims plead generic allegations and fail to supply adequate information to allow a

defendant to respond.  Finally, paragraph 15b names individuals who are not named

defendants and paragraphs 20 and 22 fail to name any person.  Therefore, paragraphs

15b, 19, 20, 21, and 22 of claim 2 will be dismissed as frivolous and for failure to state a

claim upon which relief may be granted.

20.  **HIPAA**.  Paragraph 18 alleges defendants Brady, Taylor, Howard, Talley,

Snyder, and Carroll violated HIPAA[4].  The existence of a private cause of action is a

"prerequisite for finding federal question jurisdiction."  Alexander v. Sandoval, 532 U.S.

275, 286 (2001) ("private rights of action to enforce federal law must be created by

Congress. . ."); Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992)

(no subject matter jurisdiction because the Internal Revenue Code did not provide for a

private federal remedy).  The U.S. Court of Appeals for the Third Circuit has not

specifically addressed the issue of whether there is an express or implied private right

of action under HIPAA.  A federal appellate court and other federal district courts,

however, have held that there is no such right.  See Acara v. Banks, 470 F.3d 569 (5th

Cir. 2006); Agee v. United States, 72 Fed. Cl. 284 (Fed. Cl. 2006); Carney v. Snyder,

No. C.A. 06-23 ERIE, 2006 WL 2372007 (W.D. Pa. Aug. 15, 2006); Rigaud v. Garofalo,

No. Civ.A. 04-1866, 2005 WL 1030196 (E.D. Pa. May 2, 2005); O'Donnell v. Blue Cross

---

[4]Health Insurance Portability and Accountability Act of 1996.  Pub.L. No. 104-
191, 110 Stat.1936 (1996).

Blue Shield of Wyoming, 173 F. Supp. 2d 1176, 1179-80 (D.C. Wyo.2001); Wright v.
Combined Insur. Co. of Am., 959 F. Supp. 356, 362-63 (N.D. Miss.1997). HIPAA fails
to provide for a private federal remedy. As a result, the court lacks subject matter
jurisdiction and, therefore, will dismiss the claim.

21.  **Claim 3**. Claim 3 alleges denial of proper dental services. The court sees
no need to restate the law, but notes that paragraphs 1, 2, and 11 are barred by the two
year limitation period. Paragraphs 2 and 6 contest the co-pay requirement and does
not state a claim. Paragraph 3 alleges plaintiff was denied dental floss and a water-pic.
The claim is frivolous and does not allege a constitutional violation. Paragraphs 4, 5, 8,
9, and 10 allege unlawful actions taken with regard to the grievance procedure.
Paragraph 7 alleges that plaintiff was denied dental x-rays and dental and denture
cleaning, but does not provide the date when the actions allegedly occurred. In addition
the claim being barred, paragraph 11 complains that inmates are not afforded 24-hour
emergency dental care. The constitution does not require inmates be afforded 24-hour
care. All that is required is that prison officials provide inmates with adequate medical
care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). Claim 3 is frivolous and fails to
state a claim upon which relief may be grand and the court will dismiss the claim.

22.  **Claim 4**. In claim 4, plaintiff re-alleges in very general terms that the health
system as a whole is deficient, that there has been interference with medical treatment,
and that he was denied medication. Plaintiff also takes exception to the denial or delay
of the grievances. Claim 4 alleges the actions began in December 1999, but it was not
until 2005 that plaintiff was able to "start a paper trail" regarding the claim. Having

reviewed claim 4, the court finds that it is time barred by the limitation period, the grievance allegations fail to state a claim, and the claim is pled in such general terms that a defendant could not properly respond to the allegations. Therefore, the court will dismiss claim 4.

23. **Claim 6**. Claim 6 alleges a general denial of optometry services. The claim is frivolous. Paragraphs 1 and 2 allege unlawful actions taken with regard to the grievance procedure. Paragraph 3 is barred by the two year limitation period. Moreover, the claim does not allege a serious optometric need. Accordingly, the court will dismiss claim 6.

24. **Claim 8**. Claim 8 alleges denials, omissions, and/or obstructions to professional mental health services since 1999. Plaintiff takes exception to the way the prison/mental health care system is run. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d. Cir. 2004) (citations omitted).

25. Claim 8 attempts to state a claim for deliberate indifference to plaintiff's serious mental/medical needs. Paragraphs 1, 2, 3, 4, 7, 8, 9, and 11 of claim 8,

-13-

however, do not allege constitutional violations under the Eighth Amendment. At the most, plaintiff alleges displeasure with the treatment he has received. Also, paragraph 4 fails to identify any individual who allegedly violated plaintiff's constitutional rights. Accordingly, the court will dismiss the foregoing paragraphs.

26. As with other claims, in paragraphs 5 and 6, plaintiff complains that his grievances were not answered or there was delay. Also, plaintiff alleges in claim 8 that the majority of his claims began in December 1999, giving no further explanation and, therefore, it appears they are barred by the applicable limitation period. Paragraph 10 of claim 8 names as a defendant Doe XXIX, the disabilities law program. This defendant is not an individual and is not a state actor acting under color of law. See West v. Atkins, 487 U.S. 42, 49 (1988) (To act under "color of state law" a defendant must be "clothed with the authority of state law.").

27. **RICO**. Paragraph 12 contains language used when alleging a RICO claim. To advance a civil claim under RICO, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir.2004) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U .S. 479 (1985)). A "pattern of racketeering activity" requires at least two "predicate acts." Id.; 18 U.S.C. § 1961(1),(5). The sparse allegations in paragraph 12 fail to state a RICO claim.

28. **Classification**. Finally, paragraph 13 of claim 8 alleges that staff members failed to identify plaintiff as a special needs inmate and failed to classify him for proper housing. The claim does not name any individual who failed to take the alleged action.

Further, plaintiff, as an inmate, has "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Each of the paragraphs in claim 8 contain allegations that are frivolous and fails to state a claim upon which relief may be granted. Therefore, the court will dismiss claim 8.

29. **Claim 11**. In the original complaint, claim 11 raised a claim under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 794(a), and alleged a disability attributable to mental illness and severe emotional disability. Plaintiff was allowed to proceed with claim 11 in his original complaint against CMS and FCM, but was not allowed to proceed against any individual defendants. Amended claim 11 alleges, beginning December 1, 1999, a denial or omission of plaintiff's disability rights. Claim 11 as re-alleged contains labels and conclusions, does not rise to the level of a constitutional violation, and it appears is barred by the two year limitation period. Therefore, the court will dismiss claim 11 as re-alleged.

30. **Claim 12**. Claim 12 alleges obstruction or denials to proper access to the courts. As is well known, persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The court previously allowed plaintiff to proceed against Johnson in claim 12 in the original complaint. Plaintiff has amended claim 12 to add more detail to the claim. Some of the allegations fall outside the limitations period. For example, in paragraph 1 plaintiff alleges that Johnson denied him access to the courts from

-15-

December 1, 1999 to December 31, 2006, in paragraph 13 he alleges that from March 23, 2002 to August 7, 2002, Johnson worked in harmony with Kobus and Burris to deny him access, and in paragraph 17 plaintiff alleges that Johnson violated his rights from December 1, 1999 to March 2001. The claims that occurred prior to May 9, 2004, are barred by the two year limitations period and, therefore, the court will dismiss those claims in paragraphs 1, 13, and 17.

31. Paragraph 23 alleges that defendants Kobus, Burris, Snyder, Brady, Taylor, Howard, and Taylor, as Johnson's supervisors, are in on the conspiracy (apparently to deprive plaintiff of access to the courts). The paragraph alleges corruption, failure to have proper policies and procedures, official oppression, abuse of process, stealthy encroachments, unnecessarily broad conduct and more. Initially, the court notes that, once again, plaintiff has pled labels and conclusions.[5] Moreover, it is evident that paragraph 23 is raised against the named defendants in their supervisory capacity.

32. **Respondeat Superior**. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378

_____

[5]The "For All Claims" section, found at pages 23 through 26, contains several generic claims aimed at supervisory defendants. The allegations contain formulaic recitations of the elements, labels, and conclusions, without supportive facts.

(1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128

Fed.Appx. 240 (3d. Cir. 2005). Plaintiff's general and conclusory allegations fail to

adequately allege that the above mentioned supervisory officials were the "driving force

[behind]" the foregoing list of alleged violations. Notably, paragraph 23 fails to allege

that these defendants were aware of plaintiff's allegations and remained "deliberately

indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the court will

dismiss paragraph 23 of claim 12. Plaintiff will be allowed to proceed against Johnson

on the remaining paragraphs in claim 12.

33. **Claim 17**. Claim 17 alleges illegal censorship of legal mail. It fails to state a

claim for a number of reasons. The majority of the allegations in claim 17, particularly

paragraphs 4 through 9, complain about the denial of grievances. As already

mentioned, plaintiff cannot maintain a constitutional claim based upon his perception

that his grievances were not properly processed, investigated, or that the grievance

process is inadequate. Paragraphs 1 and 10 complain that plaintiff was denied his

legal mail and made multiple requests for its return, but does not allege when the acts

allegedly took place. Finally, paragraph 2 complains that, on or about 2004, plaintiff's

legal books were returned to a publisher without his knowledge. The date does not

sufficiently apprise defendants when this alleged action took place and the claim may

be barred by the two year limitations period. Therefore, the court will dismiss claim 17

as frivolous and for failure to state a claim upon which relief may be granted.

34. **Claim 19**. Claim 19 consists of 44 paragraphs and is captioned "inhumane

or unprofessional prison conditions as necessities of life in plaintiff's status as a ward of

the state." It contains general conditions of confinement allegations as well as a litany of complaints unrelated to a conditions of confinement claim. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

35. Most of the paragraphs in claim 19 fail to indicate when the alleged violations occurred, and none allege that prison officials knew or were aware of an excessive risk to inmate safety. Despite its length, plaintiff's complaints do not rise to the level of constitutional violations. For example, and without reciting all the paragraphs, plaintiff would like internet access, free commissary items, care packages, unrestrictive and free telephone use, family picnics, and a job. As with other claims, plaintiff refers to December 1999 as the date when the alleged constitutional violations began, without providing a specific date. Also, as in other claims, many of the allegations speak to the issue of the denial of grievances. Based upon the foregoing, the court will dismiss claim 19 as frivolous and for failure to state a claim upon which relief may be granted.

-18-

36. **Motion for injunctive relief**. At the same time plaintiff filed his corrected second amended complaint, he also filed a motion for preliminary injunction and temporary restraining order. (D.I. 47) The motion, like plaintiff's other pleadings, is all-encompassing and speaks to the issues raised in the corrected second amended complaint that will be dismissed by the court. When considering a motion for a temporary restraining order or preliminary injunction, a plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998). In light of the fact that the court will dismiss most of plaintiff's claims, he has not demonstrated a likelihood of success on the merits. Therefore, the court will deny the motion.

37. **Conclusion**. Based upon the foregoing analysis, plaintiff's motion for preliminary injunction and temporary restraining order is **denied**. (D.I. 47) First Correctional Medical and Correctional Medical Services are **dismissed** as defendants. Plaintiff may **proceed** on the medical needs issues in claim 2 as follows: paragraph 2 against nurse Nancy Doe and Jane Alie; paragraph 5 against defendants Doe XLIV and XIV; paragraph 6 against nurse Doe III, Doe IV, and Carroll; paragraphs 6 and 9 against Pierce; paragraphs 6, 9 and 10 against Malaney; paragraph 9 against Rodweller, Gordon and Howard; paragraphs 9 and 10 against Chucks; paragraph 10 against Does XLVIII, L, and XLIX; and paragraph 16 against Doe LI. The remaining claims in claim 2 are **dismissed**. Plaintiff may proceed against defendant Johnson in claim 12, with the

exception of the claims raised in paragraphs 1, 13, 17, and 23. Those claims are **dismissed**. Finally, claims 3, 4, 6, 8, 11, 17, and 19 of the corrected second amended complaint are **dismissed**. All claims that have been dismissed are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Amendment of the dismissed claims would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir.1976).

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. The portion of the court's November 13, 2007 order (D.I. 44) providing for service is **vacated**.

3. When plaintiff learns the identity of the remaining Doe defendants, he shall immediately move the court for an order directing amendment of the caption and service of the corrected second amended complaint on them.

4. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide **original** "U.S. Marshal-285" forms for **defendants Thomas Carroll, Paul Howard, David Pierce, John Malaney, Jane Alie, Deborah Rodweller, Oshemka Gordon, Ihoma Chucks, Edward Johnson, and Nurse Nancy Doe**, as well as for the **Attorney General** of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. 10 § 3103(c). **Plaintiff shall provide the court with copies of the corrected second amended complaint (D.I. 46) for service**

-20-

**upon the remaining defendants and the attorney general.  Plaintiff is notified that the United States Marshal will not serve the corrected second amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the attorney general within 120 days of this order may result in the corrected second amended complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

5.  Upon receipt of the form(s) required by paragraph 4 above, the United States Marshal shall forthwith serve a copy of the corrected second amended complaint (D.I. 46), the orders dated August 21, 2006, May 9, 2007, September 17, 2007, and November 13, 2007 (D.I. 12, 37, 40, 44 ), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

6.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

7.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the corrected second amended complaint within **sixty (60) days** from the

-21-

date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

8. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

9. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

10. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE