**\*AMENDED ALD-114**                                                             February 5, 2008
                                                                                  January 25, 2008

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **07-4092**

DETLEF F. HARTMANN

    VS.

COMMISSIONER ANDREA MAYBEE-FREUD, ET AL.

    (D. Del. Civ. No. 06-cv-00340)

Present:    SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

    Submitted are:

    (1)    By the Clerk for possible dismissal due to a jurisdictional defect;

    (2)    By the Clerk for possible dismissal under 28 U.S.C. § 1915(e)(2)(B);

    (3)    Appellant's jurisdictional response;

    (4)    Appellant's Motion for the Recusal of Judge Jordan and Magistrate Judge Thynge;

    (5)    Appellant's Motion for Expedited Review of this Case, which the Court may wish to construe as a motion for an expedited appeal and for counsel;

    (6)    Appellant's Motion for a Preliminary Injunction and Restraining Order;

    **\*(7)**    **Appellant's Motion to Expedite an Emergency Temporary Restraining Order and Preliminary Injunction;**

    **\*(8)**    **Appellant's Motion to Hear Temporary Restraining Order and Preliminary Injunction Due to Obstruction of Justice by Lower Court; and**

DETLEF F. HARTMANN
    VS.
COMMISSIONER ANDREA MAYBEE-FREUD, ET AL.
C.A. No. 07-4092
Page 2
_____

        *(9)    Appellant's Motion for Appointment of Counsel

        in the above-captioned case.

                              Respectfully,

                              Clerk

MMW/EGL/pdb

_____O R D E R_____
The foregoing appeal is dismissed for lack of appellate jurisdiction. The Magistrate Judge's order entered September 17, 2007, is not a final order under 28 U.S.C. § 1291, and appellant must seek review of that order in the first instance by appealing to the District Court. See United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co., Inc., 828 F.2d 1001, 1006-07 (3d Cir. 1987); Siers v. Morrash, 700 F.2d 113, 114-15 (3d Cir. 1983). Appellant's motion for recusal is unnecessary as to Judge Jordan, who did not participate in this decision. As it pertains to Magistrate Judge Thynge, the motion is denied because recusal is an individual matter. Even if the motion were construed as a petition for a writ of mandamus seeking Magistrate Judge Thynge's disqualification, the motion does not show grounds for relief. Appellant's remaining motions are denied. The denial of appellant's motions for injunctive relief is without prejudice to his right to seek such relief from the District Court in the first instance. See Fed. R. App. P. 8(a)(1).

                              By the Court,

                              /s/   Dolores K. Sloviter
                              Circuit Judge

Dated: February 7, 2008
PDB/cc: Mr. Detlef F. Hartmann

A True Copy:

Marcia M. Waldron, Clerk