IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-340-SLR |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| EDWARD JOHNSON, PAUL HOWARD, | ) |
| DAVID PIERCE, JOHN | ) |
| MALANEY, NURSE NANCY DOE, | ) |
| JOHN DOES III, IV, XIV, XLIV, XLVII, | ) |
| XLIX, L, LI, JANE ALIE, DEBORAH | ) |
| RODWELLER, OSHEMKA GORDON, | ) |
| and, IHOMA CHUCKS, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 5th day of March, 2008, having considered the pending motions;

IT IS ORDERED that:

1. **Motion to Add Defendant.** Plaintiff's "motion for caption addition" is **denied**. (D.I. 49) Plaintiff seeks to add as a defendant Perry Phelps ("Phelps"), the new warden at the Delaware Correctional Center. Plaintiff was advised on January 22, 2008, that "[n]o further amendments will be allowed except that plaintiff will be given leave to amend if he identifies the remaining Doe defendants." (See D.I. 48)

2. **Appointment of Counsel.** Plaintiff's motion for appointment of counsel (D.I. 51) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

    3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

    4. In his motion for appointment of counsel, plaintiff states appointed counsel is required because he is a mentally and emotionally disabled person qualified under the Americans with Disabilities Act and the Rehabilitation Act. (D.I. 51) Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time because plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel.

5. **Motion for Temporary Restraining Order and Preliminary Inunction**. Plaintiff's motion is **denied**. (D.I. 49) Plaintiff moves for injunctive relief against Phelps on the basis that, pursuant to prison rules, Phelps will only permit an inmate one cardboard box of legal materials per cell. Plaintiff contends that he has plenty of room under his bed to store the materials.

6. Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 527 (1979). The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's determination that only one box of legal materials is allowed per cell.

*[signature]*
UNITED STATES DISTRICT JUDGE