In the District Court of Delaware
of the United States

Detlef F. Hartmann, Plaintiff,

v.

Beau Biden, Jr., et.al., Respondents,

District Case No. 06-cv-00340-SLR

<u>Motion For Change of Venue and Recusal of District
Court from this Case</u>

Request this District Court remove itself from this case and
forward case to Third Circuit because of:

1. Obvious conflict of interest to duty,
2. ~~to be~~ neutral and objective court needed,
3. ~~to be a~~ protected of laws for equal justice,
4. Discriminatory Nature to this Plaintiff and case,
5. Prejudicial rulings,
6. Towards membership(s) of protected class(es) He is in't not
   being protected by law,
7. Malicious or reckless indifference to imminent or ongoing
   damages to Plaintiff, et.al.,
8. Undermines pro se case,

and other issues which Plaintiff can not yet bring due to problems mentioned in
the record.

Dated: May 13, 2008

Sincerely,

[signature] SBI 229843
DCC, 1181 Paddock Rd, T2-10
Smyrna, DE 19977-3474

RO scanner

FILED
MAY 19 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1 of 3

Venue Change ✓

## Change of Venue

Appeals court reviews the question of whether District Court acted with the intent to obstruct justice for clear error. See United States v. Chavarria, ___ F.3d ___, 2004 WL 1551371 (5th Cir, July 12, 2004).

The court is permitted to use circumstantial evidence to find that a [party] engaged in a conscious and deliberate attempt to obstruct or impede the administration of justice. The Court may draw all reasonable inferences from the evidence. United States v. Khedr, 343 F.3d 96, 102. (2nd Cir, 2003).

Is it reasonable to infer that District Court that its generalized, or premature denials attempted fraud upon Plaintiff to lessen the case load with inferrential conduct in its Orders hoping Plaintiff could not bring His claims, even while He is under such severe malicious or reckless indifference conditions to His rights and alike, was done with the intent to obstruct justice? It is define in Plaintiffs eyes, as can started to be seen in this Brief. The obstruction of justice is enhanced when clear precedence exists, and many prejudicial and/or discriminatory replies due to Plaintiffs member of certain classes, inmate, disable complete ignored, and fails to address systemic, pattern and practice, and totality of conditions as to cover-up those serious conditions.

District Court appears partial to State.

Dismissal
Premature Change of Venue

## Change of Venue

Court's failure to investigate the laws or alike, due to conflict of interest - failure to do duty - or alike, is in violation of Constitutional guarantees named, and to be named due to disabilities and handicaps, but incapable by Plaintiff due. Failure to do duty by District Court added to prejudice in this case in light of Plaintiffs obstructions or denials to proper, ethical conduct by a court.

District Court's failure to allow building foundation for each claim, by dismissal, prejudiced Plaintiff by further delays to correct develop each claim as needed and to keep it short in Second Amendment to NOT exceed abused discretion by a page limit, denying completeness of claims, and denying claims not in Second Amendment.

District Court had not informed Plaintiff that he could not amendment anymore after second amendment. Endless amendments is an exaggerated response, unprofessional, especially when so many repulsive conditions exist to deny Plaintiff 'proper' access to the courts, which obstruct all claims and cases.

District Court, as Defendants, denies proper ability to investigate, develop evidence, and present case properly by deliberate indifference to the laws, human, ethical, and professional rights of Plaintiffs, and the classes he is in, and for those similarly situated who have NO voice effectively.

3 of

Change of Venue To Circuit Court or other District Court Due To Delaware District Court Prejudices as conflict of interest to duty As An Adverse Interest to Plaintiff, et. al., to Attain the Interests of Justice


District Court Judges may Not be a judge in their own case and no person is permitted to try cases where s/he has an interest in the outcome (In re Murchison, 75 S. Ct. 623 (U.S. Mich. 1955)) as shown in Plaintiffs' motions or alike since the District Court Orders for this district case No 06-340, when obstructions to proper and precedential access to information, equipment, tools and courts are NOT removed for this Plaintiff to be able to communicate to a court, and where an appearance of prejudice or bias exists towards prison condition claims, pro se, indigent, disabled, and/or inmate.
     District Court's personal feelings shown by their Orders against this Plaintiff, and at least one other, because of class membership, type of _Civil Complaint_, or alike denied Plaintiff a professional, neutral, ethical, and objective court, causing partiality shown in its Orders. 28 USCA §§ 144, 455(b)(1). If necessary, disqualifying bias or prejudice source is to be determined if it is personal or from extrajudicial source. Clear inability to show fair judgment has been shown to be reasonably be questioned of the high degree of favoritism to deny claims prematurely from a pro se plaintiff with blatant obstructions to proper and precedential access to information, equipment, tools, and the courts as all other parties have to a court.

1 of 3

District Court representatives falsely represented legal claims from [about] this facility under these Defendants causing Plaintiff damages contrary to what is proper and/or precedential by His legal guardians failing to protect, preserve, improve, and cause no damage on this ward-of-state. District Courts' conduct supports and assists Defendants conduct, showing conspiracy and corruption among them by fraudulent representations causing damages to continue to Plaintiff, and this and his families interests, as members of legally protected classes.

District Court knowingly attempted to represent dismissed claims, generally, in a false light for the purpose of inducing Plaintiff to rely upon it to be defrauded and allow the damages to continue and rights, privileges, immunities and/or entitlements to be denied for Him and his family. Had Plaintiff NOT been as diligent as He is to start to research this prejudice, District Court would have been getting away with this conduct probably again. Proper investigation of prior cases may show, and probably will because of such blatant assistance to do damage upon an oppressed person incarcerated.

For a fraudulent and deceitful cause of action, thus we have, actual misrepresentation, intended by maker to cause Plaintiff to act in reliance on each such representation, extending his case to get relief especially for the irreparable damages ongoing to Him and the Districts' blind eye right over them. Plaintiffs' justifiable reliance [ on authority ] on each representation, and the damages on Plaintiff and his family include actual legal injuries to delay

relief, bring other claims blocked sofar, and temporary restraining order and injunction needed to be brought to stop certain ongoing or imminent irreparable damages upon Plaintiff and/or his family needing to be brought but Plaintiff has not yet been able to bring. Thus, those damages are still ongoing; an obvious requirement to appoint counsel immediately.

Petitioner Dettlef F. Hartmann, Plaintiff of case 06-340 in District Court hereby affirms as an affidavit that Judge Robinson as a representative of the District Court of Delaware for the United States of America has a personal bias or prejudice against Plaintiff stating that His Reply Brief dated May 14, 2008 shows the prejudices and reasons for the belief that such exists, thus, the District Court against whom it is filed cannot pass on the truth of those matters alleged.

Request this Court cause recusal [or injunction in appeals court or alike] in the interest of justice and future justice because of prejudice in this case and probably other similar cases of the similarly situated which make, at least, declaratory relief unavailable for proper prison conditions.
Azuko v Roal, C.A.3 (NJ) 2006, 443 F3d 302.

Local Delaware remedy is inadequate or ineffective to test the legalities. These fundamental defects inherently result in miscarriage of justice, or are so inconsistent with fair procedure or conduct by a court of the United States of America which I support as a patriotic citizen with the interest in proper homeland security.

Sincerely,

Dettlef Hartmann

Dated: March 14, 2008

DCC, Smyrna, DE 19977

3 of 3

# Certificate of Service

I, _Detlef F. Hartmann_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Motions For: 1. Change of Venue and Recusal of District Court_

_From this Case, 2. TRO and Injunctions and Appointment of Monitor, 6._ upon the following

parties/person (s): _3. Appointment of Counsel, 4. Caption Change 5., Find and_
_Order On Discovery Motion to Identify Defendants as Doe or alike,_

TO: _U.S. District Court_                    TO: _6. Reply Brief to District Court_

_For the State of Delaware_                    _Orders, Appendix A + B_

_844 KING Str._                    _7. 30 Day Extension_

_Lockbox 18_

_WILMINGTON, DE 19801_

TO: _Office of the Attorney General_        TO: _____

_820 N. French Str_                    _____

_WILMINGTON, DE._                    _____

_19801_                    _____

_____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _14th_ day of _May_ ,200_8_

I/M: Dottey Hartmann
SBI# 229843   UNIT 72-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail
Legally Protected

U.S. District Court
For the State of Delaware
844 KING STR.
LOCK BOX 18
WILMINGTON, DE 19801