In The United States District Court
For The District of Delaware

Detlef F. Hartmann, Plaintiff,

v.

Beau Biden Jr., (all Defendants in their official positions also),
Jane Brady, Stanley Taylor, Paul Howard, James Welch, Robert
Snyder, Thomas Carroll, Elizabeth Burris, David Pierce,
Francine Kobus, (Mike) Little, Edward Johnson, (John)
Melbourne, (Jane) Thompson, Michael Mc Creanor, Lise M.
Merson, R. Vargas, Evelyn Stevenson, (J. Does(s) to L X        ),
Joyce Talley, Carl Hazzard, (Jane) Henry, (John) Scranton,
Nikita Y. Robins, Janet Lebar, Michael Knight, (John)
Malaney, (Jane) Alie, Deborah Rodweller, Gail Eller,
Cahenka Gordon, Brenda Heddinger, Nancy (Doe), R. W.
(Doe IV), Ihoma Chucks, Larry A. Linton, Kimberly
Weigner, Anthony R. Cummuli, Correctional Medical Services,
First Correctional Medical, (J.) Dunn, (Jake) Rogers, (J.) Plante,
(J.) Wolken, (J.) Kratra, Crystal (Doe), & Frederick
Van Dusen, (J.) Harris, Frank Pennell, (John)
Holsterman, Division of Family Services - Kent County, and
Director, Delaware Services For Children, Youth, and their Families,
and Director Commissioner, Solicitor General - US Dept of Justice,
N. A. M.I., Board Members, and N. A. M. I., The Arc of Delaware and
its Board members, Delaware Disabilities Council and Board members,
Disabilities Law Program and Board members, Governor's Advisory
Council for Exceptional Citizens and the its Board members,
State Council for Persons with Disabilities and Board members.

---

C. A. No. 1:06-cv-00340-
SLR

Civil Rights Complaint
pursuant to 42 U.S.C. &
1983, and others to be
determined, also the
American Disabilities Act,
Rehabilitation Act, and
R. I. C. O. violations.

(Reply Brief to District
Court Orders Attached)

---

Jennifer (Doe)(nurse)
(Jane Doe LXXIII)(nurse - Midnight
Shift)


FILED
MAY 19 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

No scann 1

①

## Index of Reply Brief

| Subject | Page(s) | Subject | Page(s) |
|---|---|---|---|
| Opening | 2 | Bivens v. Fed. Tort Act | 59 |
| Introduction | 3 | No ADA + RA | 59 |
| Reply Brief for Judge Robinson | | Memorandum Orders: | |
| Memo. Order Jan 17, 2008 | 4-10 | Pg 5 - Defendants Dismissed | 60 |
| Defendants Job Descriptions | 11-14 | Pg 6 - Caption Correction | 61 |
| Defendants DOC/Employer/ed | 15 | - Supervisors Liability | 62 |
| Defendants Contractors | " 16 | - Dismissal, Imminent Danger, | |
| Defendants Other | " 17 | Irreparable Harm | 64 |
| Reply to Orders | 18 | Pg 6,7 - Grievances | 65-68 |
| Legal materials needed | 21-23 | Pg 7,8,9 - Limitations | 69-82 |
| Injunction Needed | 24 | - Time of Discovery Rule | 74 |
| Legal Materials Cases | 25-32 | - Continuing Treatment Doctrine | 74 |
| Reply To Memo. Order | 33 | - Equitable Tolling | 75-82 |
| Legal Materials | 33-35 | Pg 9, 10 - Copays | 83-85 |
| Medical Care Injunction | 36 | Pg 10, 11 - Health Care | 86 |
| Injunction + Master | 37 | Pg 11 - HIPPA, Privacy Rights | 87 |
| Pg 2 = Add Defendants | 38+39 | Pg 12 - Dental Inadequate | 87-89 |
| Pg 2+20 = Frivolousness | 40, 51 | - Health Treatment Meds | 90 |
| - Amendments Allowed | 41-47, 55+56 | - Health Specialists | 94 |
| - Dismissals Premature | 48-50, 53+54 A+B | - Medication | 95 |
| - Mail Order Materials | 51 | - Optometry | 96 |
| - Prejudice | 52 | Pg 13, 14 - Mental Health | 97-102 |
| Pg 2+3 = Rico, Cure prejudice | 57 | - Disabilities Groups | 102 |
| - No equal protection | 58 | - Boards/Commissions | 102 |
| American Disabilities Act | | Pg 14 - RICO | 103 |
| Rehabilitation Act | | | |

| Subject | Page(s) |
|---|---|
| Pg 14,15 - Classification | 104 |
| 15 - ADA/RA | 105 & 107 |
| 15,16 - Access to the Courts | 108 |
| 17 - Legal Mail Censorship | 109 |
| 17,18 - Necessities of Life | 110 |
| – First Amendment Rights | 111 |
| – Privacy Rights | 112 |
| – Treatment, Rehab, Restoration | 113 |
| – Classification, Overcrowding | 113 |
| – ADA/RA | 114 |
| – State Agencies Cooperation | 114 |
| – Family + Marriage Rights | 114 |
| – First Amendment Rights | 114 |
| – Inmate Private Property | 115 |
| – Vendors | 116 |
| – Admin. Proc Acts + Laws | 117 |
| – Opposite Sex Supervising | 117 |
| – Business/Profession | 117 |
| – Family Rights | 117 |
| – Mental Health Care | 118 |
| – Humane Treatment | 118 |
| – No Work | 118 |
| – Hiring unqualified State Employees | 118 |
| – Threats to Confess | 118 |
| – Lack of Policies/Proc's | 119 |

| Subject | Page(s) |
|---|---|
| Nutrition Diet Renal | 120 |
| No Bathroom Privacy | 121 |
| Lack Ventilation | 121 |
| Lack of soap | 121 |
| Excessive Noise | 121 |
| Lack of Clothing | 121 |
| Lack of Psych Maintenance Well-being | 121 |
| Pg 19 - Injunction/TRO | 122 |
| Pg 20 - Discovery to Identify Defendants | 123 |
| – Lack Professional Aids | 124 |
| – Photocopies | 124 |
| Pg 22 – Counsel Appointment | 125-130 |
| – Prejudice a case | 131 |

## Opening

Request prior two District Orders be set aside or vacated for the following reasons under Rule 59 or 60?

Request permit to amend with leave of court ( 463 F.2d 831, 835)
for the following reasons? because justice so requires.


This correcting Brief should be allowed due to Plaintiffs' mentally diminished capacity which is an actual procedural default, not yet been corrected for. _Mathonia v. Delo_, 99 F.3d 1476, 1480-8 (8th Cir. 1996. By a court.

This Plaintiff also has physical disabilities, which custodians continue to allow CMS + FCM to act deliberately indifferent to, so that no prevention, no diagnosis, and no treatment is provided.

All these caused by Defendants/custodians under other claims which effectively deny this Plaintiff precedentially required timely, equal, effective, meaningful, capable, adequate, and fundamentally fair access to the courts in all his cases, and as can be seen by this case, and Plaintiffs incapability to put it all together for this court to accept all claims. And actual legal injuries from these prison conditions

Failure to state a claim under Rule 12 (b)(6), parties may submit affidavits and other materials to the court. _Ford Motor Co., v. Summit Motor Prods., Inc._, 930 F.2d 277 (3rd Cir.1991). Therefore, these materials in this Brief.

## Introduction

This State interest [and federal], as parens patriae, in protecting citizen's interest when the citizen is incapable of protecting those interests himself. Rennie v. _____, 720 F. 2d at 273. Plaintiff is obviously not able to, and is incapable.

Please excuse any repetition and Plaintiff's incapabilities in this Brief, and the record.

It is not appropriate to completely defer to prison administration. (Caldwell v. Miller, 790 F2d 589, 596). And courts must carefully scrutinize prison restrictions that effect an inmate's free exercise right to ascertain the extent to which they are necessary to effectuate the legitimate policies and goals of the corrections system. Childs v. Duckworth, 705 F2d at 920. Hands-off custom is prejudicial and discriminatory contrary to clearly established law.

This Reply Brief is to mainly show the clearly established laws to not dismiss claims prematurely as done, and for Amendments to correct anything. This Reply Brief will start to show how claims was dismissed are not futile. Extension will provide time to show why more dismissed claims are not futile.

Overt acts or similar conduct, as for pattern and practice by Defendants indicate existence of conspiracy, as does systemic or systematic.

Defendants and others conceal information and causes of action adding to these incomplete documents from Plaintiff, prejudicing this case due to unequal footing and access.

Plaintiff continues to be denied His fundamental fairness doctrine rights, entitling to dignity as can be seen herein and the record.

2

<u>Reply Brief To Judge Robinson's Memorandum Order</u>
<u>Dated Jan. 17, 2008</u>

Request this Honorable Court accept these following information as an explanation or expansion of record or alike in the interest of justice, to prevent manifest injustice, appeal, for atleast, due process and equal protection of the laws for Plaintiff, and as a member of classes.

Reference <u>Order</u>, pg 1+2, why was temporary restraining order denied and preliminary injunction also? what else is needed for Granting? Plaintiff has disabilities, incapebilities, and handicaps created by Defendants; see record.

<u>Correctional Medical Services</u> and <u>First Correctional Medical Services</u> were left off caption, my mistake. Violations by Defendants are so broad and wide, and are part of systemic, pattern and practice, and totality of conditions.

Because of Plaintiffs incapebilities this information should be allowed to not further prejudice Plaintiff, because of his incapebilities which stand in the way of due process and equal protection of the laws,

4

which allows these Defendants to continue, systemically to get away with their violations and damaging conduct contrary to humane, ethical, legal, and/or professional standards required to be followed by them as a minimum.

Reference page 3: Memorandum Order ~~item~~ appeal was dismissed as another actual legal injury to Plaintiff, and others, because he could not get the needed information from the law library due to its continuous, systemic deliberate indifference to Plaintiffs Constitutional rights also by limiting access time to information to a damaging level to Plaintiff so that Plaintiff can not get proper and precedential access by law.

Length of amended complaint was partially needed, because of the massive, systemic problems in this State.

Continuous striking of Plaintiffs past motions shows and confirms incapability, and destructively damaging conditions Plaintiff is under requiring appoint of counsel. Thus, Plaintiff continues to prejudiced, discriminated against and denied his, and others, Constitutional rights, humane, ethical, legal, and/or professional rights from ~~the~~ District Court.

Saying Plaintiff was competent enough, shows obvious conflict of interest to duty and to uphold the laws of the land.

Reference pg 5, item 8: The generic allegations are added facts because of the many subclaims to each claim to shorten each claim to fit the wrongful 5 page limit for each subclaims of a claim, where only 'short and plain' is legal requirement when party can possibly do it. Thus, Plaintiff had to make general subclaims and claims to try to catch all the violations within each one due to page limit given in this most unusual and complex case involving conspiracy and corruption among state employees. This was the most efficient way this Plaintiff to start expanding / presenting the case. Thus, older claims should not have been prematurely dismissed due to totality of conditions, continuous pattern and practice, systemic abuse and exploitation

of Plaintiff, and those as one of those members of protected classes shown.

Apparently, District Court fails to include the element of each claim from pages 23 to 24, to short the Complaint and Amendments to less page numbers, to avoid length. But, apparently District Court did not want that which would require more pages. Therefore, Plaintiff is beggiled about the double standard, conflicting each other. Thus, this action prejudiced Plaintiffs case and damages occurring to Him, and adds to showing of antagonism to Plaintiffs case.

Reference pg 6, item 9: These names of Defendant were accidentally due to Plaintiffs incapabilities missed to be added to caption and section listing Defendants and Parties. Attached corrected Complaint is attached.

item 10: paragraph 1: Should they be allowed because they denied medical services, not just grievances violations of procedural due process? which are atleast FIRST Amendment violation of the U.S. Constitution, but also EIGHTH Amendment violations because of continuing cruel and unusual punishment in this alleged ever more modern, evolving standards of an ever civilized and decent society, which is NOT yet available here for Plaintiff, and as a member of classes.

And violate other rights Plaintiff has as per Patients Bill of Rights to be totally informed about his conditions of health, to be allowed to be totally part of His health care, knowingly, intelligently, and voluntarily.

Medical Grievance claims as the add to the agrieve thought things, where medical staff denies or delays or omits issue(s) wrongfully are surely still medical claims for Claim 2? Grievance claims involving DOC, PCC security staff or administration could be moved to Claim 19-____, for grievance procedure violation causing serious health problems to Plaintiff? legal assistance needed,

showing counsel should be appointed or Plaintiff, et. al., continue to prejudiced and discriminated against because of class (so) membership, contrary to precedential law, humane, ethical, and professionalism.

(Claim 2 subclaims) containing two violations, wrongful denial or alike of proper health, to serious health need; and some kind of procedural due process violation by not following grievance system and purpose to provide proper relief; those that contain medical and DOC staff for Claim 2 and Claim 19, grievances violations:

1., 2., 4., 6., 9., 10., 12., 13., 17., 19..

Those that contain medical staff only for Claim 2 violations:   16.

Those that contain DOC staff only for Claim 19 violations: 3., 7., 11., 14., 15., 18..

Plaintiff is not able to recopy by hand or otherwise, these claims in time for attached Civil Complaint with court orders correction.

Reference pg 6, item 10: Paragraph one, should it be approved claim because it involves medical staff deny or delay serious medical need?

Paragraph two, why was Wilber dismissed when she is part of medical staff deliberate indifference?   Mimm and Messor, unless they are the same person, are DOC staff; thus this claim maybe should be moved to Claim 19 - Grievances per Court decision on grievances.

Paragraph five: Good

Paragraph six: Why were other Defendants dropped when they were part of systemic, deliberate indifference to serious medical needs? Medical Staff Gordon, Plante, Rodweller, (J, Doc V+VI), Robins. Doc Howard. Paragraph nine: Why was Kearn Dunn dropped when she is part of the medical staff involved?   Menon and Welsh claim can be moved to Claim 19 - Grievances.

Leaving these following paragraphs in question:

Paragraph four: Where medical staff denies serious medical need, Doc staff part get moved to Claim 19 - Grievances.   Can this claim be approved that way?

7

Paragraph seven: Gets moved to Claim 19 - Grievances, DOC staff.

Paragraph eight: CMS staff denied serious medical need for non-disabling medication, denying Plaintiff ability to do daily, major life activities like work and exercise for health.

Paragraph nine: DOC staff, Merson and Welch can be moved to Claim 19 - Grievances, Kuhn should have been appeared as Defendant of medical staff. Paragraph ten: Doc/DCC staff (J. Doe ~~XXX~~) all claim gets moved to Claim 19 - Grievances, Rest are medical staff denying serious medical need; why would that be dismissed?

Paragraph eleven: In DOC/DCC staff, claim gets moved to Claim 19 - Grievances.

Paragraph twelve: Illegal co-pays for indigent ward-of-state, is the issue; not the forced taking of a co-pay. Plus, the amount of co-pay is not equal percentage as that for state employees, but much higher for some inmates as Plaintiff indigent; thus as high as 600% as that of state employees, thus abuse and exploitation of wards of state, and made indentured servant.

Paragraph thirteen: On ~~or~~ and about 11/10/2005, Plaintiff was forced into signing for prescription glasses, and that He would be responsible for any maintenance or repair cost contrary to state law; custom was illegally implemented by (Jane Doe LXIV). Her supervisor° (LXVI) ~~failed to~~ failed to do her duty ~~to~~ ensure that LXIV followed policy and procedures. DCC employee McCreanor claim is moved to Claim 19 - Grievances.

Paragraph fourteen: Claim moved to Claim 19 - Grievances.
Paragraph fifteen A: Same as above fourteen.
Paragraph fifteen B: Highly contagious MRSA diseased inmates

8

housed among high risk group, and Plaintiff when hospitals put such diseased persons in separate rooms, but here in T2 bldg, unofficial medical ward so that medical ward requirements can be covered-up, about March 2007, contrary to professional practice by medical staff Crystal, Van Dusen, Stevenson and Welch. ~~Claim for Stevenson~~

Paragraph sixteen: Contains Defendant (who), (what) foot pain severe, (when) 4/29/04, for pattern and practice, systemic deliberate indifference, and totality of conditions, (where) is known DCC, (How) by denial of right to have severe pain treated as a serious medical / health need.

Paragraph seventeen: this claim moved to Claim 19-Grievances.

Paragraph eighteen: Two claims, denial of privacy to medical info or however that claim needs to be legally made. And security staff IGC, institutional grievance chair / committee continue to be deliberately indifferent to timely medical services by delaying or denying grievances when medically unqualified - this Claim moved to Claim 19 - Grievances.

Paragraph nineteen: Plaintiff needs legal counsel to properly make this claim for this Court for obvious systemic deliberate indifference to proper and precedential legal conditions for Plaintiff, as started to show in the record. Failure to appoint so far obstructs justice for Plaintiff, and similarly situated, showing prejudice and discrimination towards Him, and similarly situated, in groups He is in.

Paragraph twenty: CMS, FCM show pattern and practice of systemic, historical deliberate indifference to proper and precedential medical / health conditions for Plaintiff, and similarly situated. DOC Commissioners, and others to be determined, continue to assist this RICO violation as organized crime in state government causing Plaintiff damages still, some irreparable. ~~Since~~ Since prior ~~etc~~

9

6

subclaim was insufficient, #20, counsel is obviously needed since District Court did not show what else was needed to make claim sufficient. Subclaim includes denial of laws and professional standards for proper 'care' to do NO harm to protected ward-of-state.

Paragraph twentyone: Counsel needed to make this claim proper for this Court District. ie DOC, CMS, FCM fail to report, no outside accountability, peer review, quality control by professionals in the medical and penology fields, to mental health statistics to State Mental Health Agency, and others to be discovered.

Paragraph twenty two: Jennifer (Doe) nurse for CMS, FCM, and Nancy (Doe) nurse for same, required sick call slips be mailed for emergency situations of severe pain to throat and spinal cord injury to Plaintiff deliberate indifferent to severe pain + suffering, at times of throat and spinal cord injury claims, when emergencies need to be treated right away.

inmate.

97. (J. Does LXIII) DOC Grievances Administrator, at time of this grievance, is responsible for managing all inmate grievances appeal at this level 3 professionally.

98. Correctional Medical Services (CMS) is/was responsible to provide all medical, dental, optometry, mental health services for plaintiff from Dec 1, 1999 to present, with short time take-over by First Correctional Medical (FCM).

99. First Correctional Medical (FCM) was responsible to provide all medical, dental, optometry, mental health services for plaintiff. for about 1 or 2 years since Dec 1, 1999.

100. (J.) Dunn, was a medical staff member for the medical contractor for the Delaware Dept. of Corrections who, at all times mentioned in this complaint/Amendments, was working at the Delaware Correctional Center Infirmary, responsible for all medical services be provided ethically and legally for all inmate.

101. (Jane) Rogers, was/is a medical doctor for the medical contractors for the Delaware Dept of Corrections who, at all times mentioned in this complaint/amendments, was/is working at the Delaware Correctional Center Infirmary, responsible for all medical services be provided ethically and legally for all inmates.

102. (J.) Clante was a medical staff member for the medical contractor for the Delaware Dept of Corrections who, at all times mentioned in this complaint/amendments, was working at the Delaware Correctional Center Infirmary, responsible for all medical services be provided ethically + legally for all inmates.

103. (J.)  <u>Wolken</u>, was a medical staff member for the medical contractor for the Delaware Dept. of Corrections who, at all times mentioned in this complaint / Amendments, was working at the Delaware Correctional Center Infirmary, responsible for all medical services be provided ethically and legally for all inmates.

104. (J.) <u>Kratsa</u>, Job and duties unknown except for member of medical staff CMS, at least.

105. Crystal <u>(DOE)</u>, was a medical staff member for the medical contractor for the Delaware Dept. of Corrections who, at all times mentioned in this complaint / amendments, was working at the Delaware Correctional Center Infirmary, responsible for all medical services be provided ethically and legally for all inmates.

106. Dr. (John) Van Dusen, was/is a medical doctor for the medical contractor CMS for the Delaware Dept. of Corrections who, at all times mentioned in this complaint / amendments, was/is working at the Delaware Correctional Center Infirmary, responsible to provide all medical services be provided ethically and legally for all inmates.

107. (J.)  <u>Harris</u>, job and duties unknown, except for member of medical staff CMS, at least.

108. ~~Janet Leban~~, Frank Pennell, is/was chaplin, working fulltime, payed state employee, responsible to provide all religious services ethically and by law to all Delaware Correctional Center inmates, including marriage and family preservation and protection services, at all times mentioned in this complaint / amendments.

109. Defendant (John) _Holsterman_, is/was treatment supervisor for the Delaware Correctional Center who is/was responsible for all proper treatment services for inmates, at all times mentioned in this complaint/amendments.

110. Defendants (J. Does LX IV), in claim 2, issue 1, who were on the medical staffs between Dec 1, 1999 to 8/20/2005, who were responsible for providing all health information to prevent, diagnose and treat my conditions or symptoms.

113. Defendant (J. Doe L) in claim 2 - 10, was supervisor of DCC transportation for medical services outside of prison on Apr. and Sep 2006.

112. Beau Biden Jr., new state attorney general after Jane Brady is responsible that all state employees are properly trained, controlled, and supervised by law, and that they uphold the Governor Minner's _Memorandum of Understanding_ for 1 +
~~and will act upon to support and uphold the proper laws~~

~~113. (J. Doe L) is DCC security staff member responsible for~~
~~temp~~

114. (Jane Doe LXIV) CMS prescription medical glasses staff member responsible for getting prescription to Plaintiff as a member of ward-of-state.

115. Perry Phelps, new warden of DCC as of about January 2008.

116. DOC Board and Council members (J. Does L XV) are responsible for providing info like impact studies or info for alike to uphold laws that are or arise, to properly care for wards-of-state inmates, and detainees and parole and probationers.
(J. Doe L XVI)
117. CMS supervisor for prescription classes and CMS employee (Jane Doe LXIV), was responsible for any policy and procedure be properly upheld which affects Plaintiff, and as a member of inmate class.

118. The ~~the~~ Arc of Delaware and its Board members a alike are responsible for assisting disabled people in Delaware with their needs to uphold applicable

Reply Brief pg 13                    Corrected Second Amendment pg 14 continued

laws and alike. (J. Does LXVII)

119. Delaware Developmental Disabilities Council and Board members or alike have same responsibilities as 118. above. (J. Does LXVIII)

120. Disabilities Law Program and Board members or alike have same responsibilities as 118. above. (J. Does LXIX)

121. Governor's Advisory Council for Exceptional Citizens and Board members or alike have same responsibilities as 118. above. (J. Does LXX)

122. State Council for Persons with Disabilities and Board members or alike have same responsibilities as 118. above. (J. Does LXXI)

123. Delaware Dept of Mental Health, its commissioner, and its Board and Council members or alike are responsible for the public's mental health needs by law. (J. Does LXXII)

124. (J. Doe LXXIII) nurse for CMS or FCM, ~~responsible~~, responsible for Plaintiff's + inmates health care.

125. & Jennifer (Doe) medication nurse for CMS and/or FCM responsible for filling Dr's orders and deliver all medication to housing areas for inmates' at the prescribed time.

126. Mental Health Staff worker(s) (J. Does LXXIV) responsible for Plaintiff and inmates scheduling, counseling as requested by them.

Defendants
of Dept. of Corrections (continued)

| # | Name | Title | Place of Employment | |
| --- | --- | --- | --- | --- |
| | | | DOC | DCC |
| 88. | (J. Doe LVIII) | Inmate Housing Unit Supervisor after 6/3/2004. | | × |
| 89. | (J. Doe LIX) | Grievances Administrator 8/4/04 about and on | × | |
| 90. | (J. Doe LX) | Correctional Officer on and about 6/8/2002 | | × |
| 94. | Michael Knight | Kitchen/Food Services Administrator | × | |
| 97. | (J. Does LXIII) | Grievances Administrator | × | |
| 108. | Frank Pennell | DCC Chaplain | | × |
| 109. | (John) Holsterman | Treatment Supervisor | | × |
| 112. | Beau Biden, Jr. | New State Attorney General | State Attorney Generals office | |
| 113. | (J. Doe L) | DCC Medical Transportation Supervisor | | × |
| 115. | Perry Phelps | New DCC Warden as of about Jan 2008 | | × |
| ~~114.~~ | ~~(Jane Doe LXIV)~~ | ~~CMS prescription glasses medical staff~~ | | ~~×~~ |
| 116. | (J. Does LXV) | DOC Board and Council Members | × | |

## Medical Services Providers Employees (continued) and Companies

| # | Name | Title | Employer CMS FCM TBD | Working At DOC TBD DCC |
|---|------|-------|----------------------|------------------------|
| 86. | ( J. Doe (s) LVI ) | Dentists since J. Doe LII | X  X | X |
| 95. | (J. Doe LXI) | Optometrist Since De'99 | X  X | X |
| 96. | [ J. Does LXII] | Mental Health Staff on and about Apr '06 | X | X |
| 98. | Correctional Medical Services | Company | X | X    X and Home of |
| 99. | First Correctional Medical | Company | X | X    X and Home Office |
| 100. | (J.) Quinn | Medical Staff | X | X |
| 101. | (Jane) Rogers | Medical Doctor | X  X | X |
| 102. | (J.) Plante | Medical Staff | X | X |
| 103. | (J.) Wolken | Medical Staff | X | X |
| 104. | (J.) Kratsa | Medical Staff | X | X |
| 105. | Crystal (Doe) | Medical Staff | X | X |
| 106. | (John) Van Dusen | Medical Doctor | X | X |
| 107. | (J.) Harris | Medical Staff | X | X |
| ~~108.~~ | ~~(J. Doe)~~ | Dir, Div of Family Svcs, Kent County | Dover, Delaware |
| ~~109.~~ | ~~(J Doe)~~ | DSCYF DFS - Kent Cty | Dover, Delaware |
| ~~110.~~ | | ~~DSCYF~~ | |
| ~~111.~~ | | | |
| 114. | (Jane Doe LXIV) | Prescription Glasses Medical Staff | | X |
| 117. | (J. Doe LXVI) | Jane Doe LXIV) supervisor | | X |
| 124. | (J. Doe LXXIII) | Nurse 4-midnight shift | X | X |
| 125. | Jennifer (Doe | pharmacist | X | X |
| 126. | (J, Does)LXXIV) | Mental Health Staff Workers) | X | X |

20

Other Defendants

| # | Name                                                                                              | Title | Place of Employment |
|---|---------------------------------------------------------------------------------------------------|-------|---------------------|
|   | (J. Does (LXVII)                                                                                   |       |                     |
| 118 | The Arc of Delaware and Board Members or alike.                                                 |       | ~~Arc~~  TBD        |
| 119 | (J. Does LXVIII) Delaware Developmental Disabilities                                            |       | ''                  |
|   | Council and Board members or alike.                                                               |       |                     |
| 120 | (J. Does LXIX) Disabilities Law Program and Board members or alike.                            |       | ''                  |
| 121 | (J. Does LXX), Governor's Advisory Council for Exceptional Citizens and Board members or alike |       | ''                  |
| 122 | (J. Does LXXI) State Council for Persons with Disabilities and Board members or alike.          |       | ''                  |
| 123 | (J. Does LXXII) Delaware Dept of Mental Health, its ~~Com~~ Commissioner, its Board and Council or alike |       | ''                  |

Corrected Second Amendment pg 16 continued



Reply To Order

Why <u>Temporary Restraining Order and Preliminary Injunction</u> Should Have been issued, and why it is still needed:

<u>Why</u> these are needed for private legal materials possession by Plaintiff are this further detailed as apparently needed while irreparable damages also continue upon this Plaintiff.

Reference the "availability" of equitable relief per Rizzo v. Goode, 423 U.S. 362, 379 (1976) as quoted by the District Court:

<u>Many alternatives</u>, per Turner v Safely, are available for Plaintiff, in his classes or statuses, ~~are~~ to have access and security to his legal materials at this facility. Even if storage were not available, an alternative should be and needs to be provided for proper access to the courts and laws as described in the record so far. <u>Two are</u>: a permanent metal locker installed per tier for as needed for legal materials, or legal work be allowed to be done all electronically, when a few discs could save all this material, as an ever ~~mode~~ more modern civilized and decent society would have to stop these punishing conditions, cruel and unusual in this society, when others have the time-saving conveniences to be able to present their claims, contrary to what this plaintiff has to be able ~~to~~ have proper, precedential access to the courts and laws.

<u>Memorandum Order</u> dated Jan. 17, 2008 showed NO reason why TRO and Injunction were denied, nor how to correct them by an unrepresented citizen, especially so effectively denied proper and precedential access to the courts as shown in this <u>Brief</u> also. Explanations are needed per precedence so that, if appealed, higher court will see the reasoning. Thus, this prejudices and discriminates against this Plaintiff's case due to further delays and massive Brief needed by this Plaintiff to start to explain the errors.

18

Reply To Order

<u>Reference</u> the "scope" of equitable relief per <u>Rizzo</u> Id.
The space or opportunity for action or thought, the extent covered, and
the range for this relief can be determined by a court at the
evidentiary hearing or by expansion of record or alike.

Premature denial of this Order is obviously prejudicial when not
informing pro se citizen what else is needed, and this also confirms
why counsel should have been appointed for proper access to
the courts and laws and equal protection for <u>all</u>.

Defendants have had much space and opportunity for action from
grievances, and from continues deliberate indifference historically here
to cause Constitutional, humane, ethical, legal and professional
conditions here. Now assisted perhaps again, by this District Court.

2 of



## Reply to ORDER

District Court prejudicially uses <u>summary conclusion</u> of law prison officials requiring broad discretionary authority, instead addressing the laws of "legal materials," and this issue, causing further irreparable and other damages to Plaintiff's legal work, for proper, precedential, etc. access to the courts and laws. These materials are evidence, facts, laws, for communication abilities to the courts which Plaintiff would otherwise not be able to bring to the attention of a court in a proper, precedential, meritorious manner. This inability can be seen by the claims so far dismissed or alike, and the ones the Plaintiff could not yet bring due to these destructive conditions here in Delaware, and District Courts' continuing assistive conduct to those conditions.

And then District Court does same with "prison administrators are accorded wide-ranging deference." in their conduct.

Causing summary dismissal when material facts are at issue, thus causing prejudicial abuse of discretion and obstruction of justice.

These federal courts are also not expected to oversee day-to-day operations, but at continues, systemic, systematic conduct contrary to human, ethical, legal, and professional conduct as claims have.

Thus, District Court acts in harmony with prison officials contrary to proper conduct and conditions which continue to damage Plaintiff, family, and similarly situated.

Six more legal materials card board file boxes were required to be destroyed by my legal guardians due to District Courts deliberate indifference to Plaintiff's legal rights. Thus, prejudiced and discriminated against.

This accomplice conduct is official oppression, abuse of authority, obstruction



of justice, for statutes. No wonder this prison, and probably the rest in Delaware are so mismanaged and causing damages on us all regularly.

The evidence, facts and alike among those legal materials are now not retrievable by Plaintiff in time, so He must continue as best He can with this case. These irreparable damages will now hound this case through the end because of courts erroneous conduct.

These damages come to no less then more cruel and unusual punishment upon this Plaintiff's case, in an ever more modern, evolving, decent and civilized society.

Books and resources in law libraries have not been effectively available to Plaintiff to substantiate all His claims in His Complaint and Amendments which were denied already. Some He can show in this Brief in time. More time is needed to substantiate the rest, but that also just delays His relief for various damages on the other claims, some irreparable, some needing TRO and Injunctions.

Plaintiff was not allowed to keep documents essential to His ongoing litigation (e.g., _Chavis v. Abrahamson_, 1992, 803 F. Supp. 1512, 28 U.S. CAB 1915 n.387) as Defendants should have been well aware of this Constitutional violation clearly established, and two knowingly were aware of their conduct.

Plaintiff _continues_ to be irreparable damaged because of His inability to possess needed legal materials beyond the one box He currently has. TRO and Injunctions still needed for this, for Defendants DOC and similarly situated to cease and desist such obstructive conduct and immediately implement for Plaintiff and His classes, a proper alternative as required per _Turner v. Safely_ standard, which Defendants are well aware of having had to satisfy but continue deliberately indifferent as if above the law.

21



Legal materials were/are essential to pending appeals, ongoing case, and contemplated cases delayed due to obstructions of justice by Defendants and now District Court assisting that conduct. There were no adequate substitutes in the law library for Plaintiffs use, and most of it is effectively not accessible to Plaintiff, and as a number of classes, because of malicious, destructive, and/or reckless indifference by Defendants.

Violating 42 USC § 1983; USCA 14; 28 USCA § 1915(d); Chavers v. Abrahamson, 803 F.Supp 1512 (Wis. 1992).

Post deprivation remedies have been ineffective due to avoidance of problem. This Brief further shows the actual legal injuries Plaintiff, at least, sustains. These Defendants actions constitutionally significant deprive Plaintiff meaning access to the courts as per record of this case and its appeals.

Legal materials were/are crucial to Plaintiffs cases to determine their outcome with conclusive facts, professional standards, duties, statutes, evidence to destructive conduct, and alika, to "pending or contemplated appeal." Both have equal legal protection which Defendants continue to be deliberately indifferent to.

These legal materials were effectively not available to Plaintiff from the Law Libraries.

Plaintiff had/has a property interest in them. Defendants conduct thus continues to be unreasonable, arbitrary, capricious, and an exaggerated response at least, without a foundational history at this facility for their desires.

No relief as required by American Disabilities Act and Rehabilitation Act from Defendants and District Court for actual prejudice and discrimination for equal protection of the laws.

22



These retaliatory conditions for being an inmate in this past administration had them assume the right to deny the laws of the land as shown herein, and to be shown ~~from obstruction~~ after removal of obstruction and denials to this Plaintiff proper and precedential legal rights and alike.

These Defendants retaliatory conduct because of unprofessional attitude and nature for their conduct capably has deterred Plaintiff, and as a member of classes, from further exercising his constitutional and other rights.

This conduct is still ongoing by Defendants to deter Plaintiff from the future exercise of those rights, as one member of the classes.

The resulting inabilities to research and prepare All his motions for the legal proceedings caused him to submit incomplete motions and alike, delayed his Habeas Corpus now still under illegal obstructions appeal after many years which would have shortened this illegal imprisonment. Harshell v. Knight, 445 F3d 965 (7th Cir 06) Plaintiffs denial of access to info to communicate to the courts sufficiently and meritoriously caused potentially meritorious claims to fail so far.

Grievances that have been filed on these issues had put Wardens and staff on historical notice of continues problem as a causal connection between their inactions and the improper and unprecedential prison conditions, and to info and access to courts was established.

Taking or threatening of taking of legal materials as private property claims must be free from arbitrary actions that reflect constitutionally protected interests. USCA, CA5. Especially when Defendants act deliberately indifferent to this right.

Defendants denied free-exercise right to information and to law libraries.

23

## FIRST AMENDMENT CLAIMS

Writer and Reader Rights

Injunctive Relief

Prisoner demonstrated irreparable injury

under alternative preliminary injunction test,

in @1983 lawsuit, where they alleged injury

to the First Amendment and other

constitutional rights from prison officials'

blanket prohibition of all legal mail [materials][information] for Plaintiff effectively, Constitutional violations irreparable.

perceived by officials as not directly

pertaining to the prisoner's case; First

Amendment rights of both writer and

intended reader were impinged when

correspondence was censored by prison

officials.  42 U.S.C.A. @ 1983 n 5638

(Annual Cum.2007);  Evans v. Vare, D.

Nev. 2005, 402 F.Supp 2d 1188.  Civil

Rights key 1457(5).

Court applies objective standard in assessing whether prison personnel should have known that failing to deliver transferred prisoners personal box of legal materials to him violated his constitutional rights.

Crawford-El v. Britton, 523 U.S. 574, 590-91 (98). ~~GLJ § 2907, May 2002~~.

Public officials cannot rely on ignorance of even most esoteric [specially initiated; private; secret] aspects of law in to avoid liability.

Long v. Norris, 929 F.2d 1111, 1115 (6th Cir. 1991) GLJ § 2907, May 2002.

D.C. Circuit requirement that prisoner provide "clear and convincing evidence" that guards' failure to deliver box of legal materials to prisoner was retaliatory. Id. Crawford-El.

Seizing computer-generated legal papers of another inmate NO qualified immunity. Newell v. Sauser, 79 F3d 115, 118 (9th Cir 1996). GLJ § 2909, May 2002.   Same legal claim for Plaintiffs legal papers.

Due process requires that a pro se person have access to legal resources. e.g., U.S. v. Kind, 194 F.3d 900, 905 (8th Cir 1999); Bribriesca v. Galaza, 215 F3d 1015, 1020 (9th Cir 2000).

District Courts failures to Order Temporary Restraining Orders and Injunctions to material facts of irreparable, reparable, imminent damages to Plaintiff, his family and his legal work, continues to add to damages caused by Defendants systemic, systematic deliberate indifference to the Constitution, human, ethical, legal, and professional rights and alike. This is clearly prejudice because evidence, facts and alike for Plaintiffs cases have been destroyed, are at risk of imminent further damages due to Defendants continues deliberate indifference to those obvious needs of legal materials for Plaintiffs cases.

That Courts failure to stop damages for introduction and use of evidence and facts in Plaintiffs cases, and for cases on appeal, and for contemplated cases, all having



equal access to info, resources, and tools. <u>Delaware Code, Constitutional Amendments 1, @ 4; Act, 4, @ 2, 11(1)(a). USCA, CA5, 14.</u>

Plaintiffs liberty interests [and life, property] are violated to prepare for proceedings and motions in a proper and precedential manner, timely, equally by due process, where state [Defendants] interfere with prisoner Plaintiffs attempts to present evidence. <u>Young V. Hayes</u>, 218 F. 3d 850, 853 (8th Cir 2000).

26

Legal guardians duty is
legal protection, and as human, ethical, and professional standards show about
legal materials needs by pro se, indigent, disabled, wards-of-state,
and as a family member, the foundation of society.

That court's pretence as not knowing the laws prejudiced Plaintiff and his family,
in his cases because that conduct seriously aggravated the circumstances for
Plaintiff, his family, and those similarly situated.

That court acted as prosecutor seriously undermining reliability and outcome
of this case to stop and remove damages from government oppression, and alike
abuse, gross neglect, and exploitation, discrimination of its citizens, as Plaintiff
and his family, contrary to what a court of The United States of America should be
doing.

Some claims are so interconnected that they must be interconnected in this case.
State and District court interfere with Plaintiff's self-representation
, violating due process. e.g., Tate v. Wood, 963 F. 2d 20, 26 (2d Cir,
1992).

Due process violated when state unjustifiably hindered self-
representation efforts by denying meaningful access to communication
or up to date research materials. Milton V. Morris, 767 F. 2d
1443, 1446-47 (9th Cir. 1985). Defendants effectively denied those,
and District Court effectively assists Defendants conduct by not
providing Plaintiff proper relief, further prejudicing Plaintiff and Hiscase,
and others.

Court deadlines have effect, and had, on causing Plaintiff to seek
extra legal boxes ( USCA, CA1, 14; 42 USC §1983; no precedential info access,
Dept, policy makes reasonable provisions for in mates to retain,
retrieve and/or exchange permitted documents. But, Defendants

27

continue to act deliberately indifferent to this proper policy.

Defendants denial and District Courts refusal to grant TRO and Injunctions for needed legal materials denied Plaintiff the ability to articulate His claims as required for meritorious claims, and that other claims could thus not be brought yet.

These losses of First Amendment of the U.S. Constitutional freedoms, for even minimal periods of time, and as in other claims, unquestionably constitutes irreparable injury. e.g. Elrod v. Burns, 427 U.S. 347, 373 (1976). Thus, TRO and injunctions should have ordered for permanent relief. Court relief needed to have Commissioner and Warden to remove all obstructions which are NOT legitimately penologically required, and properly train, control, and supervise its staff accordingly, regularly.

Defendants and District Courts denial to info in legal materials and access unobstructed to info. violates Plaintiffs 5th Amendment of the U.S.C., and the Delaware Constitution, Art. 1, Section 7, by denying life, liberty and property interests, self-determination rights, to be informed for knowing and intelligent conduct. (through 5th Amendment to 14th Amendment)

Plaintiff is denied equal protection and due process, as in 14th Amendment of the U.S.C. and Delaware Constitution of 1897, Section 3, by the continues deliberate indifference by Commissioners, Wardens, Johnson, Kobus, Martin, hittle, Pierce to denying Plaintiff same recourse of appeal or any legal action to a court as more affluent litigants,

28



## Legal Access To Information, Law library, and Internet

Plaintiff has been unable and incapable to file all grievances due to also shear number of illegal prison conditions, due to obstruction, handicaps, and disabilities to attain, process, and communicate wrong conditions due to Defendants conduct.

Defendants conduct, in harmony, in conspiracy, in corruption in state government, with possible R.I.C.O. violation(s), should be for a State to Deinstitution-alize ALL people, as per concept in 1999 _Olmstead v. L.C._, per U.S. Supreme Court, as can be seen by those in right intentions. Not be as in the past and expected in the future, without ability to correct itself and continue in destructive course of its people undermining the purpose of the public interests to uphold the laws of the land.

No list is available from prison law library of all legal books available to wards from other sources is illegal. _Thoussant_ v. _McCarthy_, 597 F. Supp. 1388 (1984) at 1424.

Denial of legal papers denies right of access to court; prisoner need not adduce clear and convincing evidence of improper motive in order to rebut motion for Summary Judgment by State. _____ 523 U.S. 574, 584 (1998).    As

Claim stated because of prisoner Plaintiff in administrative segregation allowed only 3 law books per day. _____ 788 F2d 1116, 1126 (1986). I was only allowed 5 to about 10 books per week, and very limited to only one or two cases per book as a neophite in law, while in administrative segregation in buildings C, E, D, when I am minimum security classification, and medium and maximum

security classification inmates were/are housed in there between
about May 2002 to Aug 2006.
    Claim stated for 20 day denial of access to courts and to
legal documents. ——————————— , 811 F 3d 1365,
1366 ( 1987)( per curiam),



Cell, items seized is found unconstitutional if it is the pretext for damaging or destroying inmate property as done to Plaintiff by Cpts Henry, Hazzard, Lt Harvey, and others throughout the years of continued, systemic deliberate indifference to Plaintiff's legal right to possess needed legal materials for his active and contemplated cases, this destruction without a legitimate reason states a claim under 42 USC§1983. Ferranti v. Moran, 618F2d 888(1st Cir.1980).

These Defendants conduct amounted to Fourth and Fifth Amendment of the U.S. Constitutional violations. Taylor v. Leidig, 48F Supp 1330 (D. Colo. 1980). also Thornton v. Redman, 435F. Supp. 876(D. Del. 1977).

These Defendants were also responsible for forcing Plaintiff to destroy his legal materials because of malicious and reckless one box prison rule limit of legal materials, containing his active cases on appeal and his cases to file on Civil Complaints evidence and facts to uphold his claims. Nine out of 10 were forced destroyed so far, legal cardboard file boxes. Bonner v. Coughlin, 517 F2d 1311, 1317 (7th Cir.1975).

All this continues Plaintiff to bring claims and possibly future damage to provide sufficient evidence and facts or defenses for all his cases. The damages are irreparable now due to lost time, delays, and inabilities to bring claims in a timely, proper manner.

To not provide restraining order and injunctions is obviously prejudicial, discriminatory, showing conflict of interest to duty and to uphold the laws of the land, obstructing justice effectively.

Defendants and District Courts conduct denying TRO and injunctions, shows retaliatory nature to not be able to get proper and precedential access to First Amendment information to be able to communicate to a court in a sufficient manner.

31

Claim: This conduct transcends all bounds of reasonable conduct and shocked the conscience of reasonable jury members.   Stamps V. McWherter, W.D. Tenn., 1995, 888 F. Supp. 71; 28 USCA § 1915.
This is also a R.I.C.O. claim, and others.
These Defendant and District Court knew of a substantial risk from the very fact that the risk was obvious.   USCA, CA 1, 8, 4, 5, 9, 14.

Thus, Plaintiff continues to be prevented from filing claims sufficiently and all of them in order to state valid claims.
Plaintiff has been unable also to affectuate previous 3rd Circuit Court Appeal on this case 06-340 (District Court) due to preventions by these Defendants and now District Court assisting their conduct, which has probably assisted these atrocious, damaging conditions in Delaware prisons throughout history.  That dismissal was for failure to satisfy some proper communication from Plaintiff as a technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known, as for the claims prematurely dismissed or could not be brought yet by Plaintiff.  Marshall v. Knight, 445 F.3d 965 (7th Cir. 2006).

Defendants Snyder, Carroll, Phelps have an exaggerated response, arbitrary and capricious to deny proper and precedential access to the info needed by a party in a case to communicate to a court with meritorious issues.  These conditions do not provide an alternative as required by Turner standard, and is also not a valid, necessary requirement.  · Such as can be seen from Wisconsin, where the one box legal materials limit applies only to inmates in a SHU, supermax housing unit, most secure unit possible,



Plaintiff is entitled to meaningful access to the courts. Matter of Carolyn S.S., Del. Supr., 498 A2d 1095, 1098 (1984).

Meaningful access requires access to materials necessary to draft documents. Bounds v. Smith, 430 U.S. 817 (1977), Peterkin v. Jeffes, 855 F2d 1021, 1040, 1044 (3rd Cir 1988),

Plaintiff has due process right to access to legal resources. ie. U.S. v. Kind, 194 F. 3d 900, 905 (8th Cir 1999)

Seizure of transcript [or legal materials] during search states a claim under the 4th Amendment of the U.S.C. Bonner v. Coughlin, 517 F. 2d 1311, 1317 (7th Cir, 1975), which this plaintiff makes.

TRO
+ I
Referral

## Reply To Memorandum Order
### pg 1+2

Preliminary Injunction and Temporary Restraining Order prejudicially denied.

Seizure or deprivation of inmates legal papers [materials] violates the Constitution. Roman v. Jeffes, 904 F2d 192, 198 (3d Cir 1990)

Legal Materials are essential / crucial to Plaintiff/to a pending or contemplated appeal [or case]. Chavers v. Abrahamson, 803 F, Supp. 1512, 1514 (1992). This case also shows equal legal protection of contemplated cases, missing from DOC/DCC policy and procedure which must be included;

Confiscation of legal materials obstructs access to the courts, and is NOT a simple property claim. Zilich v. Lucht, 981 F. 2d 694, 696 (3rd Cir, 1992); and 42 § 1983 is appropriate.

These practices call for injunctive relief, even if practices are not formally part of official policy. Ruiz v Estelle, 679 F 2d 1115, 1154 (1982); Pratt v. Rowland, 770 F. Supp. 1399, 1406 (1991),

Constitutional rights and guarantees extend to rich and poor alike. Smith v. U.S., 96 S. Ct. 2. Plaintiff gravely prejudiced due to indigency + deadly prison conditions. Plaintiff, and as one of protected classes, continues to experience systemic institutional prejudice and/or discrimination against His classes as Himself by Defendants,

Invidious discrimination seems to compel Defendants to deny equal protection of the laws, from historical ignorance, by abuse of fundamental rights per record.

33

The Constitution guarantees meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824, 828 (1977). This guarantee imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers either by establishing adequate law libraries or providing adequate assistance from persons trained in the law. Respondents have a greater duty imposed by the Court. Bounds at 828; Allah v. Seiverling, 229 F3d 220, 225 (3rd Cir 2001). The demonstrated actual injury of Petitioner's claims being procedurally defaulted is an allegation of Constitutional violation. Lewis v. Casey, 518 U.S. 343, 349 (1996). The restrictive policies at the Delaware Correctional Center Law libraries in not providing current and updated form letters or motions to do all my legal work in a timely, equal, effective, meaningful, capable, adequate, and fundamentally fair manner as others who have that kind of proper, precedential access to the courts, and other legal tools of the trade which are available to some parties, also denies due process and equal protection of the laws as can be seen in all Petitioner's legal work filed, of which their are too many, yet infinite in number, to list here. In summary, almost all documents or motions filed by Petitioner are incomplete, without ability to read and apply all the cases to the infinite legal errors in his cases, continuing to cause him actual legal injuries, for one. Also not allowing inmates to talk and help one another, with who can, by discussing legal theories, legal procedures, and alike like the state opposition can and does; and the practice of the inmate workers doing little more than issuing books is an actual injury obstructing access. Gentry v. Duckworth, 65 F3d 555, 559 (7th Cir. 1995) (failure to provide help) timely, equal, effective, meaningful, capable, adequate, and fundamentally fair help as other parties can, and as non-indigent can, and as non-disabled can; Dear v. Kautzky, 305 F3d 802, 804 (8th Cir. 2002); Gilmore v. California, 220 F3d 987, 1008-09 (9th Cir. 2000) (outdated books inadequate) reference form books and legal tools other parties have like the state employees.

The failures of the officials | custodians | Respondents to carry out their affirmative duties to help Petitioner, as ward-of-state, to prepare and timely file petitions is clearly a misleading of Petitioner in the belief of obtaining help (by precedence, humane, ethical, legal, and professional), but instead it prevents him from asserting his rights in an extraordinary way. Jones v. Martin, 195 F.3d 153, 158 (3rd Cir. 1999). One need only review the first Motion To Dismiss due to Fraudulent Indictment brought by himself as best as he could at that time to see the advantage taken and harm done; he haphazardly submitted that motion as all his others because he does not get enough time, equipment and conditions as other parties have access to the courts. Thus, his indigency continues also to deny him due process and equal protection of the laws since he can not acquire an ethical lawyer, and the tools and resources non-indigents, and disabled have. That first motion was also dismissed by the court because of his inabilities, unknowingly, unintelligently, and involuntarily was forced to present those papers as they are to attempt to attain his human, ethical, legal, and professional rights, privileges, immunities, and entitlements, because the state representatives would not.

This Court could conduct an evidentiary hearing on this issue for the purpose of determining how much of an impediment these policies and procedures were | and still are, in the Petitioner's effort to litigate effectively, timely, equally, meaningfully, capably, adequately, and fundamentally fair.

And if equitable tolling, or alike concept, is appropriate in this case,

Plaintiff has also been unable to bring those motions, requiring counsel appointment and removal of obstructions to information by his legal guardians/Defendants for required FIRST Amendment continuously being deliberately indifferently denied by his guardians' malicious and/or reckless indifference to these rights for fundamental fairness doctrine.

Alleging failure to provide adequate medical care for serious conditions satisfies the imminent danger requirements. Hunt V. Uphoff, 199 F. 3d 1220, 1222 (10th Cir. 1999). District Court adds to Plaintiff's injuries and prejudice by not having seen the need for this obvious need for a temporary restraining order and injunctions for liberal reading of pro se complaints, and the strongest argument that could be made from pro se claims per legal precedence was not made.

Imminent danger to serious physical injury for injunction is sufficient. Ashley V. Dilworth, 147 F. 3d 715, 717 (8th Cir. 1998). Plaintiff's indigency denies him constitutional protections (Bill of Rights of the Delaware Constitution of 1897½, Art. 1, Section 4) because Defendants of DOC as legal guardians, Commissioners and Wardens, fail to provide these necessities of life to Plaintiff in status as ward-of-state, as other parties have access to info, resources, and tools for proper and precedential access to the courts unobstructed. Thus, Defendants cannot erect an absolute requirement that serves to deny Plaintiff access to the constitutional protections solely because the Plaintiff is indigent. Lecates v. Justice of the Peace Court No. 4, 637 F. 2d 898 (3d Cir. 1980).

36



Injunctive Relief and appointment of special master to implement remedy was proper when inmates successfully claimed denial of [prison conditions; access courts, cruel and unusual punishment. <u>Williams</u> v. <u>Lane</u>, 851 F.2d 867, 883-84 (7th Cir. 1988). GLT § 2899, May 2002.   As this Plaintiff is asking for.

Reply To Memorandum Order

Defendants
Pg. 2

Correctional Medical Services and First Correctional Medical Services need to be added. Left off by error and complexity of case, and due to Plaintiff's Disabilities and Handicaps.

Defendants
added
Amendment

1  ~~Reply~~ Adding Defendants: Denial is obvious abuse of discretion, obstructing justice. Official prejudice to Plaintiff's case.

Frivolous
+ Norelief can be granted
Amendments Futile

Reply To Memorandum Order
Pg ~~20~~ +2

~~Conclusion~~ Reference 3?.: Conclusion:
Issues against frivolousness, no relief ~~alleged~~ can be granted, and futility of
Amendments:

Plaintiff did NOT know this technicality that His Second Amendment would be
used as His Original Civil Complaint. It was unknown prior to this Court's order.
Thus, entire record is not part of the Complaint, But should be because
Amendment means the process of amending a motion, like the U.S. Constitution
has Amendments; both are part of the record. Therefore, Plaintiff is prejudiced
into a beziling situation, and needs proper legal assistance.

Plaintiff's disabilities, incapabilities, handicaps have not yet been considered to
provide any proper conditions for Him for proper and precedential access to the courts,
~~which~~ ~~being~~ caused the incomplete claims to be dismissed prematurely. Surely
proper and precedential conditions must exist for a party before cutting and
slashing a pro-se, disabled, indigent, ward-of-state, under malicious and/
or reckless conditions indifference by His legal guardians Civil Complaint
and Amendments. Thus, Plaintiff continues to be prejudiced and discriminated
against to bring proper phraseology to complete claims as this Court wants
them so far.

Plaintiff has to constantly still fight for His health, here at DCC daily to
get what should be done for serious health needs. Without His health
He can not do this legal work. Almost daily a grievance ~~needs~~ needs
composing, hand copying for original and file copies laboriously. Medical
staff contact continues to ignore Plaintiffs health needs causing more
damages on Him. This also requires a TRO and injunction.

40

**AMENDMENTS;** Why they should be allowed: ~~cont. from pg 46~~

"Decision whether to grant leave to amend pleadings is committed to sound discretion of trial court; however, policy of liberally permitting amendments to facilitate determination of claims on merits circumscribes exercise of trial court's discretion, and thus, unless there is substantial reason to deny leave to amend, discretion of district court is not broad enough to permit denial." Fed.RulesCiv.Proc.rule 15(a), 28 U.S.C.A.; Espey v. Wainwright, 734 F.2d 748 (1984). However, " '[d]iscretion may be a misleading term, for Rule 15(a) severely restricts the judge's freedom, directing to leave to amend 'shall be freely given when justice so requires.'" Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir.1981); thus, "[u]nless there is substantial reason to deny leave to amend; the discretion of the district court is not broad enough to permit denial." Id at 598. Further, since in this Plaintiff's case the district court dismissed certain plaintiff's claims/paragraphs without addressing why they were dismissed, except for summary conclusion being frivolous, so that pro se citizen can make corrections as best as they can as the case progresses, to expand the record as needed. Thus, the district court's "obvious reason" for denying certain claims/paragraphs are not readily apparent for correction as needed when they can be corrected by plaintiff, in order to sustain the dismissal of the claims/paragraphs.

Plaintiff has also started to shown adequate causes, disabilities and handicaps caused by defendants to prevent proper access to the courts, for plaintiff's failures to show adequate claims at this time, and the actual prejudice and legal injuries he is and has been undergoing from those failures and due to his incapability's, which don't seem to have been given sufficient attention yet by the district court to over come these prejudicial conditions for precedential timely, equal, effective, meaningful, capable, adequate and fundamentally fair conditions and access to

41

information as required by the courts, as Complaint and Amendments start to show, to overcome

these hurdles created by malicious, reckless, or alike defendants. Thus, humane, ethical, legal,

and professional rules, standards, and laws apply only if the conditions are right, as in

precedence, in the first place, for proper access to the courts, which are not available to this

plaintiff, and as a member of classes. Thus, no other rights, privileges, immunities, and

entitlements, as plaintiff's and his family's (protected class) life, liberty, property and the pursuit

of happiness interests can be upheld until the obstructions to justice are removed to the FIRST

Amendment of the United States Constitution for plaintiff, and as a member of classes (ward-of-

state, destitute (less then indigent), disabled, self-representation so far because of indigence

(actually destitute) which continues to deny him precedential access to the courts, due process,

and equal protection of the laws also.) Thus, cruel and unusual punishment in an ever more

decent, civilized and more modern society continues upon him by his defendants while all this

lack of communication continues with the court to delay the relief for the damages to him,

imminent, ongoing, irreparable and otherwise. This can not be how it should be. Therefore, in

the interest of proper justice, request this Honorable Court provide proper relief for plaintiff now

as obviously needed.

42

**F.C.P.R. 15(a):**  Why should the amendments, briefs, expansion of record, and memorandums be allowed to the Complaint and Amendments ?

Outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion, and is merely abuse of discretion and is inconsistent with the spirit of the Federal Rules.  As to the temporary restraining order and preliminary injunction in Plaintiff's case.  See pleading section 71 in United States Supreme Court Digest;  Foman v. Davis, 83 S.Ct. 227 (1962), item 7.

Procedural rule directs that leave to amend shall be freely given when justice so requires. FRCP 15(a), U.S.C.A.; Bank v. Pitt, 928 F.2d 1108 (11th Cir.1991), item 4, FCP key 1838.

Case [or claim(s)] should not be dismissed upon finding that complaint [claim(s)] were deficient; because it was possible that more particular allegations would state cause of action.  FRCP 9(b), 12(b)(6), 15(a), 28 U.S.C.A, ID item 6 FCP key 1838.  (When a complaint simply is not specific enough to permit an accurate determination regarding whether a claim is stated, a district court should not dismiss the action with prejudice.) At 1113.

"Although this court reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" See Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir.1987)(quoting Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986)).

~~and~~ ~~the~~ ~~party~~ ~~are the critical factors in~~
determining ~~~~ ~~~~ man v. ~~~~ L.P. Gas,

43

Inc., ~~[illegible]~~, ~~[illegible]~~(6th Cir.1973) (quoted in ~~[illegible]~~

~~[illegible]~~)

~~[illegible]~~, ~~[illegible]~~ (~~[illegible]~~), ~~[illegible]~~

~~FCP key~~ ~~[illegible]~~, item ~~[illegible]~~ ~~Fed Courts key~~ ~~[illegible]~~.

Dismissal for failure to state a claim generally is not final or on the merits, and court normally will give plaintiff leave to file amended complaint.  FRCP 12(b)(6), 28 U.S.C.A.; O'Donnel v. Barry, 148 f.3d 1126, C.A.D.C.1998).

Liberal standard for granting leave to amend governs if court vacates previous judgment [First Amendment] dismissing complaint with prejudice.  FRCP 15(a); Firestone v. Firestone, 76 F.3d 1205, C.A.D.C. 1996.

When plaintiff has imperfectly stated what may be arguable claim, leave to amend is ordinarily in order in the interest of justice to not be prejudiced due to his incapacity,

Since a new amendment was made [second] to replace the Complaint by the Court, second amendment in effect became the complaint, thus an amendment or alike should be allowed to correct it as needed from Memorandum Order.

44



The U.S. Supreme Court has long disfavored the creation of procedural technicalities in statutory schemes designed to be used by unrepresented laymen. Kikumura v. Osagie, 461 F 3d 1269, 1283-85 (10th Cir 2006). Does this include those that intend to? or dont intend to and do not intend to but do?

As for the 6 elements required in each claim by 3rd Circuit, when The US Supreme Court and Federal Court Rules only require "short and plain" statement, who overrules whom? It is vague to Plaintiff since Circuit says one thing and Supreme Court + Rule says another?

Summary dismissal of claims seems unfair without showing need(s) for making the claim, especially for a plaintiff in the protected classes this Plaintiff is in. Request reconsideration.

A Complaint [a claim] is not automatically frivolous within the meaning of §1915(d) because it fails to state a claim. Neitzke v. Williams, 109 S.Ct. 1827 (89).

Plaintiff's inhumane and other violations to proper prison conditions requires Plaintiff's Amendments in the interest of justice.

Pro se party is fairly freely to amend, _____ 615 F. 2d 83. Pro se should not be hindered with technicalities, but on the merits, which could be provided as needed as possible by Plaintiff, maybe not at a courts speed, obviously showing disability or incapability requiring relief.

Debilitating conditions to Plaintiff effectively deny Him his constitutional rights also.

45

**FEDERAL RULES OF CIVIL PROCEDURE, RULE 15 (a) (2):**

*Other Amendments.*

1.      The court should freely give leave when justice so requires, and case has not been dismiss; Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir.2005).

2.      If a plaintiff's complaint was opposed only by a motion to dismiss for failure to state a claim for which relief may be granted, the plaintiff could amend the complaint because the complaint had not yet evoked a responsive pleading.

3.      Alternative motions to dismiss and for summary judgment are not responsive pleadings and therefore do not nullify plaintiff's right to amend. Bowden v. United States, 176 F.3d 552 (D.C.Cir.1999).

4.      Unfair prejudice due to my disabilities and handicaps created by these custodians/defendants causes me to be unable/incapable to bring every claim perfectly as properly brought which assumes plaintiff's conditions were proper, defined as at least by humane, ethical, legal, and professional standards to bring them so far, which they are not, as per complaint/amendments.

5.      And there is no prejudice to opposing party for this amendment.

6.      And not allowing amendment would cause further manifest injustice by not provide relief from damages and provide equal protection of the laws for plaintiff, some irreparable, some currently ongoing.

7.      And plaintiff has not been given access to the legal information by the custodians/defendants in there continues obstruction of justice, as per complaint, that new amendment would strike or alike previous amendment, when one would presume that the record is all inclusive, developing the case.

46

8.      "The general rule that amendment is allowed absent undue surprise or prejudice to the plaintiff is widely adhered to by our sister courts of appeals." E.g. Jackson v. Rockford Housing Authority, 213 F.3d 389 (7th Cir.2000).

9.      Rule 15(a) creates "strong presumption" in favor of permitting amendment; Lowrey v. Texas A & M University System, 117 F.3d 242 (5th Cir.1997).

10.     Leave to amend should be allowed when new facts or allegations would alter district court's earlier conclusion that plaintiff lacked standing to sue; Cf., Kropelnicki v. Siegel, 290 F.3d 118, 130 (2nd Cir.2002).

11.     Amended complaint not futile where plaintiff could plead circumstances with particularity. Cf., Wight v. Bankamerica Corp., 219 F.3d 79 (2d Cir.2000).

12.     It is well established that an amended complaint has legal effect to prior amended complaint when it specifically refers to and adopts or incorporates by reference the earlier pleading; King v. Dogan, 31 F.3d 344, 346 (5th Cir.1994).

47

**FED. R. CIV. PROC. RULE 12 (b)(6);** Why the claims should not be dismissed:

No claim will be dismissed merely because the trial judge believes the allegations or feels that recovery is remote and unlikely, Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); et. al.

The nature of the claim is all that is needed, Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir.2006).

Pleader must show that the allegations "possess enough heft"..., and "plausible liability". ID Bell; Such subjective wording leaves plaintiff in a quandary, is vague (doctrine) to plaintiff trying to do the best he can at this time with all the obstructions to justice, access to legal information here in this prison and its custodians/defendants continues deliberate indifference to proper conditions to information (First Amendment Rights at least) so that plaintiff can get proper, precedential access to the courts (First, Fifth and Fourteenth Amendment violations at least) as per plaintiff's Civil Complaint and Amendments.

Plaintiff's racial discrimination allegations satisfied *Twombly* because they stated "how, when, and where they were discriminated against". Who, defendant, neither what, nor why are needed. Gregory v. Dillard's Inc., 494 F.3d 694, 710 (8th Cir.2007).

* *Twombly* is a flexible approach requiring pleaders to **amplify, not dismiss,** their claim only when needed for plausibility.

* A pleader's memorandum or brief can be used to "clarify" allegations of the pleading, Pegram v. Herdrich, 120 S.Ct. 2143, 2155 n.10 (2000).

Holding that because "failure to state a claim" is not a jurisdictional issue, court may not *sua sponte* decide the question unless plaintiff has preserved it, Blue Cross & Blue Shield of Alabama v. Sanders, 138 F.3d 1347, 1354 (11th Cir.1998); Baker v. Cuomo, 58 F.3d 814, 818

48

(2d Cir.1995) commenting that *sua sponte* dismissals without service of process and a responsive filing by the opponent are disfavored; Such dismissals are "strong medicine, and should be dispensed sparingly", Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002).

*Sua sponte* dismissal entered without forewarning to the plaintiff may still be affirmed if the pleading's allegations are "patently meritless" and without **any** hope for cure, ID Chute, and only if it is crystal clear that the plaintiff cannot prevail... Plaintiff has not been the artful pleader necessary apparently, but such incapability should not be allowed to obstruct justice as it is, and especially when plaintiff is disabled **and** handicapped by his custodians/defendants continuous malicious actions and continuous indifference there to. Such conduct continues to pervert justice and deny equal protection of the laws, at least. It is also cruel and unusual punishment in this ever more modern, civilized, and decent society, when a ward of state has not their rights upheld by their custodians who are responsible for them to be upheld.

The party defending the dismissal carries the burden of demonstrating that the allegations, drawn most favorably to the pleader, are beyond **all** hope, Martinez-Rivera v. Sanchez Ramos, __ F.3d __, __, 2007 WL 2254586, at *2-*3 (1st Cir.2007).

Parties may produce affidavits and other materials in opposition for failure to state a claim,

Pleadings

Pro se complaint should not be dismissed for failure to state claim.
unless it appears beyond doubt that plaintiff can prove NO facts
[ two or more ] in support of claim that would entitle plaintiff to relief.
Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).
GLJ § 2920, May 2002.

Dismissal for failure to identify persons personally involved, is inappropriate
without opportunity for additional discovery. Jackson v. Burke, 256 F3d
93, 96 (2d Cir. 2001). Id.

Failure to construe liberally. Whitney v. N.M., 113 F3d 1170, 1173-75,
(10th Cir. 1997). Id.

Court erred in dismissing case for failure to identify defendants because
discovery could facilitate identification. Murphy v. Kellar, 950 F. 2d 290, 293,
(5th Cir. 1992). GLJ § 2921, May 2002.

· the actual injury requirement is satisfied by allegations and proof.
that a plaintiff wanted to present a claim with arguable merit, and
could NOT. Walters v. Edgar, 973 F. Supp. 793, 798 (N.D. Ill. 1997).

Amendments allowed when Not futile. Kaveker v. Rent-A-Center, Inc.,
C.D. Ill 2003, 239 F. Supp 2d 828.    Plaintiff prejudiced by court orders prejudice.

Sixth Amendment allowed when failed to adequately state claim
in previous complaint; Perry v. State Ins. Fund, C.A. 2 (N.Y.) 2003,
83 Fed. Appx. 351, 2003 WL 22879312, unreported.

*Dismissal Premature*

Court erred in dismissing complaint for failure to prosecute when prose prisoner failed to comply with court order to sign pleadings and failed to notify court of address change. [failed] Carteel v. Piesckek, 3 F.3d 1050, 1055 (7th Cir. 1993). GLJ § 2921, May 2002. Plaintiff's inability to follow all court orders to the *I was not intentional.* Discretion abused when claim supported by adequate allegation of resulting prejudice. Biliski v. Harbath, 55 F.3d 160, 162 (5th Cir 1995)(per curiam). Id.

Pro se complaint alleging that prison regulation violated [a law] is improperly dismissed as frivolous because standards of [law] undefined and court could NOT conclude claim lacked arguable basis in law. Hicks v. Garner, 69 F.3d 22, 25-26 (5th Cir. 1995). GLJ § 2923, May 2002.

Pro se complaint alleging deprivation of mail order materials improperly dismissed as frivolous because complaint stated colorable claim of 1st Amendment violation. Brooks v. Seiter, 779 F.2d 1177, 1181 (6th Cir. 1985). Id.

District court erred in dismissing pro se plaintiff's retaliation claim "based on the supposed unlikeliness" of his allegations; appellate courts should consider in reviewing dismissals whether plaintiff is proceeding pro se. Johnson v. Stovall, 233 F.3d 486, 489 (7th Cir. 2000). Id.

Court erred in conducting frivolousness review under § 1915(e)(2) after inmate had payed filing fee although inmate had originally filed complaint against corrections officials in forma pauperis. Hake v. Clarke, 91 F.3d 1129, 1131 (8th Cir. 1996). Id.

Pro se complaint alleging unsanitary conditions at prison constituted cruel and unusual punishment not frivolous even though allegation was "highly improbable" because arguable question of fact exists. Jackson v. Ariz., 885 F.2d 639, 641 (9th Cir. 1989). Id. These same legal arguments apply to Plaintiff's case.

1of



Pro se complaint improperly dismissed as frivolous on ground that time-barred [or other] because court unclear when plaintiffs cause of action [or other element] accrued. Eriline v. Deland, 49 F.3d 673, 676 (10th Cir. 1995), GLJ § 2923, May 2002.   Also for any missing element, can be corrected; expand record.

District court erred in dismissing plaintiffs' § 1983 claims because plaintiffs sufficiently alleged that city maintained policies [DOC, DCC regulations] that resulted in violations of their constitutional rights. Lee v. City of Los Angeles, 250 F.3d 668, 680 (9th Cir. 2001), GLJ § 2924, May 2002.

Reversing district court's refusal to grant prisoner in forma pauperis [or claim] because it need only be sufficiently plausible that claim could state cause of action.   Anyanwutaku v. Moore, 151 F.3d 1053, 1058 (D.C. Cir. 1998). Id.

Pro se prisoner alleging violation of 1st Amendment right ... did not allege prejudice and therefore appeared to lack standing; however, appeals court construed complaint liberally to afford prisoner standing. Boswell v. Mayer, 169 F.3d 384, 387-88 (6th Cir. 1999). GLJ § 2926, May 2002.

A court cannot deliberately undermine a pro se parties [claim] defense. e.g., See

Does a party have reasonable professional judgment rights or alike from a District Court? Were these prejudicial or erroneous acts by District Court's Orders outside the range of professional competent assistance as a neutral, objective Court?
Within prevailing professional norms?
Made the adversarial testing process work by correct conduct?   GLJ § 1511, May 2002.
Did District Court perform according to objective standards of reasonableness?
Did Court's deficient performance prejudice Plaintiff, resulting in an unreliable and fundamentally fair outcome by Court's conduct?

2 of

Court denied claims denying facts. Could those claims be amended to complete the claim without obstructing justice for members of Plaintiff's classes?

Rule 12(c) claims denied are immediately appealable.

The erroneous page limit per claim was from Magistrate denied Plaintiff to bring the other missing claims. Plaintiff brought the summary claims as best He could to include the other violations which could not be brought due to page limit.

So, Now record is being expanded, and if anything else is needed, record can be expanded. Since Plaintiff has not been capable enough on claims and entire case, counsel is appropriate in the interest of justice to organize the record which Plaintiff is unable to do entirely due to His mental disabilities.

Premature dismissal, as started to be shown in this Brief, of claims is prejudicial and discriminatory to Plaintiff, as a member of protected classes, denies equal protection of the laws, obstructs justice, causing manifest injustice. Because precedence clearly exists and is started to be shown in this Brief as best as Plaintiff can at this time, under the destructive conditions He is under.

Reader should know that it is the legal arguments and clearly established laws shown that the cases cited allegedly make, that is at issue, not the citation because Plaintiff has NOT been allowed equal access to information, as per claim for that issue, to read the cases



because of the continues, systemic malicious or reckless indifference
to proper or precedential law conditions in DCC as required, humanely,
ethically, and professionally is properly provided by His guardians /
Defendants and those similarly situated.



## CLAIMS SHOULD NOT BE DISSISSED YET BECAUSE:

They were inartfully plead, not because it lacks merit, but because the Plaintiff could not afford counsel to draft it better. Congress did not require such a harsh, and seemingly pointless result. Legislative history of PLRA demonstrates legislature's intent to afford prisoner leave to amend technically inadequate, but potentially meritorious complaint. 28 U.S.C.A. @ 1915(e)(2); 42 U.S.C.A. @ 1983; FCPR 12(b)(6), 15(c),  28 U.S.C.A. To withstand a motion to dismiss for failure to state a claim, a plaintiff need only make out a claim upon which relief can be granted; it more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the federal rules. FRCP 12(b)(6),  28 U.S.C.A.; Alston v. Parker, 363 F.3d 229 (3rd Cir.2004), item 3. Fed. Civ. Proc. Key 1772.

Heightened pleading requirement, under which facts were required to be pled with particularity, did not apply to @ 1983 action; instead, more liberal standards of notice pleading applied.   42 U.S.C.A. @ 1983; FRCP 8, 9, 28 U.S>C.A.; ID item 2. Civil Rights key 1394.

Dismissal should only be "if it appears that [plaintiff] could prove not set of facts that would entitle him to relief."  Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir.1996); or it would be abuse of discretion. Max's Seafood Café ex el. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3rd Cir.1999), as is in Delaware District Court's Memorandum Order, Jan. 17, 2008, and following Order.

Pro se civil rights complaint that satisfied requirement that it contained short and plain statement of the claim but lacked enough detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; instead, opportunity to amend was warranted. FRCP 8, 12(b)(6),  28 U.S.C.A.; ID, item 6. Fed Civ. Proc. Key 657.5(2), 1838.

The relation back provision of federal rules aims to relieve the harsh result of the strict application of the statute of limitations. FRCP 15, 28 U.S.C.A.; ID item 9.  Limitations of Actions key 127(1).

54 B

Amendments must be allowed freely by pro se party. F.R.C.P. 15(a);

Conclusory claim allowed to be amended with factual allegations. Claim is dismissed only when it appears that no set [two or more] of facts can be proven. Conley v. Gibson, 78 SC+99, 102 (1957). Barnes v. Smith, 1987, 654 F, Supp 1244, 28 USCA § 1915(d).

"Dismissal is NOT warranted on the ground that an amendment would be futile where the arrestee [or other] who sought to proceed in forma pauperis could cure the pleading's defect." Hudson v. McKeesport Police Chief, 18 Fed. Appx. 124 (3d Cir. 2006),

Since Plaintiff did not know that Second Amendment would become Original Civil Complaint, and priors not counting, Amendments may be appropriate as needed before service, even after as legally possible.

It is not the burden of the petitioner, be he criminal or civil, to show that the appeal has merit but, rather, it is the burden of the government to show that the appeal is lacking in merit. Tate v. Werner, E.D. Pa 1975, 68 F.R.D. 513; Fed Courts Key 664.    Why did District Court deny merit by dismissals?

Plaintiff requests to reserve right to amend as needed to correct any errors He made due to obstructions and handicaps He faces, which definitely deny Him proper and precedential access to the courts.

Pleadings are construed liberally and a court does not resolve contested facts. Aponte–Torres v. Univ. of P.R., 445 F. 3d 50, 54 (1ST Cir. 2006). District

55

*Amendments*

Where inmate faced difficulties due to incarceration in identifying culpable individuals, court had special responsibility to construe pro se complaints liberally, to allow ample [ means large, capacious, enough to satisfy; abundant, able to contain much ] opportunity to amend, and to permit adjudication on merits rather than dismiss on technical grounds. Donald V. Cook Cty Sheriff's Dept., 95 F 3d 548, 554-56 (7th Cir 1996). ~~cert$ 933, day 200~~.

Court erred by not allowing amendment to add new defendants. Hamilton V. Leavy, 117 F.3d 742, 749 (3rd Cir. 1997) (~~cert$ 2932, May 2002~~)

Court erred in dismissing pro se complaint where complaint clearly alleged facts sufficient to state cruel and unusual punishment claim for heart attack resulting from police officer's denial of heart medication because court failed to construe complaint liberally, or to provide ample opportunity to amend. Donald v. Cook... at 554-55. (~~cert$ 2932, May 2002~~). Plaintiff needs ample opportunity to amend to fix any shortcomings as soon as he possibly can. Thus, counsel should have been appointed because of his incapabilities, denying him, et al., their rights and alike.

RICO
counsel

<u>Reply to Memorandum Order</u>

$$\frac{Pg\ 2, 3}{RICO,\ ADA + RA}$$

Reference 1. <u>Background</u> :  District Court omits R.I.C.O. violations to
be disclosed with counsel or when all obstructions to ~~access to~~ proper
access to information, equipment, and the courts are removed to
be able to be capable to communicate to the courts in a meritorious
manner.

2.  The prior memorandum Order (D.I. 33) dismissed shows inabilities
and why counsel should have been appointed and obstructions removed,
and disabilities accommodated for by proper and precedential law and
conditions.

3.  The amended complaint (First Amendment) was stricken due
to Plaintiffs incapabilities, disabilities, and malicious obstructions to
proper prison and court access conditions. which District Court
continues to prejudicially assist contrary to proper and precedential law and
conditions.

Large first Amendment shows extensiveness of systemic problems
which District Court assists, complexity of case, and need for counsel
appointment, especially because of organized crime in state government,
condoned and assisted now by this District Court.

Incomplete compliance to prior court orders of District only because
of Plaintiffs inabilities, requiring counsel appointment, etc.

57



A law, as these Prison rules, conduct, customs, policies, and procedures, not followed, if legal, make it more difficult for one group, Delaware Inmates, Disabled, Indigent, those all of which this Plaintiff is part of, of citizens than for all others to seek aid from the government is itself a denial of equal protection of the laws in the most literal sense. <u>Romer v. Evans</u>, 517 U.S. 620, 633 (1996).

Plaintiff is denied equal access to the courts by not appointing counsel and by NOT removing obstructions and denials to info and for the courts Plaintiff needs, and malicious or reckless indifference to <u>Disability</u> and <u>Rehab. Acts</u>. rights to entitlements.

Bivens

Bivens' actions may become Federal Tort Claim Actions because Plaintiff is incapable of bringing proper claims involving:

to be named (J. Does)

Federal Employees, continues deliberate indifference to duty by:

1. American Disabilities Act and Rehabilitation Act NOT being enforced at all for this Plaintiff' entitlements, and as a member of the disabled class, as wards-of-state in the Delaware Dept of Corrections.

2.

Defendens.
+
Pleadings

<u>Reply To Memorandum Order</u>

<u>¶ ₩ 05</u>
<u>Dismissed Defendants</u>

Reply to: 6. The Corrected Second Amended Complaint:

Plaintiff cannot defend against why dismissed Defendants need to be included in this case at this time due to obstructions to legal information, specifically the law library to meritoriously communicate to this Court, of which He cannot do with the information because of His incapabilities, disabilities, and handicaps. He does not get access to Fed. R. Civ. P. 41(a) to address that issue due to time limit access to that needed info, and these malicious conditions in suit.

7. Pleading difficulties are due to obstructions mentioned above and the record, to avoid repetition. But District Court continues to act deliberately indifferent to that for obvious conflict of interest, and obstruction of justice, etc.

"Endless" opportunities to Amend are not needed. Obviously, again why counsel should have been appointed for equal protection of the law.

Plaintiff discriminated against by District Court prejudicially due to his indigency; inability to afford counsel, information, equipment, prison conditions to be proper and precedential.

"Endless" opportunities comment is prejudicial and shows conflict of interest. for as Confirms again Plaintiff's inabilities, etc.

Reply To Memorandum Order

Pg 6

Caption Correction

Reference 9. : Caption correction needed to add those Defendants. Included in attached <u>Corrected Second Amendment.</u>    Plaintiffs inabilities, etc. denied proper writting abilities,

10.  Claim 2 is corrected in attached <u>Corrected Second Amendment.</u>
(could not make + attach in time - incapable)

61

Warden, officials, Commissioner, Secretary of Corrections are liable for continuous deliberate indifference and invidious discriminatory animus for pattern of abuse of medical care based on failure to perform various statutory duties. See <u>Slakan v Porter</u>, 737 F2d at 376.

Certain Defendants, to be named, set in motion a series of events that they knew or reasonably should have known would cause a constitutional violation, even if others actually performed the violation. See <u>Conner v. Reinhard</u>, 847 F2d 384, 397 (7th Cir); accord, <u>Greason v Kemp</u>, 891 F2d 829, 836 (11th Cir 1990).

"Supervisors are liable under section 1983 when a reasonable person in their supervisor's position would have known that their conduct infringed the constitutional rights of the plaintiff, ... and their conduct was causally related to the constitutional violation committed by their subordinates ..."

Prison Warden is liable for policy decision which create unconstitutional conditions. See <u>Martin v Sargent</u>, 780 F2d 1334, 1338 (8th Cir 1985).

The fact that one violates the constitutional right of another because of the orders of superiors will not allow that person to avoid liability for those violations. <u>Wahad v. F.B.I.</u>, 813 F Supp 224, 230 (S.D. N.Y, 1993)

pg-392



Add
Training

Municipalities failure to train is a policy under MONELL if the training inadequacy is "so likely to result in a violation of constitutional rights, that policymaker of the city can reasonably be said to have been DI to the need.
Monell v Dept of Soc Svcs, 436 U.S. 658, 690-91 (78), also City of Canton v Harris, 489US 378, 387, 390 (89)
Munic liable when proven exhibited DI to consti violation. 353 F3d 36 (04)
DI or moving force policy, same.
 # Defendant supervisors failing to adequately train its employees to implement a facially valid policy amounting to deliberate indifference. Long v. County of L.A., 442 F.3d 1178, 1188 (9th Cir. 2006). As can be seen in this brief by clearly established precedence to the claims.

63

claims
dismissed

Dismissal of claims without service on the defendants is improper, Nichols v. Schubert, 499 F2d 946 (CA7 1974).

The Haines test must be applied as explained in Estelle v. Gamble, 97 S.Ct. 285 at 293, n 6 and n 7, to not dismiss claims prematurely. Haines v. Kerner, 404 U.S. 519 (1972).

Imminent danger exception satisfied by alleged failure to provide adequate medical care for serious condition. Hunt v. Alphoff, 199 F3d 1220, 1222 (10th Cir. 1999).

As a matter of law, the continuing deprivation of Constitutional rights, constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373 (1976). As for older claims, continues pattern and practice.



<u>Reply to Memorandum Order</u>
<u>Pg 6, 7</u>,
<u>Grievances Claims</u>

Reference 11. Grievance procedure,
    District Court fails to address the violations of security staff interfering with medical needs, causing delays or denials of medical / health services.

    12.  The questions of the violations may not be Constitutional. Only because of disabilities, handicaps, and incapabilities, Plaintiff is deny proper and precedential access to info to make his claims properly and precedentially.

    Post-deprivation procedure of grievance system, copays, and others fail to provide relief by law my deliberate indifference conduct by named Defendants to laws and alike in violation of 14th Amendment, 5th Amend of the U.S. Constitution, ie. Bailey v. Carter, 15 Fed. Appx. 245 (CA6 Ohio 2001),
    Administrative remedy [as a grievance system] that prison officials prevent a prisoner [Plaintiff] from using [by omission, misleading, or denying clearly established law] is NOT an `available' remedy for purposes of PLRA statutory exhaustion requirement.
Civil Rights of Institutional Persons Act (CRIPA) § 7(a); 42 USC§ 1997e (a); Miller v. Morris, 247 F.3d 736 (C.A. 8 Ark 2001)
    Remedies were effectively denied to Plaintiff by inadequate conduct by Defendants named ( Freeman v. DOC, 949 F.2d 360, 362 (1991)), systemic problems from Defendants namely involved in grievance with the state's corrective process (Campbell v. Shearer, 732 F.2d 531, 534 (6th Cir. 1984).
                                    65

Grievance

As a result of custom by Defendants involved in grievance actions, with deliberate indifference and conflict of interest to duty, grievance procedures were used maliciously to cause delays in attempts to deny proper medical care in viola, of Civil rights, State laws, Federal Laws, Federal Objectives, DOC policies, goals, Mission.    State Objectives

Grievance officials and employees are liable for not enforcing prison grievance policies denying due process rights of the 14th Amendment causing unnecessary damages, harm, and injury to Plaintiff. See, e.g. Williams v. Smith, 781 F2d at 324; Lewis v. Smith, 855 F 2d 736, 738 (114th Cir 1988); King v. Higgins, 702 F2d 18, 21 (1st Cir. 1983); Pino v. Dalsheim, 605 F. Supp. 1305, 1319 (S.D. N.Y. 1985).

Under Civil Rights of Institutionalized Persons Act of 1980 (CRIPA), the U.S. Attorney General and the federal courts are authorized to certify state administrative grievance procedures in prisons and jails. If the procedures are certified as fair and effective, federal courts can require prisoners to use these procedures before filing lawsuits. Delaware's have not been certified and need it. Plaintiff cannot attach a copy because his legal guardians won't give him one, Mike Little, Tim Martin.   42 USC § 1997e.

Prisoners have a clear right to make complaints to effect a change in prison policy. Both oral and written complaints carry constitutional protection; to require a prisoner's complaints to be reduced to writing would give prison officials a free pass to retaliate for oral complaints. Thus, Defendants are not entitled to qualified immunity. Pearson v. Welborn, 471 F. 3d 732 (7th Cir 2006). Plaintiffs grievances denied by IGC staff when not medical staff, for one, does not give them authority to do so. Having security staff members as IGC is automatic conflict of interest, and inability to uphold the laws of the land, since in this case, this IGC staff only rules by I/M Housing Manual and Grievance

policy 4.4 for DOC. Everything else is denied or delayed in some way; therefore incompetent also to duty as legal guardian and keeper of the laws of the land.

Substantial compliance with grievance procedure will satisfy exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000).

Procedural protections of due process clause were implicated by denials or omissions or obstructions to grievance DOC procedures which were due without providing Plaintiff statement of reasons for continuation of certain grievances without ever replying ~~with~~ denied Him the opportunity to respond thereto violated his right to procedural due process. USCA, CA5.

Life, liberty, and property interests were violated by Defendants named not responding to their grievance at their level or time denied due process clause or an interest created by law. USCA, CA5.

Specific and relevant prison regulation creates liberty interests is necessary element of procedural due process claims (Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996)) where grievance policy 4.4. does so? And where court ordered deadline dates exist from court rules, common law, statutes and alike, not just from misinterpretation by Johnson, Kobus, Little, Martin continue to deny Plaintiff equal, proper, precedential access to the courts. No court would want to be bothered because of one of these Defendants expecting a special order for them to repeat a law, court rule or alike for them to further clog up the courts. These Defendant continue to be deliberately indifferent to these laws and alike, acting under color/pretence of law, knowing or should know as paralegals to maliciously or recklessly be indifferent to Plaintiffs rights.

67

Defendants named fail to provide remedy in a timely manner ( _Fink v. Supreme Court of Pa_, 654 F. Supp. 437 (M.D. Pa 1987), aff'd 838 F. 2d 1205 (3rd Cir 1988)), and Defendants also in fact denied Plaintiff adequate state remedy in grievances. _Durre v. Dempsey_, 869 F. 2d 543, 548 (10th Cir. 1989).

E/

Reply To *Memorandum Order*

Pg 7, 8, 9

Statute of Limitations

Reference 13. to 15.;

1. Plaintiff can only now finally bring some claims as best as He can having just know learned how to get this far to be able to bring them to a courts attention, which Plaintiff was not yet able to do so far. Some claims dismissed or alike still show His incapabilities; He had to file something now as best as He can to stop the many kinds of damages, speeding up his death, by his legal guardians and now assisted by District Court. Thus, claims did not accrue any earlier as per case cited by District Court. 10 Del. C. §8119. Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Thus, claims not filed within two-year statute-of-limitations are NOT time-barred. District Court prejudices and delays case for relief. See equitable tolling needs. These claims should all also be reinstated.

18°

69

Reply To Memorandum Order
Pg 9
Statute of Limitations

Reference 16. : Expansion of record provided now for why limitations cannot apply in this case. Claims require only short and concise statements which were done in this Second Amendment as best as Plaintiff could and due to abuse of discretion to page limit per claim which denied adding the facts needed, and denied other claims to be made in a timely and proper manner.

&. Equitable Tolling applies in these three general scenarios, without repeating the 3 types per case cited in this Order.

2ol

70

## LIMITATIONS OF ACTIONS; WHY SHOULD CLAIMS BE ALLOWED WHICH ARE ACCRUED BEFORE TWO YEARS OF FILING DATE OF CIVIL COMPLAINT:

Delaware law recognizes exception to statute of limitations which delays running of statute until Plaintiff knew of injury and its cause, and knew standard applies whether statue is tolled because of discovery rule or because of fraudulent concealment (Urland v. Merrell-Dow Pharmaceuticals, 822 F.2d 1268, 1271 (3rd Cir. 1987)), as in this case by obstructions mentioned in other claims, in this Plaintiff's Complaint, to information.

Plaintiff maintains the best diligence He can under these conditions under these Defendants as His legal guardians obviously, deliberately indifferently obstruct this proper and precedential access to information to communicate to the courts in a proper and precedential manner, and like all other parties can to a court for equal protection of the laws, or alike.

Under Delaware law, when underlying claim sounds of fraud, statute of imitations is tolled by tortuous conduct, without any further action by wrongdoer [Defendants], until fraud could have been discovered by Plaintiff through exercise of due diligence as in this case and as the U.S. Supreme Court adopted when a party has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar to the statue does not begin to run until the fraud is discovered, though there be NO special circumstances or efforts on the part of the party committing the fraud [and/or deception] to conceal it [the information; facts, laws] from the knowledge of the plaintiff (Holmberg v, Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585 (1946)(quoting Bailey v. Glover, 88 U.S. (21 Wall.) 342, 348, 22 L.ed.636)), as in this Plaintiff's case.

Plaintiff has/is performing due diligence the best He can as can apparently be seen by Him that no other inmate at the Delaware Correctional Center has been able to voice the systemic

problems and the legal rights, and alike, they have to them. Plaintiff has attained some information as evidence to the claims exposed so far able to be brought so far around obstructions to information due to great diligence, as compared to the legal work other inmates have been able to do at the Delaware Correctional Center with the malicious or reckless indifference to proper and precedential conditions for its wards-of-state under these past legal guardians and Defendants.

Defendants should have removed all obstructions to information to bring all claims in a timely and proper manner which is allowed in prisons by precedence, but continue to act deliberately indifferent to this right, to the detriment of this Plaintiff also, thus, other claims could not be brought yet by this Plaintiff also, and as a member of classes per record.

Federal courts should not unravel state statute of limitations rules unless their full application would defeat goals of federal statute at issue (Hardin v. Straub, 109 S.Ct. 1998 (1989)). State statue that suspended limitations periods for persons under legal disability, including prisoners, until one year after disability has been removed [ this Plaintiffs have Not yet been removed, but certain Defendants as legal guardians continue to be deliberately indifferent to them] was consistent with 42 USC @ 1983 remedial purpose and thus, inmate's [Plaintiff's] @ 1983 action was not time barred though it hade been filed after expiration of the two-year statute of limitations period for personal injury actions. ID Hardin.

n.5 - The U.S. Supreme Court held that ' the central objective of the Reconstruction era civil rights statues…is to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief.' …and is to be accorded 'a sweep as broad as its language.'…ID Hardin.

Why Should Equitable Tolling Apply For Certain Claims;

Federal doctrine of equitable tolling is applied to federal civil rights statutes when state statute of limits would otherwise frustrate federal policy. 42 U.S.C. §1983. Moody v. Kearney, 380 F.Supp 2d 393 (D. Del. 2005).

Limitations period for state inmate to file §1983 action based on prison officials actions [as in Hartmann's case].... was equitably tolled until inmate inmate was represented by counsel, where inmate suffered as result of officials actions, preventing him from communicating effectively, or from accessing relevant medical and correctional records. 42 U.S.C §1983. 11 Del. C. §4322, 18 Del. C. §6856. ID Moody". Prison officials actions against this Plaintiff have been started to be shown in His Complaint and Amendments; this Plaintiff is NOT yet represented by counsel; Defendants created disabilities and handicaps to Plaintiff still exist; this, preventing this Plaintiff from communicating effectively, as per record; and is also preventing Plaintiff to attain information needed to build His case including accessing medical and correctional records. If this would happen to any attorney they would screem bloody murder or something of a similar nature. These atrocities must stop.

Two-year limit starts when Plaintiff found out about the injury. Plaintiff filed Complaint when He first could with the information, that the injuries are and how to properly attempted to communicate them to this Court as best as He can. Without the proper information of what is a meritorious claim, what the minimum professional standards are, and other proper minimum standards, Plaintiff could not bring them any sooner. And, of course, His mental and physical disabilities, incapabilities, and obstructive prison conditions denied or the delayed the needed information to bring each claim. Even though none of the claims have been able to be completely researched as proper,

73

Plaintiff brought claims He could with what He had at the time to hopefully be sufficient to proceed so that it can NOT be sayed He did Not bring them in time. Certain Defendants created conditions conditions in this facility for Plaintiff, and similarly situated, failing to orient, educate, and inform the wards-of-state as Plaintiff of their legal rights, privileges, immunities, and entitlements as a legal guardian would, who would properly 'care' for the wards.

.. Thus, these certain Defendants actively mislead Plaintiff, and similarly situated with respect to their causes of action by their malicious or reckless indifferent conduct by not upholding the laws of the land and professional standards of the fields involved as penology, medical and health care, and others within penology.

.. Thus, this Plaintiff has been prevented, and still is, from asserting His claims as a result of external circumstances created by Defendants and maintained as per record, and internal circumstances in Plaintiff to disable Him also. Id. Moody.²

Claims of prior dates of two-year limit, are part of the continues course of conduct, systemic, systematic nature of Defendants, and for totality of conditions. [10 Del. C. § 8106]

Plaintiff requests to know if He qualifies for the 'time of discovery rule' because of these circumstances, which can be further detailed when need, if needed, to expand the record; and the whether He qualifies in this case for the Continuing treatment doctrine. Limits run at the end of a course of treatment brought about by a prior negligent act or alike, since this was Not considered before in prior Orders from District Court.

Delaware's civil due process clause is essentially the same as the U.S. Constitutions and that the U.S. Supreme Court has upheld laws that have revived expired civil claims, says Attorney Stephen Neuberger.

time should be equitable tolled in this case because of plaintiff's memory and mental disabilities, and cognitive abilities could NOT figure out what has been done to Him by these Defendants, since they did not 'care' for Him as legal guardians should; thus, as bad or worse as the Delaware Psychiatric Center. Both of which the Delaware Governor Minner says something to the effect of "everything is fine, we need no investigations. Thus, show her accomplice nature and conspiracy and corruption to cover-up Dept of Corrections staff damaging wards-of-state, as a pattern and practice of incompetence and deliberate indifference to those damages.

Because of these extraordinary circumstances, the health ones and others can be started to see in <u>Complaint and Amendments</u>, beyond plaintiffs' control make it impossible to file a meritorious petition or alike in time. Thus, these malicious or reckless indifferences are the circumstances that cause the incomplete claims and missing claims, so far. These conditions still hinder Plaintiff to bring a properly brief, motion and alike due to incomplete information, inability to read the cases quoted usually because He could only bring the legal argument that applies in this case.

Denying equitable tolling would be prejudicial and discriminatory to this case, because it would deny Plaintiff, and those similarly situated, the reality of the situation as it actually exists.

Plaintiff continues His research as best as He can to fulfill any gaps, missing info or alike to make all claims ~~the~~ meritorious as needed because these damaging conditions exist, even if Plaintiff has not yet brought sufficient info or correct info, or any info on missing claims. These technicalities can be corrected down the road with expanded record.

Only because of this Plaintiff's indigency to not be able to afford counsel is He continued to be able to get due process, equal protection of the laws, fundamental

76

fairness, and alike.

Plaintiff's _liberty_ is at stake since Defendant's actions go beyond normal limits, professional standards. These principle of procedural due process are implicated by State and Federal Constitutions. These principles include the right to be heard, which necessarily includes the right to be heard by _counsel_. Should counsel be appointed for this reason?

Should counsel be appointed at this time because certain counsel's duties — including pretrial preparation, conducting interviews, preserving evidence, locating witnesses, etc. must be performed long before trial begins so as not to be negatively affected by the passage of more time denying due process?

Should Plaintiff be required to make a specific showing of harm because Plaintiff had no counsel and could not properly be expected to assess for themselves the seriousness or degree of any harm? Is it enough that Plaintiff has shown a violation of a right or alike that may likely result in irreparable harm or serious harm if not corrected?

Surely if a Legislature did their duty to make provisions for the representation of indigent citizens in which they were unable to meaningfully participate would not be allowed to proceed until appointment of counsel is made? This Plaintiff does not have the proper and precedential access to information here at Delaware Correctional Center to provide that information.

(10 Del C 3706) Where relationship is that of legal guardian [trustee] and cestui que trust, as in this Plaintiff's case, does statute of limitations necessarily apply; equity will refuse to adopt a rule of limits where injustice would result as in this Plaintiff's case, and when legal guardians/Defendants fraud persists as to their proper and precedential legal guardianship, and when when persons in a fiduciary, economic, and/or political relationship contrary to law have enriched themselves by fraud, breaches of duty, and alike.

76

6)

Statute of limitations in Delaware begins to run when proper actions are in existence capable of suing, obviously this Plaintiff has not been able to communicate all his claims properly, thus not capable yet. And Plaintiff has not been capable to communicate meritorious cause of action to sue which would properly and precedentially toll the limitations period. Keller v. Pres., Dirs., and Co. of Farmers Bank, 24 A2d 539 (1942).

Thus, does a cause of action accrue before a Plaintiff is capable to sue?

Defendants handicapping action to bring this suit have been due to their concealment of the needed information for this Plaintiff to bring this action, and their continues deliberate indifference to their duty as a legal guardian.

Thus, this Plaintiff has NOT been able to bring all causes of claims until discovered on how to legally discover how to word the claims, and facts for a claim.

Some claims could not be brought due to time limits and Plaintiff's limited cognitive abilities having been disabled by His legal guardians and Defendants.

Thus, under the time of discovery rule, the limitations period does NOT begin to run until the Plaintiff has reason [ not anyone else ] to know that a wrong has been committed. Rack v. Proces, 503 A2d 646/1985)

Plaintiff has been trying to get the facts as to duties, proper standards, in the applicable fields of a career like from national associations.

Plaintiff has been in perhaps unusual conditions, mentally and physically disabled by His legal guardians contrary to evolving standards of decency, and civilized and modern society, contrary to what one wants to believe what is going on in this facility, contrary to its possible "good image" created artificially; not reality.

Limitation period also accrues in Delaware from time of discovery is one of balancing the difficulty of proof, [especially in this facility's

77

ET)

maliciously or recklessly indifferent to proper and precedential conditions, indifferent to professional and non-damaging conditions to Plaintiff, and as a member of classes I which increases with the passing of time against the hardship of their Plaintiff who neither knew nor had or has reason to have known of the existence of the right to sue on a claim.

_____ 378 A2d 646 (1977). Thus, so far, missing claims can not be brought yet due to deliberate indifference by certain Defendants to provide proper and precedential conditions as their responsibility and duty requires. The main ringleaders to this conspiracy and corruption are the Governor Minner, State Attorney General Beau Biden Jr, and former Jane Brady, and Aaron Goldstein as accomplice who are responsible to insure the Dept of Corrections Commissioner and Staff are doing All their duties.

Statute of limitations tolls in Delaware until fraud or concealment. appropriately appears to Plaintiff. _____ 130 A2d 321 (55). Plaintiff has been bringing claims as fast as He can.

The affirmative action of concealment of laws, facts, professional standards was/is being done by very limited and damaging time for access to information at the law libraries, and by denial of a source for information from the internet in a timely, equal, effective, meaningful, capable, adequate and fundamentally fair manner as all other parties have to a court which violates the Constitution in several amendments, by these certain Defendants. Time is Not the legal issue per precedence, but the seven adjectives as elements to that are. Certain Defendants also conceal by not providing a proper orientation upon detention and conviction as a proper, legal guardian would do so that No harm comes to the ward-of-state.

Certain Defendants have knowledge or should have in the positions they hold.

78

Initially, the State Attorney Generals, past and present, are fundamentally liable for failure to do their duty to train, control, and supervise all state employees by law.

Certain Defendants, acting in conspiracy and corruption, thus prevent Plaintiff also to attain the facts and laws in a proper and precedential manner in this public facility, and many grievances are replied with misrepresentations or omissions of the problems which is intended to put Plaintiff off the trail of inquiry; contrary to a legal guardian's duty for wards-of-state.

Incapacity of the Plaintiff, fraud, or concealment of facts are the exceptions to the statute of limitations. _____ 82 A2d 379(1951); The atrocity is that All 3 of these are still going on here in this facility due to Defendants as legal guardians continues deliberate indifference to proper and precedential conditions, which this <u>Complaint</u> and <u>Amendments</u> is about.

Injury is sustained under this Delaware law section 10 §8106 when harmful effect first manifests itself, and when it becomes <u>ascertainable</u>. _____ 330 A2d 130 (1974). Which means when this Plaintiff also learns (gains knowledge, clear perception of truth, and kept in the mind (memorize)) (Plaintiff has severe memory disability) with certainty (fixed, settled information having become knowledge). The Merriam-Webster Dictionary, Home and Office Edition, ©1998. This Plaintiff has been bringing claims when they become ascertainable to Him, not when someone wants them to come contrary to reality, showing actual prejudice of that person.

Reasonable diligence does Not require that Plaintiff file suit based on rumors, suspicion or alike, as required so far.

The benefit of the limitations statute is denied to those who [ Defendants ]

have violated a fiduciary [ a confidence or trust ] for another [ Plaintiff, and
as a member of classes ] duty to a county, state, or nation. _____
_____ 313 A2d 139 (1973). Defendants violations don't need repeating,
the Defendants fraudulent self-dealing will be denied the
benefits of this 10Del.C. §8106 ,...who profited [ or alike; for selfish
reason ] personally [ to keep their job as accomplice to conspiracy
and corruption maintained in this State by Defendants, et.al. ]
from their misconduct. _____ 313 A2d 139 (1973).

    Defendants conduct is a form of unfair competition like equal access to
the adversary and legal processes, by denying effectively actual legal injuries
to information in a proper and precedential manner to Plaintiff; and as a member
of classes.

        Continuing wrong doctrine tolls statute of limitations governing civil
rights claim brought by Plaintiff alledging denial of proper and precedential
access to the courts. Legal assistance is not able to write and research His
cases for Him. General direction is only provided, and insufficient access to
information and no accommodation provided Him as should be provided by
the American Disabilities Act and Rehabilitation Act due to certain Defendants
continues deliberate indifference to that entitlement, specifically leptop and
accessories or full-time access to word processor ( 40hrs per week), and full-time
access to info. in the law library and internet, and entire possession of legal materials as He needs
    Defendants created obstructions, denials, handicaps and disabilities in, Plaintiff
continue to cause a miscarriage of justice as this brief starts to show.
    Deprivation of personal legal files for 82 days is an extra ordinary
circumstance for equitable tolling. Lott v. Mueller, 304 F3d, 918, 924 (9th
Ct 2002), This Plaintiff Hartmann has been forced to throw away almost all his
legal materials; nine out of 10 cardboard file boxes by His legal guardian ( Defendants

80

who are responsible for Him to uphold all His rights, but again, historically act deliberately indifferent to these rights.

Plaintiff should be allowed admission of older claims because He was without opportunity to appeal, because of lack of counsel, incapacity, or some interference by officials. This Plaintiff was/is under all four of these elements, as stated to show in this Brief, and per record.

What is the law on tolling running of statute of limitations?

Appointment of counsel effect for person under mental disability on running of statute of limitations against such person?

~~What is criminal and civil responsibility~~ U.S. Supreme Court rejected use of statute of limitations for intentional torts. ⸻⸻
109 S.Ct. 573 (1989).

Statute of limitations starts when plaintiff knows or has reason to know of the injury upon which the action is based. ⸻⸻
981 F.2d 254, 257 (1993). Plaintiff did just that when He was able enough hopefully. Obviously, dismissed claims shows He has not been able enough yet.

If the injury takes place over a period of time (continuing wrong) the statute does not start to run until the end of that period. ⸻⸻
⸻⸻, 729 F.2d 818, 821 + n.23 (1984);
⸻⸻, 806 F.Supp. 993, 996 (1992) aff'd 3 F.3d 443 (1993).
Plaintiff's facts of a same issue older than 2 years can be part of this doctrine,

81

to petition the courts for redress of grievances. (¯¯¯¯¯¯¯¯¯,
780 F.2d 1422, 1427-8 (8th Cir. 1986).

Dismissal is appropriate, of claim, only where it is clear a
plaintiff cannot make any national argument in law or fact.
Equitable tolling for mental incapacities. Street v. Rose, 936 F 2d
38, 40-41 (1st Cir. 1991) (per curiam).
Federal doctrine of equitable tolling which "permits a
plaintiff to avoid a bar of the statute of limitations if despite all
due diligence he is unable to obtain vital info. bearing on the
existence of his claim" is available in addition to state tolling
rules. Smith v. City of Chicago Heights, 951 F.2d 834, 839-40
(7th Cir 1992).

82

Copy

Reply To Memorandum Order
Pg 9, 10

<u>Co-pay Policies</u>

<u>Reference 17.</u> : Necessities of life ; No indigency policy ;
not provided by Defendants or legal guardians of DOC / DCC.

83

CO-PAYS

Discriminatory conduct exists by Commissioners and Wardens creation of facially neutral rule of taking by deductions is wrongful because deductions for co-pays are a monopoly and forced payment without alternative for indigents as Plaintiff, and State's duty to provide necessities of-life for wards-of- state as Plaintiff.

Co-pays impose a punishment to Plaintiff because Plaintiff has no income, Commissioners and Wardens have not created jobs for all inmates, and jobs existing do not provide a proper income, and equal in percentage to state employees, denying Plaintiffs' property interests, life interests to foods and health products, hygiene products and other necessities of life as on Commissary items list for those products which those Commissioners and Wardens have not provided as they should properly 'Care' for wards-of-state as Plaintiff.

Forced lock-up and expecting payment is slavery in violation of Constitutional, humane, ethical, legal, and professional penological standards. Mandatory deduction for incarceration is punishment ( USCA, CA8; 219 F3d 905 (Wash. 2000)) especially when Defendants caused Plaintiff disabilities and handicaps per record.

Unproven deductions allows for abuse. Plaintiff does not know by receipt what deduction was taken for but for medical which does not define for Plaintiff which visit and medications ordered for Him. Lack of policy, procedure and proper management. Receipts also do Not show for what condition payment was taken for so that no taking by law occurs for 'reoccurring' conditions.

Also payment taken when medical staff fails to do professional

84

copays
cont.

standard for symptoms) or condition, thus requiring payment for malpractice or so forth.

Inmates should be able to have small amounts of money deposited to their accounts without money being applied to debts to government. _____ 928 F. Supp. 717 (S.D. Tex. 1996). _____, 390 F. Supp. 905 (D. Del. 1975).

For copay claims and indentured servitude claim, it makes no humane and ethical sense to have sacred, state property, a ward-of-state, pay for itself for maintenance, repair, and upkeep. If that was proper, every all state property would have to pay something to the owner. Therefore, if wards, state property, have to pay the owner (guardian) that makes them slaves; a person held in servitude as property to pay the owner; inmates have to get money to pay the owner. As a slave, an inmate is thus in bondage in servant + master relationship, directly responsible to another for upkeep and 'care.' Slavery and indentured servitude has been abolished.

Monopolizing price gouging relative to Plaintiff's income is illegal at least.

Being owned and getting only pennies per hour wage for the insufficient jobs here at DCC from the owner guardian is slavery or alike.

Facts
- Needed

<u>Reply To Memorandum Order</u>
<u>Pg 10, 11</u>
<u>Prison Health Conditions and as Medical Care</u>
                                                                    neither
<u>Reference 18, 19.</u> Due to personal inabilities could not add that info then, did can now since
specifically pointed out in wholly rewritten <u>Second Amendment</u>, which should have correction
ability, especially under these disabling conditions this Plaintiff is under.

   18. Should not be barred due equitable tolling, continuing course of
conduct, coverup of rights and alike, systemic, systematic, pattern and practice,
and so forth as per this Brief info within and yet to be discovered. HIPPA violation or privacy
right violation not yet accessable + communicateable to court.
   19. Has dates (since Dec 1, 1999) (to present), Continues systemic violations.

   20.    ''         ''           ''       ,      ''
   21.    ''         ''           ''       ,      ''

   22.  See items 2,4,5,6,15,19 deliberate indifference to #22,
        #18 by emergency medical grievance delays, #16.

  <u>page 11</u> : Failing to provide adequate info. to allow a defendant to respond to a claim —
shows no cite. That is a new requirement to state a claim? and a generic
allegation. What is needed?

   19. Refers to all the claims in summary show systemic damaging conditions,
by these Defendants responsible for supervising, and are moving forces to those
deadly or illegal conditions. Proper care by humane, ethical, legal, and professional
standards. How should it be sayed?
   20. Claim who = Employer (CMS, FCM, DOC), what - unprofessional conduct as
in all claims, when - since Dec 1, 1999, where - DCC, How - deliberate indifference
to professional, etc. standard to cause no harm to Plaintiff, and as one of classes.
sayed How should it be sayed?
   21. Those legal guardians fail to mitigate and remove all these damages
these claims show. How should it be sayed?
   15.b. Names added to caption.    20. Defendants named in Defendants Duties, Work location
                        (86)         pgs 3 to 20; All CMS + FCM employees.
                                     22. Add Nancy (Doe), Jennifer (Doe), 8-midnight nurse

HIPAA

Reply To Memorandum Order
Pg. II.
HIPAA

Reference 20. : (Unable to state legal claim now.)

HIPPA or privacy right violations not yet researchable and communicable to this Court due to denials to info in precedential manner taking meritorious legal claim.   Reference health and medical info in public grievances,

Claim 3: Paragraphs 1, 2 and 11 show pattern and practice, systemic, continues course of conduct, And; see Statute of Limitations and similar issues pages pgs 69-82 in this Reply Brief.

Paragraphs 2 and 6 see co-pay legal issues page 83-85 this Reply Brief,

Paragraph 3  Floss + water pic are professional minimum standards now a days in this ever more modern, civilized, evolving, decent society, Without them, they cause death by health problems compounding like plague build-up in arteries by constant swelling of plaque on teeth not properly cleaned and spit out.   No proper research available yet on case law, and info for Court due to deliberate indifferent prison conditions,

Paragraphs 4,5,8,9, and 10:   those with all DOC staff paragraphs moved to Claim 19-8, 42. which are 4, 8, 9, 10
From paragraph with Defendants from DOC and medical staff, only DOC staff claim(s) get moved to 19-8, 42. which is 5,
Medical staff only paragraphs stay for denying medical/health services or delays unprofessional. which are none.

Paragraph 7: Date missing is March 2006.

Paragraph 11: 24-hour emergency dental care, is professional minimum standard, humane care, ethical care atleast constitutional?  Statutory required yet unable also to be researched and how to make this claim legally possible to stop damages on Plaintiff. Outside dentists have it.



Reply To Memorandum Order

Pg. 12

<u>Claim 3: Dental Services</u>

<u>Reference 21.:</u>  S.O.L.; Co-Pay; Elon + Water Pic; Adequate v. Emergency care.

Bleeding gums, [no floss provided free to indigent] for over 8 years now, constitutes deliberate indifference for serious medical needs of Plaintiff by past dental staff since 1999, and DOC, DCC commissioners and wardens for failing to provide free floss and Food Drug Association approved toothpaste to be free from foreign made paste with unknown chemicals) and/or toxins. These Defendants were aware of these risks or should have been as legal guardians responsible to know these things, and to be professional to know these things causing Plaintiff health risks yet to be diagnosedly professional specialists not tied to this State, DOC, nor CMS or FCM, violate Plaintiffs 8th Amendment rights to the U.S.C. to adequate health care. <u>Williamson v. Brewington — Carr</u>, 2001, 173 F. Supp. 2d 235; and 11 Del C. §6525.

Medical services providers fail to provide Plaintiff any dental info. so that wards can communicate, as Plaintiff, their dental needs. <u>Dean v. Coughlin</u>, 623 F. Supp at 404.

Dental staff fails to do annual physical and cleaning without a sick call slip so they can charge a co-pay, when other annuals are done automatically without requiring a copay.

88

Add
Dental

— The right to toothpaste, like floss picks, as an essential hygienic product is analogous to the right to a nutritionally adequate diet. *Wynn v Southward*, 231 F3d 588 (7th 2001) quoting *Ramos v. Lemm*, 639 F2d 559, 576 (10th 1980). The Court further observed that "the risks posed by tooth loss ... cannot be underestimated" and cited numerous serious, potentially life-threatening medical conditions which may stem from poor dental hygiene. This is deliberate indifference related to current medical needs or conditions which pose a risk to future health. This argument also applies to other medical needs or conditions in Petitioner's Petition.

FDA

Health

Reply To Memorandum Order

Pg 12

Claim 4: Health, Treatment, Medications

Reference 22.: Paper trail not better possible before 2005 due to His disabilities and handicaps caused by His legal guardians / Defendants, Mental disabilities caused inabilities to participate in the legal system completely. Physical disabilities (as per Complaint) (and Amendments) denied Him abilities to participate and do more paper work, even though proper conditions should have existed in the first place, and systemic, systematic disabling / handicapping conditions never been corrected due to government employee problems, acting in this as per Complaint / Amendments and to be brought when mentally and physically able by Claintiff from these destructive and killing conditions, which no one in this mini state has been able to be exposed yet.

S.O.L.: Details needed. Plaintiff was forced wrongfully by District to a page limit per claim denying him ability to bring details at that time in the Second Amendment. First claim was too long, now too short.

"Deliberate indifference by CMS, DOC, FCM to Plaintiff's serious medical needs show in record, resulting in either a denial of recommended post-operative treatment [ polyp removal ], or a denial of access to a phypican [ specialist ] capable of evaluating Plaintiff's needs for prevention, diagnosis, and/or treatment, violates constitutional standards. USCA, CA8; West v. Keve, 1978, 571 F 2d 158; and 11 Del C. § 6525.

A doctor could be held deliberately indifferent, as Dr Ale', who did nothing for almost three weeks [or more] after the Plaintiff sent her a letter of complaint. There is a presumption that mail sent is timely received.

The warden and another doctor are not entitled to summary judgment as prison administrators are liable for deliberate indifference when they knowingly fail to respond to an inmate's request for help. The plaintiff is entitled to an inference at the summary judgment stage that they got the letters he swore he sent them. Jett v. Penner, 439 F 3d 1091 (9th Cir 2006),

Claims for "physical health problems" by prisoner which do not specify a physical injury permits recovery for emotional and/or mental damages due to fear caused by increased risk of developing a disease. Herman v. Holiday, 238 F 3d 660. (5th Cir. 2001), Unless more damage exists for more liability.



Estelle v. Bamble, 97 S. Ct. 285 (1976):

1.  n.12 "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983. See, e.g., Wilbron v Hutto, 509F2d 621, 622 (CA8 1975); Campbell v Beto, 460 F. 2d765 (CA5 1972); Martinez v. Mancusi, 443 F 2d921 (CA2 1970); Talbert v. Eyman, 434 F2d1625 (CA9 1970); Edwards v. Duncan, 355 F 2d 993 (CA4 1966).

2.  Intentionally interfering with the treatment once prescribed. See, e.g., Westlake v. Lucas, 537 F2d 857 (CA6 1976), et. al.

3.  Whether the conditions at DCC were the product of design, negligence, or mere poverty, they were/are cruel and inhuman.

4.  State Defendants add to the risk with other Defendants who do not give non-degrading care because of a conflict of interest with money, attitude, and inadequate state of mind to provide minimum care, has caused Mr. Hartmann, pain, suffering and bodily degradation for earlier death due to their breach of the State's constitutional duty, and upon info and belief county funds used to support DCC or DOC.

5.  And counties are sued for failures to follow Governor's Memorandum of Understandings to support each other's state agencies purposes to allow and cause the DOC purposes and other State and Federal laws to be fulfilled at D.C.C. and D.O.C. Delaware.

6.  Lack of funds for facilities cannot justify any unconstitutional or federal lack of competent medical care and treatment for inmates.

92



Medical Serious Needs are defined as:

Eighth Amendment violation for failure to protect under Prisoner litigation Reform Act appropriate de minimus standard is whether injury is of a nature that would require free-world person to visit emergency room or have a doctor attend to, give opinion, diagnose, or medically treat for injury or whether home treatment would suffice. USCA, CA8; CRIPA §7(c); 42 USCA§ 1997a(e).

The court rejects the defendants' argument that if they hire and rely on trained professional doctors and nurses [ and medical staff], they cannot be held deliberately indifferent. Long v. County of L.A., 442 F3d. 1178 (9th Cir 2006).

Being seen by medical staff 50 times or so does NOT eliminate a trieble issue. Id Long. The same goes for Law library access time; its irrelevant because it does not address precedential elements named.

The lack of affirmative policies or procedures to guide employees, state or contractors, can amount to deliberate indifference, even when the agency has other general policies in place. Id; Long at 1189. DOC + CMS + FCM don't have them in place or they are not being enforced by their supervisors, thus an accomplice to deliberate indifference to Plaintiff's health problems, and DOC staff for other claims.

Claim 2-19, All medical staff Defendants which Plaintiff has seen for health services fail to diagnose, prevent, inform, and treat Diabetes symptoms for yet an unknown length of time, and Plaintiff just now having found out what the symptoms are, having 6 of 7, and thus damaged due to deliberate indifference to timely health care, acting under color of law in violation of First, Eighth Amendments at least of the U.S.C.,



## Health & Medical Specialists

Doctors failed to perform tests for cardiac disease in patient with symptoms that called for them. Hiltier v. Beorn, 896 F2d 848, 853 (1990). Such as C R P (abreviation unknown) (mg/L) for sign of arterial inflammation and MPO (abreviation unknown) (parts/million) risk of heart attack.

Medical staff doggedly persisted in courses of treatment which caused further immobilization or inability to work or do legal work to attain relief from too many illegal prison conditions by Plaintiff.

Failures to test for arterial plaque build up from lack of water-pic', and cortisol from stress to prevent damage.

Failures to prevent, diagnose and treat Plaintiffs physical disabilities denied Him the ability to properly exercise which caused/causes continues irreparable damages in Him, destroying His physical + mental health in violation of the 8th Amendment of the U.S.C.

Where movement is denied and muscles are allowed to atrophy, the health of the Plaintiff is threatened and the States [Defendant] constitutional obligation is compromised, due to Defendants continuous obduracy, stubbornly, unyielding, inflexible, and uncompromising nature, and wantoness by lack of regard for Plaintiffs' feelings, rights, and/or safety.

94

<u>Memo. Order</u>
<u>Pg 13</u>
<u>Medication</u>

Court refusing to dismiss allegation of 3 day denial of medication; discovery or expert testimony might reveal a physical injury. <u>Nyberg v. Cusia</u>, 1996 WL 754107 (N.D. Ill., Dec 31, 1986).

All Claims with possible physical injury showing future harm, per <u>Helling v. McKinney</u> would satisfy physical injury requirement. See <u>Caldwell v. Horn</u>, 1997, U.S. Dist. Lexis 21000 (E.D. Pa. 1997).

Interruptions of prescribed medication or treatment is deliberate indifference. <u>Memo. Order pg 12, 13</u>: Claim 4 was approved before, see <u>Memo Order</u> pg 2, para. 2, and pg 3, para 3, "The Court issued ... to proceed on the original complaint and the remaining claims..." This <u>Memo. Order</u> in pgs 12 + 13 denies Claim 4 previously approved. Plaintiff only restated claim 4 as it was approved.

Claim should be approved.

95

MOL

Reply To Memorandum Order

Pg 13

Claim 6 : Optometry

Reference 23. : Grievances and S.O.L. issues addressed before.

Serious optometric needs are : No glaucoma test, and others to be determined by professional standards denied to Plaintiff.

Memo, Order pg 13 ; para. 23 ; General denial of optometry services was necessary because No patient info was ever provided about proper care of eyes for prevention, patient info right, patient total involvement right in ones care. This Denies First and Eighth Amendment rights of the U.S.C. to Plaintiff by the same Optometrist since Dec 1999 to present; fails to follow his professional ethics to properly care' for patient as above, violates right to adequate medical care, risk of serious health problem. Just providing glasses and nothing else is NOT preventative, proper, adequate professional care. He is in conspiracy and corruption with DOC to save money.

Reference para., 1 and 2 of Claim 6 references Grievances. As before, all DOC employees go to Claim 19-8, 42. All medical staff Defendants stay in this claim for denial or delay to proper, professional health care.

Paragraph 3 : See limitations pgs 69-82 herein to overcome statute of limitations. A serious optometric need is glaucoma test regularly which have never been given, and patient info rights for prevention, failing to inform to cover-up any diagnosis or treatment needed. Claim should be approved?



Reply To Memorandum Order
Pg 13
Claim 8: Mental Health

<u>Reference 24.</u> : Plaintiff is Not "choosing" a specific form of medical treatment, but seeks proper professional services.

"Continuing care" does not mean adequate professional care as required. Care is not by Plaintiffs "believes" but by professional standards to care for symptoms, signs, and prevention.

Plaintiff's disagreements are due to professional standards. Not providing them does not allow for less then adequate, proper care, as this District Court wishes to summarily dismiss this claim when these material facts below exist. This conduct by District is prejudicial, assisting continuing damages on me, and shows conflict of interest to its ethics and duty to provide equal protection of the laws for all, without discrimination to inmate's as apparent. apparent.


<u>Reference 25.</u> : Paragraphs 1, 2, 3, 4, 7, 8, 9, and 11 are Constitutional violations or alike under federal court jurisdiction, for 8th Amendment atleast below. Plaintiff attempts to point out unprofessional conditions which continue to damage him, He does not raise issues of "displeasure", as prejudicially stated by District Court showing wrong state of mind again by that Court as for the conflict of interest and discrimination actions.

Paragraph 4 Defendant is (J. Doe 6) LXXIV) .

Plaintiff can provide details of mental disabilities & approval of it be a sealed document Reference for this Court only, for now until Counsel appointment to proper handling of this issue.

97

Doe XXIX

Reply To Memorandum Order

Pg 14

Claim 8: Mental Health Continued

Reference 26: For grievance issue, see prior issues brought.

S.O.L. issues, see prior issues brought.

Defendant Doe XXIX, Disabilities Law Program individual to be named is a state actor acting under color of law. They are clothed with the authority of state law due to explanations on following pages. And also other groups so far discovered and their members, Para. 4 Defendants to be named at discovery.(5. Does) LXXIV). District court reply alleging Plaintiffs 'displeasure' is erroneous, its because He has disabilities because of unprofessional care due to deliberate indifference. If that program is not an individual that cannot be named as a Defendant, then why does CMS and First Correctional need to be named as a Defendant when they are NOT individuals?

paragraph 1: Those Defendant, as responsible policy makers, fail to make or enforce them so that I do NOT get damaged, now disabled, its so atrocious here, due to lack of accountability here historically, and lack of professionalism. Plaintiff can state specific disabilities, symptoms, and conditions not properly cared for by 8th Amendment of the U.S.C. in a prior approval by a court that such document would be forever kept under court seal except for courts eyes or as legal proper. This is also where Plaintiff needs counsel for proper guidance and equal protection of the laws. How should this claim be made?

Problems are of serious medical need as stated to show below, as in paragraph 1, 2, 3, 4. 4 is for serious medical need to proper care of issues such as narcolepsy, dementia symptoms, etc.

lack of time

Paragraph 7, 8, 9 Shows a reason for lack of proper healthcare. Understaffing, is deliberate indifference to professional standards [?] Para. 10th How to state?

(98)

## Mental Health

Allegation of mental anguish so severe that it caused physical deterioration and would shorten Plaintiff's life was sufficient under 42 U.S.C. §1997e(e). Perkins v. Arkansas D.O.C., 165 F3d 803,807(8th Cir.1999).

Continues deliberate indifference to mental health violates the 8th Amendment for failures to inquire into facts necessary to make a professional judgement. Liscio v. Warren, 901 F2d 274, 276 (1990).

Treatment of mental disorder of mentally disturbed inmates is a serious medical need. Wellman v. Faulkman, 715 F2d 269, 272 (1983), 8th Amendment violation.

Defendants continued to fail to use a systematic approved program by appropriate Association for screening, evaluating, and treating Petitioner, as one of inmate class.

Defendants continued deliberate indifference to professional standards to proper intake screening for government custody.

Mental health staff lack professional standard of supervision, control, and training.

Plaintiff continues to NOT be represented by a competent custodian in whom's legal 'care' he is in, to be a voice for him, and as one of inmate class, to uphold his rights, privileges, and immunities, due to Plaintiff's mental disabilities, and due to being a ward of state.

Custodians, over the past seven years, continued to ignore my symptoms of mental disability causing accummulating and compounding abuse, neglect, exploitation, and discrimination upon Plaintiff, and as one of disabled wards; Mental health failed to do its proper intake, and continues mental health evaluation professionally to avoid these kinds of damages to Plaintiff, and as one of class.

99

~~Deposits.~~

Systemic conditions such as severe, or constant stress, as was/is occurring to Plaintiff, and as one of inmate class, are <u>known</u> to cause or further damage hypothyroidism Plaintiff are possesses and keeps getting worse under there degenerative conditions; thus under constant fear of imminent death when this body decides to shut down or alike.   Not being taken to specialists atleast for any prevention required by law, is nerve racking.

Defendants fail to treat, diagnose, and prevent further damages of these severe, daily, major life activities affecting diseases.   Defendants induced a substance-induced disorder, instead of correcting damaging prison conditions.

Medical staff using drugs to cover-up physical injuries and damaging prison conditions, instead of working with custodians to correct illegal prison conditions and provide proper, professional conditions which are <u>not</u> degenerative, but rehabilitative and improving of wards as Plaintiff.

Psychiatrists workload professional standards may be discussed in _____ _____, 824 F. Supp. 1374.

Diminished mental capacity is procedural default. <u>Mathenia v. Delo</u>, 99 F 3d 1476, 1480-8 (8th Cir 1996).   Continual denial of appointed counsel for indigent and mentally disabled in this case continues to cause procedural default.

Failures to prevent, diagnose and treat symptoms, denied Plaintiff the ability to freedom of bodily movement, a liberty protected by due process clause for ~~arbitrary~~ deliberate indifference by Plaintiffs guardians / Defendants to proper and precedential prison conditions.   That right is NOT extinguished even for penological purposes. <u>Youngberg v. Romeo</u>, 102 S. Ct. 2452, (1982).

100

MOL
MH

The lack of physical injury does not negate the constitutional claim. The gratuitous infliction of pain is not limited to physical pain, but includes psychological pain. Intentionally denying an inmate the use of a bathroom for hours and requiring him to sit in his own urine could constitute the requisite psychological pain to support this claim. Plaintiff is yet unable to connect all the dots and which claims qualify for this standard, from those he brought.

What is the law on mental disability as ~~tolling running~~ to malice caused by legal guardians responsible for mental and physical measures undertaken in connection with treatment of mentally disabled patient?

Plaintiff was denied [ due to deliberate indifference to professional prison conditions ] to his fundamental right to be free from unjustified intrusion on his personal security. _Rennie v. Klein_, 653 F.2d at 844. By Defendants conduct including mental health failure to properly screen incoming detainees and convicted. Thus, allowing damaging conditions, and failures to provide proper ones, per _American Disabilities Act_, _Rehabilitation Act_, mental health care of wards-of-state, and many others.

MH

<u>Disabilities Law Program</u>, N.A.M.I., <u>the Arc of Delaware</u>, State Developmental Disabilities Counsel, Governor's Advisory Council for Exceptional Citizens, and <u>State Council for Persons with Disabilities</u>, Delaware Mental Health Association, [they are all clothed with the authority of state law] are all considered state actors for 42 § 1983. <u>Goldstein v. Chestnut Ridge Volunteer Fire Co.</u>, 218 F.3d 337, 339-40 (4th Cir. 2000).

Claim 8: These groups willfully participated in joint activity with the State or its agents. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970).

Programs/groups were state actors because its nominally private character was "overborne by the pervasive entwinement of public institutions and public officials in its composition and workings. <u>Brentwood Acad. v. Tenn. Secondary School Athletics Asso.</u>, 531 U.S. 288, 298 (2001)

Programs staff make it look like and did deprive of the disability right and alike of Plaintiff, a ward-of-state disabled, as DOC administration continues to do by deliberately indifference to obvious legal rights, ethical, humane and professional standards of the fields involved.

Private Board or staff have a symbiotic relationship ( <u>Cohn v. Natl Bd of Trial Advocacy</u>, 238 F.3d 702, 704 (6th Cir. 2000)) to uphold the laws and alike for all the public equally without discrimination of Plaintiff, as a ward-of-state.

The Court has held that private persons who are authorized to exercise state authority are deemed to be acting under color of law. <u>West v. Atkins</u>, 487 U.S. 42, 54-55 (1988).

102

Reply to Memorandum Order

Pg. 14

Claim  :  R.I.C.O.

Reference 27. : Element One — Conduct ;  Two - of an enterprise ;  Three — through a pattern ,  Four — of racketeering activity .

Definitions :  Enterprise means undertaking , project, daring action,
         Racketeering means a person who obtains money by an illegal enterprise usually involving intimidation .

Again , District Court fails to provide proper conditions for Plaintiff by TRO + I , to bring these claims . Ignoring the American Disabilities Act and Rehabilitation Act " accommodations " needed for Plaintiff's disabilities, also. Prejudicing these claims, allowing and supporting these damages to continue on Plaintiff , and the classes He is part of.

     (Plaintiff has NOT been able to access to info to make proper claim ) and
     to receive entitlements to bring this claim glow.)

         Conduct is conspiracy and/or similar qualifying conduct to conduct organized crime is among state employees to deprive Plaintiff of proper, professional, precedential health and ward-of- state care by rights and alike since 1 Dec 1999 , as started to show in this case O6-340, of an enterprise that conducts themselves similarly to effectuate the goal of denying or delaying Plaintiff His rights and alike, as per case record and to be discovered, by their daring criminal and/or civil actions causing Plaintiff , and as a member of classes damages of several types including irreparable , ongoing, and imminent . Pattern per this case record shows ; The racketeering is by keeping their petty jobs but selling their souls to the devil by assisting , ignoring, condoning or alike the illegal conduct and/or conditions Plaintiff is under, by intimidation, abuse, gross neglect, exploitation, and more.

103

Classification

Reply To Memorandum Order
Pg 14, 15
<u>Claim #13 : Classification</u>

<u>Reference 28. :</u>    Defendants are <u>Stevenson, Wardens, Commissioners.</u>

para. 13   Surely grievous loss does <u>not</u> include claims made in this case record of serious mental and physical damages as has been causing Plaintiff.

" Grievous loss " [ Defined as suffering, grief, severe, oppressive, onerous] [ Ruin, harm, killed, wounded, captured] allegedly allowed to house Plaintiff, in his statuses as mentally disabled, in degrading and grievous loss conditions by classification by DCC staff, according to an old case of <u>Moody v. Daggett</u>, 429 U.S. 78, 88, n.9 (1976).   Other land mark cases have ruled against destructive, grievous loss conditions being conducted in prisons. Serious medical and health needs by Plaintiff, as per this case, cannot be denied, for one.

104

Reply To Memorandum Order

Pg 15

Claim 11: American Disabilities Act and Rehabilitation Act

Reference 29.: Restate as original complaint. Again Plaintiff was forced to reduce claims sizes He attempted to do as best He can under these conditions He is under. His disabilities denied him the capability to bring properly in the Second Amendment due to time limit limiting Him more so do this His disabilities which were not considered nor equalized to the non-disabled by His legal guardians, Thus, one can see the systematic obstructions caused this Plaintiff by His caretakers, so that He can NOT bring this lawsuit, as a form of retaliation to make prison conditions unbareable, for proper access to the courts, and now assisted by District Court to prejudice this case further.

See Limitations pgs 69-82 why older problems, paragraphs should be allowed to go forward.

Approve Claim 11 ?

105

## American Disabilities Act and Rehabilitation Act

Facilities must fully accommodate handicapped for their needs, regardless of funding not made available, _____ 835 F. Supp. 1569.

Defendants denial of accommodation for mentally disabled Plaintiff for full-time access to information, internet information, law library, and word processor with standard accessories to attempt to equalize lack of equal standing for legal access to courts, society and alike as required by these federal statutes continues maliciously, denying atleast FIRST, FIFTH, SIXTH, EIGHTH, FOURTEENTH Amendments.

State public library system director and custodians fail to provide all its services to all its citizens by state law.

Prison authorities are liable for failures to provide interpretive and assistive communication devices. _____ 898 F. Supp. 1019.

Lack of accommodations and entitlements as auxiliary aids continues to deny Plaintiff legal rights to legal access to courts as can be seen by denied claims in original Civil Complaint, even if prejudicially, illegally denied, which continues to deny legal access to court still.

Lack of entitlements deprives access to courts rights with meritoriously, communicated claims and defenses.

Failures to adequately control, train, and supervise guards to accommodate mentally ill prisoners represents deliberate indifference to inmate's mental health. See, e.g., Young v. City of Augusta, 59 F 3d 1160, 1171-1172 (11th Cir. 1995). As in Plaintiff' Hartmann's case, and as one of ill class.

In Tennessee v. Lane, the U.S. Supreme Court held that States may be sued for money damages for violations of Title II of the ADA, atleast when the violation relates to a person with

106

MOL - ADA

disabilities access to the courts. _____ → 129 S. Ct. 1978 (2004), and for injunctive relief.

Rehabilitation Act §504 requires state and local governments that receive federal financial aid to provide "meaningful access to the benefit" that is offered (*Alexander v Choate*, 105 S. Ct. 712, 720 (1985)) and this Plaintiff has not been offered Any due to Commissioner and Wardens continuous deliberate indifference to this entitlement acting under color of law.

Access List

Reply To Memorandum Order
Pg 15, 16.

<u>Claim 12:</u>  Access to the Courts

<u>Reference 30?:</u>  S.O.L. previously shown.

Give facts.

Not respondeat superior. See _____

Facts for supervisor claims.

Show Knowingly and deliberately indifferent.

( ~~crossed out~~ ~~crossed out~~ )

Reference para 32: ~~crossed out~~ ) "Deliberate indifference to excessive risks" on pg 23-2.

Restore para 23? "were aware of" as part of claim on pg 23 - 1. "had knowledge of" a formulaic recitation needed.

Reference 31: Plaintiff had to keep claims short due to magistrate Order, so He did. Because of massive problems in state the only way Plaintiff could bring claim is by large ~~crossed out~~ encompassing descriptors. Problems include destructive time limits to law library to info were created, condoned, by DOC/DCC supervisors, Brady, Bledwitz Taylor, Danberg, Snyder, Carroll, Phelps, Kobus, Burris, Howard, Martin, Little denying Plaintiff precedential access to info to communicate to the courts and cases preparation in violation of the Constitution, human, ethical, legal, and professional standards, rights or alike.

~~crossed out~~ Martin, Little, Pierce, ~~crossed out~~ Kearney deny equal access as all other parties have to a court to equal equipment and accessories like word processor or laptop, in this ever more civilized, decent evolving society, where those equipment have become a standard household item as telephone, TV, typewriter, post office, and so on.

Try living without it for a day and see how invaluable it has become.

Footnote 5: Pgs 23 to 26 contain elements needing alleging from other cases. Supervisors only as moving forces deliberately indifferent to plight.

(108)

<u>Reply To Memorandum Order</u>
Pg-17
<u>Claim 17: Legal Mail Censorship</u>

<u>Reference 33.:</u>  Grievance issues explained before, pgs 65-68, as could be discovered after
Insert dates.
S.O.L. issues explained before.
Get date books returned.

Plaintiff keeps being denied the ability to contact attorneys who take His kind of
cases because this Law Library staff and supervisors, Edwards, Kobus, Martin,
Little continue to be deliberately indifferent to this need, by area of law practiced.
Wardens also fail to provide free-postage for indigents for legal mail.

<u>Paragraph 1:</u> Date needed is 1-14-2005 on to present.

<u>Paragraph 10:</u> Dates are as stated: "at those times" in each paragraph
for continues pattern and practice.

<u>Paragraph 2:</u> Plaintiff needs to inquire from source for date exactly, even
though this was the earliest possible time Plaintiff could bring
this claim also.

109

N. of L.

Reply To Memorandum Order
Pg. 17, 18
Claim 19: Necessities of Life

Reference 34.: Show 8th Amendment violations by inhumane under contemporary standards, or such that it deprives an inmate of minimal civilized measure of the necessities of life.

Show 8th Amendment violation by 1) objectively, sufficiently serious deprivation, and 2) officials deliberate indifference to health or safety.

Show knew or were aware of an excessive risk to them. Second Amendment pg __

Excessive defined as superfluity, more than sufficient or necessary, extra, spare, surplus, exceeds, intemperance, lack of moderation, habitual, excessive

From the Merriam-Webster Dictionary, Home + office edition 1998.

See grievances pp. 65-68 for tolling or alike.

It is NOT claimed these proper conditions are "like what "plaintiff would like", as another showing of a prejudicial nature to this inmates claims by District Court, but for what should be provided by professional standards.

Plaintiff does NOT claim "total" unrestrictive telephone use, and NOT free phone calls, but at same cost as all other public rates.

Show dates.

Plaintiff had to keep claims short due to page limit seen as wrongfully ordered which denied bringing the elements of each claim by District Court.

Grievance issues are as discussed above in this Brief, to be able to be brought now, and for more expansion of record as needed.

See attached Appendix C for more elements needed from Memo. Order.

110

<u>First Amendment Rights under the U.S. and
Delaware Constitutions</u>

Commissioners, Wardens, law libraries staff continue deliberate indifference
to Plaintiffs press, speech, info., communication rights via standard
internet violates these Constitutions. <u>Bill of Rights of the Delaware
Constitution of 1897</u>, <u>Art. 1</u>, <u>Section 5.</u>

Same Defendants deny internet access as mass punishment wrongfully
in violations to humane and ethical conduct for Plaintiffs life,
liberty, property, and pursuit of happiness interests which are
not legitimate penological interests to be denied, but rather
act contrary to rehabilitation, reentry, and alike, as require-
ments to ~~to~~ penology professionally.

Same Defendants also exaggerate response by signing, editorial or alike
communication requirement which violates the constitutions as
an infringement ~~on~~ the freedom of press guaranteed by Section
5 and the First Amendment to the U.S. Constitution. <u>In re
Opinion of Justices</u>, 324 A 2d 211 (Del. 1974).

The Delaware constitutional provision guaranteeing freedom
of the press to Every citizen who undertakes to examine the official
conduct of people acting in a "public capacity" is Not abridged,
as Plaintiffs is, by a restriction of access in matters. It is
granted to private citizens to publicly examine official conduct
which Plaintiff is being denied by His guardians/Defendants, mainly
Commissioners and Wardens.

19-25
in 2nd Amend

<u>Privacy</u> - Intrusion on rights of privacy by DCC security supervisors Cpts Henry, Hazzard, Maj. Scarborough, et. al., when staff members of one sex may not supervise inmates of the opposite sex during bathing, use of the toilet. Female officers were assigned to plaintiffs tier to supervise bathing and toilet use, and were deliberately indifferent to this legal right. Their supervisors fail to properly train, control and supervise by law by not upholding this right, Brady, Bidewitz, Goldstein, Taylor, Danberg, Snyder, Carroll, failing to know what really goes on in the front line, and failing to enforce the laws of the land for their wards of state as responsible, legal guardians. <u>Lee v. Downs</u>, 641 F2d 1117, 1120 (4th Cir, 1981); <u>Cumby v. Meacham</u>, 684 F2d 712 (10th Cir. 1982). On clearly established law, knowingly or should have known as professional working in the field of penology.

Claim for violation of privacy is claim for mental or emotional injuries. <u>Davis v. District of Columbia</u>, 158 F3d 1342 (DC Cir 1998).

Has time alleviated the necessary and important regulation/rule? Generally, no foundational data is available from this facility showing rules required as they are to be need at every security level. Thus, mass punishment and regimentation is contrary to professional penological standards for important reasons experts are well aware of, but DOC + DCC staff/Defendants continue to be deliberately indifferent to.

In assessing seriousness of a threat to institutional security, a prison administration or court necessarily draw on more than the specific facts surrounding a particular incident. They must also consider the character of inmates confined in the institution at each security level, recent and long term relations between prisoners and guards at this facility at each level, prisoners interpersonal relationships, and the like

112

as part of a professional impact - study before notice to the public about possible rule change or addition per _Administrative Procedure Acts_ and laws.

Decisions should turn on scientific predictions of the future behavior as much as possible for a more objective foundation which is as solid as possible.

No matter how many cannot live at a lower security level, does not allow mass punishment by not moving them to a higher security level.  Problems of mass punishment occur, which Commissioners and Wardens continue to be deliberately indifferent to.

Commissioners, wardens, and others named Defendants continues, systemic, statutory construction and application require providing Plaintiff, and as one of protected classes, treatment, rehabilitation and restoration as a useful, law abiding citizen within the community, which are requirements to be liberally construed by a court, (11 Del. C. Rev. 1974 @ 6502; _Chesapeake Utilities Corp. V. Hopkins_, 1975, 340 A2d 154) but continue to fail Plaintiff by continually damaging Him in several ways, as per record, of this case for unconstitutional, inhumane, unethical, and unprofessional conduct and punishment upon Him, as for not providing common sense necessities of life in status as a ward-of-state.

claim 19 -15 from Plaintiffs _Second Amendment_, Living space and health and safety conditions / interests; Classification continues to exceed 72 hours, per building, and design capacity continues to be exceeded by about 100%, doubled occupancy when design was for single occupancy per cell.  11 Del C. 6535.  _Anderson V. Redman, 1977, 429 F. Supp. 178;_ Defendants Commissioners, Wardens, Stevenson,

which continue to cause Plaintiff mental and physical damages.
Design and Classification policies and procedures are not American
Disabilities Act and Rehabilitation Act certified or alike due to
Commissioners, Wardens, etc. continues, systemic deliberate
indifference to proper and precedential conditions by law.

Personal security, [ and health, and property security ], like
medical care, are life's necessities to which prison inmates
are entitled to in a minimally civilized measure. Wheeler
V. Sullivan, 1984, 599 F. Supp. 630.

· The Dept of Corrections, Commissioners and Wardens, continue
to fail to cooperate with public and private agencies and
offices to assist it in attaining its purposes. ( 11 Del. C.
§ 6551) via such Depts as Div as Family Services,
Mental Health, Disabilities, libraries, Public Health,
DNREC water, ground and air quality tests and public reports
made available to Plaintiff whenever published or alike.

Prison Chaplin Pennell claim prohibited by omission for Plaintiff to have family
and marriage rights upheld by preservation and protection services by
constitutional, humane, ethical, legal, and professional standards
since Dec 1999 to present.

For info, speech, press, communication rights, internet use directly
or indirectly, the general public has the right to associate
with a prisoner. Aikens v. Jenkins, 534 F. 2d 751 ( 7th 1976).
And nothing else allows it as the internet does, their is no equal
alternative.

114

## Private Property Argument [1]

The Plaintiff states a constitutional property interest claim, a substantial constitutional claim which is denying due process against the arbitrary and capricious, and deliberate indifference to wards of State necessities of life under the _Turner_ standard as to the facial constitutionality of this Prison Inmate Housing Rule. This rule bans all other property that has not been officially approved. A complete ban on other private property is not rationally related the goal of legitimately securing prisons, as other prisons allow much more private property. As the U.S. Supreme Court noted in upholding censorship regulations that it was "comforted" by the "individualized" determinations required and the fact that the regulations rejected "shortcuts that would lead to needless exclusions, in _Thornburgh v. Abbott_, even though only First Amendment related in that case. These needless exclusions included creation of an excluded list of private property. This Prison Rule makes a much more serious shortcut banning all other private property unlisted and allows only a discrete set of enumerated private property items. This 'shortcut' greatly circumscribes the universe of private property accessible to inmates, as in other prisons. It thus shows Rule's ban is not sufficiently related to any legitimate and neutral penological objective. There is no record to show the alternative means by which the Plaintiff, and as a member of wards, might exercise his right.

However, the third _Turner_ factor favors this Plaintiff, and class, since there is an obvious alternative: send the private property incoming to the prison mail room or a review person, whose purpose is to inspect inmates' incoming private property. This alternative is supported by the facts that on prior occasions, property was sent here to the mailrooms before it

was deliberately indifferently denied to inmates, as Plaintiff, at DCC without legal removal of such rule.

Understaffing or lack of funds budgeted for wards does not professionally, legally, nor ethically, nor humanily allow denying totally all incoming private property, such as food (insufficiently supplied by guardians/Defendants) and approved vendors as other prisons have.

The first Turner factor requires a 'neutral' objective, and that does not include personal prejudice as Defendants and State Budget employees, which is the gravemen of the allegation that these total bans are arbitrary, capricious, unjustifiable, illegal.

116

Nov 2
19-23

19-23

Personal Property, taking of is NOT frivolous. <u>Neary v. Dugger</u>, Cir 11; 1985, 766 F2d 456. Especially when prison rules applying have not been legally enacted By Admin Proc. Act + Laws. Since prison rules were NOT legally implemented per APA + Laws, Ihres null + void, and all damages caused by Defendant, makes them liable, and for such conduct as abuse, gross neglect, exploitation, and discrimination of Plaintiff because of class membership as ward-of-State inmate, contrary to laws, ethics, human rights, and professional standards (described elsewhere in this Brief) and the record.

Claim 19-25, staff members of one sex supervise inmates of the opposite sex during bathing, use of toilet (<u>Cumbey v. Meachum</u>, 684 F2d 712 (10th Cir 1982)) contrary to clearly established law, and fail to orient inmates, detainees, convicts to these rights, and supervisors of DOC fail to enforce, train, control, and/or supervise by law.

Claim 19-25, Denial of all businesses or profession in prison is NOT a reasonably related to legitimate governmental interests, therefore an illegal prison rule at DCC, illegally implemented (<u>Abu-Jamal v. Price</u>, 154 F3d 128 (3rd Cir 1998) and Defendants Commissioners and Wardens continue to be deliberately indifferent to this clearly established law.

Claim 19-9 for family therapeutic private visits, Claim 19-15 for private living space rights, claim 19-21 not informed of, 19-15 partitions between beds in dorms, 19-25 bathrooms, toilets, urinals, showers for indecency 8th Amendment of the US. Constitution violations by Commissioners, Wardens, and "Even if the governmental purpose is legitimate and substantial ... the invasion of the fundamental rights of privacy must be minimized by utilizing the narrowest means which can be designed to achieve the public purpose." <u>Lehrhaupt v. Flynn</u>, 356 A2d 35 (1976), aff'd o.b. 383 A2d 428 (1978), Thus clearly established law

117

exists and Defendants knew or should have known about it, but continue to be deliberately indifferent to it under pretence of law.

Claim 19-19, Institution's psychologist does not interview inmates to examine and diagnose for classification purpose as required by law. DOC Commissioners, Wardens, CMS, FCM continue to be deliberate indifferent to this need causing and adding to Plaintiff's mental and physical disabilities. They act knowingly or should know of this penological requirement but continue to act under color of law of no such requirement, Plaintiff but under since Dec 1999 to present. USCA, CA8, 14. Thus, these Defendants violate 11 Del. C § 6529(b) by not providing organization and harmony of Plaintiff, as inmate, life. In stead, damaging Plaintiff significantly and seriously.

Thus, these Defendants fail to deal with this Plaintiff humanely as required by 11 Del.C. § 6531(a). USCA, CA 5, 14.

And those Defendants as Dept fail to provide programs of work in violation of 11 Del.C. § 6531(f). USCA, CA 5, 14.

Thus, Commissioners and Wardens have been unqualified person in those positions constitutes deliberate indifference by those who hired them, and & Defendants showboating perjury as if qualified or alike in violation of the 8th Amendment of the U.S.C, and all the damages they have caused Plaintiff. Walthop v Evans, 871 F2d 1030 (11th Cis 1989); Toussaint v. McCarthy, 801 F2d 1080, 1111-1112 (9th Cir. 1986); Langley v Coughlin, 715 F. Supp. at 540.

Compulsory confession or acceptance of responsibility or threats or actual punishment if not saying what is wanted is violation of First

and Fifth Amendments of the U.S. Constitution. McKune v. Lile, 122 S. Ct. 2017 (2002). Plaintiff has been terrorized and tortured by this conduct by McMann and Melbourne and Wardens approvals having added to His damages due to these guardians deliberate indifference to these clearly established law, while they act under color of law, and maliciously or recklessly indifferent to Plaintiffs needs, to known or should have known of possible damages which can be caused in a patient or ward, who was never oriented to His rights and alike allowing Him to be abused, grossly neglected, exploited, discriminated against as a volnerable captive, dependent on His legal guardian to do their duty by laws and alike, violating 8th and 14th Amendment right of Plaintiff, and as a member of protected classes. Lack of policy and procedure allowed / allows arbitrary, capricious damaging conduct on wards due to unqualified state leadership in and of DOC, as commissioners and Wardens since Dec 1999.

claim

## Nutrition, Diet: 19-30

Mr. Knight and Daniel Mumford (J. Doe XXXI) fail to provide a therapeutic diet which continues to damage me since 1999 due to lack of nutrition, lack of fruits and vegetables and milk group generally, and too much starch food which have to be eaten to be hungry or starving less, which still occurs from most meals having to caused irreparable damage in me. This requires a temporary restraining order and injunctions, to immediate provide proper minimum food requirements per USDA standards, and other alike professional organizations in this country.

& American Diabetic Association, Kidney Disease Patients, Obese patients, elderly wards of state, and hypertension patients, and thyroid patients as this Plaintiff, possible diabetes patient.

All this in violation of these professional standards, 8th Amendment of the U.S.C., atleast.

Also no patient right to all information on these subjects to be totally involved in ones health care is denied by these CMS and FCM employees who are/were responsible for my health care.

120



Plaintiff's living quarters thus are ~~not~~ do not provide substantial privacy consistent with His minimum security classification in the T2 dorm, Buildings C, D, E lack of bathroom and shower privacy. Lack of partitions for decency.

Ventilation systems in Buildings C, D, E, do not provide professional minimum standard of humane comfort due to 100% overcrowding by making single cells double occupancy and not enlarging the supportive facilities as bathrooms, hot water, not doubling ventilation capacity, summer heat stagnating in those buildings causing extended excessive heat conditions for more damages on body and mind of Plaintiffs.

Soap supplies for personal cleanliness keep getting smaller bars; lack of soap. Excessive noise occurs daily.

No seasonal shorts, long johns, shower shoes, extreme cold freezing headgear.

Segregation in buildings T, C, D, E do not provide sufficiently professional items for maintenance of psychology and physical well being having caused Plaintiff mental, emotional, and physical damages there from. No relaxation atmosphere, music soothing waves or nature sounds or alike. No CD's and players for that.

Conditions cause Plaintiff physical and mental deterioration in violation of the 8th and 14th Amendments of the U.S.C. because of Commissioner and Wardens inexperience and unprofessional conduct to cause proper conditions for Plaintiff, non-damaging but rehabilitative and treatment atmosphere, Defendants knew or should have known for professional conditions, but continue to act deliberately indifferent to Plaintiffs needs under pretence of law.

Reply To Memorandum Order

Pg 19

<u>Motion For Injunctive Relief and TRO</u>

<u>Reference 36,:</u>  Show for TRO + I ; Likely to <u>succeed on</u> the merits should
be ~~both, to be able to be seen, now or incomplete claims~~, others  have
been able to be seen by a reasonable juror when someone takes or
threatens of taking their legal materials for legally protected materials
by precedence for active and contemplated cases.  And especially under
these obstructive, disabling, and handicapping conditions in this facility.

  <u>Irreparable harm</u> was shown in Motion.

  No ~~irreparable harm to~~ Defendants shown in Motion, and
not denied by Defendants.

  And <u>Public Interest</u> was shown.

  See enclosed info in this <u>Brief</u>.

  See attached <u>Appendix A</u>

<u>Reference para 36:</u> Likelihood of success on the merits are and will be shown by
 clearly established law or what should obviously be.
 Plaintiff cannot show rest of laws due to no TRO and
 injunctions to remove obstructions to info and communication
 as FIRST Amendment rights to attain other Constitutional Rights;
 without the FIRST there can be none. Cart before the horse problem.
 Not having shown likelihood of success on the merits per court
 memo, order shows counsel is needed because Plaintiff is
 incapable.  Prejudiced and discriminated against is Plaintiff by
 Memo Order, exploited, abused, grossly neglected due to indigency,
 and lack of professional prison conditions.

122

Discovery
DOE
Motion

Reply to Memorandum Order

Pg 20

Discovery: Motion To Identify Defendants as Doe

Request location and ruling on this Motion mailed to the Court.    Thank You.

Ben

123

Summary

DOC and DCC apparently lacks a clearly defined prison conditions per professional standards, +laws based on research and data due to absence of established policies and procedures therefrom, due to failers of accountability, lack of competent oversight, mismanagement, and cronism to keep ones temporary job no matter how inhumane, unethical, illegal, or unprofessional. This shortcoming permitted a culture of deliberate indifference due to lack of professional direction and guidance from administration. Thus, these government employees and their subcontractors created an unhealthy and unsafe environment contrary to a conducive rehabilitation, which is a top priority, for Plaintiff, and as one of protected class members.

Claims 12 - 18, 28, 1 Photocopies illegally denied when clear precedence exists; Rhodes v. Robinson, 612 F2d 766; Also Claims 19 - 1, 20,

124

Counsel

<u>Reply to Memorandum Order</u>
Pg 22

<u>Requirement of Service Before Appointment of Counsel</u> is not a known
Clearly established law by Plaintiff.

125

Counsel

<u>Reply To Order and Memorandum Order</u>
<u>Why Counsel Should Have Been Appointed</u>

1. Plaintiffs indigency denies Him ability to retain counsel and get His Constitutional, humane, ethical, legal, and professional standards upheld; thus not getting equal protection of the laws as a non-indigent could get, thus, discriminated against and prejudicing His entire case causing irreparable and other damages to be caused on Him.

Thus, this Plaintiff is denied proper and precedential access to the courts, for fundamentally fair access and proceedings, in violation of <u>First Amendment</u> for rights to information, communication, speech, press, and alike, <u>Fifth Amendment</u> due process rights to life, liberty and property interests as per <u>Complaint and Amendments</u>, <u>Eighth Amendment</u> violations due to Defendants, District Courts deliberate indifference to proper, precedential, equal access and proceedings which is continuing cruel and unusual punishment upon Plaintiff per <u>Complaint</u> and <u>Amendments</u>, <u>Ninth Amendment</u> violations due to denial of these Constitutional Amendments and Plaintiffs, in classes, to natural rights to be defined when unconstitutional and other obstructions to information have been removed for Him, and a class member, and <u>thirteenth Amendment</u> violations requiring Plaintiff to be an indentured servant to attain proper and precedential accesses, but are still insufficient, and violate His <u>Fourteenth Amendment</u> rights to due, process and equal protection of the laws, for starters, due to denials to info and equipment as all other parties have to a court to attain the rights, and alike, privileges, immunities, and entitlements. District Court knows or should know of these violations but continues act deliberately indifferent to Plaintiffs

126

counsel

plight.

The U.S. Supreme Court has identified a three category of cases in which prejudice is presumed in a clients case. All three of which exist in this Plaintiffs case by District Court's conduct. Denial of counsel, and deliberate indifference to well established laws that Court knows of or should, and the various kind of state interference for Plaintiff to bring this case properly, precedentially, and equally as anyone else can have access to a court, proceedings. And Third, District Court is burdened by an actual conflict of interest to duty.

Prejudice, can't be presumed where Plaintiff demonstrates in this Brief, and/or possible future expansion of record, a reasonable probability that, but for District Court's deficient failures, counsel appointment would have probably prevented all these delays and damages upon Plaintiff?

Did District Court fail to subject the Plaintiffs case to meaningful adversarial testing by not allowing a meaningful presentation of claims, causing presumptively unreliable Orders and delayed proceedings?

Did District Courts Orders abandon show conflict of interest to Plaintiffs interests by repeatedly expressing prejudicial remarks for the Plaintiff and thus portraying the Plaintiff as having personal desires and personal believes contrary to proper professional standards and alike mentioned, portraying Clientiff as excessive, effectively acting as a second Defendant party, constitute atleast an appearance of injustice so that this Appeals Court need not establish actual prejudice?

This is probably not District Courts first discrimination against inmate cases, if pattern and practice wants showing.

127

Reply To Order

<u>Counsel Appointment</u> : Constitutional or statutory right is not at issue. Issue is appointment is proper because of elements obviously met & per common law. Thus, abuse of discretion, and obstruction of justice, causing manifest injustice as shown so far per record, and yet to be shown due to malicious conditions here by my legal custodians, and District Court's continues omission of these vital issues thus assisting those prejudicial and destructive conditions to me contract to standards and alike.

Special circumstances obviously exist here plaintiff is under which substantial prejudice, damage and injury plaintiff.

And as obviously can be seen per record, plaintiff's inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case can be seen in detail by the District's Courts Orders showing inability for premature dismissals of claims, in a complex case of many claims, over 6 claims being considered complex by a professional standard of 42 § 1983 cases.

Dismissed claims are arguably meritorious as shown in this brief.

Plaintiffs claims, most, have arguable merit in fact and law which shows appropriateness for appointment per <u>Tabron v. Grace</u>, 6 F2d 147, 155 (3rd Cir. 1993)

Threshold inquiry element have been shown in this case. Motions for appointment of counsel. Record expansion could have been requested on any of these elements for pro se citizen. Instead, District Court chose to continues prejudicial conduct to not appoint. One can now see why; to continue cover-up of damages to me, et. al.,

128

counsel

## Reply To Order

for some conflict of interest reason by District Court.

Per Order, pg 2, dated 5th day of March 2008, If that court was not persuaded by short + concise claims, expansion of record could have been requested or alike for pro se citizen to stop damages on Him, et. al.

Also, as that Court sayed, plaintiff has demonstrated "an" ability to present his claims, but that was not sufficient for that court, which denies Plaintiff his right to precedentially the ability to effectively, equally, meaningfully, adequately, capably, meritoriously, under fundamentally fair conditions to present all his claims for the Constitutional, human, ethical, legal, and professional conditions to be for Plaintiff to be able to have proper access to the courts and the laws of this land, per record and to be expanded upon as needed.

"An" ability ~~does not mean~~ prejudices Plaintiffs claims claims and allows damages ~~to~~ continue upon Him, et. al.

District Court claims then "there is No evidence that prejudice will result in the absence of counsel." Obvious prejudice to Plaintiff is thus seen for the apparent conflict of interest by that Court. More expansion of record is thus provided why counsel should have been appointed.

District Court improperly allocated burden of proof [of] Plaintiffs' Disabilities since ignored I to incapable, Caswell v. Ryan, 953 F. 2d 853 (3d Cir. 1992)

129

*counsel*

Counsel should be appointed because of improper denials of access to legal materials. _____ 739 F. Supp 537. 28 USC§ 1915.

Plaintiff would have had a proper chance of prevailing on the merits of civil rights claims on denied access to legal materials had He fundamentally fair footing, equal and precedential as all other parties have to a court, for temporary restraining order and injunctions, and for counsel appointment and likelihood of success on all claims. 28 USC 1915(d) For one, It takes this Plaintiff one month under these conditions, disabilities and handicaps, to do eight hours of research at the law library at His capabilities and speed. Thus, this condition alone denies Plaintiff fair and equal access to be able to communicate to a court in a properly sufficient manner, when for example, others have 30 times more capability to do research in one month to be able to communicate to a court as a pro se citizen.

Restrictions severely disable and handicap this Plaintiff contrary to the American Disabilities Act and Rehabilitation Act rights to entitlements for more equal footing, if equality can be attained at all in this nations and States resources.

Plaintiff would like to rewrite all this into a Complaint by 30 day extension, and add other shortcomings.

130

Counsel
NO Agent Prejudice

A

Is Prejudice presumed in this case or actually probably because of: denial of counsel so far and the prejudicial conduct performed by the District Court to try to get away with its shocking conduct?

    B.   Various kinds of state interference assisted.

    C.   Condoning or assisting Defendants conduct by not addressing the issue, misleading it, prematurely denying claims, total denial of amendments

in future,

    D.   Where Court also acts as if with conflict of interest to duty and to discriminate maliciously or recklessly against Plaintiff, or as a class member?

    E.   various abuse of discretions

Sincerely,

Dated May 14, 2008

229843
DCC
Smyrna DE 19977

131

Appendix A

TRO and Injunctions
Papers Mailed
to District Court
But
Not properly ruled on.

A1

U.S. District Court Delaware Case # 06-390 ***

DETLEF HARTMANN, claimer, Petitioner/Plaintiff V. Karl Hazzard, representative of claim, & president,

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
(Mar 5, 2007)

DETLEF HARTMANN declares under penalty of perjury:

1. I am the Petitioner in this case. I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction to ensure that I receive proper, legal, professional care and maintenance by my custodian(s) for legal access to the courts.

2. On March 1, 2007, I was threatened of seizure of all my legal materials by Karl Hazzard.

3. He ordered me then to get rid of all my legal materials in 2 weeks; by March 15, 2007.

4. (Betty) Burris, deputy Warden, Delaware Correctional Center fails to respond to two requests for legal boxes approvals on June 3, 2006 and Nov 13, 2006; No reply to-date. I only had an outdated approval on my possession.

5. Contrary to prison rule and administrative procedure Acts, and Administrative Law and procedure, and generally accepted professional standard, Burris failed to reply in 30 days upon request.

6. Hazzard failed to do his duty by being belligerent, disrespectful, abuse, exploitative, etc in his communication to Petitioner at that time of illegal threat, from the beginning.

7. Petitioner has had these materials for years with continuous threats by other custodians trying to obstructive to justice, and for legal access to courts, causing a constant terroristic environment, contrary to law, codes, mission, purposes,

— 1 —

But now, comes, Hazzard, after I file civil complaints against other custodians and grievances against mismanagement and damages caused by them, now out of the blue, He threatens Me with two weeks; Illegal retaliation.

8.    Now that there is actual imminent threat of irreparable legal, mental, emotional, and physical injuries, these motions are now necessary.

9.    On info and belief, prison rule was not legally adopted.

10.    On info and belief, prison rule obstructs justice for timely, equal, effective, meaningful, capable, and adequate access to the courts.

11.    Legal materials are necessary and important and needed by Petitioner.

12.    I am already and still suffering from mental, emotional, physical injuries caused by Hazzard and some other custodians failing to do their duty. This increased risk of damages is just further evidence of lack of accountability and professionalism by too many staff here (custodians).

13.    Warden Thomas Carroll, Betty Burris, and Major Scarborough are responsible for Hazzard, and other custodians conduct, being a moving force to allow so conduct.

14.    Jane Brady was State Attorney General responsible for legal prison rules, and proper care + maintenance of wards of state, and control, training and supervision of state employees.

15.    Stanley Taylor, former Commissioner, was/is responsible for illegal prison rule of only one box (per case).

16.    Custodians, as Hazzard, are responsible for removing all obstructions for legal access to courts for Petitioner, and classes, but continue deliberate indifference.

17.    American Disabilities Act and Rehabilitation Act entitlements continue to be ignored for Petitioner, who was made mentally and physically disabled by custodians, as Hazzard.

-2-

18.   For these reasons this citizen can bring forth at this time, with ~~these~~ these obstructive, handicapping, and disabling, and debilitating conditions caused by custodians, by Petitioner in attached documents filed with this motion, the Petitioner is entitled to a temporary restraining order requiring the Respondent, and any other custodian, to;

A.   Stay away from any kind of contact against Petitioner, not for Petitioner as proper custodian would do 'as a parent like.'

B.   Allow Petitioner to keep all his legal materials he needs for his active and contemplated cases.

C.   Only he can decide what he needs because no custodian here has been court appointed as his legal counsel, and a citizen is still ultimately responsible for his/her case.

D.   Restrain all custodians from enforcing illegal prison rule of limiting private property for necessary legal work.

E.   All other proper relief.

19. Allowing a correctional officer to lock up extra boxes of legal work will not work because of the attitudes and lack of professionalism by many officers here who would be coercive, lazy, or some other way deny daily, fulltime access. Current rule is not realistic for current staff use.

Dated: March 5, 2007

Sincerely Yours,

Dettef Martmann, 229843
Delaware Correctional Center
1181 Paddock Rd, T2
Smyrna, DE 19977

— 4 —

United States District Court
For Delaware

DETLEF HARTMANN, and as one of member of classes,
    Petitioner,

    V.

KARL HAZZARD, and as one of member of
    custodians for Petitioner, and classes,
    Respondents.

No. 06-340-***

(Mar. 5, 2007)

MEMORANDUM OF LAW IN SUPPORT of MOTION FOR A
T.R.O. AND PRELIMINARY INJUNCTION
(Imminent Irreparable Damage on or after March 15, 2007)

Statement of Case: This is a civil rights action brought under
State Tort rights and 42 U.S.C. §1983 by a ward of state whose
legal materials are imminently threatened to illegal seizure and search
by custodian(s) denying legal access to courts.

    The Petitioner seeks a temporary restraining order and
preliminary injunction to ensure that he receives proper treatment.

Argument One

The Petitioner is entitled to a temporary restraining order and a preliminary
injunction. The four factors to grant this motion follow:

A. The Petitioner is threatened with irreparable harm.
The Petitioner is being denied to have any legal materials which is contrary to laws,
etc. in question.

—1—

1) Petitioner is already injured by Hazzard's conduct, and some other custodians with a mental disability, emotional disability, and the physical injuries therefrom in form of heart disease, hypertension, depression, chronic fatigue syndrome, traumatic stress disorder symptoms, anxiety and panic disorder symptoms, and a form of dementia. Such treatment of constant terroristic and tortures conduct by custodians and environment shows many violations and failures by custodians.

Intentionally interfering with proper treatment of mentally disabled is in violation of the 8th Amendment of the U.S. Constitution, and thus, the Delaware Constitution. It is a form of deliberate indifference to humane, civilized, decent, modern societies treatment of its people, ie. Estelle v. Gamble, 97 S. Ct. 285 (1976).

2) The continuing deprivation of constitutional right constitutes irreparable harm. Elrod v. Burns, 96 S. Ct. 2673 (1976). This principle has been applied in prison litigation generally. Newsome v. Norris, 888 F2d 371, 378 (6th Cir. 1984); et al.

(3) Seizure or deprivation of inmates legal papers violates constitutional rights. ie Roman v. Jeffes, 904 F2d 192, 198 (3d Cir. 1990).

(4) Papers and materials are essential or crucial to Petitioner to a pending or contemplated appeal. ie Chavers v. Abrahamson, 803 F. Supp. 1512, 1514 (1992)

(5) Confiscation will obstruct access to the courts causing more than just a property claim violation, but also a claim for federal remedies. ie. Zilich v. Lucht, 981 F2d 694, 696 (3d Cir. 1992).

(6) The Petitioner is illegally, maliciously threatened with irreparable harm because of His litigation activities to stop the deliberate indifference to His damages/injury, loss of mental and physical abilities in a degrading environment.

−2−

● If Petitioner does not receive timely, proper treatment and relief, he will never fix the injuries/damages again.

B. The balance of hardships favors the Petitioner/Plaintiff:

Whether to grant orders, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. Dangers caused denying legal access to courts outweighs any of valid, legitimate penological interests, and state's financial and administrative concerns which should have properly managed for constitutional, and statutory rights not done in this case by custodians.

The present suffering of continues threats are tortures to Petitioner, and must be to some other certain wards of state, occurring on a daily basis, besides this issue in question adding to these degrading conditions.

Ward of state's interests to life, liberty, and property for legal access to courts outweigh the Hazzard's or any custodians personal, malicious interests, and mismanaged to obstruct justice with ill-will attitude, by some custodians.

Petitioners litigation prayed a roll in the which Hazzard chose to now retaliate for Petitioner's legal rights having to be attained by himself when custodians continue to fail to do it: Civil Complaint against some major constitutional and statutory violations filed by Petitioner about October 2006, now in motion. Another civil rights complaint against illegal prison condition just went to the U.S. Supreme Court Feb. 28, 2007.

About the same time, another major grievance was filed against the major family distructive conditions in this facility by custodians.

-3-

Retaliation would likely not happened if Petitioner was not trying to stop the damages continuing being done to Him, and some of the classes — inmates and mentally disabled inmates.

If Hazzard would have left things alone, none of this would have been necessary now. But, it was inevitable because of the malicious unprofessional attitudes here by many custodians still existing from a by-gone era of ancient times, lacking civilized, decent, humane, modern characteristics of an educated society.

The potential suffering if Petitioner, and certain class members, lose their FIRST Amendment rights for any period of time, is legally irreparable harm.

The "suffering" the Respondent(s) will experience if the Court grants the order will consist of allowing Petitioner to keep His legal papers; ego-hurt, and correcting illegal prison rule legally, which includes allowing Petitioner, and class, full-time access to the law library, making space if necessary in the facility to have unobstructed access to information for legal uses only He can justify as needing for His cases, as required by Constitution and statutes for timely, equal, effective, meaningful, capable and adequate access to the courts like anyone else in this country. Something custodians are obliged to ethically also to properly "care and maintain" wards of state, on a daily basis. The past "business as usual" must stop.

-4-

C. The Petitioner/Plaintiff is likely to succeed on the merits because, what Respondents have done " intentionally interfering with legal access to the courts" has specifically been singled out by the courts. Especially by legal custodians who already had the duty to uphold wards of state rights, privileges, and immunities, to not violate the Constitutions, statutes, and common laws, as stated to show above, as best as Petitioner can show at this time under these conditions.

D. The relief sought will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran v. Anaya, 642 F. Supp. 510, 527 (D. N. M. 1986) ("Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest."); see also Llewelyn v. Oakland County Prosecutor's Office, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975) (" the Constitution is the ultimate expression of the public interest.")

Argument Two

Petitioner is an indigent inmate and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez v. Smith, 541 F. Supp. 351, 385 n.30 ( C. D. Cal. 1982). Care must be heard to remove obstructions to court, and in view of damages confronting Petitioner, and some classes members, the court should grant the relief requested without security.
-5-

Injunctive relief is needed, even if practices by Hazzard, and some of custodian class, are not formally part of an official policy [assuming legal adoption of rule]. <u>Ruiz v. Estelle</u>, 679 F 2d 1115, 1154 (1982); also <u>Pratt v. Rowland</u>, 770 F. Supp. 1399, 1406 (1991).

Dated: Mar 5, 2007

Truly Yours,

DETLEF HARTMANN, 229843
Delaware Correctional Center
1181 Paddock Rd, T2
Smyrna, DE 19977

<u>Chancery Court Rule 23 - Class Action Answer From Petitioner/Plaintiff.</u>

(a) Petitioner, as one of classes, inmates in Delaware, and mentally disabled inmates in Delaware as wards of state under info. and belief, represents as best He can at this time under many illegal obstructions, handicaps, and disabilities created by ~~the~~ some custodians, as Hazzard abusing authority and alike as earlier mentioned, if counsel is not appointed for this case:

(1) the classes are too numerous that joinder of all members is impracticable;

(2) there are questions of law and fact common to the classes is shown;

(3) the claims of the representative party are typical of the claims of the class;

and (4) the representative party will fairly and adequately protect the interests of the classes, as best He can at this time under many illegal obstructions to the courts if counsel is not appointed for each class and Petitioner.

(b) Classes maintainable because:

(1) prosecution of separate actions by or against individual members of the class which would ~~establish incompatible standards of conduct for the party opposing classes, where individual communication would be different causing different outcomes depending on how claims are stated and interpreted by each institution by non-attorneys or attorneys~~ create a risk of:

(A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing classes where individual communication would be different causing different outcomes depending on how claims are stated, intended, and interpreted by non-attorneys and attorneys;

(B) Adjudication with respect to individual members of the class which would as a practical matter be dispositive, unknowingly, unintelligently, or

–1–

differently stated interests of the other members; and those who are unable to have a voice for whatever reason denying them for legal rights, privileges, immunities, not parties to these adjudications, and which would impair and impede their ability to protect their interests, and the continuous retaliation, or threat of retaliation, or abuse or exploitation, fear of retaliation by ill-will or malicious custodians; or they would have filed there claims by now;

(2) The parties opposing the classes have acted and refuse to act on grounds generally applicable to the class, denying generally accepted professional standards in penology, of which any obstruction to the courts is not a valid, legitimate penological requirement. Thereby, making appropriate final injunctive relief, declaratory relief, nominal, and punitive damages with respect to the class as a whole for the years, atleast 7 now for Petitioner, for legal access to the courts,

(3) The Court should be able to find the question of law or fact are common to the members of the classes predominate over any questions effecting only individual members, and that a class action is superior to the other available methods, as far as this Petitioner knows and is allowed to know by custodians, for the fair, fundamental, and efficient adjudication of the controversy.    The matters pertinent to the findings in this case include:

(A) Petitioner's interest is for the classes abused and exploited, of which He is a member, who continue to be mistreated, enslaved from information and knowledge, rehabilitation, reentry, career development and other life, liberty and property interests, contrary to laws and statutes and Constitutions, ethics, codes of conduct, Mission Statements, purposes of Statutes by their custodians.

(B) There is no known other litigation concerning denial of legal materials to classes already commenced by or against members of the class,

—2—

except for the letter for relief to Betty Burris (Appendix __A__ ), mailed to her March 1, 2007, evening inhouse mail.

There is other litigation concerning the controversy already commenced by Petitioner on the issues of the obstruction/denials to redress grievances in the Delaware Dept of corrections from the Delaware ~~State of~~ Correctional Center, obstruction/denials to press and information like from the internet not provided by custodian as a current necessity of life for life, liberty, property interests, due process and equal protection of the laws, and legal access to courts; causing cruel and unusual punishment in an even more modern, civilized, decent, humane society with a conscience invoked. USiA I $\mathbb{I}$.

This litigation case in District Court # 06-340-***, includes the legal issues of ~~the~~ the 5th Amendment, 6th, 8th, 9th, and 14th related to access to the courts by custodians ill-will of their wards of state, contrary to their duty; is delayed.

The prison regular grievance was filed the same day of the incident, March 1, 2007, attached Appendix __B__.

Because of imminent irreparable harm to be caused by Karl Hazzard, a custodian of petitioner, on or after March 15, 2007, other following courts have had these same Motions filed, except those pages ___ to ___, who only address Chancery Court Rule 23. Justice of the Peace Court # __7__, Court of Common Pleas, Kent County, Superior Court Kent County.

(c) The desireability, ability of concentrating this litigation of the claims for legal materials possession, and removal of obstruction to court, legal access, timely, effective, equal, meaningful, capable, and adequate, in a particular forum needs to be determined by this higher court of who can best handle the job in a timely manner to prevent threatened irreparable damages to ~~the~~ Petitioner, and prevention order for classes to ~~cease~~ cease + desist.

-3-

(b) The difficulties likely to be encountered in the management of a class action is best determined by this Court, due to Petitioner severely handicapped and unrepresented at this time.

(c) Determination by order whether class action to be maintained; notice; judgment; actions conducted partially as class actions $.

(i) Class action legally maintainable unknown due to handicaps.

(2) Notice can be given to all class members through the newspapers published in each facility with wards of state of Delaware, the State News, The News Journal, and by copy of Order to be posted on every TIER or hallway, or proper public bulletin where no obstruction exist to view order by ALL wards of state who wish to become party Petitioner.

Because of the timeliness required to file this motion, and get relief by injunction or alike, Commissioner of Corrections or other authority may correct violations immediately, and provide proper compensation, with written corrected prison rule legally adopted for Dept of Corrections, could make this imminent irreparable damages moot if timely corrected by March 15, 2007, to Petitioner, and class Order/Policy Correction.

Relief needed from oppressive conditions, torture and terrorism by custodians by Declaratory, Injunctive, Nominal and Punitive Damages.

Tort claims and 42 USC A§ 1983 civil rights violations, and conspiracy and corruption, 42 USCA§ 1985?, for discrimination against classes, deliberate indifference, ill-will to legal access to courts.

Supervisors fail to control, train, and/or supervise by laws, and are moving forces for continued abuse and exploitation, etc. for wards of state.

-4-

RELIEF NEEDED INCLUDES:

1. Since Petitioner/plaintiff was threatened with two weeks from March 1, 2007 being March 15, 2007,

2. that Respondent Hazzard,

3. and all other custodians be ordered for those actually or indirectly causing any obstructions to justice, except those legally approved for actual security issue, and retaliation of any kind, form, or similar borderline act,

4. and to remind those that are not obstructing,

5. they must immediately cease + desist that conduct,

6. and remove obstructions to legal access to the courts,

7. Hazzard, et al involved as moving force, provide Petitioner with proper compensation for malicious, ill-will conduct,

8. and for additional serious mental, emotional, physical damages caused by their conduct, systemic conditions of constant threat to get rid of legal materials needed for 7 years now for Petitioner,

9. and for imminent irreparable damages, threat,

10. Any other proper legal relief Petitioner is not yet aware of.

11. relief for unorganized and non-harmonious, non-courteous, non-legal, non-ethical, unprofessional, etc. conduct by Hazzard, et al. legally liable,

12. relief from illegal punishment by Hazzard and prison conditions; prison is AS punishment, not FOR punishment, as Petitioner, some custodians like Hazzard treat him, directly or not;

13. relief for deliberate indifference to class members mental/emotional disability;

14. relief from breach of duty, lost public trust, official oppression, abuse of authority,

15. relief for illegally adopted prison rule for legal materials and legal

— 5 —

access to courts,

16. Custodians conduct under color of law,

17. Restraining order against Karl Hazzard, and any similarly acted custodian in the Dept. of Corrections and Attorney General's duty to uphold All laws for All people, including Wards of State, as Petitioner.

18. Conspiracy and corruption as organized crime in State government.

I declare under the penalty of perjury, that these facts and laws are true to the best of my current knowledge.

Respectfully Yours,

Dated: March 5, 2007          In Service to God and Country,

DETLEF HARTMANN, 229843
Delaware Correctional Center
1181 PADDOCK RD, T2
Smyrna, DE   19977

P.S. - Denied ability to copy + attach Appendix B + C by Jim Martin, Respondent.

DETLEF HARTMANN, and as one of classes,

            Petitioner,

           V.

CARL HAZZARD, and those similarly situated as Him,

            Respondents.

U.S. District Court No. 06-340-***

~~Dela. Chambery Court - No. UNK~~

Dela. Superior Court - No. UNK - Kent

~~Ct of Common Pleas - No. Unk - Kent~~

(21 March 2007)

## Supplement Facts and Laws Update and Newly Discovered

    Request this Honorable Court, accept this Supplement in the interest of justice to stop obstructions to Petitioner and classes, wards of state and mentally disabled under the <u>American Disabilities Act</u> and <u>Rehabilitation Act</u>, for legal access to the courts constitutional and statutory and federal objectives rights.

    1. Petitioner, and as one of classes, requires timely relief from further irreparable damages caused by Respondents and their continues deliberate indifference to the laws of this land, acting under color of law, making this Supplement part of the 42 USCA § 1983 and that motions already filed for this case, and discrimination going on here at Delaware Correctional Center under the Dept of Corrections supervision, and Jane <u>Brady's</u> former supervision as attorney general for this state, being the moving forces to deprive of legal access to courts.

Namely, also Stanley Taylor, former Dept of Corrections Commissioner, Paul Howard, former Bureau Chief, Robert Snyder former Warden of Delaware Correctional Center (DCC), now Thomas Carroll, all working in harmony, as conspiracy and organized crime in state government to deprive citizens of their basic, fundamental rights to legal access to courts, upon which all other rights depend upon. Because of these years of handicaps, obstruction, disabilities, and inabilities, Petitioner has not been able to file a meritorious motion any sooner in this Court to stop the official oppression, abuse of authority, breach of duty by legal custodians, and R.I.C.O. type violation using the federal postal system to perpetrate their crimes. More on this below.

2. Petitioner has 9 active cases, mostly due to Respondents damages caused by their maliciousness, desire to cause injury and distress, ill-will towards Petitioner, and those similarly situated to Him as ward of state not being violant at all, nor verbally abusive as Hazzard, et. al., to be named if necessary, are. This conduct add's to the continued illegal conduct by Hazzard of mass punishment, over regimentation, inherently suspect treatment of all treatment by Hazzard, et. al., degrading, disrespectful, inhumane conduct compounding to cruel and unusual conduct in an ever more civilized society, modern, and decent, to Petitioner and those similarly situated to Him, terroristic and tortures conduct having caused, and continuing to cause mental, emotional, physical damages to Petitioner for which He is being medically, partially treated here at D.C.C., thus actually not treated, just attempted to be covered up with drugs.

3. A claim of ongoing pattern and practice of harassment, incitement, worry and impede legal access to courts by repeated raids with

2

illegal threats to get rid of legal materials, by continually annoying and disrupting legal access to courts, pestering, plaguing, bedeviling, malicious conduct by Respondents Hazzard, and those similarly situated in this conduct, condoning, enforcing illegal conduct of an illegal prison rule well & aware of by laymen, if they can bring meritorious writings to court of competence and without conflict of interest.

4. Copy of years of grievances to attain legal access to courts to be mailed to this Court as soon as possible. Preventive measures had to be taken from Hazzard and Henry from destroying evidence in their malicious state of mind and conduct for legal access to courts.

5. Both agreed they knew of the obstruction of justice and denial of access to courts illegal conduct they were performing threatening to seize legal materials, [and then forcing its destruction]

6. (Jane) Henry, Cpt, forced Petitioner to throw away 4 boxes, 1' x 1', away of legal materials on 6 + 7 March, 2007. She was informed that the option of sending them home would be like throwing them away for me. I need ready, almost daily access to certain things for 9 active cases, and contemplated one still being delayed by these illegally obstructive conditions at DCC to the courts, and custodians deliberate indifference to that. This antiquated, ill-will attitude still existing here by some old-time relics still working here must be extinguished, who have been getting away with this conduct here because no citizen here has been able to bring this to court for proper relief from evil spirit.

7. Postage I would have to pay for to send boxes home would further obstruct my legal access to courts because then I would have no materials supplies to mail it and write on, and with for at least two months at current, other illegal conditions requiring indigent

3

indigent to pay for all his/her legal postage and supplies when custodian has legal duty to provide (free) all necessities of life for a ward of state a state chose to take into custody. And that prison rule also denies Petitioner the food and medication he still has to buy from the commissary when custodian must provide all ' necessities of life ' by law.

8. Thus, current illegal prison rules makes, forces Petitioner, as one of class of inmates, discriminated against by law, to be an indentured servant in violation of the Constitution and laws.

9. Thus, restraining order and preliminary injunction is vital to stop all obstructions not actually, proven, security issue ; there is always a way to provide Constitutional conditions, but certain states of mind don't want to do their duty.

10. Hazzard was mailed, in house mail, a copy of previous court motions filed in this case on Mar 7, 2007.

11. Cpt Henry forced me to sign 'Removal of Personal Items' form #208, Rev. 7/95, or loose all my legal materials on 7 Mar ; 6 PM, in front of 3 other witnessing correctional officers.

12. Cpt Henry was informed by me that my family would not know what to do with the legal stuff I send them, what to mail back as needed, which is actually not allowed because it would cause me excess legal materials under current illegal conditions. It could take my family member hours, days to find the paper I need, if they could ever find it, not knowing what they are looking at. Mailing home also obstructs access to courts in a timely manner, as it would also deny equal access like attorneys, non imprisoned, and non indigent have, deny effective access for certain consequence or outcome, deny meaningful access to convey, or intended to be conveyed information in a legally, meritorious manner, deny capable

4

access to be able, in meritorious capacity, more competently present the issues in a legally sufficient manner, and deny adequate access sufficient for a legally, specific requirement, denying Constitutional access, and fundamentally fair and meaningful access.

13. Correctional Officers Totimeh, W. McGinnis, and Jason Evers were witnesses to Henry's conduct.

14. An inmate witness sayed he had never seen her so abrasive in conduct, except once, in the about 18 years he has been here, this further suggests, higher authority causing her to do such blatently illegal conduct. His name kept annonimous for now due to history of illegal retaliation by Respondents, as of course seen and confirmed in this case, ill-will still engraned here in some staff members not held accountable to law still.

15. I had to rush to sort out my legal materials most valuable right now, as seen by myself at this time. My hands were trembling, papers shacking as I tryed to read & sort high speed. Emotionally distroughed, overwhelmed by custodians damaging conduct still getting away with in this modern, day and age in a civilized society.  T-2

16. Mar 7, Hazzard threatens all inmates who filed a grievance, a right, will be moved to another building denying, for one, legal state statutory right to an `organized and harmonious` environment, not a terroristic and tortures one as is to Petitioner, and those similarly situated, but deliberate indifferent to by custodians; illegal retaliation.

17. So one can start to see, the systemic, pattern and practise, and snowballing affect of illegal conditions worsened conditions affecting one another. Therefore, at this time, Petitioner can only bring

the main three issues in this complaint of denial of legal material,

2. denial of necessities of life for legal access to courts like free postage + supplies, and [3] unobstructed access to information and the courts, because, perhaps this Court can provide legal, timely relief for the later two claims in federal district and third circuit courts with grave delays. Hopefully these illegal conditions can be taken care of at home to allow them to be moot in federal court.    Legal counsel needed for timely, efficient relief.

18. There are too many illegal prison conditions for Petitioner to bring up all at once, which further obstructs legal access to courts, timely, equal, effective, meaningful, capable, and adequate, unless of course, competent counsel is immediately appointed to take care of it all in time, legally, for equal protection of the laws for All.

19. I had become too tired from all the stress and already physical disability not yet here treated, caused me to need to sleep all day off and on. This further delays my legal access to courts, those days this occurs.

20. Inmate witness described Cpt Henry's conduct as re threatening tone, loud and most assertive, shaking her head, finger pointing, before I signed, under torture - mental causing physical injuries, the property form to send a few folders home for my use when I get home.

21. March 10, I sent a letter to Commissioner Danberg, a courtesy copy of the letter to Deputy Warden Pierce at DCC for relief from illegal threat of seizure of all legal materials by Hazzard on March 15 or after.

22. My legal access to law library, with the illegal obstructions, continues to be denied due to grievance hearings scheduled for me only on one of the two - two hour periods per week ~~~~~~~ for the building I am in, T2, has access to the law library.

23. Also, medical appointments are forced mandatory by Warden Carroll, but not the generally accepted professional standard where automatic rescheduling is done,

6

but into further obstruct my, and class members wards of state, legal access to courts. All obstructions to full-time access to law libraries must be removed. Custodians illegally caused obstructions when they are NOT necessary. Deliberate indifference and ill-will denied growth of law library as prison population grew over last 40 years or so. Space could have been made all along. When their is a will, their is a way, if someone is in right intention, as custodians should be, to uphold "All" of wards of states right, to properly "care and maintain" for wards.

24. <u>Six Month Financial Statement</u> was mailed to your Court on Mar 14, when allowed to photocopy in law library to mail you your copy.

25. To further show Hazzards state of mind, Mar 18, Sunday, T2 building had been out of heat since Thursday when last nights temperature hit 15° windchill, and this is a concrete block building without insulation. Today, some guards finally complained to the right person supervisor the right way just to get the heat turned on by a flip of switch, upon info and belief, which could have been done Thursday. But, Hazzard did not like that possibly because guards went over his head, then he shows up in this building today to incite, beguile, frustrate, and alike inmates with petty rules he makes up, not legally approved nor written, like no staff on inmates table except TV and fan, no clothes on metal conduit, in his belligerent, disrespectful, abusive, exploitative of voice, instead of setting a proper example as a professional, courteous by law, and <u>Prison Mission Statement</u>, and as a proper custodian would be, and as a trained guard would conduct themselves infront of mentally or emotionally disabled inmates to NOT cause further damage as He does to Petitioner, and similarly situated disabled, under constant threat of menacing by a custodian.

7

26. Petitioner is finally able to start to explain the abuse and exploitation he has been going through here DCC the last seven years, with greater disabilities and lack of treatment, just like these malicious custodians want it, for an inmate to sleep his time away and not want anything a custodian should supply. Proper leadership is needed, accountability, monitoring, interviews of inmates, to expose degrading conditions past custodians continued to cover-up, and unable inmates could/can communicate to a proper person.

27. Then, Mar 18, 1030 AM, Hazzard during his disruptive tour/visit, He barks out saying that living in this building, T2, medical unit is a privilege. These threats need to stop which cause me physical injuries from this constant terroristic and tortures environment, and probably others so similarly situated who have not been able to communicate to a proper, caring authority as this Court. In summary, people like me are being made worse in here requiring more government assistance when I get out, instead of less, to be a better contributing member of society. The systemic holocaust is severe requiring competent monitoring.

28. Then Hazzard says out loud to incite inmates, all want to move out of this building, when that is NOT true, only a few do, vast majority want to stay. All my past experience here and many others is that it illegally required physical violence before anyone would get moved. The inconsistency is gravely unprofessional and adds to Petitioners torture, and physical degradation.

29. Here I have to sit on a Sundays, spending me days to try to get relief from tortures. Where deprivations of FIRST Amendment right are involved, irreparable injury is presumed for purpose of injunctive relief under §1983. ———————— 959 F. Supp. 1280 (1996).

8

30. Thus, Hazzards continues threat of T2, medical, cronic care building housing being a 'privilege', causes further unnecessary physical, mental, emotional damages to Petitioner, and those similarly situated, and other inmates who are continually being threatened to be moved to not access their own right to redress grievances.  How would you like to have one in authority over you  weekly about, come threaten you that you ~~as~~ may be moved.  This conduct is blatently also contrary to state law requiring an "organized and harmonious" environment for many well know reasons.

31.    Instead of doing his job, Hazzard threatens, instead of just getting the heat turned on.  But, he would still rather incate and cause ill-will.   It's like kicking us while we are down.

32.  Now, I still live under daily threat of further confiscation and other retaliatory, harassing action.

33.  About the federal postal system, Petitioner, and as one of inmate class are still being forced, illegally, to use that system, when wards of state should be allowed state mail system use.   Wards of state are a sacred thing verse the material things that are taken care of by the state mail system.  Thus, wards of state, all their actions are official business probably, since we are more then just 'property of the state'.

34.  Even indigents are forced to use postal system when it is the States' duty to provide any and all 'necessities of life' which includes all legal actions for or about the ward.   Precedence exists.  Cite unavailable now to me.

35.  Denial of state mail system further exploits, abuses, delays, and/or denys, me also, of legal communication rights which should be unobstructed, timely, effective, equal, meaningful, capable, and adequate access rights by atleast the FIRST Amendment of the U.S. Constitution for information, press,

9

speech, and redress of grievances. Because, the money gifts I do get, but still legally indigent, is needed for other things not provided by State here at DCC yet like food, yes - to your surprise, I have to buy food to supplement the lack of nutrition, unhealthy, degrading food served here - ACTUALLY. Inmates having to eat here must be interviewed of what actually ends up on the trays. Type of food served is contrary to the generally accepted professional standard being great food, not the cheapest and least amounts possible as custodians keep getting away with here.

36. Custodian also does not provided the rest of the necessities of life sold at the commissary. I am not provided, as most others here, a useful job, or atleast get idle pay as other prisons, to purchase these other necessities of life. Snowball effect going down a mountain. Management here has been severely illegal, inhumane. We only have hope now with the new Commissioner Danberg can fix these daily damages caused by custodians. With of course this court oversight, and Monitor court appointed who actually interviews all inmates regularly to find out what is REALLY going on.

37. Claim - Johnson and now Martin continue/d to deny priority access to law library on times when I had/have a court deadline date. Prison rule says, inmates with court deadline receive priority appointments to use library. This has just been understood by me to knowingly now apply for court relief. Supervisors continued to ignore legal right on grievances also since Dec 1999. Like now for this case, no priority appointment daily to present all legal meritorious issues in a proper way, in time. I have other cases which continue to receive this ill-will deliberate indifference to legal rights under color of law by Defendants.

38.   Thus, the widespread practice or customs meet standard of imposition of official liability for purposes of 42 § 1983, et. al., and for discrimination against classes, and for organized crime in state government.

39.   Constitutional rights to meaningful access to courts was clearly established well before conduct of pattern of harassment, exclusion from information access for meritorious access to courts legally, and confiscation or threat thereof in connection with inmate's use of law library clearly infringes his right to access to courts under 42 § 1983.

40.   Supervisors condoned, facilitated, allowed, were/are moving force of harassment and arbitrary, acting autocratic as if above the law, motivated by caprice, and ill-will, acting despotic.

41.   Excluding from law library and unobstructed information access as from the internet for timely, equal, effective, meaningful, capable, and adequate access to the courts violating Constitutions, for starters.

42.   Coupled with the specific information provided, and to be seen from grievances, revealing supervisors knowledge for years to correct, but continued inaction or lack of are adequate to support the claims of deliberate indifference or reckless indifference to foreseeable damages or disruptive effect liable under 42 § 1983, for starters.

43.   Respondents conduct violates clearly established statutory or constitutional rights of which reasonable person would have known for § 1983, at least.

44.   Intentional infliction, and attempts to incite, of emotional distress causing severing distress to already mentally disabled, emotionally disabled Petitioner, me, and others similarly situated to be determined with counsel appointed, where I already have physical injuries/damages from this kind of conduct from custodians, including Respondents, to be revealed with counsel if necessary, when necessary, which Hazzard and Henry and other custodians know of.

Custodians/Respondents conduct is so outrageous in character causing continues physical injuries to me, at least, for years now, exceeding all reasonable bounds of human decency that I am only now finally able to start informing this Court for relief, which should never have been necessary if custodians were doing their duty.    Respondents conduct is thus violent, insulting to equal rights and equal justice for All.

45. Respondents continues incitement over the years of anger and resentment, gross insults to humane needs and necessities of life, having now caused extreme resentment towards my custodians by their extremely offensive conduct by deliberate indifference to duty, being constantly under insult, shame conditions shocking me to a faster death.

46. Respondents conduct is criminally offensive by putting me illegally under/in substantial risk of death or serious, irreparable, life-long injury, as being assaultive and battering.

47.    Respondents conduct is intentionally reckless. Actors may say they do not desire harmful consequences but, nonetheless, foresee the possibility and consciously still take the risks.   Obviously, they do not care about their action causing consequences or they would have stopped long ago.

48.    What we continue to have here is failures to train, and/or control and supervise properly, legally, ethically.   Such state of mind of these Respondents, and those similarly situated, will likely never be retrainable because of the years of engrained actions and lack of accountability for the wards, which this case hopes to stop, with this Court's wisdom.

49. The distress I am under, and cringe for those similarly situated, is so extreme because of living under constant threat of punishment

12

for living, and overly obtrusive, invasive, unnecessary prison rules
I, and similarly situated have to live under due to custodians state
of mind; Over-regimentation unprofessional, mass punishment conditions,
insecure in person, living conditions, private property, and lack of necessities
of life, for starters.

50. This constant, 24-7 punishment actually illegal because inmates are
here as punishment, not for punishment, keeps my nerves at a
constant state of high tension/stress and all the physical injuries
resulting from that. The conditions in this Dept for wards like me
are damaging, under constant danger of punishment or injury in desperate
need for relief.

51. Respondents/Custodians treatment is without proper intellect, given to study
and education, nor sound mind, nor decent, nor conforming to standards of
socially acceptable humane and educated treatment of wards of State, nor of
quality to cause NO damage to ward of State, as me.

52. Their conduct is NOT civilized because it has not kept up with
advanced and ordered stage of cultural and legal development.

53. Their conduct is contrary to society's common interests and standards
as in our laws.

54. Besides 42 § 1983, § 1988 is involved, if I can correctly remember, and
some surrounding §'s.

55. Of course, this suit is for individual and official capacities since
Dec 1, 1999.

56. Thus, Respondents, et. al., consistently, and without cause, interfered with
my access to courts in too many ways I can mention right here, right now,
it is so overwhelming, by continual berating, frustrating, harassing

me, and others, capriciously denying legal rights to legal materials, and unobstructed conditions for legal access to courts, by barring from law library and denial of information like from internet to legally prepare my defenses and claims so that they are meritorious, and now having already illegally forced me to throw away 4 of my 7 boxes of legal materials which all fit nicely under my bed, while leaving me under constant fear of further, 24-7, punishment by taking the rest causing further irreparable ~~~~ damages.

57.    Intentionally negligent supervision by law and acquiescence encouraged Respondents, et al, to continue to deprive me of legal access to the courts.

58.    Maliciously or capriciously, when inmate pets were allowed in, and when prison rule required allowable access, and when prison rule allows priority access to those with court deadlines as I have/had to have when the law library spaces filled up by sign-ups. Remembering that this law library space has not sufficiently grown in years with the population.

59.    An empty adjoining room to law library, 3 building, was available for use for years before it was opened, in custodians Edward Johnson, Brady, Francine Kobus, Mike Little, Warden Snyder and Carroll's, and Howard, Taylor's continues deliberate indifference to legal rights of their wards which they continue to fail to uphold.

60.    'Meaningful' access rights are in Bounds v. Smith, 97 S. Ct. 1491, 1498 (1973).

61.    Ongoing pattern of harassment and arbitrary exclusion by me is sufficient to state a meaningful access claim for surviving Rule 12 motion.

62.    Hazzard and Henry violate DOC rules of conduct. Too many to list here.

14

63. The 5th Circuit declared that access to courts entails not only freedom to file pleadings but also freedom to employ, without retaliation or harassment, those accessories without which legal claims cannot be `effectively asserted. Ruiz v. Estelle, 679 F2d 1115, 1153 (1980). (ie, legalmaterials, proper access to courts)

64.    Johnson v. Avery, 89 S. Ct 747, 748 (1969),` access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed';

65.    Evans v. Moseley, 455 F2d 1084, 1087 (10th Cir), ` prison officials may not unreasonably[, without education, without intellect, without fairness, without improper conduct | condition,] hamper [impede, restrain, fetter] inmates in gaining access to courts.` In a meritorious manner, and legal manner.

66.    Courts have repeatedly recognized that actions similar to those of Respondents ,etal, constitute denials of meaningful access to courts. e.g.
Morello v. James, 810 F2d 344, 346-7 (2d Cir 1987),
Simmons v. Dickhaut, 804 F2d 182, 185 (1st Cir, 1986),
Wright v. Newsome, 795 F2d 964, 968 (11th Cir, 1986),
Carter v. Hutto, 781 F2d 1028, 1031-2 (4th Cir, 1986).

67.    Actual injuries in legal actions by me caused by custodians Johnson, Little, Kobus, Snyder, Carroll, Howard, Taylor, Brady include delays and incomplete motions for criminal case Motion To Dismiss, Habeous Corpus, Post-Conviction Motion, and three civil complaints still incomplete and hampered throughout denying Constitutional rights for legal access to courts. Expansion of record available when Counsel appointed, if needed.

68.    Prison rules, Respondents duties by law are not constitutional policy or custom. Thus, systemic, systematic, widespread corrupt conditions under

15

conspiracies to deprive wards of State of legal rights.

69.   Prison rule makers were Robert Snyder and Thomas Carroll, former and current wardens; Actors under color of law.

70.   Supervisors encouraged to deny legal rights, for deliberate indifference interference, as in grievances. Custodian replies usually mislead and/or omit legal issues to further obstruct justice, for un official custom/practice). Turpin _____, 619 F 2d at 201.

71.   Rights of no harassment, exclusion, and confiscation, denial of accessories in connection with Petitioner's, me, and as one of inmate class, use of law library clearly infringed my right of access to court to use law library, legally, fairly, ethically. These clearly infringe my rights of access to the courts as existed.

72.   Supervisors acquiescence, encouraged, allowed conduct revealing their knowledge and inaction to legal rights they had been responsible and accountable to uphold all along, is adequate for deliberate or reckless indifference to a foreseeable disruptive effect.

73.   It is custom or policy that chain of command monitors all grievances; thus aware of similar grievances filed by similarly situated also.

74.   Prison Rule XXI. Legal Services, authorized by Carroll on 6/8/05:
        E. "Inmates with a court-ordered filing date may receive additional time in the law library. Such appointments preempt other scheduled appointments for inmates without court ordered dates."
But, I, continuously over the years been denied this legal right arbitrarily and/or capriciously by Johnson, Kobus, Little, Snyder, Carroll, and others to be named as verified by grievances or other communication with them, in their deliberate indifferent, and ill-will, malicious states of mind.

16

P

75.   B. "Legal photocopying services are available from the law library."
No arbitrary, nor licensed legal counsel for me is here to counsel me on my
cases, yet Johnson, Martin, continuously deny, as if a court appointed counsel for
my cases, copies of legal materials to do my pro se legal work. Most recently
copies for a letter to attorneys to acquire legal representation; Copy of a
grievance for which no reply has been received;

76.   A. "The Delaware Correctional Center provides law library services to the
inmate population." Is illegally vague doctrine allowing illegal obstructions to
occur because of lack of proper policy and procedures.

77.   C. "Law library appointments are scheduled by the paralegal." He
is responsible for obstructions to legal access to courts for failing to properly
schedule, me, and others, as needed by us. No one knows us and what we
need for our case(s), our abilities, disabilities, since we are still ultimately
still legally responsible for our cases and contemplated cases even if represented
by counsel.

78.   Legal postage, state is required to provide reasonable postage. This state provides
NONE free, especially to legally indigent. Reasonable is all legal mail
an inmate sends, or it would obstruct access to courts. e.g. Morello v. James,
810 F2d 344 (2d Cir. 1987), [3]. Thus, denied, failure of, procedural
redress. As all the other obstructions, handicaps caused by Respondents, and others
to be named with Counsel, No communication, desire, or intent of reparation has
ever been offered by a custodian. Violating atleast 1ST, 14TH, and section
1983.

79.   These, and other, access to courts violations by custodians are atleast a pervasive
risk of harm, and actual physical + mental/emotional serious injuries

·17

to me, and yet unknown other inmates due to custodians deliberate indifference to find out properly, and continues sweeping under the carpet, ignoring, ostrich effect conduct by them, in violation of prisoner's EIGHTH Amendment rights actionable under atleast section 1983, by denial of due process and equal protection of the laws for legal access to courts.

80. It also violates my FOURTH Amendment, EIGHTH Amendment, FOURTEENTH Amendment connected rights to be free from malicious, injuries, search or seizure as continually was done by of my private property denying me security/safety/good health ~~from~~ to my person, property, liberty to be free from constant 24-7 threat of punishment when actually not legitimately, validly, penologically required, as Respondent, et al, acted in their individual capacity under pretence of law. And excessive use of verbal force to accomplish damages; abusing authority and officially oppressing under pretence of law.

81. Thus, we have procedural due process violations and intentional violations of my, et. al., substantial rights of access to the courts.

82. Actual legal injuries shown by needing continues extensions for doing Civil Complaint Amendment now due to legal obstructions caused by Respondents/Custodians and disabilities caused ~~on~~ by their damages to me.

83. The Supreme Court has held that this right of access requires prison authorities to provide prisoners with "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis v. Casey, 116 SCt 2174 (1996).

84. Prison Rule V. Authorized Cell Items. C. Items Allowed. 2. "A written request for an additional box for storage of legal materials for active case(s) can be made to the Deputy Warden II. The request must

18

include the case number and court in which the pending case(s)[2] is active." Problems with rule : A. Rule not adopted legally by Administrative Procedure Acts, State and Federal, Administrative Law and Procedure because, for one, its blatently illegal obstructing access to courts and no ethical attorney would ever allow such a rule be made as for legal counsel for Dept of Corrections to be named as Respondent. Upon info and belief, and due to denial of sufficient time to read all needed legal materials by non lettered inmate citizen with inabilities and disabilities, notice and hearing was I, too, denied under Acts.

85. The amount of legal materials an inmate needs, especially a disabled one, depends on the inmates abilities, obstructions to timely, equal, effective, meaningful, capable, and adequate access to information not available here in this Dept of Corrections by these legal custodians states of mind and conduct.

86. Especially when a citizen has to learn the subject areas of law, file meaningful papers as best as we can, indigency denying due process and equal protection of the laws here in this Dept under past custodians conduct, which more than likely, would NOT have changed to legal, generally accepted standards if it were NOT for this case, because custodians continue to breach their duty, by conflict of interest, egotistical, uneducated selfishness, for starters.

Dated : Mar 20, 2007

Respectfully Submitted,
In Service To God And Country,

Walter Welton

SBI No. 229893
DCC
Smyrna, DE 19977

19

DETLEF HARTMANN, and as one of classes,
Petitioner,

V.

CARL HAZZARD, and others similarly
situated custodians,
Respondents.

<u>Motion To Change Caption</u>

Upon further information, request this honorable Court add the
following Respondents/Defendants involved in illegal conduct:
Jane Brady, former Attorney General, supervisor of agencies,
Stanley Taylor, former Commissioner for Dept of Corrections,
Paul Howard, former Bureau Chief,
Robert Snyder, former Delaware Correctional Center Warden,
Thomas Carroll, Delaware Correctional Center Warden,
Francine Kobus, former Legal Services Administrator for Delaware Correctional Center,
Mike Little, Legal Services Administrator for Delaware Correctional Center,
Edward Johnson, Paralegal, L Building Law Library mainly,
_____ Henry, Cpt, Security Staff, Delaware Correctional Center.

Dated: May 20, 07       Sincerely,

## Certificate of Service

I, _Dettef Hartmann_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Supplement Facts and Laws Update and_

_Newly Discovered_ upon the following

parties/person (s):

TO: _US District Court_

_Boggs Bldg_

_844 King St_

_Lockerbox 18_

_Wilmington, DE 19801_


TO: _Delaware_

_Cuperior Court, Civil_

_38 the Green_

_Dover DE 19901_


TO: _Delaware_

_Court of Chancery_

_417 South State St._

_Dover, DE 19901_


TO: _Delaware_

_Court of Common Pleas_

_38 the Green_

_Dover, DE 19901_


_office of the Attorney General_

_111 East Market Street_ 10 2 West Water St, Dover 19904

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _20 th_ day of _March_ ,200 _7_

Plaintiff is Entitled to A Temporary Restraining Order and/or
Preliminary Injunction

In determining whether a party is entitled to a Temporary Restraining Order
and/or Preliminary Injunction, courts consider four elements below.
Each of these elements favors the granting of this Order.

A. Plaintiff is threatened with irreparable harm:

The Plaintiff Mr. Hartmann alledges that He is denied his Constitutional Right
and Federal Rights and State Statutes.  The continuing deprivation
of Constitutional Rights constitutes irreparable harm; Elrod v. Burns, 427 U.S.
347, 373 (1976).

B. The balance of hardship favors the Plaintiff:

The Defendants will have expenditure of funds which will have to
be proven by them to comply with TRD/ and/or P.I. laws.  It is
in the interest of laws, rules, and regulations for which were created for
purposes favoring Mr. Hartmann, who suffers continued illegal prison conditions.

C. Mr. Hartmann's likelihood of success on the Merits:

The laws are clear on the issues, deliberate indifference nature among
Defendants is clear by their actions and history; its systemic and systematic.

D. The relief sought will serve the public interest:

Because it will uphold the laws of the land, as per Complaint and Amendment correct the damages as much as possible,
prevent future damages, and stop the undermining, treasonous like actions of these Defendants and
others doing similar actions in this State to other citizens similarly situated, regain
respect for our Justice System and prevent the degradation of this State and Nation by the
evil forces here at work.      ADA, RA, PAMI, PAIR

257

Mr. Hartmann should NOT have to post security because He has been made indigent by State employees abusing their authority and obstruction to justice, in the interest of justice for all, due process and equal protection of the laws. The Court may waive said posting of security. *Chantos - Hernandez v. Smith*, 541 F.Supp 351, 385 n.30 (C.D. Cal. 1982),

file

United States District Court
For Delaware

DETLEF HARTMANN, and as one of classes,          NO, 06-340-***
    Petitioner,

        V.

KARL HAZZARD, and as one of class of
    custodians of Petitioner,
    Respondents,

Motion For Appointment of Counsel

Request appointment of proper counsel for:
    1. upholding the Constitutions, laws, statutes,
    2. for efficiency,
    3. Petitioner unable and incompetent to represent classes,
    4. representing the classes undeniably,
    5, indigency obstructs justice here,

                            Yours Truly,
                            In Service,
Dated : March 5, 2007          DETLEF HARTMANN, 229843
                            Delaware Correctional Center
                            1181 Paddock Rd,
                            Smyrna, DE 19977

( Same to District Court )

State of Delaware
Justice of The Peace Court 7
Kent County

DETLEF   HARTMANN, and as one of classes,
    Plaintiff,

    V.

KARL  HAZZARD, and as one of custodians
of wards of state,   Defendants.

           No.

(Mar. 5, 2007)

## MOTION  TO  SHOW CAUSE / CIVIL COMPLAINT
### TEMPORARY  RESTRAINING  ORDER

Now comes Plaintiff Detlef Hartmann in response to Defendants' obstruction of justice to timely, equal, effective, meaningful, capable, and adequate access to the courts, terroristic threatening of illegal search and seizure warning of _all_ of Plaintiff's necessary legal materials for His four active cases and some preparation for future cases, He has not been able to file yet due to His custodians continues deliberate indifference, malicious, and ill will by obstructions, handicaps, mental, emotional, and physical disabilities caused by custodians, of which Defendant is one.

    Court can rename Motion as legally proper to attain immediate relief from threat of actual imminent, irreparable damages to be done by Defendant, or after March 15, 2007. This is a State Tort and Federal 42 U.S.C. § 1983.

    Defendant threatened Plaintiff of imminent irreparable harm by searching and seizing all His legal materials after date in violation of the 4th Amendment of the United States Constitution, in retaliation to plaintiff doing necessary

-1-

legal work to uphold the laws of the land which Defendant and some other custodians continue to threaten to take away, now come to a head by actual conduct by Hazzard,

Petitioner cannot be the only one in this position because upon information and belief from Hazzards past conduct, He has been getting away with this abuse of authority to other inmates who have no voice or advocate for their legal rights as all custodians are required to be by law, but continue to not be held accountable for their breach of duty, official oppression, abuse and exploitation of inmates, and mentally disabled, and wards of state unable to defend themselves from this unprofessional conduct.

Legal work is necessary from legal materials, to do the active and contemplated cases Petitioner, and each classes members, have legal, unobstructed rights, to like opposing party has for an equal, fundamentally fair adversarial process, to do their criminal appeals, post-convictions, civil rights violations which would not be necessary if custodians did their duties.

This Court is respectfully reminded that this Court can give leeway for citizen, non-lawyer motions, and that these claims should be seen as the strongest arguments they can make.

Therefore, request this Honorable Court to have Defendant to show timely cause before he carries out his threat after March 15, 2007, for illegal conduct.

Defendant, and supervisors, and some class members, continue to deny or ignore legal rights under the American Disabilities Act and Rehabilitation Act for mentally disabled as Petitioner has been made by same custodians in past seven years and still continuing. Entitlements denied or ignored due to deliberate indifference to law, acting as if above the law, Petitioner and mentally disabled have rights to,

Petitioner claims entitlements to full-time access to the law library, and a laptop with largest memory for his disabilities, with accessories to be defined.

-2-

And entitlement to legal materials as needed by mentally disabled to be in his reach for daily, full-time use, for timely, equal, effective, meaningful, capable, and adequate access to courts, as required by law for good reasons someone with good-faith would not obstruct.

State chose to incarcerate Petitioner, and classes members, therefore chose to provide legal and ethical 'necessities of life' like unobstructed access to the courts in an ever more modern, decent, civilized, humane society we are / should be in.

Lack of funds, space, or bald security violations, actually caused by custodians mismanagement, intentions to interfere with any access to the courts, and ill-will started to be shown in this Motion.

Defendants usually excuses cannot lie in this case since they are actually not valid, legitimate penological interests, but intentional negligence and alike to cause a degrading environment, as is in violation of the 8th Amendment of the U.S. Constitution.

Defendants, et. al., conduct violates:

  A. FIRST Amendment of the U.S. Constitution for redress of grievances, and, B. No abridgement to freedom of press and information by denying it and its possession;

    ● C. No abridgement to freedom of press and information to redress grievances;

    D. FOURTH Amendment by illegal search of legal materials they for reading its contents; or threat thereof by custodian;

    E. and seizure of needed legal materials to retaliate and stop legal work and access to the courts; or threat thereof by custodian;

    F. thus causing Petitioner to NOT be secure, defined as: easy in mind, free from fear, free from danger or risk of loss, safe, certain, sure, guarded, protected. All of which Respondents, and some custodians too many, Petitioner at least

-3-

under continues to maliciousness for ill-will;

G.  Respondent, and too many custodians, continue to cause Petitioner atleast, cruel and unusual punishment upon Him, in an ever more civilized, decent, modern, humane society in violation of the 8th Amendment of the U.S. Constitution because of Respondent, et al, obstructions to life, liberty, and property interests via the courts;

H.  Respondent, et al, continue to deny these constitutional rights, for starters, and other rights to humane, organized, harmonious, and courteous environment without a conflict of interest to duty by laws from a history of systemic, denying and disparaging prison conditions, violating the 9th Amendment of the U.S. Constitution;

I.  Respondent, et al, violate the 10th Amendment of the U.S. Constitution by denying Petitioner the Constitutional rights which were not delegated to this State mentioned herein; [yet to be discovered also from a denial of proper access to info.]  J.  Respondent, et. al., violate the 14th Amendment of the U.S. Constitution for Petitioner, and as one of classes, 1) by making or enforcing any law which shall abridge these privileges of a humane, decent, modern, civilized, organized society as explain herein; and 2) deprive Petitioner, and as one of classes, the life, liberty, and property interests when obstructions to access to courts exist, as here; and 3) deny the equal protection of the laws in question by any search and seizure, or reading of legal materials Petitioner, and classes, use or have in their possession.


Respondent, et al, deny legal access to courts rights as under Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996); and Klinger V. D.O.C., 107 F3d 609 (8th Cir 1997), showing complete, systemic denial of access to courts by denial of needed legal materials; as Respondent, et. al., are doing to Petitioner,

—4—

and those in the classes, for one reason or another, custodians continue to illegally, unethically, with maliciousness obstruct and deny legal access to the courts, which can be provided if expansion of record is needed.

In house D.O.C. regular grievance has been mailed on March 1, 2007, evening in in house grievance box. Due to continued mismanagement, abuse of authority, and alike forementioned, unprofessional conduct continues by not responding in time to grievances, obstructing justice and legal access to courts. Hazzard has threatened to seize my legal work/materials on Mar 15, 2007, with likely illegal search and reading of petitioner's legal materials.

A respectful reminder that FIRST Amendment damages always assumed by courts, no matter how long any privilege was denied.

Lack of access to law library by petitioner, and classes, and custodian's failure to make a copy of current housing rules for petitioner, and classes, with regular updates provided copy of as legally approved and adopted, denial causing inability to read, apply, receive legal notice, hearing access and other legal rights as required by Administrative Procedure Acts, Administrative Law and Procedures, and other rights under these statutes, still being denied legal access to by custodians.

(Betty) Elizabeth Burris, Deputy Warden, Delaware Correctional Center, custodian of petitioner and classes, was written in June 3, 2006 for legal materials box approval, and again Nov 13, 2006; No reply has been received since. This kind of malicious set-up, extortion for punishment for not having a current approval letter for legal materials box is totally against all laws in question, and for what is right and decent under custodians' duty. This retaliation for filing legal grievances and complaints is blatantly malicious.

—5—

These custodians continues deliberate indifference to legal rights and ethical conduct and duty to full-time access, equal access, to legal information, and other information for legal access to courts still continues here under this abuse and exploitative old regime, in violation of these U.S. Constitutional Amendments, 1st, 4th, 5th, 6th, 8th, 9th, and 14th, atleast, upon info and belief, and to the law libraries, continues to cause Petitioner, and as one of classes, continues damages, some irreparable as mentioned. This malicious conduct by custodians requires Petitioner, and some of classes, to keep more legal materials in their private property, within their immediate possession, under these illegal prison conditions.

Dated: March 5, 2007

Respectfully Yours,

Detlef Hartmann, 229843
Delaware Correctional Center
1181 Paddock Rd, T2
Smyrna, DE 19977

—6—

(Draft file)

Dear Mrs Burris,                                    Mar 1, 2007

Require your professional assistance

I had written you twice since June 2006, [June 3rd and Nov 13, 2006,] for legal materials box approval, but no reply so far.

Cpt Hazzard gave 2 weeks now to get rid of all my legal materials for active cases, which of course will cause legal action due to deliberate indifference to law for want of state, my mental + physical needs, [legal needs] necessities of life, and proper access to courts.

Prison rule is to have C.O. store more than one legal box which would cause more problems due to C.O.'s laziness, selfishness, deliberate indifference to legal rights, and my necessity to have access to my legal materials on a daily basis. Current conditions with understaffing, count times, and other work a C.O. might do, would further severely delay proper legal access to my legal materials for legal access to courts.

Hazzard, now tells me to mail it home or destroy it. I am indigent and ~~therefore~~ therefor do not have funds to mail any of it home. Also, mailing it home would further distrust my legal access to courts because I don't have it in my possession to search for what I need to work on at the moment for ~~legal~~ timely access to courts. Destroying my legal work would also cause me irreparable legal damages because of illegal destructive conditions here to legal access to information for the courts to file necessary meritorious legal documents.

Why is Hazzard put himself in known deep Hot water by deliberate indifference to legal rights? One reason is because he has been getting away with that too long. Such abuse and exploitation by custodian should not be.

Appendix +

I don't know why he is harassing me all of a sudden. He is not following code of conducts for D.O.C., and state law to have a `harmonious' environment, not the opposite he is creating.

He knows I have several active cases, and others contemplated but still obstructed to by my legal custodians to file meritoriously in a timely manner. U.S. Supreme Crt filed Feb 28, 2007; Third Circuit no. 04-4550; and 06-4594; Fed. District Crt 06-390-***; and Family Court # 06-24598, (for starters.)

And I qualify under the American Disabilities Act / Rehabilitation Act for entitlements to accommodate for my mental disabilities. i.e. allow all legal materials to do my needed legal work, or be part of obstruction to justice and equal access to courts, official oppression, abuse of authority, lost public trust.

Request your professional assistance and proper care for ward of state. To stop the degrading; illegal punishing, conditions caused by Hazzard, when I am already mentally disabled due to my custodians deliberate indifference, selfishness, laziness, and ignorance, and unprofessional conduct.

Dettef Hartmann, 22-9843

T2

file

United States District Court
For Delaware

DETLEF HARTMANN, and as one of member of class,

    Petitioner,

       V.

KARL HAZZARD, and as one of member of class,

    Respondents.

No. 06-340-***

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Upon the supporting affidavit of the Petitioner and the combined accompanying memorandum of law, it is

ORDERED that Respondent KARL HAZZARD show cause in room ___ of the _____ Courthouse, _____
                                                                (address)

on the ___ day of _____ 2007, at ___ o'clock, why a preliminary injunction (and temporary restraining order) should NOT issue pursuant to Court Rule(s), enjoining the said Respondent, their successors in office, agents and employees and all other persons acting in concern and participation with them, to provide:

1. allowance for Petitioner, and class members, to keep their legal materials with them and their private property for all active and contemplated cases,

2. allowance for unobstructed access to law libraries by expanding facility for growing population to stop obstructions to timely, equal, effective, meaningful, capable, and adequate access to courts for all classes; or another means to receive all information in a timely, etc. manner as should be done.

IT IS FURTHER ORDERED that effective immediately, and pending the hearing and determination of this Order to show cause, Respondent(s) Hazzard, and anyone else who wishes to be involved as legal custodian for ward of State Petitioner, and others, shall

It Is Further Ordered that this order to show cause, and all other papers attached to this application, shall be served on Respondent Karl Hazzard, Sgt, by _____, 2007, and the Marshals Service is hereby directed to effectuate such service.

Dated: _____

_____
Judge

Appendix A



8

In The United States District Court
In And For the District of Delaware

Detlef F. Hartmann,
    Plaintiff,
      V.
Warden Thomas Carroll, et. al.

Civ. No. 06-340 - ★★★
(Thynge)

(28 Jan.2008)

Motion To Expedite An Emergency Temporary Restraining Order and
Preliminary Injunction Due to Threats Today of Taking Legal
Materials on Feb 6, 2008 By Custodian

Require immediate assistance by this Honorable Court from any
further threats and taking of my legal materials, which was already done to me
about a year ago, while threats continued, continuing pattern and practice, having caused irreparable
damages also to bring claims and defenses as actual legal injuries to me, and my family.
That had caused a T.R.O. and Preliminary Injunction Motions plus others
having been mailed to this Court for Order.

Today, Jan 23, 2008, the new Warden P. Phelps, a new Defendant in this
case - see Motion For Caption Change Addition attached, is enforcing through
his staff, the unconstitutional prison rule, as per this Civil Complaint,
which includes a claim of one legal box for private possession is at least
unconstitutional. Thus, failing to check if the prior existing rule is
actually legal and proper before enforcing.

These legal materials are for my legal cases, active and contemplated,
which have precedential legal protection, but Defendants continue

1 of 2

to act deliberately indifferent to these rights, in my protected statuses I am in as a ward-of-state, disabled, destitute, pro se, incarcerated in need for necessities of life, which each Defendant knows or should know of which they are responsible to uphold. They continue to act above the law, and state attorney general fails to train, control and supervise state employees as Defendants by law. Thus, failing to uphold my rights, privileges, immunities, and entitlements which is his responsibility. See attached Exhibit A for issues.

Due to time constraints, my disabilities, and obstructions by custodians/ Defendants created in this facility, I have to keep this short now to get this mailed today.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my ability.

Sincerely Yours,

23 Jan 2008

SBI. No. 229843
Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

I continue to go through this mental torture here which is also causing my depression and other mental health issues, which further damage me physically from severe stress of degrading conditions contrary to the 8th Amendment of the United States Constitution also as cruel and unusual punishment. Without legal materials I am effectively denied access to courts to bring meritorious issues, by malicious, wanton and reckless conduct by Defendants.

2 of 2

For District Court
Case # 06-340-₪₪₪

## Certificate of Service

I, Dietlel Hartmann, hereby certify that I have served a true and correct copy of the attached:

1. In Forma Pauperis
2. Motion To Show Cause / Civil Complaint / Temporary Restraining Order
3. Order To Show Cause and TRO
4. Declaration in Support of Plaintiffs' Motion for a TRO and Preliminary Injunction.
5. Memorandum of Law in support of Motion for a TRO and PI.
6. Motion for Appoint of Counsel
7. Appendix A & B. denied copies.

upon the following parties:

To: State of Delaware
A.G.
D.O.J.
820 N. French Str.
Wilmington, DE 19801

To: Karl Hazzard, Cpt
Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

upon the following parties:

By placing same in a sealed envelope and depositing same in the U.S. Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On March 2007

Dietlel Hartmann
Petitioner

Exhibit A

TO: Deputy Warden Pierce, DCC, custodian of
From: Mr. Detlef Hartmann, 229843, T2
Subject: Legal Materials and Boxes
Date: Jan 23, 2008

Dear Sir,

1. It's been over a year and I have not heard from former Deputy Burris about these permit request for my 6 boxes of legal materials. 4 of which I have been illegally atleast forced to throw away (See Motion on Court Docket)

2. Prison rule is illegal, about limiting my legal materials to such an causing irreparable damages for actual legal injuries extreme and exaggerated and malicious policy of only one cardboard box. I have plenty of room under my bed to store it. And humanely, ethically, legally, and professionally (H.E.L.P.) standards allow more room somehow when their are alternatives which should be provided if needed because it would otherwise further obstruct justice and my access to courts. No one else knows what I need for my cases. To assume so is obviously malicious and unprofessional, arbitrary and capricious. It would be like someone ordering you to only have one cardboard box for your office files. Can you see how ludicrous that is? It makes no sense.

3. Plus, more legal materials are needed in my private possessions in this facility because of the still many violations to HELP standards for my access, as a ward of state to information to do my legal work in a precedential manner as legally required to be timely, equal, effective, meaningful, capable, adequate, and fundamentally fair, as from the law library and the internet, and as a items standard lawyers office has, and saving info on disks. [and electronic filing]

4. Plus, American Disabilities Act entitles me to my needs to do my legal work, which I am still being denied.

5. Plus, there is still confusion because of the vague prison rule about a metal box involvement. I still have the smaller, blue one.

6. Plus, prison rule is still illegal because law states wards of state, prisoners can have "contemplated cases" legal materials, not just active cases, which is obviously required.

7. Your professional assistance is needed to stop these obvious, ancient abuses, neglect, exploitation, and deliberate indifference to my rights which my competent custodians will uphold.

8. Active Case Nos: Third Circuit Habeas Corpus # 04-4550
   District Court        "        # 03-cv-796
   U.S. Supreme Court Civil Complaint 1 # waiting for assignment
   Third Circuit          "          # 05-4340
   District Court         "          # 03-cv-557
   District Court Civil Complaint 2  # 06-cv-340
   Third Circuit          "          # 07-4092
   District Court Civil Complaint 3 # waiting to be assigned
   Superior Court Civil 1b. waiting to be assigned (legal materials)
        "    "    "    "    "    "    " (Criminal Case Appeals)

9. These inmate housing rules were not legally implemented under Administrative Procedure Acts + Laws.
   Any questions? When their is a will, there is a way.

                    Sincerely Yours,

[10. Relief Needed: Prison rule on legal materials private possession shall be immediately halted till hearing.]

( Appropriate Court Header )

Detlef F. Hartmann,                    Superior Court Civ.No. (Kent Cty) T, B, D,
          Plaintiff,                    District Court Civ No. 06-340-*** (Thynge)
     V.                                 Third Circuit Civ No. 07-4092
Carl Hazzard, et al; (Superior)
Warden Thomas Carroll, et.al. (District + Third)

## Motion For Appointment of Counsel

Request this Honorable Court appoint counsel for this TRO and injunction
evidentiary hearing by law and ethics because I am a mentally
and emotionally disabled person qualified under the American Disabilities
Act and Rehabilitation Act. Thereby, unable, incapable to represent
the laws and facts in court, and to effectuate these motions by me.
   And because I am handicapped unconstitutionally to uphold the laws
due to these prison conditions here obstructing and denying my access to
information to present all claims, defenses, issues to the courts in a
precedentially proper manner requiring my timely, equal, effective,
meaningful, capable, adequate, and fundamentally fair access to information,
and items per a standard lawyers office for the courts needing meritorious
issues to be properly worded and presented by me.
   This effectively denies all my rights, privileges, immunities, and
entitlements as needed for humane, ethical, legal, and professional
standards my custodians/Defendants must follow, but are not
   in this case. This effectively denies my constitutional rights entirely
for one; justice delayed is justice denied.
   Any questions? This is the best I can do at this time.

Date : Jan 24, 2008.                         [signature], 229843
                                        DCC, Smyrna, DE 19977

## Certificate of Service

I, Detlef Hartmann, hereby certify that I have served a true and correct copy of the attached:

1. In Forma Pauperis
2. Motion To Show Cause / Civil Complaint / Temporary Restraining Order
3. Order To Show Cause and TRO
4. Declaration in Support of Plaintiff's Motion for a TRO and Preliminary Injunction.
5. Memorandum of Law in Support of Motion for a TRO and P.I.
6. Motion For Appoint of Counsel
7. Appendix A, B, C.

upon the following parties:

TO:  State of Delaware
     A.G.
     D.O.J.
     820 N. French Str.
     Wilmington, DE 19801

TO: Karl Hazzard, Cpt
    Delaware Correctional Center
    1181 Paddock Rd
    Smyrna, DE 19977

upon the following parties:

By placing same in a sealed envelope and depositing same in the U.S. Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On March 6, 2007.

Detlef Hartmann
Petitioner

90 2 Wd 8 HUW Le

Superior Court of Delaware
In And For Kent County
Civil Court

Detlef Hartmann, and as one of classes,
        Petitioner / Plaintiff,                      Civil No.

                V.

Carl Hazzard, et. al.,
        Respondents / Defendants.

Request For Entry of Default For This Case
(17 July 2007)

TO: Clerk of the Court for the Superior Civil Court of Delaware,
    In And For Kent County

① Time is now way past due for an Answer to this Civil
Complaint mailed March 21, 2007 to this Court and
Defendants' Attorney.
        Therefore, please now enter the default of Defendants
Paul Howard, Carl Hazzard, (Jane) Henry, Elizabeth Burris,
Thomas Carroll, Stanley Taylor, Jane Brady, Robert Snyder, David Pierce,
Francine Kobus, Mike Little, Tim Martin, Edward Johnson for failure to
plead or otherwise defend as provided by the Delaware Superior
Court Civil Rules, Codes of Ethics, and official duty, as is from
the attached affidavit of Detlef Hartmann, Petitioner.
② A copy of this case's court docket is then needed by Petitioner
when all these entries from these enclosed motions are made.

1 of 2

Date: 17 July 2007

DETLEF F. HARTMANN

PETITIONER/ PLAINTIFF

SBI No 229843

D.C.C.

1181 Paddock Rd, T2-10

Smyrna, DE 19977

2 of 2

Superior Court of Delaware
In And For Kent County
Civil Court

Detlef Hartmann, and as one of classes,
      Petitioner/Plaintiff,                              Civil No.

            V.

Carl Hazzard, et. al.,
      Respondents/Defendants,

## Request For Entry of Default Judgment

TO: Clerk of This Court

Petitioner/Plaintiff Detlef Hartmann requests that you enter judgment in default based upon the attached affidavit against Defendants Paul Howard, Carl Hazzard, (Jane) ~~Jay~~ Henry, Elizabeth Burris, Thomas Carroll, Stanley Taylor, Jane Brady, Robert Snyder, David Pierce, Francine Kobus, Mike Little, Tim Martin, Edward Johnson ~~for failure to plead or otherwise defend as provided by the Delaware Superior Court Civil Rules, Codes of Ethics, and government officials duty, as is~~. in the above entitled matter for the following proper relief due to continues deliberate indifference to precedence in laws:

Each claim is from Dec 1, 1999 to present, until totally and properly corrected, and useable by ward/Petitioner/Plaintiff

1 of 5

without any legal or ethical obstructions to information, the laws, the law libraries, for legal access to the courts;

Each occurred claim is still occurring at the Delaware Correctional Center under the supervision, deliberately indifferent to this Plaintiff's plight as a Ward of State, being the moving forces in the Delaware Department of Corrections, and their counsel, the Delaware Attorney Generals past (Brady) and current (Biden) failing by continues, systemic, systematic and ill-will towards Plaintiff as a ward of State to invidiously discriminate against this class I am one of, for proper, legal, ethical, professional 'care', necessities of life and their duty;

Each claim, and/or in totality continue to cause Plaintiff, and in his states as ward, and mentally disabled, and physically disabled to cause Plaintiff irreparable and reparable to legal, mental, emotional, and physical damages, plus others by their conduct under color of law;

Each claim includes one or more of the following violations: official oppression, abuse of authority, abuse of process, a fundamental right, abuse, neglect, exploitation, systemic oppression, loss of public trust, code of conduct, unprofessionalism, unpatriotism, and/or conspiracy and corruption to deprivation, degradation, and destruction of life, liberty, property, and pursuit of happiness rights. Homeland security violations by failures to uphold the H.E.L.P. standards required; humane, ethical, legal, and professional.

<u>Claims Needing Relief from Following Violations:</u>

1. From <u>Motion To Show Cause / Civil Complaint / Temporary Restraining Order:</u>

   A. pg 1 - Fourth Amendment of the U.S. Constitution;

   B. pg 2 - American Disabilities Act and Rehabilitation Act;

   C. pg 2 - First Amendment of the U.S. Constitution, redress of grievances, freedom of information and ~~communication~~, press, freedom of speech and communication;

   D. pg 3 - Necessities of Life in status as Ward of State Provided by Custodian Caretaker;

   E. pg 3 - EIGHTH Amendment;

   F. pg 4 - NINETH Amendment to be discovered from total denial of access to information for legal access to courts;

   G. pg 4 - TENTH Amendment total denial to its info;

   H. pg 4 - FOURTEENTH Amendment; also for denial, deliberate indifference to proper access to courts.

2. From <u>Declaration In Support of Plaintiff's Motion For A Temporary Restraining Order and Preliminary Injunction:</u>

   I. pg 1 - <u>Administrative Procedure Acts, Laws, and Procedures;</u>

3. From <u>Memorandum of Law In Support of Motion For A Temporary Restraining Order and Preliminary Injunction:</u>

   J. pg 1 - 42 U.S.C. § 1983 ~~act~~, Civil Rights;

   K. pg 1 - State Tort Claims total denial to its info;

   From <u>Chancery Court Rule 23 - Class Action Answers From Petitioner/Plaintiff:</u>

   L. pg 1 - Class Action (Chancery Court Only)(And Federal Courts)

4. From _Motion For Appointment of Counsel_ :
   M.   Legal Damages


5. From _Supplement Facts and Laws Update and Newly Discovered_
   N.  pg 3 – item 7, $\frac{3.75}{^\wedge}$ Denial of Free Legal Postage and Supplies To Legally
            Indigent Plaintiff;
   O.  pg 4 – item 8 –  Indentured Servant caused By Defendants
            _Brady_, _Taylor_, _Howard_, _Snyder_, _Carroll_ ;
   P.  pg 4 – item 12 also – Denial of Legal Access To Courts ;
   Q.  pg 6 – item 23 – Mandatory medical Appointments By
            _Carroll_, and illegal law library obstructions,
            add to legal violations for legal access to
            courts ;
   R.  pg 9 – item 30 $\overset{also}{^\wedge}$ State Law Violation ;
   S.  pg 9 – item 33 $\frac{35}{^{in}}$ State Mail System Used By Wards Denied
            Illegally from ~~the~~ Precedence ;
   T.  pg 9 – item 34 – Free postage for Indigent Wards Necessity
            of Life ;
   U.  pg 10 – item 37 –  Denial of access to Law library as per Prison
            Rule By _Johnson_, _Martin_, et. al.
   V.  pg 11 – item 38 – Organized Crime in State Government by Defendants
            Conspiracy;
   W.  pg 12 – item 48 – Failures To Control, Train, and Supervise By Law ;
   X.  pg 15 – item 68 – Systemic, Systematic, Widespread Corruption of Law;
   Y.  pg 17 – item 75 – Denial of Photocopies of Legal Work ;

2. pg 12 — item Z6 — Lack of Policies + Procedures Legally Approved and Proper For Law Library Use Allow For Obstruction of Justice By State Employees Johnson, Kobus, Martin, and fail to be enforced as is; and Snyder, Carroll, Pierce, Little, Taylor, Howard.

$1,500 per day per violation A. to Z., plus punitive damages, plus other for each day I am in government custody, + Declaratory, Injunctive, Nominal, plus all costs, fees, taxes for the awards, and alike, per day until all violations are totally and properly corrected,

And a Monitor be appointed by this Court to ensure all this happens properly and in a timely manner, and continues so with turn-over of state employees, which continue to fail to be controlled, trained and supervised by law, ethics to properly care for wards as legal custodians/caretakers duty.

Respectfully yours,
In Service to God And Country,
We Pray For Relief,
Detlef Albert

SBI No. 229843
D.C.C.,
1181 Paddock Rd, T2-10
Smyrna, DE 19977-3474

Dated: 17 July 2007

5 of 5

Superior Court of the State of Delaware
In And For Kent County
Civil Court

Dettel Hartmann, and as one of classes,
    Petitioner,

V.

Carl Mazzard, et. al.,
    Respondents.

Civil No.

Affidavit For Entry of Default For This Case

In the State of Delaware, County of Kent, Plaintiff Dettel Hartmann, being duly sworn, deposes and says:

1. I am the pro se Plaintiff in the above entitled matter.

2. The Defendant and Counsel were served with a copy of the complaint as appears from the proof of service on file.

3. The Defendant and Counsel for all Defendants has not served an answer although court rule time has expired since the date of service.

Dettel Hartmann, SBI 229843
Delaware Correctional Center
1181 Paddock Rd, T2-10
Smyrna, DE 19977

Sworn to before me this 17th day of July, 2007.

Timothy J. Marb
NOTARY

Commission expires: June 14, 2008

Superior Court of Delaware
In And For Kent County
Civil Court

Detlef Hartmann, and as one of classes,
    Petitioner, Plaintiff,

      v.

Carl Hazzard, et. al.,
    Respondents, Defendants.

Civil No.

## Affidavit In Support Of Request For Default Judgment

State of Delaware, County of Kent, Plaintiff Detlef Hartmann, being duly sworn, deposes and says:

1. I am a pro se plaintiff in the above-entitled matter.
2. The amounts due plaintiff from Defendants individually and officially is apparently appropriate for the relief needed.
3. The default of the Defendants has been entered for failure to appear in this action.
4. The amounts and corrective action are needed and due and owing, and no part has been paid.
5. The damages sought to be recovered have occurred in this action.
6. The Defendants are not know to be in the military service ~~\*\*\*\*\*\*~~ as shown by the attached affidavit.

Detlef Hartmann, 229843

Sworn to before me this 17th day of July, 2007.

Timothy J. Mack
notary

Commission expires: June 14, 2008

Superior Court of Delaware
In And For Kent County
Civil Court

Dettef Hartmann, and as one of classes,
    Petitioner/ Plaintiff,

Civil No.

V.

Carl Hazzard, et. al.,
    Respondents/ Defendants.

## Affidavit As To Military Service

In the State of Delaware, County of Kent, Dettef Hartmann, being duly sworn, deposes and says:

1. I am the pro se plaintiff in the above entitled matter. I make this affidavit pursuant to the requirements of the <u>Soldiers' and Sailors' Civil Relief Act</u>, 50 U.S.C., Appendix, §520.

2. The Defendants have worked at the Delaware Correctional Center or Delaware Department of Correction or Attorney General's Office for this State since plaintiff was first incarcerated in Dec 1, 1999.

3. Based on that fact, the plaintiff is convinced that Defendants are not in the military service of the United States.

                               Dettef Hartmann, 229843

Sworn to before me this
17th day of July 2007.
Timothy J. Mat
notary

                               DCC, 1181 Paddock Rd, T2-10
                               Smyrna, DE 19977

Superior Court of Delaware
In And For Kent County
Civil Court

Dettef Hartmann, and as one of classes,
     Petitioner / Plaintiff,

V.

Carl Hazzard, et. al.,
     Respondents / Defendants.

Civil No.

## Judgment

Defendants having failed to plead or otherwise defend in this action commenced on or about March 8, 2007 and their default having been entered,

Now upon application of the plaintiff and upon affidavit that those Defendants are indebted to plaintiff in the amounts and corrective actions indicated, that Defendants have been defaulted for failure to appear and that their counsel of the State Attorney General's office continues their deliberate indifference to those legal rights which should have been in place all along, and their conspiracy to allow as moving forces those illegal conditions and conduct by their subordinates in obvious plight to plaintiff, and as one of the classes, these Defendants are not an infant or incompetent person, and are not in the military service of the United States

It is hereby,
ORDERED, ADJUDGED AND DECREED that plaintiff recover
the sum from Dec 1, 1999 until date of proper and total
correction of violations or while he has been in government
custody in any way.

_____

Clerk or Judge

Dated: _____

## Certificate of Service

I, _Detlef Hartmann_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Request For Entry of Default For this Case, Affidavit For Entry of Default For this Case, Request For Entry of Default Judgment, Affidavit In Support_ upon the following

parties/person (s): _Of Request For Default Judgment, Affidavit As To Military Service_ ,

TO: _Delaware Attorney General's office_

_102 W. Water Str._

_Dover, DE   19904_

TO: _State of Delaware_

_Chancery Court_

_417 S. State Str._

_Dover, DE   19901_

TO: _Superior Court, Kent County, Civil Court_

_Kent City Courthouse_

_38 The Green_

_Dover, DE  19901_

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _17th_ day of _July_ ,200 _7_

United States District Court
For the State of Delaware

Detlef F. Hartmann, Plaintiff,

     v.

Commissioner Maybee - Freud, et. al.,
    Defendants.

No. 06 - cv - 340 - MPT

3 August 2007
Motion For Pleadings Between Numerous Defendant,
And Motion To Compel Names and Addresses For Service

Under Federal Rules of Civil Procedure Rule 5(c), request this Honorable Court approve and <u>Order</u> serving all Complaints, Amendments, Motions, documents, and related items to this case required to be served on the opposing parties, only need be made to their Counsel for each group of Defendant(s) as the State Attorney General, agencies or alike, subcontractors like Correctional Medical Services, et. al., instead of a copy thereof be mailed for proof of service to each Defendant to prevent the heavy expenses to my legal custodian, the State, and since so many pages are not relevant to each Defendant.

    If that can Not be approved in the interest of efficiency and economy, an <u>Order</u> is needed from this Court to this <u>Motion To Compel</u> names, titles, and current mailing addresses

for each Defendant to serve process and summons, with designation of which name unknown like J. Doe or alike from Complaint and/or Amendment, and their designated roman numeral from these documents, from the known Defendants or other source, and, this info is needed because I continue to be denied legal access to info here at Delaware Correctional Center like the internet by my legal custodians / Defendants who's duty it is to uphold all my rights, but continue to be deliberately indifferent to these rights, which requires immediate injunction to remove all obstructions to info as per record, in the interest of justice which had made this Country great and where each person is to get equal protection of the laws, legal access to courts, for starters of violations by Defendants.

Thus, in the interest of justice and fundamental fairness, legal assistance is needed in all areas, every step of the way in this case, as my legal custodians / Defendants continue to cause cause damages to me and my family by obstructing justice in their malicious states of mind, for selfish gain, perverting our justice system of this great country.

We pray for relief in faith.

Sincerely, truly yours,
In Service To God and Country,
Dettef F. Hartmann
SBI No. 229843
Delaware Correctional Center
1181 Paddock Rd, T2-10
Smyrna, DE 19977

Date: 3 August 2007
in 100° weather

*certify*
*Mailroom*
*failed*
*file*

## REQUEST FOR MATERIALS FROM PROTHONOTARY *todo.*

( Civil Court )
( Superior Court)

*Says did NOT
see label on
envelope.*

To: _____ Kent _____ County

Date Requested: _____ 7 Nov 2007 _____

Indictment Number(s): _Tort Claims Case, Mailed from Delaware_
_Correctional Center March 6, 2007. No case number yet_
_provided,_

Offense(s): _Denial of Access to The Courts legally by_
_forced destruction of legal materials._

Date Arrested: _____ N/A _____

Date of Birth: _____ 7-20-1955 _____

Please send the following:

　　1. Court docket sheets　　　　☑ plain　　☐ Certified

　　2. Court docket Numbers　　　　☐　　_____

　　　　　　　　　　　　　　　　　　　　_____

　　3. Indictment Sheet　　　　　　☐　　_____

　　4. Other: _____

Please send materials to the following:

_Plaintiff_ DETLEF HARTMANN ,

SBI# _229843_

Delaware Correctional Center

1181 Paddock Road

Smyrna, DE 19977

*Not yet received,
May 13, 08
PM*

_____
Signature

Appendix B

District Court Orders at least
on Appeal

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-340-SLR |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| EDWARD JOHNSON, PAUL HOWARD, | ) |
| DAVID PIERCE, JOHN | ) |
| MALANEY, NURSE NANCY DOE, | ) |
| JOHN DOES III, IV, XIV, XLIV, XLVII, | ) |
| XLIX, L, LI, JANE ALIE, DEBORAH | ) |
| RODWELLER, OSHEMKA GORDON, | ) |
| and, IHOMA CHUCKS, | ) |
| | ) |
| Defendants. | ) |

ORDER

At Wilmington this 5th day of March, 2008, having considered the pending motions;

IT IS ORDERED that:

1. **Motion to Add Defendant**. Plaintiff's "motion for caption addition" is **denied**. (D.I. 49) Plaintiff seeks to add as a defendant Perry Phelps ("Phelps"), the new warden at the Delaware Correctional Center. Plaintiff was advised on January 22, 2008, that "[n]o further amendments will be allowed except that plaintiff will be given leave to amend if he identifies the remaining Doe defendants." (See D.I. 48)

2. **Appointment of Counsel**. Plaintiff's motion for appointment of counsel (D.I. 51) is denied without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

4. In his motion for appointment of counsel, plaintiff states appointed counsel is required because he is a mentally and emotionally disabled person qualified under the Americans with Disabilities Act and the Rehabilitation Act. (D.I. 51) Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time because plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel.

-2-

5. **Motion for Temporary Restraining Order and Preliminary Inunction**.

Plaintiff's motion is **denied**. (D.I. 49) Plaintiff moves for injunctive relief against Phelps on the basis that, pursuant to prison rules, Phelps will only permit an inmate one cardboard box of legal materials per cell. Plaintiff contends that he has plenty of room under his bed to store the materials.

6. Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 527 (1979). The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's determination that only one box of legal materials is allowed per cell.

UNITED STATES DISTRICT JUDGE

-3-

48

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DETLEF F. HARTMANN, )
)
    Plaintiff, )
)
v. ) Civ. Action No. 06-340-***-MPT
)
WARDEN THOMAS CARROLL, )
EDWARD JOHNSON, PAUL HOWARD,)
CORRECTIONAL MEDICAL )
SERVICES, FIRST CORRECTIONAL )
MEDICAL SERVICES, JANE BRADY, )
STANLEY TAYLOR, ROBERT )
SNYDER, LISE M. MERSON, )
MICHAEL MCCREANOR, ELIZABETH )
BURRIS, DAVID PIERCE, JOHN )
MALANEY, NURSE NANCY DOE, )
JOHN DOES I through LXIII, )
R. W. DOE IV, JANE ALIE, )
DEBORAH RODWELLER, GAIL )
ELLER, OSHEMKA GORDON, )
BRENDA HEDDINGER, IHOMA )
CHUCKS, LARRY A. LINTON, )
KIMBERLY WEIGNER, JANE )
THOMPSON, JOHN MELBOURNE, )
ANTHONY R. CANNULI, FRANCINE )
KOBUS, MICHAEL LITTLE, NIKITA Y. )
ROBINS, R. VARGAS, EVELYN )
STEVENSON, JAMES WELCH, )
JANET LABON, JOYCE TALLEY, )
CARL HAZZARD, (JANE)HENRY, )
CPT. JOHN SCRANTON, and )
MICHAEL KNIGHT, )
)
    Defendants. )

## MEMORANDUM ORDER

At Wilmington this 17th day of January, 2008, having screened the case pursuant

to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for preliminary injunction and temporary

restraining order is **denied**; Correctional Medical Services and First Correctional Medical Services are dismissed as defendants; that portion of the court's November 13, 2007 order providing for service is **vacated**; plaintiff may **proceed** in part on claim 2 against Thomas Carroll, Paul Howard, David Pierce, John Malaney, Jane Alie, Deborah Rodweller, Oshemka Gordon, Ihoma Chucks, Nurse Nancy Doe, and John Does III, IV, XIV, XLIV, XLVIII, XLIX, L, LI, and in part on claim 12 against Edward Johnson as discussed in this memorandum order; and the remaining defendants and claims are **dismissed**, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Detlef F. Hartmann ("plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed his original lawsuit pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. He appears pro se and was granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 5) Plaintiff filed a corrected second amendment to the civil complaint and request for caption correction on November 29, 2007. (D.I. 46)

2. Following screening of the original complaint, only claims 4, 11, and a portion of claim 12 remained, and all defendants, save former Warden Thomas Carroll ("Warden Carroll"), Correctional Medical Services ("CMS"), First Correctional Medical ("FCM"), and Edward Johnson ("Johnson"), were dismissed from the case. Plaintiff was given leave to amend claims 2, 3, 6, 8, 17, and 19. He was advised that if an amended complaint was not filed within the time allowed, then a service order would issue and

-2-

the case would proceed on the claims that had not been dismissed. Plaintiff appealed the memorandum order and the appeal was subsequently dismissed. (D.I. 33) Following dismissal of the appeal, plaintiff was given an extension of time to file an amended complaint, and he did so on June 7, 2007. (D.I. 37, 38)

3. The amended complaint, however, was stricken for failure to comply with Fed. R. Civ. P. 8(a)(2). (D.I. 40) The amended complaint consisted of 277 pages, listed sixty-five defendants, contained a motion to correct case caption, replies to the court's August 21, 2006 and May 9, 2007 orders (D.I. 12, 37), and a gallimaufry of allegations in an attempt to amend claims 2, 3, 4, 6, 8, 12, 17, 19. Plaintiff was given leave to file a second amended complaint, but was given guidelines to follow. Plaintiff appealed the September 17, 2007 order, and it remains pending. (D.I. 42) Plaintiff filed a second amended complaint on October 9, 2007, which did not comply with the court's September 17, 2007 order and it, too, was stricken on November 13, 2007. (D.I. 41, 44) The court issued a service order for the matter to proceed on the original complaint and the remaining claims as determined in the August 21, 2006 screening order. (Id. at D.I. 44) Plaintiff then filed a corrected second amended complaint that, for the most part, complied with the court's previous orders. (D.I. 46) Plaintiff has also filed a motion for temporary restraining order. (D.I. 47)

4. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

5. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

-4-

6. **The Corrected Second Amended Complaint.** The corrected second amended complaint contains a number of new defendants and, in the listing of defendants and case caption, eliminates certain defendants, most notably CMS and FCM, both of whom plaintiff was allowed to proceed against on claim 11 of the original complaint. Inasmuch as CMS and FCM are no longer listed as defendants in the corrected second amended complaint, the court considers them dismissed as defendants pursuant to Fed. R. Civ. P. 41(a).

7. A review of the corrected second amended complaint indicates that despite repeated opportunities to amend, plaintiff has once again failed to cure many of the pleading deficiencies. Because of plaintiff's pleadings *(admission)* difficulties, the court has allowed him to proceed with a "shot-gun" approach in alleging any possible claim that, apparently, he could possibly remember for a time-frame beginning in December 1999. Nonetheless, this court is not required to give plaintiff endless opportunities to state a claim upon which relief may be granted. No further amendments will be allowed except that plaintiff will be given leave to amend if he identifies the remaining Doe defendants.

8. The corrected second amended complaint contains a number of generic allegations directed at all defendants. (D.I. 46 at 23-26) Additionally, it contains the following alleged violations of plaintiff's constitutional rights: claim 2, medical violations for failure to provide, prevent, diagnose or professionally treat plaintiff; claim 3, denial of proper dental services for failure to provide, diagnose, or professionally treat plaintiff; claim 4, continuous interference and failure to provide required medication; claim 6, denial or omission of professional optometry services; claim 8, denial, omissions and/or obstructions to professional mental health duties; claim 11, denial or omission of

-5-

disability rights; claim 12, obstruction or denial to proper access to the courts; claim 17, illegal censorship of legal mail; and claim 19, inhumane or unprofessional conditions as necessities of life in plaintiff's status as ward of the state.

9. Claims 2 , 3, and 4 contains allegations against Dunn, Rogers, Plante, Wolken, Kratsa, Crystal, Vandursen, Harris, Leban, Pennell, and Holsterman. These individuals are not named as defendants in the caption of the complaint or in the section listing defendants and duties. Accordingly, the court does not consider them as defendants.

10. **Claim 2**. Claim 2 is raised as a medical needs claim, yet it also contains other claims that are not medically related. The court will allow plaintiff to proceed on the medical needs issues in claim 2 as follows: paragraph 2 against nurse Nancy Doe and Dr. Alie; paragraph 5 against defendants Doe XLIV and XIV; paragraph 6 against nurse Doe III, Doe IV, and Carroll; paragraphs 6 and 9 against Pierce; paragraphs 6, 9, and 10 against Malaney; paragraph 9 against Rodweller, Gordon, and Howard; paragraphs 9 and 10 against Chucks; paragraph 10 against Does XLVIII, L, and XLIX; and paragraph 16 against Doe LI. As will be discussed, the court will dismiss the remaining paragraphs of claim 2.

11. **Grievance procedure**. In many of the paragraphs, plaintiff complains about the prison grievance procedure and delay in the processing or denial of grievances. The corrected second amended complaint contains numerous allegations regarding grievances filed by plaintiff and his failure to prevail. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, No. 05-4492, 2006 WL 3203900,

at *1 (3d Cir. Nov. 7, 2006).  Although prisoners have a constitutional right to seek

redress of grievances as part of their right of access to courts, this right is not

compromised by the failure of prison officials to address these grievances.  Booth v.

King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004).  This is because inmates do not have

a constitutionally protected right to a grievance procedure.  Burnside v. Moser, 138

Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to

process administrative grievance did not amount to a constitutional violation).  Nor does

the existence of a grievance procedure confer prison inmates with any substantive

constitutional rights.  Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74

F.3d 1226 (3d Cir.1995).  Similarly, the failure to investigate a grievance does not raise

a constitutional issue.  Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317

(E.D. Tex. Mar. 28, 2005).

12.  Plaintiff cannot maintain a constitutional claim based upon his perception

that his grievances were denied, not properly processed, investigated, or that the

grievance process is inadequate. Therefore, the allegations of unconstitutional conduct

relating to grievances raised against defendants Merson, Pierce, Welch, Eller,

McCreanor, Rodweller, Gordon, Heddinger, Wright, Howard, Robins, and Doe V, VI,

and XIII are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).[1]

13.  **Statute of limitations**.  There is a two year statute of limitations period for §

1983 claims.  See  10 Del. C. § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D.

---

[1]Those claims are found in paragraphs 1, 2, 3, 4, 6, 9, 11, 12, 13, 14, 15b, and
17 of claim 2.

Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two year statute of limitations period are time-barred and must be dismissed. See Smith v. State, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The court construes plaintiff's original complaint as being filed on May 9, 2006, the date it was signed by plaintiff and the earliest date he could have submitted it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988); Gibbs v. Decker, 234 F.Supp. 2d 458, 463 (D. Del. 2002).

14. Paragraphs 7, 8, 19, 20, and 21 of claim 2 contain claims that are barred by the applicable two year limitation period. Paragraph 7 refers to conduct that occurred on or about August 31, 2000, paragraph 8 refers to conduct that occurred on April 27, 2003, and paragraphs 19, 20, and 21 refer to conduct that began in December 1999. The claims are raised against Does VII and VI, Merson, Burris, Chucks, and Ali.

15. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible. Smith v. Delaware County Court, No. 07-4262 (3d Cir. Jan. 10, 2008) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Erline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006)). The original complaint was filed on May 9, 2006. It is evident from the

-8-

face of the complaint that above paragraphs 7, 8, 16, 19, 20, and 21 of claim 2 contain dates for actions took place more than two years prior to plaintiff filing his complaint and therefore, are barred by the two year limitation period.

16. Nonetheless, page 23, paragraph 8 of the corrected second amended complaint alleges in a conclusory fashion, and without supportive facts, that the statute of limitations cannot apply in this case because defendants, as plaintiff's custodians, caused extraordinary circumstances that precluded him from timely filing the claims. Under federal law, equitable tolling is appropriate in three general scenarios:  (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum.  Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000).  Plaintiff has not met this standard.  Moreover, plaintiff is required to use more than legal buzz words, labels, and conclusions in presenting his claims. Accordingly, the court will dismiss paragraphs 7, 8, 16, 19, 20, and 21 of claim 2 as time barred.

17. **Co-pay policies**.  Paragraph 12 of claim 2 alleges that plaintiff is denied the necessities of life because of an illegal policy and procedure of taking co-pays for medical care.  Co-pay policies are constitutionally permissible if they do not interfere with timely and effective treatment of serious medical needs.  See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997) (finding co-pay policy constitutional); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404 (9th Cir. 1985); Piper v. Alford, No. 3:02-CV-2640-P, 2003 WL 21350215, (N.D. Tex. June 4, 2003) (finding jail policy

requiring payment for medical services did not raise constitutional issue); Bihms v. Klevenhagen, 928 F.Supp. 717, 718 (S.D. Tex. 1996) (same). Plaintiff does not allege that he is being denied medical treatment. Rather, his position is that, because he must pay for medical care, he does not have funds available for other necessities of life. The claim is frivolous and the court will dismiss paragraph 12 of claim 2.

18. Paragraphs 15b, 19, 20, 21, and 22 contain general statements of alleged constitutional violations and are brought against defendants Brady, Taylor, Howard, Talley, Snyder, Carroll, Pierce, Burris, and unnamed employees of CMS and FCM.[2] Paragraph 15b refers to the housing of MRSA[3] inmates. Paragraphs 19, 20, and 22 generally allege a failure to properly care for plaintiff beginning in December 1, 1999. Paragraph 21 alleges defendants produced misleading government reports, again beginning in December 1, 1999.

19. In previous orders the court has made plaintiff aware that a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Other than providing a beginning date of

---

[2]Portions of paragraphs 19, 20, and 21 are barred by the two year statute of limitations period.

[3]Methicillin Resistant Staphylococcus Aureus.

-10-

December 1, 1999, paragraphs 19 through 21 do not indicate when the alleged

constitutional violations occurred, and paragraph 22 contains no date. Moreover, these

claims plead generic allegations and fail to supply adequate information to allow a            *not an element*

defendant to respond. Finally, paragraph 15b names individuals who are not named

defendants and paragraphs 20 and 22 fail to name any person. Therefore, paragraphs

15b, 19, 20, 21, and 22 of claim 2 will be dismissed as frivolous and for failure to state a

claim upon which relief may be granted.

20. **HIPAA.** Paragraph 18 alleges defendants Brady, Taylor, Howard, Talley,

Snyder, and Carroll violated HIPAA[4]. The existence of a private cause of action is a

"prerequisite for finding federal question jurisdiction." Alexander v. Sandoval, 532 U.S.

275, 286 (2001) ("private rights of action to enforce federal law must be created by

Congress. . ."); Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992)

(no subject matter jurisdiction because the Internal Revenue Code did not provide for a

private federal remedy). The U.S. Court of Appeals for the Third Circuit has not

specifically addressed the issue of whether there is an express or implied private right        *See law*
                                                                                                 *intention*
of action under HIPAA. A federal appellate court and other federal district courts,

however, have held that there is no such right. See Acara v. Banks, 470 F.3d 569 (5th      *See*

Cir. 2006); Agee v. United States, 72 Fed. Cl. 284 (Fed. Cl. 2006); Carney v. Snyder,

No. C.A. 06-23 ERIE, 2006 WL 2372007 (W.D. Pa. Aug. 15, 2006); Rigaud v. Garofalo,

No. Civ.A. 04-1866, 2005 WL 1030196 (E.D. Pa. May 2, 2005); O'Donnell v. Blue Cross

---

[4]Health Insurance Portability and Accountability Act of 1996. Pub.L. No. 104-
191, 110 Stat.1936 (1996).

-11-

Blue Shield of Wyoming, 173 F. Supp. 2d 1176, 1179-80 (D.C. Wyo.2001); Wright v. Combined Insur. Co. of Am., 959 F. Supp. 356, 362-63 (N.D. Miss.1997). HIPAA fails to provide for a private federal remedy. As a result, the court lacks subject matter jurisdiction and, therefore, will dismiss the claim.

21. **Claim 3**. Claim 3 alleges denial of proper dental services. The court sees no need to restate the law, but notes that paragraphs 1, 2, and 11 are barred by the two year limitation period. Paragraphs 2 and 6 contest the co-pay requirement and does not state a claim. Paragraph 3 alleges plaintiff was denied dental floss and a water-pic. The claim is frivolous and does not allege a constitutional violation. Paragraphs 4, 5, 8, 9, and 10 allege unlawful actions taken with regard to the grievance procedure. Paragraph 7 alleges that plaintiff was denied dental x-rays and dental and denture cleaning, but does not provide the date when the actions allegedly occurred. In addition the claim being barred, paragraph 11 complains that inmates are not afforded 24-hour emergency dental care. The constitution does not require inmates be afforded 24-hour care. All that is required is that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). Claim 3 is frivolous and fails to state a claim upon which relief may be grand and the court will dismiss the claim.

22. **Claim 4**. In claim 4, plaintiff re-alleges in very general terms that the health system as a whole is deficient, that there has been interference with medical treatment, and that he was denied medication. Plaintiff also takes exception to the denial or delay of the grievances. Claim 4 alleges the actions began in December 1999, but it was not until 2005 that plaintiff was able to "start a paper trail" regarding the claim. Having

-12-

reviewed claim 4, the court finds that it is time barred by the limitation period, the grievance allegations fail to state a claim, and the claim is pled in such general terms that a defendant could not properly respond to the allegations. Therefore, the court will dismiss claim 4.

23. **Claim 6**. Claim 6 alleges a general denial of optometry services. The claim is frivolous. Paragraphs 1 and 2 allege unlawful actions taken with regard to the grievance procedure. Paragraph 3 is barred by the two year limitation period. Moreover, the claim does not allege a serious optometric need. Accordingly, the court will dismiss claim 6.

24. **Claim 8**. Claim 8 alleges denials, omissions, and/or obstructions to professional mental health services since 1999. Plaintiff takes exception to the way the prison/mental health care system is run. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d. Cir. 2004) (citations omitted).

25. Claim 8 attempts to state a claim for deliberate indifference to plaintiff's serious mental/medical needs. Paragraphs 1, 2, 3, 4, 7, 8, 9, and 11 of claim 8,

however, do not allege constitutional violations under the Eighth Amendment. At the most, plaintiff alleges displeasure with the treatment he has received. Also, paragraph 4 fails to identify any individual who allegedly violated plaintiff's constitutional rights. Accordingly, the court will dismiss the foregoing paragraphs.

26. As with other claims, in paragraphs 5 and 6, plaintiff complains that his grievances were not answered or there was delay. Also, plaintiff alleges in claim 8 that the majority of his claims began in December 1999, giving no further explanation and, therefore, it appears they are barred by the applicable limitation period. Paragraph 10 of claim 8 names as a defendant Doe XXIX, the disabilities law program. This defendant is not an individual and is not a state actor acting under color of law. See West v. Atkins, 487 U.S. 42, 49 (1988) (To act under "color of state law" a defendant must be "clothed with the authority of state law.").

27. **RICO**. Paragraph 12 contains language used when alleging a RICO claim. To advance a civil claim under RICO, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir.2004) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U .S. 479 (1985)). A "pattern of racketeering activity" requires at least two "predicate acts." Id.; 18 U.S.C. § 1961(1),(5). The sparse allegations in paragraph 12 fail to state a RICO claim.

28. **Classification**. Finally, paragraph 13 of claim 8 alleges that staff members failed to identify plaintiff as a special needs inmate and failed to classify him for proper housing. The claim does not name any individual who failed to take the alleged action.

Further, plaintiff, as an inmate, has "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Each ˡᵉᵉ ᵗʰᵉᵖ of the paragraphs in claim 8 contain allegations that are frivolous and fails to state a claim upon which relief may be granted. Therefore, the court will dismiss claim 8.

29. **Claim 11**. In the original complaint, claim 11 raised a claim under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 794(a), and alleged a disability attributable to mental illness and severe emotional disability. Plaintiff was allowed to proceed with claim 11 in his original complaint against CMS and FCM, but was not allowed to proceed against any individual defendants. Amended claim 11 alleges, beginning December 1, 1999, a denial or omission of plaintiff's disability rights. Claim 11 as re-alleged contains labels and conclusions, does not rise to the level of a constitutional violation, and it appears is barred by the two year limitation period. Therefore, the court will dismiss claim 11 as re-alleged.

30. **Claim 12**. Claim 12 alleges obstruction or denials to proper access to the courts. As is well known, persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The court previously allowed plaintiff to proceed against Johnson in claim 12 in the original complaint. Plaintiff has amended claim 12 to add more detail to the claim. Some of the allegations fall outside the limitations period. For example, in paragraph 1 plaintiff alleges that Johnson denied him access to the courts from

December 1, 1999 to December 31, 2006, in paragraph 13 he alleges that from March 23, 2002 to August 7, 2002, Johnson worked in harmony with Kobus and Burris to deny him access, and in paragraph 17 plaintiff alleges that Johnson violated his rights from December 1, 1999 to March 2001. The claims that occurred prior to May 9, 2004, are barred by the two year limitations period and, therefore, the court will dismiss those claims in paragraphs 1, 13, and 17.

31. Paragraph 23 alleges that defendants Kobus, Burris, Snyder, Brady, Taylor, Howard, and Taylor, as Johnson's supervisors, are in on the conspiracy (apparently to deprive plaintiff of access to the courts). The paragraph alleges corruption, failure to have proper policies and procedures, official oppression, abuse of process, stealthy encroachments, unnecessarily broad conduct and more. Initially, the court notes that, once again, plaintiff has pled labels and conclusions.[5] Moreover, it is evident that paragraph 23 is raised against the named defendants in their supervisory capacity.

32. **Respondeat Superior**. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378

_____

[5]The "For All Claims" section, found at pages 23 through 26, contains several generic claims aimed at supervisory defendants. The allegations contain formulaic recitations of the elements, labels, and conclusions, without supportive facts.

-16-

36. **Motion for injunctive relief**. At the same time plaintiff filed his corrected
second amended complaint, he also filed a motion for preliminary injunction and
temporary restraining order. (D.I. 47) The motion, like plaintiff's other pleadings, is all-
encompassing and speaks to the issues raised in the corrected second amended
complaint that will be dismissed by the court. When considering a motion for a
temporary restraining order or preliminary injunction, a plaintiff must demonstrate that
he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3)
granting the injunction will not result in irreparable harm to the defendants; and, (4)
granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179,
184 (3d Cir. 1998). In light of the fact that the court will dismiss most of plaintiff's
claims, he has not demonstrated a likelihood of success on the merits. Therefore, the
court will deny the motion.

37. **Conclusion**. Based upon the foregoing analysis, plaintiff's motion for
preliminary injunction and temporary restraining order is **denied**. (D.I. 47) First
Correctional Medical and Correctional Medical Services are **dismissed** as defendants.
Plaintiff may **proceed** on the medical needs issues in claim 2 as follows: paragraph 2
against nurse Nancy Doe and Jane Alie; paragraph 5 against defendants Doe XLIV and
XIV; paragraph 6 against nurse Doe III, Doe IV, and Carroll; paragraphs 6 and 9 against
Pierce; paragraphs 6, 9 and 10 against Malaney; paragraph 9 against Rodweller,
Gordon and Howard; paragraphs 9 and 10 against Chucks; paragraph 10 against Does
XLVIII, L, and XLIX; and paragraph 16 against Doe LI. The remaining claims in claim 2
are **dismissed**. Plaintiff may proceed against defendant Johnson in claim 12, with the

exception of the claims raised in paragraphs 1, 13, 17, and 23. Those claims are
**dismissed**. Finally, claims 3, 4, 6, 8, 11, 17, and 19 of the corrected second amended
complaint are **dismissed**. All claims that have been dismissed are dismissed as
frivolous and for failure to state a claim upon which relief may be granted pursuant to 28
U.S.C. § 1915 and § 1915A. Amendment of the dismissed claims would be futile. See
Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293
F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d
Cir.1976).

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. The portion of the court's November 13, 2007 order (D.I. 44) providing for
service is **vacated**.

3. When plaintiff learns the identity of the remaining Doe defendants, he shall
immediately move the court for an order directing amendment of the caption and
service of the corrected second amended complaint on them.

4. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide **original**
"U.S. Marshal-285" forms for **defendants Thomas Carroll, Paul Howard, David
Pierce, John Malaney, Jane Alie, Deborah Rodweller, Oshemka Gordon, Ihoma
Chucks, Edward Johnson, and Nurse Nancy Doe**, as well as for the **Attorney
General** of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON,
DELAWARE, 19801, pursuant to 10 Del. C. 10 § 3103(c). **Plaintiff shall provide the
court with copies of the corrected second amended complaint (D.I. 46) for service**

-20-

upon the remaining defendants and the attorney general. Plaintiff is notified that
the United States Marshal will not serve the corrected second amended complaint
until all "U.S. Marshal 285" forms have been received by the clerk of the court.
Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and
the attorney general within 120 days of this order may result in the corrected
second amended complaint being dismissed or defendants being dismissed
pursuant to Federal Rule of Civil Procedure 4(m).

5. Upon receipt of the form(s) required by paragraph 4 above, the United States
Marshal shall forthwith serve a copy of the corrected second amended complaint (D.I.
46), the orders dated August 21, 2006, May 9, 2007, September 17, 2007, and
November 13, 2007 (D.I. 12, 37, 40, 44 ), this order, a "Notice of Lawsuit" form, the
filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in
each 285 form.

6. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return
of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not
been received from a defendant, the United States Marshal shall personally serve said
defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required
to bear the cost related to such service, unless good cause is shown for failure to sign
and return the waiver.

7. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served
with process timely returns a waiver as requested, is required to answer or otherwise
respond to the corrected second amended complaint within **sixty (60) days** from the

date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

8. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

9. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

10. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

Sue L. Robinson

UNITED STATES DISTRICT JUDGE