HLD-115  UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 08-1541
_____

DETLEF F. HARTMANN,
　　　　　　　　　　　Appellant

v.

COMMISSIONER ANDREA MAYBEE-FREUD; JUDGE WILLIAM L. WYTHAM;
JUDGE WALSH; JUDGE HOLLAND; JUDGE BERGER; COMMISSIONER
STANLEY TAYLOR; THOMAS CARROLL; CAPTAIN MIKE MCCREANOR;
CORPORAL LISA M. MERSON; MICHAEL LITTLE, Legal Services Administrator;
PARALEGAL EDWARD JOHNSON; JANE M. BRADY, Former Attorney General;
PROSECUTOR MARTIN O'CONNOR; DIRECTOR OF STATE PUBLIC
LIBRARIES; DAVID JONES; CHRISTOPHER WITHERELL; CHRISTOPHER
TEASE, JR.; CORRECTIONAL MEDICAL SERVICES;  DELAWARE CENTER FOR
JUSTICE; FIRST CORRECTIONAL MEDICAL SERVICES

_____

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 06-cv-00340
(Honorable Sue L. Robinson)

_____

Submitted For Possible Dismissal Due to Jurisdictional Defect,
Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B), and Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2008

Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

**JUDGMENT**

This cause came on to be considered on the record from the United States District

Court for the District of Delaware and was submitted for possible dismissal due to a

jurisdictional defect, possible dismissal under 28 U.S.C. § 1915(e)(2)(B), or summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 . On consideration whereof, it is now here

ORDERED and ADJUDGED by this Court that the appeal is dismissed in part for lack of jurisdiction and in part pursuant to 28 U.S.C. § 1915(e)(2)(B). All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
 Clerk

DATED:   May 27, 2008

**Certified as a true copy and issued in lieu of a formal mandate on** _07/15/08_

Teste: *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

HLD-115                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1541
_____

DETLEF F. HARTMANN,
                          Appellant

v.

COMMISSIONER ANDREA MAYBEE-FREUD; JUDGE WILLIAM L. WYTHAM;
JUDGE WALSH; JUDGE HOLLAND; JUDGE BERGER; COMMISSIONER
STANLEY TAYLOR; THOMAS CARROLL; CAPTAIN MIKE MCCREANOR;
CORPORAL LISA M. MERSON; MICHAEL LITTLE, Legal Services Administrator;
PARALEGAL EDWARD JOHNSON; JANE M. BRADY, Former Attorney General;
PROSECUTOR MARTIN O'CONNOR; DIRECTOR OF STATE PUBLIC
LIBRARIES; DAVID JONES; CHRISTOPHER WITHERELL; CHRISTOPHER
TEASE, JR.; CORRECTIONAL MEDICAL SERVICES;  DELAWARE CENTER FOR
JUSTICE; FIRST CORRECTIONAL MEDICAL SERVICES
_____

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 06-cv-00340
(Honorable Sue L. Robinson)
_____

Submitted For Possible Dismissal Due to Jurisdictional Defect,
Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B), and Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2008

Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed:  May 27, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM.

Detlef Hartmann, a Delaware state prisoner proceeding pro se, appeals from an order of the United States District Court for the District of Delaware denying his motion for a preliminary injunction. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent that the order Hartmann appeals denied his motion for a preliminary injunction. We will dismiss the appeal for lack of jurisdiction to the extent Hartmann appeals the dismissal of certain claims in his civil rights complaint.

Hartmann brought a civil rights action against prison personnel asserting numerous constitutional violations related to the conditions of his confinement. The District Court afforded Hartmann two opportunities to amend his complaint and then screened his second amended complaint pursuant to 28 U.S.C. § 1915A. The District Court allowed certain medical claims and a denial of access to the courts claim to proceed and dismissed Hartmann's remaining claims. The District Court also denied Hartmann's motion for a preliminary injunction, noting that the motion was all-encompassing and spoke to claims raised in the second amended complaint that would be dismissed. This appeal followed.

To the extent Hartmann seeks to appeal the District Court's dismissal of some, but not all, of his claims, the District Court's order can not be appealed immediately. See New York Football Giants, Inc. v. Comm'r of Internal Revenue, 349 F.3d 102, 105-06

(3d Cir. 2003). The District Court has not directed the entry of a judgment under Federal Rule of Civil Procedure 54(b). Thus, we lack jurisdiction to review the District Court's order to the extent it dismissed certain claims and parties.

We have jurisdiction, however, of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." 28 U.S.C. § 1292(a)(1). An order denying a motion for a preliminary injunction is appealable where the order relates to the relief ultimately sought by the claimant. Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277-78 (3d Cir. 1991). Hartmann sought a preliminary injunction ordering the defendants to stop the constitutional violations alleged in his complaint. The District Court's order denying Hartmann's motion relates to the relief he ultimately sought, and the order is appealable under § 1292(a)(1).

The District Court did not err in denying Hartmann's motion for a preliminary injunction. As recognized by the District Court, Hartmann was required to show that he was likely to succeed on the merits of his claims, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the defendants and was in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998). Hartmann did not make such a showing. He did not discuss the alleged constitutional violations, and the District Court correctly stated that most of the requested relief was related to claims that the District Court had dismissed.

Accordingly, we will dismiss Hartmann's appeal for lack of appellate jurisdiction to the extent that he appeals the order dismissing certain claims and parties. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent that the order Hartmann appeals denied his motion for a preliminary injunction.