## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-340-SLR |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| EDWARD JOHNSON, PAUL HOWARD,) | |
| DAVID PIERCE, JOHN | ) |
| MALANEY, NURSE NANCY DOE, | ) |
| JOHN DOES III, IV, XIV, XLIV, XLVII, | ) |
| XLIX, L, LI, JANE ALIE, DEBORAH | ) |
| RODWELLER, OSHEMKA GORDON, | ) |
| and, IHOMA CHUCKS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this $\partial^{\mathit{1}^{\mathit{s+}}}$ day of July, 2008, having considered the pending motions;

IT IS ORDERED that:

1. **Change of Venue**. Plaintiff's motion for change of venue and recusal of

district court from this case is **denied**. (D.I. 60) Plaintiff asserts a conflict of interest,

discrimination, prejudicial rulings, no protection by the law, and indifference to his plight

among other claims. Plaintiff is obviously unhappy with prior court rulings. His

displeasure, however, provides no basis for the relief he seeks.

2. **Extension of Time**. Plaintiff's motion for 30 day extension to complete a

reply brief is **denied**. (D.I. 61) A review of the court docket does not indicate that any

briefs are due. To the extent that plaintiff refers to the voluminous motion for

reconsideration found at D.I. 66, the motion is **denied** as **moot**.

3. **Temporary Restraining Order**. Plaintiff's motion for temporary restraining order and injunction for issues raised in reply brief to district court orders and appointment of monitor is **denied**. (D.I. 62) The motion is duplicative and frivolous.

4. **Appointment of Counsel**. Plaintiff's motion for appointment of counsel (D.I. 63) is **denied** without prejudice. In the recent past plaintiff has sought, and been denied, appointed counsel. (See D.I. 55) His circumstances have not changed. To date, defendants have not been served and no discovery has taken place. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

5. **Motion for Caption Correction**. Plaintiff's "motion for caption addition" is **denied**. (D.I. 64) In essence, plaintiff moves to file an amended complaint. Plaintiff was advised on January 22, 2008, that "[n]o further amendments will be allowed except that plaintiff will be given leave to amend if he identifies the remaining Doe defendants." (See D.I. 48)

6. **Discovery**. Plaintiff's motion to find and order discovery is **denied** as premature. (D.I. 65) Plaintiff seeks discovery from the named defendants to identify the Doe defendants. To date, defendants have not been served.

7. **Reconsideration**. Plaintiff's motion to set aside or vacate, construed as a motion for reconsideration, is **denied**. (D.I. 66) Plaintiff moves for reconsideration of the prior two court orders, presumably the January 22, 2008 order (D.I. 48) and the March 5, 2008 order (D.I. 55).

8. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff he has not demonstrated any of the grounds required for reconsideration.

9. **Dismissal for Failure to Serve**. Defendants Thomas Carroll, Paul Howard, David Pierce, and Edward Johnson's motion to dismiss pursuant to Fed. R. Civ. P. 4(m) is **denied**. Plaintiff appealed the service order of January 22, 2008 and the United States Court of Appeals for the Third Circuit did not issue its decision until July 15, 2008. (See D.I. 48, 68) The court finds good cause for failure to timely serve.

10. Within **sixty (60) days from the date of this order,** plaintiff shall provide **original** "U.S. Marshal-285" forms for **defendants Thomas Carroll, Paul Howard, David Pierce, John Malaney, Jane Alie, Deborah Rodweller, Oshemka Gordon, Ihoma Chucks, Edward Johnson, and Nurse Nancy Doe,** as well as for the **Attorney General** of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. 10 § 3103(c). **Plaintiff shall provide the court with copies of the corrected second amended complaint (D.I. 46) for service upon the remaining defendants and the attorney general. Failure to provide the**

-3-

**"U.S. Marshal 285" forms for each remaining defendant and the attorney general within 60 days of this order may result in the corrected second amended complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m). There will be no further extensions to effect service.** The United States Marshal shall forthwith attempt service as set forth in the January 22, 2008 order upon receipt of the required forms/documents. (D.I. 48)

11. Plaintiff is placed on notice that repetitive or frivolous motions will not be considered and will be summarily denied.

UNITED STATES DISTRICT JUDGE