IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-340-SLR |
| | ) |
| WARDEN THOMAS CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of November, 2009, having considered the pending motions;

IT IS ORDERED that:

1. **Background.** Plaintiff Detlef F. Hartmann ("plaintiff"), a former inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware now released, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) The complaint has been amended on several occasions and, on January 22, 2008, after screening of the revised amended complaint (D.I. 46) (1) First Correctional Medical and Correctional Medical Services were dismissed as defendants; (2) in claim 2, plaintiff was allowed to proceed on medical needs issues, in paragraph 2 against nurse Nancy Doe ("N. Doe") and Jane Alie ("Alie"), in paragraph 5 against defendants Doe XLIV and XIV, in paragraph 6 against nurse Doe III, Doe IV, and Carroll, in paragraphs 6 and 9 against deputy warden David Pierce ("Pierce"), in paragraphs 6, 9 and 10 against John Malaney ("Malaney"), in paragraph 9 against Deborah Rodweller ("Rodweller"), Oshenka Gordon ("Gordon"),

---

[1]The Delaware Correctional Center is now known as the James T. Vaughn Correctional Center.

bureau chief Paul Howard ("Howard"), in paragraphs 9 and 10 against Ihoma Chuks ("Chuks"),[2] in paragraph 10 against Does XLVIII, L, and XLIX, and in paragraph 16 against Doe LI; (3) the court dismissed the remaining claims in claim 2; (4) Plaintiff was allowed to proceed against defendant Edward Johnson ("Johnson") in claim 12, with the exception of the claims raised in paragraphs 1, 13, 17, and 23 which were dismissed; and (5) the court dismissed claims 3, 4, 6, 8, 11, 17, and 19.  Service was unsuccessfully attempted on defendants Malaney, Alie, Rodweller, Gordon, and N. Doe. (D.I. 79, 80, 81, 82, 86)  To date, plaintiff has not identified the Doe defendants, and they have not been served.[3]

    2. **Request for Counsel**.  Plaintiff's letter request for counsel is **denied** without prejudice. (D.I. 99)  Plaintiff has sought counsel on six other occasions (D.I. 4, 7, 30, 35, 51, 53) and each time the court has denied his motion. (*See* D.I. 12, 37, 55, 69)  Plaintiff's most recent request for counsel contains new information. (D.I. 99, ex. A)  Plaintiff provides the court with a statement from his psychiatrist that states he does "not feel [plaintiff] is competent at this time to represent himself in court." (*Id.*)

    3.  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.  See *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial

---

[2] Misspelled by plaintiff as "Chucks."

[3] The Doe defendants include R.W. Doe IV and I to XLV Does.

prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

5. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. The court has thoroughly reviewed the file and, at every turn, plaintiff has ably represented himself. At this juncture of the case, there is no evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

6. **Motion for Extension of Deadlines in Scheduling Order**. Now that Chuks has been served, she moves to extend the previously imposed court deadlines entered on May 19, 2009. (D.I. 97, 104). The court notes that Chuks filed her answer to the

amended complaint on September 10, 2009, eighteen days prior to the expiration of the discovery deadline. State defendants join the motion. (D.I. 105) Plaintiff did not file a response to the motion.

7. Chuks' motion is **granted**. (D.I. 104) Deadlines are amended as follows:

    A. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before __March 31, 2010__.

    B. **Summary Judgment Motion.** All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before __April 30, 2010__. Answering briefs and affidavits, if any, shall be filed on or before __May 31, 2010__. Reply briefs shall be filed on or before __June 14, 2010__.

8. **Show Cause**. The complaint was filed on May 23, 2006, and the revised amended complaint was filed on November 29, 2007. To date, defendants Malaney, Alie, Rodweller, Gordon, N. Doe, R.W. Doe IV, and I to XLV Does have not been served. Nor have the Doe defendants been identified. On or before __January 4, 2010__, plaintiff shall show cause why the foregoing defendants should not be dismissed from this case for failure to identify the Doe defendants and/or for failure to serve process as required by Fed. R. Civ. P. 4(m).

9. The court docket refers to defendant Ihoma Doe, who has never been served, and Ihoma Chuks, who has been served. The clerk of court is directed to **terminate**

defendant Ihoma Doe from the court docket since she has been properly named and served under the name Ihoma Chuks.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE