IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DETLEF F. HARTMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 06-340-SLR | |
| | ) | |
| WARDEN THOMAS CARROLL, | ) | |
| DAVID PIERCE, and IHOMA CHUKS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Detlef F. Hartmann, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

Catherine C. Damavandi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants Thomas Carroll, Paul Howard, David Pierce, and Edward Johnson.

James Edward Drnec, Esquire, Balick & Balick, LLC, Wilmington, Delaware.  Counsel for Defendant Ihoma Chuks.

_____

**MEMORANDUM OPINION**

Dated:  August 8 , 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Detlef R. Hartmann ("plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds pro se and was granted leave to proceed in forma pauperis. The court has jurisdiction pursuant to 28 U.S.C. § 1331. The court addresses whether plaintiff is competent within the meaning of Fed. R. Civ. P. 17(c) and reconsiders plaintiff's request for counsel. Also before the court are defendant Ihoma Chuks' ("Chuks") motion to dismiss and motion for second extension of deadlines. (D.I. 142, 143) For the following reasons, the court: (1) finds that plaintiff is competent within the meaning of Rule 17(c); (2) will deny the request for counsel without prejudice to renew; (3) will deny the motion to dismiss; and (4) will deny as moot the motion for second extension of deadlines.

## II. BACKGROUND

Plaintiff was incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware in 2006 when he filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] He

---

[1]Plaintiff pled guilty in 2001 to one count of second degree unlawful sexual intercourse and two counts of unlawful sexual contact. He was sentenced, effective December 1, 1999, to a total period of nineteen years at Level V incarceration, to be suspended after serving ten years for seven and a half years at decreasing levels of supervision. Plaintiff is designated a Tier III sex offender and ordered to have no contact with any minor child, including any biological child who has been adopted by another, following his termination of parental rights." *See Hartmann v. State*, 19 A.3d 301 (Del. 2011) (table decision). Because plaintiff was charged with possessing child pornography and the victim of his assaults was a child, his access to the internet is restricted while on probation to ensure the safety of the public. *Id.* The Delaware Supreme Court has found that, while the internet restriction may have constricted plaintiff's access to the courts and hindered his ability to conduct legal research, his fundamental right to access the courts remains unfettered. *Id.*

was released from custody in January 2009 but, after he was charged with violation of probation, returned to prison in March 2011 and housed at the SCI where he remains to date. *See Hartmann v. Johnson*, Civ. No. 12-436-SLR (D. Del.).

Following screening pursuant to 28 U.S.C. § 1915 and § 1915A and amendments to the complaint, plaintiff was allowed to proceed with claims against Chuks, an employee of Correctional Medical Services, Inc. ("CMS"), then medical healthcare contractor for the Delaware Department of Correction ("DOC"); Thomas Carroll ("Carroll"), then warden of the VCC; and David Pierce ("Pierce"), then deputy warden of the VCC. Plaintiff alleges that Chuks, Carroll, and Pierce were deliberately indifferent to his medical needs. During the course of the litigation, the court denied numerous requests for counsel filed by plaintiff. (D.I. 4, 7, 13, 30, 35, 51, 63, 99) In the summer of 2010, the court granted defendants' motions for summary judgment and entered judgment in favor of defendants; plaintiff appealed. (D.I. 129, 130, 132) The United States Court of Appeals for the Third Circuit vacated the July 1, 2010 judgment and remanded the matter for this court to address whether plaintiff is competent within the meaning of Fed. R. Civ. P. 17(c) and to reconsider plaintiff's request for counsel.[2] *See Powell v. Symons*, 680 F.3d 266 (3d Cir. 2012). The formal mandate issued on April 23, 2012. (D.I. 136)

Plaintiff filed a twenty-four page "reply" to the appellate court decision stating that he could not "knowingly and intelligently read and apply legal needs for this case

---

[2]It was not clear to the Court of Appeals if plaintiff challenged the dismissal of unserved DOC defendants Paul Howard ("Howard") and Edward Johnson ("Johnson"). To the extent that plaintiff challenged the dismissal, the Court of Appeals affirmed their dismissal. *Powell*, 680 F.3d at 310 n.8.

because here in Delaware prison the obstruction of justice to access information, the courts, and redress grievance are a part of the continued, systemic, pattern and practices of state attorneys responsible for the Dept. of Corrections staff. . . ." (D.I. 137) Plaintiff goes on to state that the record he "produced shows [his] incompetence to communicate the irreparable and other damages to [him]." (*Id.*)  Plaintiff then wrote to the court complaining that he was "not allowed access to the information necessary . . . to read about what mental health experts reasoning [is required by the] court due to continued obstructions of justice [] in Delaware prisons" by State personnel.  Plaintiff indicated that he would "mail it to this court as soon as I can around my disabilities." (D.I. 138)

On April 25, 2012, the court granted plaintiff additional time to obtain mental health information and ordered the parties, on or before May 31, 2012, to file briefs and relevant documentation addressing whether plaintiff is competent within the meaning of Fed. R. Civ. P. 17(c) and plaintiff's request for counsel.  (D.I. 139)  On May 15, 2012, Chuks moved for additional time to comply with the deadlines.[3]  Chuks explained that, on April 24, 2012 and May 7, 2012, he asked plaintiff to sign and return a HIPAA-compliant authorization to allow the release of plaintiff's mental health and medical records but plaintiff did not respond to the requests.  (D.I. 140)  The court granted the motion, and ordered plaintiff to execute and return to defendants a HIPAA-compliant authorization on or before June 20, 2012.  The order warns plaintiff, **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OF THE CASE.**" (D.I.

---

[3]DOC defendants Carroll and Pierce have taken no action in this litigation since its remand.

141, ¶ 1)  A copy of the HIPAA-compliant authorization was attached to the order.  The

parties were given until July 30, 2012 to brief the relevant issues.

On May 15, 2012, Chuks sent plaintiff a third request for him to execute and

return the HIPAA-compliant authorization.  (D.I. 142, ex. C)  On May 16, 2012, plaintiff

responded as follows:

> Since I am not represented by counsel, have no equal and timely
> constitutional access to information due to my legal guardian's continues
> [sic] deliberate indifference to my rights as a disabled person, and since
> the legal question of whether counsel should be appointed for me is the
> only question in front of the court at this time, I am incapable and not
> knowingly and intelligently able to participate in the proceedings.
> Therefore, I see HIPAA request as premature at this time.

(Id. at ex. D)  On May 18, 2012, Chuks again requested that plaintiff execute and return

the HIPAA-compliant authorization.  (Id. at ex. E)  When plaintiff did not respond, Chuks

filed a motion to dismiss on June 25, 2012 for plaintiff's failure to comply with the court's

May 16, 2012 order.[4]  (D.I. 142)  On August 1, 2012, plaintiff filed a thirty-six page "brief

for incompetence and appointment of counsel needed for this case," replete with case

citations, argument, and analysis.  (D.I. 144)  Therein, plaintiff, who refused to sign and

return the HIPAA-compliant authorization, complains that he has not received

responses from four psychiatrists to whom he has written.[5]

---

[4]Chuks recently filed a motion for a second extension of deadlines.  (D.I. 143)
The court will deny the motion as moot.

[5]The brief refers to copies of letters and exhibit B sent in a "separate mailing."  To
date, a "separate mailing" has not been received by the court.

## III.  RULE 17(c)

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action."  The court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent."  *Powell*, 680 F.3d at 307 (3d Cir. 2012) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)).  The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity."  *Id.* (citations omitted).  The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303.

During the course of this litigation, plaintiff has filed numerous requests for counsel that include a variety of reasons why counsel was necessary, including his limited access to legal materials and unspecified mental disabilities.  On August 18, 2009, plaintiff filed a request for counsel and attached to it a one-paragraph letter from Dr. Jeanette Zaimes ("Dr. Zaimes"), a psychiatrist, dated July 9, 2009, that states:

> To Whom It May Concern:  Mr. Detlef Hartmann is under my care for Major Depression and Attention Deficit Disorder. I do not feel he is competent at this time to represent himself in court. I would recommend that he be given a public defender, if at all possible.

5

(D.I. 99, ex A)

Dr. Zaimes' letter suffices to place the court on notice that a Rule 17 inquiry is appropriate. However, because plaintiff has neither complied with the court's May 16, 2012 order (D.I. 141) nor otherwise cooperated in supplementing the record, there is no other medical evidence of plaintiff's mental health. Given this paucity of evidence, both quantitative and qualitative, the court finds that, as noted by the Third Circuit, Dr. Zaimes' letter amounts to little more than a conclusory statement that plaintiff is incompetent, fails to specify what assessments Dr. Zaimes performed to arrive at her conclusion, and does not indicate how plaintiff's conditions affect his competency. Of interest is that the letter refers to criminal, not civil, litigation as it recommends plaintiff be given a public defender. Notably, the medical records contained in the court file contain no evidence of a mental health issue at all. (*See* D.I. 113, 120) Dr. Zaimes' letter is sufficiently unpersuasive to support a finding of incompetency.

In addition, the court has had prior experience with plaintiff. Plaintiff has actively participated in this litigation, and his responses to interrogatories "demonstrate an impressive ability to organize his points, make rational arguments, and cite supporting legal authority." *Powell*, 680 F.3d at 309. Moreover, even after Dr. Zaimes opined that plaintiff was unable to represent himself in court, plaintiff continued to file lawsuits. On August 26, 2010, while out of prison, plaintiff filed a civil rights lawsuit, dismissed as frivolous on November 8, 2010. *See Hartmann v. O'Connor*, Civ. No. 10-725-SLR. Plaintiff appealed, and the Third Circuit affirmed the dismissal on February 3, 2011. *See Hartmann v. O'Connor*, NO. 10-4521 (3d Cir. Feb. 3, 2011). Unhappy with the appellate court's decision, plaintiff filed a typed, fifteen page petition for rehearing en

6

banc that, in reading, sets forth the issues he raises in a rational and logical manner. *Id.* at Mar. 16, 2011 petition. Therein, plaintiff requested counsel. *Id.* at 8. The Third Circuit denied the petition for rehearing. On April 6, 2012, plaintiff filed a petition for a writ of habeas corpus following his reincarceration. *See Hartmann v. Johnson*, Civ. No. 12-436-SLR. Said petition further demonstrates plaintiff's ability to understand the relevant law and file cases in his behalf. Finally, plaintiff's filings subsequent to remand of this case are logical and coherent and demonstrate his ability to understand court rulings, as well as the issues the court rules upon today, despite plaintiff's self-serving statement that he is "incapable and not knowingly and intelligently able to participate in the proceedings." (D.I. 142, ex. D) His most recent filing once again demonstrates his ability to discuss the relevant law as it applies to the issues.[6] (See D.I. 144)

The court has considered the conclusory and unsupported statement of Dr. Zaimes and the lack of any further medical evidence of record, all in conjunction with its own experience with plaintiff. Under the circumstances, the evidence of incompetency fails to support a conclusion that plaintiff is incompetent. Inasmuch as there is no substantial question regarding the competence of plaintiff, it is not necessary to conduct a "full blown" Rule 17(c) competency hearing. For the above reasons, the court finds that it is unnecessary to appoint a guardian or counsel to represent plaintiff's interests.

---

[6]Plaintiff now seems most concerned with a transfer from the SCI to a psychiatric facility of his own choosing.

## IV.  REQUEST FOR COUNSEL

Plaintiff has made numerous requests for counsel.  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[7] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57.

The list is not exhaustive, nor is any one factor determinative.  *Id.* at 157.

The court finds that plaintiff's claims have merit given that some issues survived dismissal and discovery is complete.  Accordingly, the court proceeds to weigh the above factors to determine whether counsel is warranted.  The first factor for consideration is plaintiff's ability to present his own case.  In making this determination, the court considers plaintiff's literacy, education, prior work experience, prior litigation

---

[7]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

experience, and restraints placed upon him by virtue of his incarceration. *Tabron*, 6 F.3d at 156. As discussed above, plaintiff's submissions demonstrate he is able to adequately present his case. He sets forth issues and states the factual grounds on which he seeks relief. In addition, he has adequately responded to discovery requests. Although not an attorney, plaintiff's lack of legal training is common for pro se litigants.

The court next considers the complexity of the legal issues presented. Counsel may be sought when the legal issues are complex. A § 1983 civil rights case alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require representation of counsel. *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997). Even where "the ultimate [legal] issue appears relatively simple . . . [s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim." *Id.* Here plaintiff alleges that he was not provided adequate care and treatment. After reviewing the record, the court does not find that the legal issues raised by plaintiff's claims are unduly complex or burdensome.

Next, the court considers the degree to which factual investigation will be necessary, and the ability of the plaintiff to pursue such investigation. Even where the ultimate legal issue in a case may be comprehensible, a court must consider the complexity of the discovery involved. *Parham*, 126 F.3d at 459. Where claims are likely to require extensive discovery and compliance with complex discovery rules, representation by counsel may be warranted. *Tabron*, 6 F.3d at 156. Also, the court considers the extent to which plaintiff, while in confinement, may face problems in pursuing his claims. *Id.* at 156. The court file does not indicate that plaintiff had difficulty obtaining the discovery he sought. *See, e.g., Lasko v. Watts*, 373 F. App'x

9

196, 201 (3d Cir. 2010) (not published)  (lack of counsel did not impair plaintiff's ability to obtain all relevant medical records).

In addition, the court considers plaintiff's financial ability to attain and afford counsel on his own behalf.  Plaintiff has been granted  leave to proceed in forma pauperis and, therefore, has demonstrated an inability to afford counsel.  Also considered is whether this case is likely to turn on credibility determinations.  Although many cases turn on credibility determinations, courts considering this factor should focus on whether the case is "solely a swearing contest" between the parties. *Parham*, 126 F.3d at 460.  Based upon motions filed and the discovery contained in the court file, the court cannot say that the case will likely turn on credibility determinations.

Finally, the court considers the extent to which expert testimony may be required.  Counsel may be warranted where the case will require testimony from expert witnesses.  Even though plaintiff raises medical needs claims, a review of the record does not indicate that expert testimony is required.

Upon consideration of the record, the court finds that the above factors weigh against representation by counsel.  Therefore, the court will deny the request for counsel without prejudice to renew.

## V.  MOTION TO DISMISS

Chuks moves for dismissal, pursuant to Fed. R. Civ. P. 37, for plaintiff's failure to comply with this court's May 16, 2012 order.  (D.I. 142)  It is undisputed that plaintiff has failed to comply with this court's order.  Nonetheless, the court will deny the motion to dismiss given the posture of the case.

10

Inasmuch as the Third Circuit vacated the July 1, 2010 judgment, the court will give plaintiff an opportunity to file a supplemental response to defendants' motions for summary judgment and will give defendants the opportunity to file supplemental replies.

## VI. CONCLUSION

For the reasons discussed above, the court: (1) finds plaintiff is competent within the meaning of Rule 17(c); (2) will deny the request for counsel; (3) will deny the motion to dismiss; (4) will deny as moot the motion for second extension of deadlines; and (5) will provide the parties an opportunity to file a supplemental response and supplemental replies.

An appropriate order will be entered.